UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AUDREY (SHEBBY) D'ONOFRIO | : | |
| Plaintiff | : | |
| v. | : | Case No.: 06-687 JDB |
| | : | Judge John D. Bates |
| SFX SPORTS GROUP, INC., et. al. | : | |
| Defendants | : | |

## JOINT REPORT PURSUANT TO RULE LCVR 16.3

Pursuant to Local Civ. R. 16.3 of the Rules of the United States District Court for the District of Columbia, counsel for the Plaintiff and the Defendants conferred by telephone on May 15, 2006. As a result of that meeting, the parties hereby file the following joint statement of their positions with respect to the fourteen (14) matters enumerated in Local Civ. R. 16.3 as well as a proposed scheduling order.

MATTER NO. 1:

Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Response to Matter No. 1:

The parties do not agree with each other that the case will be disposed of by dispositive motion. Defendants aver that the case is likely to be disposed of by dispositive motion. Plaintiff disagrees. No dispositive motion has been filed by any party at this time.

MATTER NO. 2:

The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

Response to Matter No. 2:

At this time the parties do not anticipate joining any other additional parties or amending the pleadings. Plaintiff has named five (5) "John Doe's" as a precaution that individuals who participated in the alleged discriminatory practices will be determined at a later date. At this stage of the case, the parties cannot determine whether some or all of the factual and legal issues can be agreed upon or narrowed.

MATTER NO. 3:

Whether the case should be assigned to a magistrate judge for all purposes, including trial.

Response to Matter No. 3:

The parties do not wish to have the case assigned to a magistrate judge at this time.

MATTER NO. 4:

Whether there is a realistic possibility of settling the case.

Response to Matter No. 4:

The parties agree that it is possible that case could be settled, or at least discussed in the posture of settlement, after discovery is conducted in the case.

-3-

<u>MATTER NO. 5</u>:

Whether the case could benefit from the Court's Alternate Dispute Resolution (ADR) procedures or (some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:

(I) the client's goals in bringing or defending the litigation:

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement

(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

- (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
- (bb) whether ADR should take place before or after the judicial resolution of key legal issues:

(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

<u>Response to Matter No. 5</u>:

The parties believe that this case may benefit from the use of ADR in the future.

MATTER NO. 6:

Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for decision on the motions.

Response to Matter No. 6:

Defendants believe that the case can be resolved, in whole or in part, with respect to both the individual and corporate defendants through a motion to dismiss or a motion for summary judgment. The Plaintiff disagrees. The parties agree that all motions should be governed by the proposed dates to be set forth in the Court's Scheduling Order, attached hereto. In particular, dispositive motions should be filed no later than 90 days after the close of discovery. The parties propose the following schedule:

| | |
|---|---|
| Discovery: | 120 days |
| ADR: | 30-60 days after the close of discovery |
| Dispositive Motions: | Begins 90 days after the close of discovery |
| Oppositions: | 30 days after receipt of dispositive motion |
| Reply: | 15 days after receipt of opposition |
| Decision: | 60 days after filing of reply |

MATTER NO. 7:

Whether the parties should stipulate to dispense with the initial disclosures required by F.R.C.P. 26(a)(1), and if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

Response to Matter No. 7:

The parties will make initial disclosures required by F.R.C.P. 26(a)(1).

MATTER NO. 8:

The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Response to Matter No. 8:

Please refer, in part, to No. 6. The parties agree that discovery is to last 120 days from the date of the filing of the Scheduling Order. The parties agree that the standard limits of 25 interrogatories per party per side should govern. (e.g. The Plaintiff may propound 25 interrogatories per defendant, for a total of 75 interrogatories; each defendant may propound 25 interrogatories on plaintiff.) The parties request that each side be allowed 10 depositions per side, pursuant to F.R.C.P. 30(a)(2)A,. The parties also anticipate the need for protective orders in conjunction with their respective production of documents.

MATTER NO. 9:

Whether the requirement of exchange of expert witness reports and information pursuant to F.R.C.P. 26(a)(2), , should be modified, and whether and when depositions of experts should occur.

Response to Matter No. 9:

In the event that the parties choose to engage experts, the parties agree that the requirement of the exchange of expert witness reports and information pursuant to F.R.C.P.26(a)(2) should not be modified, and all disclosures with respect to such

-6-

experts shall be made in accordance with the applicable Federal Rules of Civil Procedure.

MATTER NO. 10:

In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for a decision.

Response to Matter No. 10:

Not applicable.

MATTER NO. 11:

Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Response to Matter No. 11:

No.

MATTER NO. 12:

The date for the pretrial conference (understanding that a trial will take place 30-60 days thereafter).

Response to Matter No. 12:

The date for the pretrial conference should be some 60 days after this Court rules on dispositive motions.

MATTER NO. 13:

Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

Response to Matter No. 13:

The parties agree that a firm trial date shall be set at the first scheduling conference.

MATTER NO. 14:

Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

Response to Matter No. 14:

None at this time.

Respectfully submitted,

DAVID E. SCHREIBER, P.C.

By:_____/s/_____
David E. Schreiber, Esq. #152082
4550 Montgomery Avenue
Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Counsel for Plaintiff

BAKER & HOSTETLER, LLP

By:_____/s/_____
Johnine P. Barnes, Esq. #464810
Lee T. Ellis, Jr. Esq. #3683
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20036-5304
(202)  861 1500
Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Case No.: 06-687 JDB |
| : | Judge John D. Bates |
| : | |
| SFX SPORTS GROUP, INC., et. al. : | |
| : | |
| Defendants : | |

## **SCHEDULING ORDER PURSUANT TO RULE LCVR 16.3**

Upon consideration of the parties' Local Civ. R. 16.3 Report, this Court enters this order regarding scheduling as follows:

1. The parties' requests as contained in their Joint Local Civil R. 16.3 Report are granted and incorporated herein by reference. The Court orders that the standard limits of 25 interrogatories per party per side should govern. (e.g. The Plaintiff may propound 25 interrogatories per defendant, for a total of 75 interrogatories; each defendant may propound 25 interrogatories on the plaintiff.) The Court orders that there be a limit of 10 depositions per side and that the parties exchange documents pursuant to F.R.C.P. 26(a)(1).

2. The following schedule will be adhered to, beginning upon the filing of this Order.

Discovery: 120 days

ADR: 30-60 days after the close of discovery

Dispositive Motions: Begins 90 days after the close of discovery

Oppositions: 30 days after receipt of dispositive motion

-2-

    Reply:                15 days after receipt of opposition

    Decision:          60 days after filing of reply

    3.   A pretrial conference will be scheduled by this Court to be held 60 days after this Court's decision on any dispositive motions.

    4.   A trial date for this case is scheduled for _____ to commence at 9:30 a.m.

                                       _____
                                       JOHN D. BATES, JUDGE
                                       UNITED STATES DISTRICT COURT
                                       FOR THE DISTRICT OF COLUMBIA

Copies to:

David E. Schreiber, Esq.
David E. Schreiber, P.C.
4550 Montgomery Avenue
Suite 760N
Bethesda, Maryland 20814

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square,
1050 Connecticut Ave., N.W.,Suite 1100
Washington, D.C. 20036