UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> : <br> SFX SPORTS GROUP, INC., et. al. : <br> : <br> Defendants : <br> ...............................................: | Case No.: 06-687 JDB <br> Judge John D. Bates |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO AMEND COMPLAINT**

Comes now the Plaintiff, AUDREY (SHEBBY) D'ONOFRIO, by and through counsel, David E. Schreiber, Esq., and moves this court pursuant to F.R.C.P. §§ 6(b), 11, 15(b), and 26 for the entry of an order enlarging the time for the Plaintiff to amend her complaint (*nunc pro tunc*, to the filing of this matter in the Superior Court for the District of Columbia on or about March 17, 2006). Due to the fact that the promised discovery material has not been received as of September 1, 2006, and may not arrive until after the Labor Day weekend, an additional 10 business days, until September 15, 2006, is requested. As grounds therefor the Plaintiff states as follows:

1. The Plaintiff has not received the promised discovery material which would allow her, in good faith pursuant to F.R.C.P. § 11, to amend her complaint at this time.

2. A brief review of this matter is warranted in light of the difficulties encountered by the Plaintiff thus far during the discovery period. This Court's most recent scheduling order, together with the parties' consent motions for enlargement of time for discovery, provided that the Plaintiff could amend her complaint to name the

1

        John Doe's who may have individual liability under the D.C. Human Rights Act.

3. Defendants' answers to interrogatories and production of documents were originally due on August 23, 2006. Plaintiff consented to an enlargement of time until August 30, 2006, as requested by the Defendants' counsel, with the understanding that this motion and the amended complaint would be due on September 1, 2006. Accordingly, the discovery responses, which would form the basis for the amended complaint, were to be produced by August 30, 2006, thus allowing 2 days for review so as to complete the preparation of the Plaintiff's amended complaint.

4. Apparently, Defendants' counsel has elected to serve the materials by U.S. mail. As of the preparation and filing of this motion on September 1, 2006, the discovery materials have not arrived at the office of Plaintiff's counsel.

5. Defendants' did not serve their Rule 26a Statement until June 26, 2006.[1] No documents were produced. Finally, on July 21, 2006 Defendants served their Rule 26a documents, a portion of Ms. D'Onofrio's personnel file[2]; however, the file contained no material relevant to the substance of this lawsuit, Plaintiff's termination and the disparate treatment she has received based upon her gender and pregnancy. Plaintiff had anticipated that the Rule 26a material would be sufficient for the purpose of amending the complaint to name the individuals responsible for the termination decision and the disparate treatment she has received based upon her gender and pregnancy. Such was not the case.

---

[1] Exhibit A.

[2] Exhibit B, letter of July 21, 2006 accompanying a portion of Plaintiff's personnel file.

6. Accordingly, in anticipation of the delay in obtaining the necessary information, Plaintiff was required to obtain an enlargement of time for discovery, to obtain the basic information to move forward with amending the complaint as well as for interrogatories, document requests and numerous depositions that will be required in this matter. The Court granted the motion on July 20, 2006. Plaintiff issued her interrogatories and document requests to Defendants on July 24, 2006.

7. Previously, in the letter dated July 21, 2006 (Exhibit B) Defendants' counsel had indicated that Defendants would require a protective order with respect to certain unidentified documents. Having not received a proposed protective order as promised in July, Plaintiff's counsel contacted Defendants' counsel by e mail on August 16, 2006 to remind counsel of her July 21st statement of the purported need for a protective order and that discovery responses were due on August 23rd, with the amendment of the complaint due on August 24th.

8. On August 21st Defendants' counsel e mailed a 13 page protective order, restricting access to confidential documents far beyond what ordinarily would be necessary in an employment case such as the instant matter. On August 22nd Plaintiff's counsel sent a 3 page proposed order (together with a consent motion), which has been used in this court on occasion and is similar to a standard protective order (pursuant to local rules) used in the United States District Court for the State of Maryland. Defendants' counsel did not accede to the suggested order and wished to negotiate the terms of the proposed 13 page order, immediately before the Defendants' discovery responses were due. A further delay was thus necessitated for Defendants to produce their discovery responses and for Plaintiff to review the

material so as to amend her complaint.

