UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> : <br> SFX SPORTS GROUP, INC., et. al. : <br> : <br> Defendants : <br>..................................................: | Case No.: 06-687 JDB <br> Judge John D. Bates |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY, FOR SANCTIONS AND
FOR ENLARGEMENT OF TIME FOR DISCOVERY**

The Plaintiff, AUDREY (SHEBBY) D'ONOFRIO, by and through counsel, David E. Schreiber, Esq., moves this court pursuant to F.R.C.P. §§ 26, 33, 34, 37, 6(b), and 26 for the entry of an order, due to Defendants' refusal to fully answer interrogatories, to produce *any* documents without a protective order, thereby delaying the discovery process:

      a) compelling the Defendants to produce all requested documents;
      b) compelling the Defendants to fully answer all interrogatories;
      c) compelling the Defendants to file a privilege log as to any legitimately withheld
         documents;
      d) assessing appropriate sanctions; and
      e) enlarging the time for discovery and rescheduling dates in this matter.

As grounds therefor the Plaintiff incorporates the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Motion to Compel Discovery, for Sanctions and for Enlargement of Time for Discovery.

         Respectfully submitted,

         DAVID E. SCHREIBER, P.C.


         By:_____/s/_____
         David E. Schreiber, Esq.
         4550 Montgomery Avenue, Suite 760N
         Bethesda, Maryland 20814
         (301) 951-1530
         Bar No. 152082
         Counsel for Plaintiff


## **CERTIFICATE PURSUANT TO LCvR 7.0(m)**

  Plaintiff's counsel sent a letter to Defendants' counsel by facsimile and first class mail, on September 8, 2006, regarding the issues noted In this motion and telephoned Defendants's counsel on September 11, 2006.  Counsel did not return the telephone call but sent 2 letters by facsimile.  Subsequently, Counsel called on September 13, 2006 and left a message to call but has not provided the documents or information requested in discovery. The issues addressed in this motion unfortunately could not be resolved satisfactorily without the Court's intervention.

         _____/s/_____
         David E. Schreiber, Esq.

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Plaintiff's Motion to Compel Discovery, for Sanctions and for Enlargement of Time for Discovery, Memorandum in Support thereof and proposed order was filed electronically, on September 13, 2006 to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

         _____/s/_____
         David E. Schreiber, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> : <br> SFX SPORTS GROUP, INC., et. al. : <br> : <br> Defendants : <br>................................................: | Case No.: 06-687 JDB <br> Judge John D. Bates |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY, FOR SANCTIONS AND
FOR ENLARGEMENT OF TIME FOR DISCOVERY**

The Plaintiff, AUDREY (SHEBBY) D'ONOFRIO, by and through counsel, David E. Schreiber, Esq., in support of her Motion to Compel Discovery, For Sanctions and For Enlargement of Time for Discovery, F.R.C.P. §§ 33, 34, 37, 6(b), and 26 states as follows:

**I.     INTRODUCTION:**

1. The Plaintiff has been required to request enlargement of time for discovery and other related matters on 2 prior occasions to accommodate the Defendants' tardiness with respect to their producing information and documents pursuant to both F.R.C.P. §26(A)[1] as well as for their discovery responses pursuant to F.R.C.P.

---

[1] The Defendants' F.R.C.P. §26(A) Statement was not received until **June 26, 2006**, over 1 month subsequent to the scheduling conference. It contained very little useful information. On **July 21, 2006**, not quite 1 month after serving their Statement, Defendants served their Rule 26A documents. The only documents produced were a portion of the Plaintiff's personnel file, concluding some years prior to her termination. The file contained nothing regarding her termination. When Defendants' counsel was questioned about this "oversight" she indicated that she would check on it. Nothing else was ever produced pursuant to F.R.C.P. §26(A).

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to Compel, for sanctions and to enlarge discovery period.wpd

3

§§ 33 and 34.[2]   Furthermore, the Plaintiff has been forced previously to request additional time to amend her complaint to name "John Doe's" due to the fact that she has not received the promised discovery material in a timely fashion, which would allow her, in good faith pursuant to F.R.C.P. § 11, to amend her complaint by the dates previously set by the Court.[3]

2. The Defendants' dilatory approach continues in that **they will not produce any documents** without a "draconian" protective order created by their counsel, encompassing some 13 pages, a result of which would make the discovery process burdensome, onerous and lengthy.[4]  As of the filing of this motion the Plaintiff still has not received *any* documents from the Defendants.  The Plaintiff will not submit to this type of heavy handed approach to litigation.

