UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 0 2 2006
BY:_____

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-00687 (JDB) |
| ) | Next Event: |
| SFX SPORTS GROUP, INC., et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SFX SPORTS GROUP, INC.'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Comes now defendant SFX Sports Group, Inc. ('defendant" or "SFX") and objects and responds to Plaintiff's First Request for Production of Documents as follows:

GENERAL OBJECTIONS

1.  SFX objects to these requests as overly broad, vague and unduly burdensome.

2.  SFX further objects to these requests to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege.

3.  SFX further objects to these requests to the extent they contain vague and ambiguous terms for which definitions have not been provided.

4.  SFX further objects to these requests to the extent they seek the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5.  SFX further objects to these requests to the extent they exceed the scope of the requirements of the Federal Rules of Civil Procedure.

COMMUNICATIONS:

1. All documents, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements, declarations, conversations or other communications by the Plaintiff or the Defendant regarding the Plaintiff's employment relationship with the Defendant.

OBJECTION. The request is overly broad, unduly burdensome and vague.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

2. Any notes, memoranda, or records of any kind pertaining to the Plaintiffs job performance during the relevant time period.

OBJECTION. The request is overly broad, unduly burdensome and vague.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

3. Any and all letters, notes, memoranda, and records of any kind including adverse, negative, or favorable comments concerning the Plaintiff during the relevant time period.

OBJECTION. The request is overly broad, unduly burdensome and vague.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

4. Any and all documents sent by the Defendant to any agency of the state and/or federal government concerning the Plaintiff.

OBJECTION. The request is overly broad, unduly burdensome and vague.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

5.   Any and all letters, notes, memoranda, or writings of any kind from any person criticizing the work performed by the Plaintiff or criticizing the Plaintiff in any way.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

6.   Any and all letters, notes, memoranda, or writings of any kind from any person commending, complimenting or commenting favorably on the work performed by the Plaintiff.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

7.   All documents which constitute, comment on, or reflect the facts and circumstances of any comparison made between the training, experience, abilities, job duties and/or job performance of the Plaintiff and other similarly situated employees or applicants.

OBJECTION. The request is overly broad, unduly burdensome, vague and argumentative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

8.   All documents relating to all inquiries or investigations conducted as a result of Plaintiffs claim or allegation of discrimination.

OBJECTION. The request is overly broad, unduly burdensome, vague and argumentative. Further, the request seeks the discovery of information protected by the attorney-

client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege and that exceeds the scope of the Federal Rules of Civil Procedure.

9. All documents related to the defendant's efforts to prevent employment discrimination in the workplace including those made by the Defendant in an effort to comply with state and federal laws or regulations relating to the maintenance of a nondiscriminatory environment.

OBJECTION. The request is overly broad, unduly burdensome, vague and argumentative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

10. All documents, including any memos, pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the Defendant or any agents or employees of the Defendant had with the Plaintiff.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

11. All documents pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the Defendant or any agent or employee of the Defendant had regarding the Plaintiff.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

12. All documents reflecting all communications made to any of the Defendant's employees and/or in response to inquiries pertaining to the Plaintiffs employment relationship, work performance or other employment-related circumstances.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

13. All documents pertaining to the orientation or any training received by the Plaintiff or other employees during the course of employment that related to the Defendant's employment practices.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

14. All other documents relating to the Defendant's communication to and about the Plaintiff that pertain to this legal action and that are not described above.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

EMPLOYMENT RECORDS:

15. The personnel file of the person(s) who replaced the Plaintiff in 2001-2002 and/or 2005-2006.

OBJECTION. The request is overly broad, unduly burdensome, vague and argumentative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, there are no responsive documents.

16. All document's relating to the Plaintiffs payroll records, earnings records, fringe benefit and overtime records.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

17. All documents pertaining to or relating to the Plaintiffs contract of employment with the Defendant or the employment relationship between the Plaintiff and the Defendant.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

18. The personnel files of each employee who received the same treatment in activities such as hiring selection, assignment, promotion, demotion, discipline, compensation, termination, layoff or other employment related action which the Plaintiff contends are discriminatory.

OBJECTION. The request is overly broad, vague, argumentative and contains terms for which definitions have not been provided.

19. The personnel files of each employee who is or was in a similar job description, had similar or comparable duties, or received compensation comparable to that of the Plaintiff.

OBJECTION. The request is overly broad, vague, argumentative and contains terms for which definitions have not been provided.

20. All other documents relating to the Plaintiffs personnel file and employment with Defendant that pertain to this legal action and that are not described above.

-6-

OBJECTION. The request is overly broad, unduly burdensome, vague, and duplicative. Further, the request seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege and that exceeds the scope of the Federal Rules of Civil Procedure.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

21. All studies, reports, or analysis done by internal staff, consultants, government agencies, or others related to any and all employment practice, policy, procedure, or statistic of the Defendant.

