UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 0 2 2006
BY:_____

AUDREY (SHEBBY) D'ONOFRIO, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:06-cv-00687 (JDB)
) Next Event:
SFX SPORTS GROUP, INC., et al. )
)
)
Defendants. )
)

### DEFENDANT SFX SPORTS GROUP, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

Comes now defendant SFX Sports Group, Inc. ("defendant" or "SFX") and objects to and answers Plaintiff's Interrogatories as follows:

### GENERAL OBJECTIONS

1. SFX objects to these interrogatories as overly broad, vague and unduly burdensome.

2. SFX further objects to these interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable federal, state or common-law privilege.

3. SFX further objects to these interrogatories to the extent they contain vague and ambiguous terms for which definitions have not been provided.

4. SFX further objects to these interrogatories to the extent they seek the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5. SFX further objects to these interrogatories to the extent they exceed the scope of the requirements of the Federal Rules of Civil Procedure.

## OBJECTIONS AND ANSWERS

1. Please state the name, business address and the title or office in the Defendant corporation of the person or persons (see Definition and Instruction F) answering these interrogatories on behalf of the defendant.

ANSWER: Subject to and without waiving SFX's general objections:

Alaka Williams
Human Resources
Live Nation, Inc.
5335 Wisconsin Avenue, N.W.
Suite 850
Washington, DC 20015

2. Describe in complete detail (see Definition and Instruction B) every reason or reasons why the Plaintiff was terminated from SFX.

OBJECTION: This interrogatory is overly broad, vague and argumentative. Further, this interrogatory seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, on or about March 2005, SFX prepared a business plan for the future business of its sports group. As part of the plan, SFX evaluated and planned for a reduction in force to help achieve its business goals. This reduction involved the elimination of corporate overhead, including several divisions and positions. Mr. Dan Rosier, the former Chief Financial Officer for SFX, made the determination as to what groups, divisions and positions would be eliminated. Kimberly Wray, Head of Human Resources, Clear Channel Communications, Inc. identified the persons in the groups, divisions and positions for elimination. Ms. Alaka Williams implemented the reduction by notifying persons of the terminations of employment. Plaintiff's position as Senior Director of Client Communications was one of the positions eliminated in the reduction,

as well as the positions of her assistant Tim Yowpa and her boss Peter Hughes, both of whom also worked in public relations.

   3.   Identify (see Definition and Instruction E, J) every person employed by the Defendant (or its affiliate corporations, Live Nation, Inc., or Clear Channel Communications, Inc.) who were involved in or played any type of role in the termination of the Plaintiff in both 2001 as well as September, 2005 and indicate those persons specific involvement in the termination decisions and the underlying justification for each termination.

   OBJECTION: This interrogatory is overly broad and vague. Further, the interrogatory is cumulative and seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

   ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX states that on or about May 4, 2000, SFX hired Plaintiff as Senior Communications Director. On or about March 31, 2001, Plaintiff's employment was separated. At this time, Plaintiff signed an Employee Separation Agreement waiving and releasing SFX from any and all claims related to her employment with it. In consideration for the release, Plaintiff was paid a severance amount of $4,327.20. SFX directs Plaintiff to its answer to Interrogatory No. 2 and its Answer filed herein. SFX further directs Plaintiff to documents produced for inspection and copying in SFX Sports Group, Inc.'s Responses to Plaintiff's Request for Production of Documents.

   4.   Identify and describe in complete detail any policy of the Defendant (or its affiliate corporations, Live Nation, Inc., or Clear Channel Communications, Inc.) relative to the hiring or retention of pregnant women (during the relevant time period)?

   OBJECTION: This interrogatory is overly broad, vague and argumentative. Further this interrogatory contains ambiguous terms for which definitions have not been provided and seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX is an Equal Opportunity Employer and has an Equal Opportunity Employment policy that prohibits discrimination on any basis prohibited by law in its hiring, firing and retention of employees.

5. With respect to any policy relative to the hiring or retention of pregnant women, identified in #4, please state with reference to each individual responsible for setting such policies (during the relevant time period):

(a) Name, address, sex, age, race, religion and national origin;
(b) The dates during which each was responsible for setting such policy;
(c) The individual's job title and employment history with the Defendant.

OBJECTION: This interrogatory is vague and argumentative. Further this interrogatory contains ambiguous terms for which definitions have not been provided and seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX directs Plaintiff to its answer to Interrogatory No. 4 and to documents produced for inspection and copying in SFX Sports Group, Inc.'s Responses to Plaintiff's Request for Production of Documents. SFX further states that Ms. Alaka Williams is the Regional Director of Human Resources for SFX. Her job responsibilities include, but are not limited to the implementation of SFX's employment policies.

