**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ) | |
| AUDREY (SHEBBY) D'ONOFRIO,                   ) | |
| ) | |
| Plaintiff,          ) | |
| ) | |
| v.                         ) | Civil Action No. 1:06-cv-00687 (JDB) |
| ) | Next Event: Status Conference |
| SFX SPORTS GROUP, INC., et al.          ) | 10/26/06 |
| ) | |
| ) | |
| Defendants.          ) | |
| ) | |

## JOINT STATUS CONFERENCE REPORT

Come now Defendants SFX Sports Group, Inc., Live Nation, Inc., and Clear Channel

Communications, Inc. (collectively, "Defendants") and Plaintiff Audrey D'Onofrio ("Plaintiff"),

and hereby file a Joint Status Report, pursuant to the Court's Order of September 20, 2006.

I.     DISCOVERY CONFERENCE

The parties participated in a discovery conference on September 25, 2006, at 1:30p.m. at

the offices of Baker & Hostetler LLP.  The conference was continued on October 6, 2006, at the

office of David E. Schreiber, P.C.

II.    WRITTEN DISCOVERY

A.     Protective Order.

On October 6, 2006, the parties filed a Joint Motion for Protective Order requesting that

the Court enter a Stipulated Protective Order in the case.  Counsel agreed to the terms of a

protective order with the exception of an "ATTORNEY'S EYES ONLY" provision, which

Defendants requested to protect the confidentiality of portions of SFX Sports Group, Inc.'s

("SFX") March 2005 Business Plan (the "Business Plan") and related commercial information

that it contends are not relevant or likely to lead to the discovery of relevant information in the

case and which are not essential to the defense and prosecution of this action.  Plaintiff's

counsel objected to this designation.

On September 28, 2006, pursuant to the agreed upon Protective Order, Defendants'

produced to Plaintiff, in redacted form, documents pertaining the reduction in force by SFX and

portions of the Business Plan and related documents that Defendants contend are relevant to the

prosecution of and defenses in this case.  To the extent that Plaintiff objects to the redacted

production, Defendants' will file an appropriate motion for protective order, but will consult

with the Court before doing so.

      B.     <u>Defendants' Objections and Responses to Plaintiff's First Request for Production of Documents</u>.

As discussed above, Defendants' have supplemented its production of documents to

Plaintiff's requests pursuant to the agreed upon Protective Order and has served upon Plaintiff

supplemental responses on October 10, 2006.   Additionally, Plaintiff has agreed to modify

some of the requests pursuant to Defendants' objections and Defendants will verify whether

there are documents responsive to the modified requests.

      1.     <u>Discovery Issues Disagreed Upon by the Parties</u>

    a.     Defendants' continue to object to the request for the production of documents

regarding SFX's process to obtain new clients.

    b.     Plaintiff continues to object to a number of issues which are generally outlined

below.  (The Court indicated that it did not want a brief filed.  Accordingly, the Plaintiff will file

a new motion to compel to address each deficiency so that the Court can assess her concerns.)

From the Plaintiff's perspective, the Defendants have failed to produce much of the

relevant documentation available to them.  This failure makes further discovery difficult since

the Plaintiff was unable to take any documentation (paper or electronic) with her upon her

termination.  Because of the amount of discovery still not produced, the Plaintiff will file a new

motion to compel, detailing the information and documentation which she believes are

necessary for her to go forward with meaningful discovery, in particular depositions of 3rd party

witnesses as well as a Rule 30(b)(6) designee of the Defendants.

      The failure to adequately respond will also impact on Plaintiff's ability to specifically

respond to questions to be posed to her at her deposition, which the Defendants demand must go

forward in the next 2 weeks.  While Plaintiff and her counsel have reserved October 24, 2006

for Plaintiff's deposition, the Plaintiff and her counsel believe that the better course of action

would be to delay the Plaintiff's deposition as well as other depositions in the case until the

information and documentation have been produced by the Defendants.

      One of the issues to be addressed is the fact that Defendants produced no e mails or

information from Plaintiff's computer which would have assisted her in amplifying her

allegations of discrimination in pay and promotion, together with rebutting the claimed business

justification for her termination.  For instance, Plaintiff contends that Defendants have not

produced any notes or communications suggesting any consideration of Plaintiff's remaining at

SFX, her statements to various employees of her pregnancy problems, etc.  Plaintiff contends

this will require her to request pursuant to F.R.C.P. 34 the right to have a computer expert

'investigate" the Defendants' e mail data base, as well as other electronic documents, to verify

authenticity, availability and date of creation, to name a few areas of inquiry.

