UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 11 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-00687 (JDB) |
| ) | |
| SFX SPORTS GROUP, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

The undersigned parties have stipulated and agreed to the following Stipulated Protective Order (the "Order") to govern the designation, handling and use of all Confidential information produced in this action:

1. All documents produced in this action that are designated "CONFIDENTIAL," the information contained in such documents and all other information elicited through discovery in this action that are designated "CONFIDENTIAL," shall be used solely and exclusively for the defense and prosecution of this action and any appeal taken therefrom and shall not be used or disclosed for any other purpose whatsoever without the written authorization of the attorney for the producing party.

2. "Confidential" documents or information shall include any document, portion of a document, or information that is Confidential to the extent that it contains personal records and material including, inter alia, income tax returns, medical records, and other personal documents of the plaintiff, business records of defendants, personnel files, employee wage and salary data and other employment-related documents of defendants, company policies and

procedures of defendants, and contracts and/or agreements entered into between defendants and plaintiff.

3. As used herein, the term "document" encompasses all written, recorded or graphic matter whatsoever, and copies thereof, including but not limited to, interrogatories and answers, requests to admit and responses thereto, documents produced by any producing party, affidavits, deposition and interview transcripts and exhibits, and any portion of any court paper which quote or reveal information contained in any of the foregoing. This Order shall also govern information contained in such documents and testimony. The term "document" is to be given a broad definition and interpretation.

4. When any party is required to produce documents in this action, the party producing the documents may designate such documents as "CONFIDENTIAL" pursuant to this Order by stamping, in a manner that will not interfere with the legibility of such documents, to each page thereof containing Confidential information with an imprint or legend "CONFIDENTIAL" at the time of such production. All "CONFIDENTIAL" designations must be based on the good faith belief that the document contains Confidential information.

5. Any party may in good faith designate deposition testimony or documents submitted as exhibits to a deposition as "CONFIDENTIAL" by orally designating it as such on the record or within 10 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person. Those portions of the deposition transcript and exhibits designated as "CONFIDENTIAL" shall be appropriately bound and sealed by the reporter. Such designation shall, without more, subject such portion of the deposition transcript and exhibits to the provisions of this Order.

6. Any document that is inadvertently produced without being stamped "CONFIDENTIAL" may be designated "CONFIDENTIAL" pursuant to the terms of Paragraph 4, within 10 days of the party's knowledge that the document was subject to this Order and was produced without the "CONFIDENTIAL" designation. In each such case, the party claiming the "CONFIDENTIAL" designation shall produce to the party to whom the document was produced written notice of that designation and a copy of the document marked in accordance with Paragraph 4. Any good faith disclosure of such materials by the non-producing party prior to the receipt of notice of the "CONFIDENTIAL" designation from the producing party shall not constitute a violation of this Order.

7. All information produced by a party in the course of this action and designated as "CONFIDENTIAL" pursuant to this Order shall be used by the receiving party solely for the purpose of this action. All documents so designated will be maintained in a manner that limits access to those persons entitled under the Order to examine the documents and materials. Any person receiving information designated pursuant to the provisions of this Order shall be advised of this Order.

8. If the opposing party objects to the designation of "CONFIDENTIAL" as unnecessary, the burden will fall on the designating party to demonstrate its confidentiality. If no agreement between counsel can be reached, the designating party may apply to the Court for a protective order pursuant to Fed. R. Civ. P. 26(c). Until such time as the Court determines that any document is not entitled to protection as Confidential, it shall be treated as Confidential according to the terms of this Order.

9. Right of access to Confidential documents and information contained therein shall be limited to: (1) counsel for the parties, including paralegal, secretarial and clerical

employees; (2) the named plaintiff; (3) officers, employees and agents of the defendants on a need to know basis; (4) the Court and any Court personnel; (5) any court reporter employed for purposes of deposition in this action, including any person operating video recording equipment at video depositions; and (6) parties listed pursuant to Paragraph 11.

10. Persons with right of access to these materials shall not reveal, disclose, or describe Confidential documents or the contents of such documents, in whole or in part, to any person who does not have right of access. This Order does not preclude showing Confidential documents to a person who has previously seen such documents under circumstances not in violation of this Order.

