UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUDREY (SHEBBY) D'ONOFRIO :
:
    Plaintiff :
:
v. : Case No.: 06-687 JDB
: Judge John D. Bates
:
SFX SPORTS GROUP, INC., et. al. :
:
    Defendants :

**PLAINTIFF'S MEMORANDUM REGARDING REDACTION OF**
**DEFENDANTS' BUSINESS PLAN**

    The Plaintiff, AUDREY (SHEBBY) D'ONOFRIO, by and through counsel, David E. Schreiber, Esq., addresses the redaction issue pertaining to Defendants' Business Plan, pursuant to this Court's Order of October 26, 2006. The Plaintiff suggests that the reasons given by Defendants' counsel at the recent hearing as well as the telephone conference held on September , 2006 fail to support withholding any documents pertaining the business justification defense posited by the Defendants.

1.    Judge Urbina reviewed the law regarding the use of protective orders under Fed. R. Civ. P. 26(c) in *Campbell v U.S. Dept. Of Justice*, 231 F.Supp. 2d 1, at 7 (D.D.C. 2002). He indicated, *inter alia*, that the moving party bears the burden of showing that there is good cause for the issuance of the order since such a motion limits the liberal discovery rules. He indicated that "good cause" is only established when the movant demonstrates that disclosure would cause *a clearly defined and serious injury*. As also stated recently by Judge Sullivan in Fonville v D.C. 230 F.R.D. 38, 40 (D.D.C. 2005):

> The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. Indeed, "[t]he moving party has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order." *Alexander v. Fed. Bureau of Investigation,* 186 F.R.D. 71, 75 (D.D.C.1998) (citations omitted).

3.      Under this standard the Defendants' do not prevail since, in essence, the Defendants wish this court to enter a further protective order, beyond that to which the parties have agreed, redacting substantial portions of the Defendants' "Business Plan"[1], which is the essence of their defense, preventing the Plaintiff from assessing the Defendants' claim of legitimacy regarding her termination. A claim that the Business Plan and any related commercial information is somehow a trade secret, a type of confidential research, or development or commercial information is not supported by Defendants' conclusory statements to Plaintiff's counsel or the Court. The Defendants' "Business Plan"[2] will reveal much about their "motivation" since the Plan did not apply to the Plaintiff until mid September, 2005, well after she had advised the Defendants that she was experiencing severe medical problems related to her pregnancy.[3]

3.      Aside from failing to show any basis to withhold a "Business Plan", evidently implemented publically over one year ago, Defendants' refusal to allow Ms. D'Onofrio and

---

[1] Originally, Defendants proposed that the material would only be shown to Plaintiff's counsel - "Attorney's Eyes Only", which the Plaintiff indicated was unacceptable.

[2] The Plaintiff also will require the Court to authorize the use of a forensic expert for purposes of obtaining electronically stored data, including meta-data underlying the "Business Plan" and other documents, drafts of documents, e mails, authors, recipients, etc.

[3] Compare Defendants' lists of employees to be terminated SFX91 versus SFX 95, to be supplied at a later date if so requested by the Court.

her counsel see other and related pertinent documents would severely hamstring counsel's ability to effectively represent the Plaintiff. "A lawyer who cannot be advised by an informed client may be at a serious disadvantage. The client frequently will be the most knowledgeable source for analyzing and critiquing information provided by the other side."[4]

4. Lastly, the Defendants Responses to Request for Production of Documents do not posit any legal or factual basis to support a limitation on Ms. D'Onofrio or her counsel viewing any of the redacted documents. For example, Request 52 asked for a copy of the business justification. The Defendants' response was that the request was "overly broad, unduly burdensome, vague, duplicative and argumentative". Moreover, none of the five (5) boilerplate general objections are also helpful to Defendants' refusal.[5] Since there is no factual justification warranting the withholding of the documentation or information requested, the Plaintiff asks the Court to order the production of the complete documentation of the Defendants' business justification, subject to the agreed upon Protective Order already in place.

Respectfully submitted,

DAVID E. SCHREIBER, P.C.

By:_____/s/_____
David E. Schreiber, Esq., #152082
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Counsel for Plaintiff

---

[4] John S. Kiernan, Confidentiality Agreements That Work, 20 Litig. 18 (1994).

[5] See exhibits attached to Plaintiff's Motion to Compel Discovery, for Sanctions and for Enlargement of Time for Discovery, filed on September 13, 2006, which this court denied without prejudice.