RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2006 NOV -3  PM 6: 49

NANCY M.
MAYER-WHITTINGTON
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO,<br><br>Plaintiff,<br><br>v.<br><br>SFX SPORTS GROUP, INC., et al.<br><br>Defendants. | Civil Action No. 1:06-cv-00687 (JDB)<br>Next Event: Attorney Meet and Confer<br>Conference due by 11/6/2006 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF PROTECTIVE ORDER REGARDING SFX SPORTS GROUP, INC.'S BUSINESS PLAN AND RELATED DOCUMENTS**

I.  **INTRODUCTION**

Pursuant to the Court's Minute Order of October 26, 2006, Defendants SFX Sports Group, Inc., Live Nation, Inc and Clear Channel Communications, Inc. (collectively "Defendants") move the Court for a Protective Order maintaining the confidentiality, restricting access to, and use of the Business Plan and related documents produced in redacted form by SFX Sports Group, Inc. ("SFX"). (A copy of the produced redacted documents and unredacted documents are attached behind Tabs A and B respectively.) A Protective Order is necessary to prevent injury to SFX's competitive position in the sports and event industry and to prevent Defendants' competitors from receiving an unfair advantage in the marketplace that will result from the dissemination of SFX's sensitive commercial documents.

II.  **ARGUMENT**

A court may enter an order protecting a trade secret or other confidential research, development, or commercial information by limiting or designating the means by which the information is revealed. Fed. R. Civ. P. 26(c)(7); Amfac Resorts, LLC v. United States Dept. of Interior, et al, 143 F. Supp.2d 7, 14 (D.D.C. 2001). The Court has broad discretion "to decide

when a protective order is appropriate and what degree of protection is required." Id. In exercising its discretion, the court balances the following factors: (1) the requester's need for information; (2) its relevance to the litigation at hand; (3) the burden of producing the sought-after material; and (4) the harm which disclosure would cause to the party seeking to protect the information. Id. (citing Burka v. United States Dept. of Health and Human Servs., 87 F.3d 508, 517-18 (D.C. Cir. 1996)). Based on these factors, a protective order maintaining the redacted production of SFX's Business Plan and related documents is appropriate.

SFX's Business Plan and related documents are trade secrets under the laws of the District of Columbia. Catalyst & Chem. Servs. v. Global Ground Support, 350 F. Supp. 2d 1, 8 (D. D.C. 2004) (citing to D.C. Code § 36-401(4)). The documents contain information about the Company's analyses and strategic plans to compete in the sports and events industry. Specifically, the documents pertain to specific persons necessary to develop certain business relationships and analyses regarding areas of development to make the company profitable. Its competitors may obtain economic value and an unfair advantage in the industry if they are able to develop or hinder the strategic relationships noted in the documents and/or use the business model discussed therein. See Uniroyal Chemical Company, Inc. v. Syngenta Crop Protection, 224 F.R.D. 53, 57 (D. Conn. 2004) (citation omitted) ("[M]arketing information [is] widely held to be confidential business information that may be subject to a protective order."). This includes Plaintiff. As stated in Plaintiff's complaint, she has continued to work in the public relations field for the sports industry. Plaintiff's future employment may put her in contact with Defendants' competitors with regard to the happenings and essential relationships in the industry, and make possible the inadvertent disclosure of Defendants' commercial information.

Conversely, there is no need for Plaintiff to possess the Business Plan in its unredacted form. The redacted portions have no relevance to the case. The Business Plan and related

documents contain information far reaching the issues and claims involved in this case. Plaintiff's or her counsel's inability to view the entire Business Plan and related documents do not in any way impair her ability to prosecute her claims or rebut any of SFX's defenses. See United States, et al. v. MWI Corp., et al., 209 F.R.D. 21 (D.D.C. 2002) (entering a protective order limiting the disclosure of defendant's financial information and trade secret to plaintiff's attorney only where plaintiffs worked for a competing company and plaintiffs would be able to fully litigate their case).[1]  Defendants have produced, pursuant to the Protective Order in this case, all portions of these documents which are relevant to Plaintiff's claim and Defendants' defenses thereto.

Finally, the dissemination of the information without protection is a likely occurrence based upon the media coverage of this litigation. Defendants have been contacted by several media sources for comment on this lawsuit. A reporter from the Washington DC Examiner contacted Defendants about the filing of this lawsuit.

Accordingly, Defendants request that the Court limit the production of SFX's Business Plan and related documents in this case.

Dated: November 1, 2006

---

[1] Alternatively, Defendants proposed a compromise solution to produce pursuant to an "Attorney's Eyes Only" provision so as to ensure Plaintiff's counsel that all information necessary for Plaintiff to prosecute her claims or rebut Defendants' defense are produced in balance of any harm from disclosure. Plaintiff objected to this production.

Respectfully submitted,

BAKER & HOSTETLER LLP

By *[signature]*
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
(202) 861-1500

Attorneys for Defendants
SFX Sports Group, Inc.,
Live Nation, Inc. and
Clear Channel Communications, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-00687 (JDB) |
| ) | Next Event: Attorney Meet and Confer |
| SFX SPORTS GROUP, INC., et al. ) | Conference due by 11/6/2006 |
| ) | |
| Defendants. ) | |

## ORDER

Upon consideration of Defendants' Motion for Entry of Protective Order and for good cause shown, it is by the Court this _____ of _____, 2006

ORDERED that the Business Plan and related documents of SFX Sports Group, Inc. be produced in redacted form.

_____
John D. Bates
United States District Judge