9. After discussion with Defendants' counsel regarding the proposed protective order it was apparent to Plaintiff's counsel that the parties would not be able to agree on the restrictions to be imposed under a protective order in this case.

10. Thus far, Defendants have not moved for a protective order nor have they produced answers to interrogatories or documents as promised verbally and as commemorated in the Joint Motion to Enlarge Time to Amend Compliant and for Defendants to Respond to Discovery, granted by this Court on August 25, 2006.

11. Accordingly, Plaintiff is not in a position to file her Amended Complaint as required by this Court's orders, since she is without sufficient information necessary to properly name individuals who would be personally responsible and liable under the D.C. Human Rights Act. Plaintiff once again requests that this Court enlarge the time for her to Amend her Complaint, based upon the information to be obtained in discovery which will provide a good faith basis required under F.R.C.P. §11 to name appropriate individuals who bear responsibility for her termination and the disparate treatment she has received based upon her gender and pregnancy.

WHEREFORE, the premises considered, the Plaintiff, AUDREY (SHEBBY) D'ONOFRIO, requests that the Court enter the proposed order enlarging the time for Plaintiff to amend the Plaintiff's Complaint *(nunc pro tunc*, to March 17, 2006) until September 15, 2006 and for such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        DAVID E. SCHREIBER, P.C.


        By:_____/s/_____
        David E. Schreiber, Esq.
        4550 Montgomery Avenue, Suite 760N
        Bethesda, Maryland 20814
        (301) 951-1530
        Bar No. 152082
        Counsel for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Enlargement of Time to Amend Complaint, Memorandum and proposed order was sent by first class mail and filed electronically, on September 1, 2006 to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

        _____/s/_____
        David E. Schreiber, Esq.


## CERTIFICATE PURSUANT TO LCvR 7.0(m)

Plaintiff's counsel called Defendants' counsel on September 1, 2006, in light of the representations made in the body of the motion. Ms. Barnes was not in her office and consent to the motion could not be obtained.

        _____/s/_____
        David E. Schreiber, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Case No.: 06-687 JDB |
| : | Judge John D. Bates |
| : | |
| SFX SPORTS GROUP, INC., et. al. : | |
| : | |
| Defendants : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF MOTION TO ENLARGE TIME TO AMEND COMPLAINT**

The Plaintiff, AUDREY (SHEBBY) D'ONOFRIO, by and through counsel, David E. Schreiber, Esq., relies upon F.R.C.P. §§ 6(b), 11, 15(b) and 26, together with this Courts prior scheduling orders as well as the prior consent motions and orders enlarging time in which to file the instant motion. In addition, F.R.C.P. §15 (c) provides for the relation back of amendments to the date of the filing of the original complaint, that being March 17, 2006.

Respectfully submitted,

DAVID E. SCHREIBER, P.C.

By:_____/s/_____
David E. Schreiber, Esq.
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Bar No. 152082
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Case No.: 06-687 JDB |
| : | Judge John D. Bates |
| : | |
| SFX SPORTS GROUP, INC., et. al. : | |
| : | |
| Defendants : | |

**<u>ORDER</u>**

Upon consideration of Plaintiff's Motion for Enlargement of Time to Amend Complaint, any opposition thereto, and good cause having been shown, it is by this Court this _____ day of _____, 2006

ORDERED, that Plaintiff's Plaintiff's Motion for Enlargement of Time to Amend Complaint be, and the same is hereby, GRANTED, and Plaintiff's Amended Complaint shall be filed herewith, on or before September 15, 2006.

_____
JOHN D. BATES, JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Copies to:

David E. Schreiber, Esq.
David E. Schreiber, P.C.
4550 Montgomery Avenue
Suite 760N
Bethesda, Maryland 20814


Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304