**II.   CHRONOLOGY:**

3. A brief review of this matter once again[5] is warranted in light of the difficulties

---

[2] The Plaintiff deferred issuing her interrogatories and document requests pending receipt of the F.R.C.P. §26(A) Statement and documents.  Having received little usable information, she initially requested an additional 1 month of discovery to "make up" for the time lost.  The additional time has not assisted the Plaintiff in obtaining the necessary information regarding her claims against the Defendants.

[3] Plaintiff is filing her Motion to Amend Complaint today, based upon the little information that has been provided by the Defendants.  She will be forced, no doubt, to file a second amended complaint at a later date.

[4] See ¶15, *infra,* regarding a shortened 8 page proposed protective order received on September 12, 2006, from Defendants' counsel.  However, the Defendants continued insistence on the significant issue of "Attorney Eyes Only" will create further ancillary litigation requiring the Court to issue a subsequent protective order regarding the alleged "business plan" which is the nub of Defendants' defense.

[5] The Plaintiff has set out some of this information in her last motion filed on September 1, 2006 to enlarge time to file the amended complaint as to "John Doe's".

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to Compel, for sanctions and to enlarge discovery period.wpd

4

encountered by the Plaintiff thus far during the discovery period.

4. On **March 17, 2006,** the Plaintiff originally filed her complaint in the Superior Court for the District of Columbia and promptly served the Defendants through their registered agents. The Defendants removed the matter, without objection, to this Court on or about **April 20, 2006.** After responsive pleadings were filed, the Court initially held a scheduling conference on **May 23, 2006,** and issued its initial scheduling order. In hindsight, the agreed upon deadlines for discovery were probably overly ambitious, given the Defendants' subsequent approach to discovery.

5. This Court's initial scheduling order of May 23, 2006, together with the parties' subsequent consent motions for enlargement of time for discovery, provided that the Plaintiff could amend her complaint to name the John Doe's who may have individual liability under the D.C. Human Rights Act. Because of the delay in receipt of the Defendants' F.R.C.P. §26(A) Statement and documents, and in anticipation of the delay in obtaining the necessary information, Plaintiff was required to obtain an enlargement of time for discovery, given her need to obtain the basic information to move forward with amending the complaint as well as for interrogatories, document requests and numerous depositions that will be required in this matter. The Plaintiff's Consent Motion was filed on **July 19, 2006.** The Court granted the motion on **July 20, 2006.** Plaintiff issued her interrogatories and document requests to Defendants on **July 24, 2006.**

6. **Previously, on July 21, 2006,** Defendants' counsel indicated that she wished to have a protective order in place with respect to certain documents and information.

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to Compel, for sanctions and to enlarge discovery period.wpd

5

It was not until **August 21, 2006**, after being reminded by Plaintiff's counsel of her "wish", that Defendants' counsel e-mailed a *13 page protective order* to Plaintiff's counsel, restricting access to confidential documents far beyond what ordinarily would be necessary in an employment case such as the instant matter.[6] On **August 22, 2006,** Plaintiff's counsel sent a *3 page proposed protective order* (together with a consent motion), which has been used in this court on occasion and is similar to a standard protective order (pursuant to local rules) used in the United States District Court for the State of Maryland. Defendants' counsel did not accede to the suggested order and wished to negotiate the terms of the proposed 13 page order, immediately before the Defendants' discovery responses were due.[7] A further delay was thus necessitated for Defendants to produce their discovery responses and for Plaintiff to review the material so as to amend her complaint.