OBJECTION. The request is overly broad, unduly burdensome, vague, and duplicative. Further, the request seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege and that exceeds the scope of the Federal Rules of Civil Procedure. Finally, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

22. All documents related to allegations of discrimination by the Defendant made by employees, customers, vendors or others.

OBJECTION. The request is overly broad, unduly burdensome, vague and argumentative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

23. The complete files relating to the Plaintiff, including, but not limited to the Plaintiffs personnel file, the records pertaining to duties, salary, promotions, evaluations, discipline, benefits, discharge, layoff or retirement.

OBJECTION. The request is overly broad, unduly burdensome, vague, and duplicative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

24. All documents identifying the nature of the Defendant's operations, the physical locations, and the corporate organizational structure of the defendant, including the owners, shareholders, directors, and all others who have any responsibility for the development of policy.

OBJECTION. The request is overly broad, unduly burdensome, vague, and duplicative. Further, the request seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege and that exceeds the scope of the Federal Rules of Civil Procedure. Finally, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

25. All organizational charts, personnel charts, descriptions, lists, tables, flow charts or other similar documents in the possession of the Defendant that show the identities, titles or responsibilities of each person responsible in any manner for personnel, recruitment, hiring, selection, training, disciplining, demoting, terminating or accommodating any disability.

OBJECTION. The request is overly broad, unduly burdensome, vague, and duplicative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

26. Any and all documents which were required to be filed or were filed with any state or federal agency dealing with race, color, sex, age, national origin, religion or disability of employees.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

27. All documents relating to any complaints of discrimination or harassment committed by the Defendant, his employees, or agents.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

28. All documents relating to any claims or charges filed by any persons against the Defendant with the Equal Employment Opportunity Commission, the Office of Federal Contract Compliance Programs, any other federal program, or any state or municipal agency dealing with race, color, sex, age, national origin, religion or disability discrimination.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

29. Copies of any and all documents regarding any claims filed in any state or federal courts against the Defendant concerning discrimination in employment.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

30. All documents relating to the affirmative action program or plan of the Defendant including each affirmative action plan with effective dates for each.

OBJECTION. The request is overly broad, unduly burdensome, and vague. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, there are no responsive documents.

31. All documents relied upon in the development of each affirmative action plan.

OBJECTION. The request is overly broad, unduly burdensome, vague, and duplicative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, there are no responsive documents.

32. All documents which indicate the breakdown of the workforce by each of the following characteristics: name, date of hire, rate of pay, date of birth, sex, national origin or religion of employees at the present time and during Plaintiffs employment.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

33. All documents which indicate the breakdown of the applicant pool by any of the following characteristics: name, qualifications, date of application, position applied for and its rate of pay, date of birth, sex, national origin or religion of employees at the present time and during Plaintiffs employment.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

34. All documents which indicate the breakdown of the defendant's employment market pool by any of the following characteristics: name, qualifications, date of application, position applied for and its rate of pay, date of birth, sex, national origin or religion of employees at the present time and at the time of Plaintiffs employment.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

35. All documents which you intend to introduce into evidence at the trial of this case or may be used to refresh the recollections of witnesses at depositions or trial.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege and that exceeds the scope of the Federal Rules of Civil Procedure.

36. All documents containing statistical data relied on by the Defendant.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence and that exceeds the scope of the Federal Rules of Civil Procedure.

37. All statements and memos relating to witnesses or potential witnesses or persons contacted in connection with this case.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege and that exceeds the scope of the Federal Rules of Civil Procedure.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, there are no witness statements.

38. All documents which the Defendant contends support the defenses asserted in the Defendant's answer or that relate to any claims asserted by the defendant.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege and that exceeds the scope of the Federal Rules of Civil Procedure.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

39. All documents, speeches, articles, or publications by the Defendant, its employees, and agents that refer or relate to discrimination based on race, color, religion, age, sex, disability or any other characteristic.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence and that exceeds the scope of the Federal Rules of Civil Procedure.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

40. All documents reflecting all insurance policies and/or insurance coverage which Defendant has or has had for any liability arising from employment practices.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request exceeds the scope of the Federal Rules of Civil Procedure.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, there are no responsive documents.

41. All documents relating to the balance sheet reflecting the assets and liabilities and net worth of the Defendant including 10-K statements and Annual Reports.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence and that exceeds the scope of the Federal Rules of Civil Procedure.