6. Identify and describe in complete detail Defendant's (or its affiliate corporations, Live Nation, Inc., or Clear Channel Communications, Inc.) policy, if any, concerning the continued employment of pregnant women, including, but not necessarily limited to, matters such as the following:

(a) How much paid personal leave the employee may take;
(b) How much unpaid personal leave the employee may take;
(c) How much vacation time the employee may take;
(d) How much sick leave the employee may take;

(e) How much paid disability leave the employee may take;
(f) How much unpaid disability leave the employee may take;
(g) How much total leave the employee may take and still return to her same job;
(h) How much total leave the employee may take and still return to the company;
(i) Accrual or loss of seniority while on leave;
(j) Susceptibility to layoff while on leave;
(k) Whether pregnancy is ever grounds for discharge;
(l) Whether pregnancy will ever result in reassignment to another job;
(m) Whether an employee who takes an extended leave, while not guaranteed a job, is subject to rehire.

OBJECTION: This interrogatory is overly broad, unduly burdensome, vague, cumulative and argumentative. Further this interrogatory contains ambiguous terms for which definitions have not been provided and seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX directs Plaintiff to its answer to Interrogatory No. 4 and to documents produced for inspection and copying in SFX Sports Group, Inc.'s Responses to Plaintiff's Request for Production of Documents.

7.   Identify and describe in complete detail Defendant's (or its affiliate corporations, Live Nation, Inc., or Clear Channel Communications, Inc.) policy, if any, concerning disabled employees, including, but not necessarily limited to matters such as the following:

(a) How much paid personal leave the employee may take;
(b) How much unpaid personal leave the employee may take;
(c) How much vacation time the employee may take;
(d) How much sick leave the employee may take;
(e) How much paid disability leave the employee may take;
(f) How much unpaid disability leave the employee may take;
(g) How much total leave the employee may take and still return to his or her same job;
(h) How much total leave the employee may take and still return to the company;
(i) Accrual or loss of seniority while on leave;
(j) Susceptibility to layoff while on leave;
(k) Whether disability is ever grounds for discharge;
(l) Whether disability will ever result in reassignment to another job;
(m) Whether an employee who takes an extended leave, while not guaranteed a job, is subject to rehire.

OBJECTION: This interrogatory is overly broad, unduly burdensome, vague, cumulative and argumentative. Further this interrogatory contains ambiguous terms for which definitions have not been provided and seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX directs Plaintiff to its answer to Interrogatory No. 4 and to documents regarding its Short Term Disability policy produced for inspection and copying in SFX Sports Group, Inc.'s Responses to Plaintiff's Request for Production of Documents.

8. Identify (see Definition and Instruction E, I) any pregnant woman (during the relevant time period) employed by Defendant (or its affiliate corporations, Live Nation, Inc., or Clear Channel Communications, Inc.) who has been forced to take leave either immediately upon becoming pregnant or at a particular point in her pregnancy.

OBJECTION: This interrogatory is overly broad, unduly burdensome, vague, cumulative and argumentative. Further this interrogatory contains ambiguous terms for which definitions have not been provided and seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, there is no, nor has there been "any pregnant woman employed by Defendant…who has been forced to take leave either immediately upon becoming pregnant or at a particular point in her pregnancy." SFX further directs Plaintiff to its answer to Interrogatory No. 4 and to documents produced for inspection and copying in SFX Sports Group, Inc.'s Responses to Plaintiff's Request for Production of Documents.

9. Describe in complete detail (see Definition and Instruction B) the nature of Howard Schaecter's employment with SFX Sports Group, including, but not limited to:

(a) the exact job title of Mr. Schaecter's position(s),
(b) a reasonably detailed description of his duties and responsibilities,
(c) the dates of his tenure in each position,

    (d)    all persons supervised in each position,
    (e)    the supervisors reported to in each position and for what time period,
    (f)    all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.

OBJECTION: This interrogatory is overly broad and unduly burdensome. Further this interrogatory seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, Mr. Howard Schacter was hired as Vice President of Corporate Communications for SFX on or about November 1, 1999. In this position, Mr. Schacter supervised four persons, one of whom was Plaintiff. Mr. Schacter's job responsibilities, included, but were not limited to managing the communication of corporate news, specifically the flow of information regarding the consolidation and branding of SFX's Sports Group, both internally and externally; maximizing media relations opportunities for SFX's talent, events and other properties; and exploring the feasibility of developing public relations as a revenue-generating business function. In this position, Mr. Schacter reported to Mr. Robert Allard, the former Chief Operating Officer of SFX.

In or about late 2000, Mr. Schacter's job responsibilities were transferred to the offices of SFX Entertainment in New York City. In this position, Mr. Schacter's job responsibilities expanded to include overall corporate branding and communications for SFX Entertainment. His employment with Clear Channel Entertainment was separated on or about January 1, 2003.