      In addition, Defendants have redacted the business plan which forms the basis of their

defense, leaving only that which they claim is "relevant".  At the initial meeting Defendants'

counsel allowed Plaintiffs' counsel to review the document.  Plaintiff contends that the

document did not appear to contain any information such that the she or her counsel could

compromise any business plan or strategy, necessitating the withholding of the information

(which originally Defendants wanted only Plaintiff's counsel to see).  This redaction of the

business plan together with redaction of some other documents, plus Plaintiff's contention to the

lack of production of documents and information, will require the Court's judgment as to

Defendants' position.

Plaintiff contends that because the discovery issues are important to the progress of the

case, it is anticipated that once the Court has determined the extent of discovery to which the

she is entitled, thereafter it would require approximately 4 additional months to complete

Plaintiff's discovery.

C.      Defendants' Objections and Answers to Plaintiff's First Set of
        Interrogatories

Defendants have supplemented its answers to Plaintiff's First Set of Interrogatories.

Additionally, Defendants have agreed to further supplement its answers with information in

response to Interrogatory Nos. 9 and 19, to the extent that there is further information to

provide.  Finally, pursuant to Plaintiff's agreement to limit her Interrogatory to persons who

were employed and/or promoted to the title of Vice President of Communications and

Marketing, Defendants' have agreed to supplement its answer to Interrogatory No. 20 for the

years of 2002 – 2005.

Defendants' continue to object to plaintiff's request for the identity of each prospective

client that SFX has attempted to represent since 2000, including individuals that became clients,

as well as the SFX Sports Group agent that was responsible for overseeing the effort to secure

the new business.

        D.      Plaintiff's Answers to Interrogatories from SFX Sports Group, Inc. and Live Nation

Plaintiff has agreed to supplement her answers to Interrogatory Nos. 6 – 12, 25, 28 and 32.  Defendants reserve its right to continue to object to the answers provided by Plaintiff pending her supplementation.

        E.      Plaintiff's Responses to Defendant's First Request for Production of Documents

Plaintiff has agreed to produce documents responsive to Defendants' Request for Production of Documents by hand-delivery on October 12, 2006.  Defendants reserve its right to object to the responses provided by Plaintiff pending the production of documents.

III.    DEPOSITIONS

    A.    Plaintiff's Fed. R. Civ. P. 30(b)(6) Designations

Plaintiff has not served her Fed. R. Civ. P. 30(b)(6) designations.  Plaintiff's counsel stated that Defendants can expect to receive the designations during the week of October 9, 2006.

As outlined above, the Plaintiff believes that noting depositions without adequate preliminary discovery is counterproductive.

    B.    Deposition of Plaintiff

Counsel have agreed that Plaintiff's counsel will produce Plaintiff for deposition on October 24, 2006.

As noted above, Plaintiff believes that noting depositions without adequate preliminary discovery is counterproductive.

IV.    AMENDED DISCOVERY PLAN

Counsel cannot agree on a particular date to extend discovery.  Plaintiff's counsel believes that the deadline for the completion of all discovery should be scheduled for at least

February, 2007, (depending upon the Court's decision concerning the current discovery dispute)

and Defendants' counsel believes that the discovery deadline should be set for December 1,

2006.  Counsel agreed to discuss this disagreement with the Court.

Dated:  October __, 2006

Respectfully submitted,

By_____          By_____
   Johnine P. Barnes (D.C. Bar No. 464810)      David E. Schreiber (D.C. Bar No. 152082)
   Lee T. Ellis, Jr. (D.C. Bar No. 3683)        4550 Montgomery Avenue, Suite 760N
   1050 Connecticut Avenue, N.W.           Bethesda, Maryland 20814
   Suite 1100                         (301) 951-1530
   Washington, D.C.  20036
   (202) 861-1500                   Attorney for Plaintiff
                                  Audrey (Shebby) D'Onofrio

Attorneys for Defendants
SFX Sports Group, Inc.,
Live Nation, Inc. and
Clear Channel Communications, Inc.