11. Confidential material may be revealed, delivered, exhibited, or disclosed to any expert or consultant engaged or utilized by counsel to assist in the preparation of this case or to testify at trial or any other proceeding provided that, before being given access to information deemed or designated "CONFIDENTIAL," the expert or consultant must read and agree to be bound by this Order by endorsing the following certification on a copy of this Order, which shall be retained by counsel:

> I certify that I have received and read a copy of the protective order in D'Onofrio v. SFX Sports Group, Inc., et al., I agree to be bound by it, and I understand that I may be subject to contempt proceedings in the United States District Court if I violate it. I further understand that information designated as "CONFIDENTIAL" in this case, and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the protective order and then only for the prosecution or defense of this action.

12. Counsel for the parties shall maintain a complete list of all persons or entities who receive or who are shown documents produced pursuant to this Order by said counsel and, if requested for good faith reason, shall provide this list to the other parties' counsel at the conclusion of this action.

- 4 -

13. Confidential material filed with the Court for any purpose shall be filed in a sealed envelope or other container, marked on the outside with the caption of this action and the following statement:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

If a party fails to file protected documents under seal, the opposing party may file a motion to place the filing under seal.

14. If any Confidential material, information or data obtained, derived or generated therefrom, is sought through discovery by any person in any judicial or administrative proceeding from any party to this action who did not originally produce such material, the party from whom discovery of such information is sought agrees that, prior to producing such documents, it will notify the party to this action who originally produced such material of such request and provide that party a suitable period of time to permit the party who originally produced such material to seek a protective order from the appropriate court.

15. By producing Confidential documents, the parties do not waive the right to assert attorney-client privilege, work product privilege, or any other discovery or evidentiary objection as a basis for withholding any other document or communication, nor do they waive the right, with respect to the documents being produced pursuant to this Order, to object to the introduction of Confidential information based on available evidentiary grounds. Conversely, the mere designation of a document as "CONFIDENTIAL" will have no bearing on its admissibility during the trial of this action.

16. Confidentiality hereunder is to be maintained both during and after disposition of this case. Within sixty days of the conclusion of this action:

(a) All documents and copies thereof designated "CONFIDENTIAL," or containing data or information obtained, derived, or generated from such documents, exclusive of any Attorney-Work Product or privileged material of counsel as defined by the Federal Rules of Civil Procedure, and shall be returned to the producing party.

(b) All portions of deposition transcripts designated "CONFIDENTIAL" and exhibits to those depositions shall be returned to the producing party.

(c) All responses to interrogatories or other written discovery designated "CONFIDENTIAL" shall be returned to the producing party.

(d) In lieu of returning the materials as described in (a) through (c) of this Paragraph 15, counsel for the party required to return the materials may instead destroy these materials and provide a written certification to the producing party that the materials have been destroyed.

17. Nothing in this Order shall limit the use by any party to this action of its own documents or prevent any party to this action from disclosing its own Confidential information to any person. Such disclosures shall not affect any "CONFIDENTIAL" designation made pursuant to the terms of this Order as long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

18. Nothing in the foregoing provisions of this Order shall be deemed to preclude any person from making, or the Court from granting, a motion to modify or lift this Order for good cause.

The above Order should be entered.

Dated:   October 6 , 2006

|  |  |
|---|---|
|  | Respectfully submitted, |
| Baker & Hostetler LLP | David E. Schreiber, P.C. |
| By_____/s/_____<br>Johnine P. Barnes (D.C. Bar No. 464810)<br>Lee T. Ellis, Jr. (D.C. Bar No. 3683)<br>1050 Connecticut Avenue, N.W.<br>Suite 1100<br>Washington, D.C.  20036<br>(202) 861-1500 | By:_____/s/_____<br>David E. Schreiber (DC Bar No. 152082)<br>4550 Montgomery Avenue, Suite 760N<br>Bethesda, Maryland 20814<br>(301) 951-1530 |
| Attorneys for Defendants<br>SFX Sports Group, Inc.,<br>Live Nation, Inc. and<br>Clear Channel Communications, Inc. | Attorney for Plaintiff<br>Audrey (Shebby) D'Onofrio |

So ORDERED this 10th day of October 2006.

_____
John D. Bates
United States District Judge