7. Defendants' answers to interrogatories and production of documents were originally

---

[6]On August 16, 2006, while awaiting discovery from the Defendants' counsel, Plaintiff's counsel sent an e-mail which stated, in part, "You had mentioned the need for a protective order. Have you prepared a draft? [Remember, let's keep it simple.] ...With respect to the substance of the discovery sent to you last month, it is due on August 23rd. Since the amendment of the complaint [John Doe's] is due on the 24th we will need complete answers and documents on the scheduled date. If there are any objections and/or privilege claims that will be raised I would request that you advise me ahead of time so that we can possibly resolve the issue[s] amicably and quickly without the need to resort to a motion." Plaintiff consented to the enlargement of time for Defendants to file their discovery responses by 1 week; Defendants did not indicate any objections to the discovery propounded nor did they indicate that they would not produce documents without their protective order. As noted herein, the proposed order was 13 pages and unacceptable.

[7]After discussions and communications with Defendants' counsel regarding the proposed protective order it was apparent to Plaintiff's counsel that the parties would not be able to agree on the restrictions to be imposed under a protective order in this case.

6

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to compel, for sanctions and to enlarge discovery period.wpd

due on **August 23, 2006.** Plaintiff consented to an enlargement of time until **August 30, 2006**, as requested by the Defendants' counsel, with the understanding that the amended complaint would be due on **September 1, 2006.** Accordingly, the discovery responses, which would form the basis for the amended complaint, were to be produced by August 30, 2006, thus allowing 2 days for review so as to complete the preparation of the Plaintiff's amended complaint.

8. Apparently, Defendants' counsel elected to serve the materials by U.S. mail. As of mid-afternoon on **September 1, 2006**, the discovery materials had not arrived at the office of Plaintiff's counsel, and a motion requesting additional time was filed by the Plaintiff that day and thereafter granted by the Court.

### III.  ARGUMENT:

9. Thus far, Defendants have not moved for a protective order under F.R.C.P. §26 (c), nor have they produced complete answers to interrogatories or any documents, nor have they produced a privilege log of documents they claim fall under the attorney client and/or work product privilege. Attached as exhibits are copies of the Defendants' Objections and Answers to Plaintiff's Interrogatories (Exhibit A) and Objections and Responses to Plaintiff's First Request for Production of Documents filed by SFX (Exhibit B).[8]

    **A.   INTERROGATORIES:**

10. The thrust of Plaintiff's motion regarding Defendants' answer to interrogatories is

---

[8] Defendants Live Nation and Clear Channel adopted most of the answers and responses of SFX and, accordingly, copies of their answers and responses are not attached, being merely duplicative.

that most of the answers, in addition to providing minimal amounts of information, refer to unnamed and unnoted documents to be produced. Having produced no documents (and having objected to every request with the boilerplate statement that "the request is overly broad, unduly burdensome and vague", without any specificity) the answers alone are patently insufficient and are subject to challenge under F.R.C.P. §37. *See Discovery Problems and Their Solutions*, Grim, Fax & Sandler (2005 ed., ABA), pp. 31-34, citing *U.S.S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576-77 (M.D.N.C. 2002).

11. The information supplied in the answers does not denote the source of the information or the persons providing the information, as noted in the definitions and instructions.[9] An integral part of the answers should include the source of the information since it may well be that Ms. Williams does not have personal knowledge of the information being provided. The Plaintiff can not test the veracity and accuracy of the information when the source of the information is not provided.

12. Defendants' answers are also lacking in many respects. For instance, SFX#4 fails to denote policies regarding the hiring or retention of pregnant women other than to state that such policies exist. SFX#6 requests information about policies regarding pregnant women. SFX merely refers to its answer to SFX#4 and unnamed documents to be produced. SFX#7 requests information regarding disable employees. Again, SFX refers to SFX#4 and unnamed documents. SFX#20

---

[9] It may also be noted that Alaka Williams, Human Resources at Live Nation, Inc., executed the answers to interrogatories for both Defendants, SFX Sports Group, Inc. and Live Nation, Inc. Her authority/capacity to sign for SFX and/or Live Nation is not noted in the verification section of the signature blocks.

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to Compel, for sanctions and to enlarge discovery period.wpd

8

requested employees promoted to Vice President. SFX refused to answer. SFX#21 requested information regarding prospective clientele and new business, which was a responsibility of the Plaintiff. Defendants refused to provide any information nor will they provide corresponding documents (SFX#55 and SFX#60).