42. All other documents in the possession of the Defendant that pertain to this legal action and that are not described above.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative. Further, the request seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege and that exceeds the scope of the Federal Rules of Civil Procedure.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

POLICIES:

43. All manuals, handbooks, policies, procedures, notices, or directives issued by the Defendant, pertaining to:

(a) Discipline,
(b) Demotion,
(c) Transfer,
(d) Layoff,
(e) Discharge.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

    44.    All manuals, handbooks, policies, procedures, notices, or directives issued by the Defendant, pertaining to:

    (a)    Compensation,
    (b)    Fringe benefits,
    (c)    Bonus pay,
    (d)    Merit raises,
    (e)    Incentives.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

    45.    All manuals, handbooks, policies, procedures, notices or directives issued by the Defendant, pertaining to:

    (a)    Recruitment,
    (b)    Selection and hiring,
    (c)    Objective testing,
    (d)    Subjective evaluation,
    (e)    Position requirements,
    (f)    Job posting,
    (g)    Job assignment,
    (h)    Seniority system,
    (i)    I. Training programs or skill acquisition opportunities,
    (j)    Promotion.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

46. All manuals, handbooks, notices, or directives issued by the Defendant, pertaining to supervisory responsibilities.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, there are no responsive documents.

47. All manuals, handbooks, notices, or directives issued by the Defendant, pertaining to the maintenance of a safe, nondiscriminatory and non-hostile work environment.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

48. Any and all documents pertaining to job descriptions or job qualifications.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

49. Any and all manuals, handbooks, notices, or directives issued by the Defendant during the relevant time period pertaining to any form or type of employment-related practice, procedure or policy including hiring, selection, job qualification, discipline, promotion, demotion, layoff or discharge.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

50. All other manuals, handbooks, notices or directives relating to the Defendant's policies, procedures or practices that pertain to this legal action and that are not described above.

OBJECTION. The request is overly broad, unduly burdensome, vague and duplicative. Further, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

TERMINATION:

51. All documents pertaining to the Defendant's (or its affiliate corporations, Live Nation, Inc., or Clear Channel Communications, Inc.) allegation or contention that the termination of the Plaintiff is unrelated to the pregnancy leave.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

52. All documents pertaining to Defendant's claim that it had a business justification for forced termination of the Plaintiff as a result of the Plaintiffs pregnancy.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

53.     All documents that exist in either physical or electronic form that in anyway relate to the decision to terminate the employment of Audrey (Shebby) D'Onofrio in September 2005, including but not limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

54.     All documents that in anyway discuss the subject of Ms. (Shebby) D'Onofrio's job title or compensation. This information should include all forms of correspondence, including but not limited to, internal memoranda and emails and should specifically include, but also not be limited to, emails sent on this subject between and among Ms. (Shebby) D'Onofrio and Michael Principe, Peter Hughes, Robert Urbach, William "Bud" Martin, Barbara Bissett, Jeff Lewis, Dan Rosier, Ken Meyerson, and all other employees of SFX Sports Group.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

55.     All documentation used by SFX Sports Group in the process of attempting to obtain or "pitch" new clients from 2000 to the present.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further, the request seeks the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege and that

exceeds the scope of the Federal Rules of Civil Procedure. Finally, the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

56. All documents that exist in either physical or electronic form that in anyway relate to the corporate restructuring process that occurred at SFX Sports Group in which the employment of Audrey (Shebby) D'Onofrio was terminated in 2001. Documents to be produced should include, but not be limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication.

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative. Further the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, there are no responsive documents.

57. All documents that exist in either physical or electronic form that in anyway relate to the decision not to promote Audrey (Shebby) D'Onofrio to the title of Vice President, including but not limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication.

OBJECTION. The request is overly broad, unduly burdensome and vague.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, there are no responsive documents.

58. All documents that exist in either physical or electronic form that in anyway relate to the corporate restructuring process that occurred at SFX Sports Group in which the employment of Audrey (Shebby) D'Onofrio was terminated in September of 2005. Documents to be produced should include, but not be limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication. [same as 52]

OBJECTION. The request is overly broad, unduly burdensome, vague, duplicative and argumentative.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

59. All emails sent by or to the Plaintiff by all employees of SFX Sports Group and Clear Channel.

OBJECTION. The request is overly broad, unduly burdensome and vague.

RESPONSE: Subject to and without waiving the foregoing objections and SFX's general objections, see documents produced for copying and inspection pursuant to a Stipulated Protective Order to be agreed upon by the parties.

60. All contracts entered into by SFX Sports Group for purposes involving or related to providing public relations services to any individual or entity from 2003 through the present.

OBJECTION. The request is overly broad, unduly burdensome and vague. Further the request seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

BAKER & HOSTETLER LLP

By: _____
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
(202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel Communications, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on ___August 30___, 2006 a copy of the foregoing Defendant SFX Sports Group, Inc.'s Objections and Responses To Plaintiff's First Request For Production Of Documents was served by regular mail on David E. Schreiber, Esq., David E. Schreiber, P.C., 4550 Montgomery Avenue, Suite 760N, Bethesda, MD 20814.

/s/ Johnine P. Barnes