SFX further directs Plaintiff to documents produced for inspection and copying in SFX Sports Group, Inc.'s Responses to Plaintiff's Request for Production of Documents.

    10.    If the Defendant (or its affiliate corporations, Live Nation, Inc., or Clear Channel Communications, Inc.) alleges or contends that the failure to retain the Plaintiff was due to the

Plaintiffs lack of qualifications, describe in complete (see Definition and Instruction B) detail any of the qualifications that the Plaintiff lacked, and the reason that the Defendant (or its affiliate corporations, Live Nation, Inc., or Clear Channel Communications, Inc.) considers such qualifications necessary to efficient job performance.

OBJECTION: This interrogatory is overly broad, vague, cumulative and argumentative.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX directs Plaintiff to its answer to Interrogatory No. 2.

11. Identify (see Definition and Instruction E, J) all persons involved in the decision to not promote Audrey (Shebby) D'Onofrio to the title of Vice President at any time during the entire span of her tenure of employment with SFX Sports Group. In responding, please provide:

(a) the name, address, phone number and title of each individual involved,
(b) the exact role each individual played in the decision to deny the title of Vice President,
(c) the person or persons who made the actual decision not to promote Ms. (Shebby) D'Onofrio to the title of Vice President, and
(d) the underlying justification for denying the promotion.

OBJECTION: This interrogatory is overly broad, vague, cumulative and argumentative. Further this interrogatory seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, there was no "decision to not promote Audrey (Shebby) D'Onofrio to the title of Vice President at any time during the entire span of her tenure of employment with SFX Sports Group."

12. Identify (see Definition and Instruction E, I) each individual who was hired or promoted to the position for which the Plaintiff was employed, or who assumed Plaintiffs job responsibilities, subsequent to the Plaintiffs termination:

(a) Name, address, sex, age, race, religion and national origin;
(b) The individual's prior employment with the defendant;
(c) The date hired or promoted;
(d) The position to which hired or promoted;
(e) The individual's qualifications.

OBJECTION: This interrogatory is overly broad, unduly burdensome, vague, cumulative and argumentative.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, there is no one employed with SFX in the position of Senior Director of Client Communications or who assumed the responsibilities of Plaintiff's job in SFX.

13. If the Defendant (or its affiliate corporations, Live Nation Inc., or Clear Channel Communications, Inc.) alleges or contends a business justification for forced termination of the Plaintiff as a result of the Plaintiffs pregnancy, describe in complete detail (see Definition and Instruction B) all facts on which you base your allegations or contentions.

OBJECTION: This interrogatory is overly broad, unduly burdensome, vague, cumulative and argumentative.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX states that there was no "forced termination of the Plaintiff as a result of the Plaintiff's (sic) pregnancy." SFX further directs Plaintiff to its answer to Interrogatory No. 2.

14. Identify (see Definition and Instruction E, J) all persons involved in the decision to restore the employment of Audrey (Shebby) D'Onofrio in 2002. In responding, please provide:

(a) the name, address, phone number and title of each individual involved,
(b) the exact role each individual played in the process,
(c) the person or persons who made the actual decision to restore employment, and the underlying justification for reinstating Audrey (Shebby) D'Onofrio as an employee.

OBJECTION: This interrogatory is vague, cumulative and argumentative. Further this interrogatory seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX states that on or about February 21, 2002, Mr. Robert Urbach, former Executive

Vice President of SFX directed the hiring of Plaintiff as Senior Director of Client Communications. Mr. Dan Rosier approved the hiring.

15. Describe in complete detail (see Definition and Instruction B) the alleged restructuring of SFX ("due to changes in the company, there was no longer a need for a public relations function, such that her position was to be eliminated effective that day" Complaint, ¶20), or related entities, that formed the basis for the termination of the Plaintiff.

OBJECTION: This interrogatory is vague, cumulative and argumentative.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX directs Plaintiff to its answer to Interrogatory No. 2.

16. Persons Having Knowledge: Identify (see Definition and Instruction E, I) (a) each non-expert witness you intend to call to testify and/or (b) persons with knowledge of discoverable matters. With respect to such person, state the following information:

(a) The subject matter(s) upon which each person is expected to testify.
(b) The substance of the facts and/or opinions as to which each person is expected to testify.
(c) A summary of grounds for each such opinion.
(d) The identity of all data reflecting your answer to (B) above.

OBJECTION: This interrogatory is vague, cumulative and argumentative. SFX further objects to these interrogatories to the extent they exceed the scope of the requirements of the Federal Rules of Civil Procedure.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX directs Plaintiff to its Initial Disclosures produced herein.