**B.  PRODUCTION OF DOCUMENTS:**

13. With respect to the proposed production of documents, the Court is also requested to order the Defendants to produce documents in such a manner that they can be referenced to specific answers to interrogatories and/or responses to requests for production of documents. Thus far, no documents have been produced. As to any documents to be legitimately withheld, a privilege log should be produced forthwith by the Defendants. F.R.C.P. §§26(b)(5) and 34.

14. With respect to the objections noted by Defendants, they object to production and refuse to provide personnel files (SFX#18 & 19), documents regarding allegations, complaints or filings of discrimination by other employees, etc (SFX#22, 26, 27, 28, 29), breakdowns of employees, prospective employees, etc (SFX#32, 33, 34), statistical evidence to be relied upon by Defendants (SFX#36), job descriptions and qualifications for employees (SFX# 48), documentation used to obtain or "pitch" new clients (SFX#55) (which was part of Plaintiff's responsibilities) and contracts providing for public relations services (SFX#60), which was the crux of Plaintiff's job responsibilities that Defendants claim in defense they no longer required. All categories are relevant and material to the Plaintiff's claims and should be produced. Of course, the Plaintiff may need to revisit this request once she actually receives documents, which in all likelihood will be deficient and non-responsive,

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to compel, for sanctions and to enlarge discovery period.wpd

9

given the Defendants' approach thus far.

15. As to both answers to interrogatories and document production, the Defendants' failure to adequately respond have impacted the ability of Plaintiff's economic expert to analyze the disparity of pay as well as to generate a projection of the front pay and back pay attributable to Plaintiff's wrongful termination. The Defendants' information and documentation are crucial to the expert's analysis and will require additional time for the economist to prepare a report.

**C.    PROTECTIVE ORDER:**

16. A party is required to file a motion for a protective order if it believes that the information or documentation requested is legally objectionable or requires some protection due to the confidential nature of the material. This requirement must be undertaken "seasonably" or "promptly", which to many courts means prior to the date set for producing the discovery. *See Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408 (M.D.N.C. 1991). In the instant matter, Defendants do not claim that the information or documents sought are necessarily objectionable; rather, they apparently believe that ***all*** of the documents are confidential and refuse to produce any document until their proposed protective order is entered. The Defendants have failed to proffer any basis for wholesale confidentiality of documents to be produced in this case. As noted earlier, the Plaintiff is mindful that some personnel material, financial information and/or medical information may be considered confidential, and would so agree; however, there has been no showing of any particularized showing of good cause, much less the need for the legal gymnastics proposed by the Defendants with respect to the handling of proposed confidential

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to compel, for sanctions and to enlarge discovery period.wpd

10

material in their 13 page proposed protective order.[10] As this memorandum was in the process of being prepared on September 12, 2006, Defendants' counsel, after receiving Plaintiff's counsel's comments regarding the 13 page order, sent a modified 8 page protective order, removing some of the more onerous obstacles to streamlining the discovery process. Unfortunately, the Defendants claim the need for "Attorney's Eyes Only" language for their purported "business plan" which is their foundation for their defense in firing the Plaintiff. Defendants do not want the most important documents shared with the Plaintiff. Such a demand is ridiculous and would hamstring the Plaintiff's ability to challenge the pretext which appears to be the linchpin of their Defense. Moreover, Defendants have not proffered any legitimate basis to require withholding the material from the Plaintiff. The Plaintiff cannot agree to this unreasonable hurdle, and will request that the Court determine the legitimate parameters of any protective order.

**D.   SANCTIONS:**

17. Sanctions are appropriate in this particular situation. Plaintiff has endeavored to accommodate Defendants' *legitimate* needs and time constraints, as outlined in the Chronology *supra*, but it has become apparent that Defendants have sought to delay and complicate the discovery process, through withholding information and documents, and interposing unnecessary and burdensome gymnastics and draconian requirements before producing documents or allowing any documents to be used in this case. Having delayed discovery for a substantial period, given the

---

[10] Even the Treatise "*Manuel for Complex Litigation (Fourth)*" uses a confidentiality order that is only some 2 pages in length.

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to compel, for sanctions and to enlarge discovery period.wpd

11

short period originally envisioned at the May 23, 2006 scheduling conference, appropriate monetary sanctions should be imposed. Plaintiff requests her counsel fees and costs for this motion and the attendant time associated in attempting to ameliorate the discovery issues interposed by the Defendants, be awarded to her and against the Defendants. *See Williams v. Johanns*, 235 F.R.D. 116 (D.D.C. 2006).