17. Formal Performance Appraisal/Evaluation: For each formal performance appraisal given to the Plaintiff by the Defendant (or its affiliates) for any year in which the Plaintiff was employed, provide the following information:

(a) Date of each performance appraisal;
(b) Overall employee performance rating contained in each performance appraisal;
(c) Percentage of any salary increase reflected in any such performance appraisal;
(d) A summary of any negative statements made against the Plaintiff in any such performance appraisal;
(e) The present location of any such performance appraisals.

OBJECTION: This interrogatory is vague, cumulative and argumentative. Further this interrogatory contains ambiguous terms for which definitions have not been provided and seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX directs Plaintiff to documents produced for inspection and copying in SFX Sports Group, Inc.'s Responses to Plaintiff's Request for Production of Documents.

18.  Describe in complete detail (see Definition and Instruction B) the nature of Audrey (Shebby) D'Onofrio's employment with SFX Sports Group, including but not limited to:

(a) the exact job title of Ms. (Shebby) D'Onofrio's position(s),
(b) a reasonably detailed description of her duties and responsibilities, the dates of her tenure in each position,
(c) all persons supervised in each position,
(d) the supervisors reported to in each position and for what time period,
(e) all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.

OBJECTION: This interrogatory is vague and cumulative. Further this interrogatory seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, SFX directs Plaintiff to its answer to Interrogatory No. 14. SFX further states that on or about February 21, 2002, Plaintiff was hired by SFX as Senior Director of Client Communications. In this position, Plaintiff was paid approximately $80,000 and was eligible, if applicable, to receive a bonus up to $10,000. Plaintiff's responsibilities, include but were not limited to supporting the marketing function by creating public relations campaigns designed to enhance client marketability; implementing publicity initiative for sports clients; managing client media requests; creating client press kits; and managing client media training. Plaintiff's direct

supervisors during her employment were Robert Urbach and Peter Hughes. Plaintiff's assistant, Tim Yowpa reported to her during her employment. On or about September 27, 2005, Plaintiff's employment with SFX was separated.

      19.    Describe in complete detail (see Definition and Instruction B) the nature of Jim Gluckson's employment with SFX Sports Group, including but not limited to:

     (a)    the exact job title of Mr. Gluckson's position(s),
     (b)    a reasonably detailed description of his duties and responsibilities,
     (c)    the dates of his tenure in each position,
     (d)    all persons supervised in each position, the supervisors reported to in each position and for what time period,
     (e)    all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.

OBJECTION: This interrogatory is overly broad, unduly burdensome and vague. Further this interrogatory seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving the foregoing objections and SFX's general objections, Mr. Gluckson became employed with SFX as part of its acquisition of his former employer SMTI. was employed as Vice President of Communications in SFX's New York City offices from or about October 29, 1997 to about 2002. Prior to his employment with SFX, Mr. Gluckson was formerly employed with SMTI. SMTI was acquired by SFX. His job responsibilities included, but were not limited to directing and executing public relations strategies and on-site management for SFX events, including the sport's group events; securing media exposure for SFX events through contact with national sports and business media and expert knowledge of horse racing, golf and tennis. SFX further directs Plaintiff to documents produced for inspection and copying in SFX Sports Group, Inc.'s Responses to Plaintiff's Request for Production of Documents.

20.  Identify (see Definition and Instruction E, I, J) each individual who was employed by SFX Sports Group from 2000 through the present that was promoted to the title of Vice President. In identifying each such person, please state:

(a)  the length of service each person had with SFX Sports Group prior to being promoted to the title of Vice President, and
(b)  the succession of titles and the length of time with each title.

OBJECTION: This interrogatory is unduly burdensome, vague and argumentative. Further this interrogatory seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

21.  Identify (see Definition and Instruction E, I, J) each prospective client that SFX Sports Group has attempted to represent since 2000, including individuals that became clients, as well as the SFX Sports Group agent that was responsible for overseeing the effort to secure the new business.

OBJECTION: This interrogatory is unduly burdensome, vague and argumentative. Further this interrogatory seeks the discovery of information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence and exceeds the scope of the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 29, 2006.

LIVE NATION, INC.

By: *Alaka Williams*
Alaka Williams

BAKER & HOSTETLER LLP

By: _____
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
(202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc.,
Live Nation, Inc. and Clear Channel Communications, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2006 a copy of the foregoing Defendant SFX Sports Group Inc.'s Objections and Answers To Plaintiff's Interrogatories was served by regular mail on David E. Schreiber, Esq., David E. Schreiber, P.C., 4550 Montgomery Avenue, Suite 760N, Bethesda, MD 20814.

_____
Johnine P. Barnes