### E. ENLARGEMENT OF TIME FOR DISCOVERY:

18. Lastly, due to the delays incurred by the Plaintiff in attempting to obtain information and documents from the Defendants, an enlargement of time for discovery together with a modification of the scheduled timetable/dates in this matter is required. (F.R.C.P. § 6(B)). The Defendants delayed producing their Rule §26A Statement for a month, and thereafter their Rule §26A documents for almost another month, their answers to interrogatories for a week, and their documents, as of the filing of this motion, for some 2 plus weeks and counting. The Plaintiff is reluctant to involve the Court in this situation but sees not other choice. Because of the nature of this discovery impasse, it is respectfully suggested that the Court may wish to refer this discovery matter to a Magistrate Judge to resolve the discovery deficiencies as well as the need to enlarge time and to reorder the schedule in this case, together with the issue of appropriate sanctions to be imposed.

WHEREFORE, the premises considered, the Plaintiff, AUDREY (SHEBBY) D'ONOFRIO, requests that the Court enter the proposed order requiring the Defendants a) to produce all requested documents in an orderly and responsive format, b) to fully answer all interrogatories and to designate specifically all documents that may be

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to compel, for sanctions and to enlarge discovery period.wpd

12

responsive to a particular interrogatory, c) to file a particularized privilege log as to any legitimately withheld documents, d) to impose appropriate sanctions of counsel fees and cost, e) enlarge the time for discovery, and for such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

    DAVID E. SCHREIBER, P.C.


    By:_____/s/_____
    David E. Schreiber, Esq.
    4550 Montgomery Avenue, Suite 760N
    Bethesda, Maryland 20814
    (301) 951-1530
    Bar No. 152082
    Counsel for Plaintiff

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to compel, for sanctions and to enlarge discovery period.wpd

13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Case No.: 06-687 JDB |
| : | Judge John D. Bates |
| : | |
| SFX SPORTS GROUP, INC., et. al. : | |
| : | |
| Defendants : | |

## **ORDER**

Upon consideration of Plaintiff's Motion to Compel Discovery, for Sanctions and for Enlargement of Time for Discovery, any opposition thereto, and good cause having been shown, it is by this Court this _____ day of _____, 2006

ORDERED, that Plaintiff's Plaintiff's Motion to Compel Discovery, for Sanctions and for Enlargement of Time for Discovery be, and the same is hereby, GRANTED, and it is

FURTHER ORDERED, that the Defendants shall produce all requested documents in an orderly and responsive format, within ___ days of the date of this order, and it is

FURTHER ORDERED, that the Defendants answer all interrogatories fully and completely, within ___ days of the date of this order, and it is

FURTHER ORDERED, that Defendants file a privilege log as to any documents legitimately subject to the attorney client or work product privilege, and it is

FURTHER ORDERED, that as sanctions to be imposed against the Defendants, the Plaintiff is awarded counsel fees and costs associated with the filing of the instant Motion, upon submission by Plaintiff's counsel within ___ days of the date of this order a statement

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\Motion to compel, for sanctions and to enlarge discovery period.wpd

14

of time incurred, hourly billable rate, and costs associated with the instant Motion, and it is

FURTHER ORDERED, that the time for discovery in this matter shall be enlarged as noted below by _____ months with other dates adjusted accordingly, to accommodate the difficulties encountered by the Plaintiff as a result of Defendants' delays in responding in an appropriate fashion to Plaintiff's discovery requests:

    Discovery:    to be concluded by _____

    ADR:    30-60 days after the close of discovery

    Dispositive Motions: Begins 90 days after the close of discovery

    Oppositions:    30 days after receipt of dispositive motion

    Reply:    15 days after receipt of opposition

    Decision:    60 days after filing of reply

                                                        _____
                                                        JOHN D. BATES, JUDGE
                                                        UNITED STATES DISTRICT COURT
                                                        FOR THE DISTRICT OF COLUMBIA

Copies to:

David E. Schreiber, Esq.
David E. Schreiber, P.C.
4550 Montgomery Avenue
Suite 760N
Bethesda, Maryland 20814

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304