UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUDREY(SHEBBY) D'ONOFRIO,

Plaintiff,

v.

SFX SPORTS GROUP, INC., et al.

Defendants.

Civil Action No. 06-0687 (JDB)

ORDER

Presently before the Court is [22] defendants' motion for a protective order that would permit them to disclose to plaintiff a redacted version of their Business Plan. Having carefully considered the parties' memoranda and conducted an in camera review of the redacted and unredacted versions of the Business Plan, the Court will deny defendants' motion and order defendants to turn over an unredacted version of the Business Plan subject to the conditions set forth in [19] the stipulated protective order previously agreed to by the parties.

Rule 26(c)(7) of the Federal Rules of Civil Procedure authorizes district courts, upon a showing of good cause, to issue a protective order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Trial courts possess "'broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required.'" Amfac Resorts, LLC v. U.S. Dep't of Interior, 143 F. Supp. 2d 7, 14 (D.D.C. 2001) (quoting Seattle Times Co. v. Rhinehart,

-1-

467 U.S. 20, 36 (1984)).  In this circuit, that discretion is guided by four factors that must be balanced: "the requester's need for the information from this particular source, its relevance to the litigation at hand, the burden of producing the sought-after material; and the harm which disclosure would cause to the party seeking to protect the information."  Burka v. U.S. Dep't of Health and Human Servs., 87 F.3d 508, 517 (D.C. Cir. 1996), quoted in Amfac Resorts, 143 F. Supp. 2d at 14.

   Here, the first three factors weigh heavily in plaintiff's favor.  Defendants have represented, at least at this early stage of the litigation, that the terms of the Business Plan will be a central part of their defense.  Specifically, they are likely to argue that any adverse employment actions that plaintiff suffered were the result of legitimate business decisions, not discrimination or retaliation, and that those decisions are reflected in or supported by the Business Plan.  The Court's in camera review confirms that some of the redacted materials may be relevant to the claims or defenses in this case.  Outside of the discovery process, plaintiff has no way of obtaining a copy of the Business Plan.  Hence, defendants are the only source for the potentially relevant plan, and plaintiff's need to obtain it from them is great.  See Amfac Resorts, 143 F. Supp. 2d at 14.  The third factor - - the burden of disclosure on defendants - - also favors plaintiff, since the Business Plan is not lengthy and has already been compiled for purposes of the present motion.

   The thrust of defendants' argument is that these factors are outweighed by the fourth one: the harm that disclosing the Business Plan to plaintiff would cause defendants.  Defs.' Motion at 2. According to defendants, the terms of the Plan constitute "trade secrets under the laws of the District of Columbia," the disclosure of which would permit competitors to "obtain economic

-2-

value and an unfair advantage in the industry if they are able to develop or hinder the strategic relationships noted in the documents and/or use the business model discussed therein." Id. The Court finds these asserted harms to be too speculative to justify an additional protective order in this case. Indeed, defendants understate the significant protections already afforded confidential information by the stipulated protective order that is currently in place. Plaintiff, her counsel, and any other person authorized to view confidential information under ¶ 9 of the protective order are all prohibited from revealing, disclosing, or describing the contents of confidential documents to any unauthorized parties. Stip. Prot. Order. ¶ 10. Furthermore, before experts or consultants are given access to confidential information, they must read the protective order and agree to be bound by its terms by signing a certification on the order itself. Id. at ¶ 11. The Court presumes that all parties will comply with these provisions, rendering defendants' fear that the contents of the Business Plan will find their way into the media unfounded. See Defs.' Motion at 3. And to assuage those concerns even further, the Court specifically instructs plaintiff's counsel to remind plaintiff of her obligations under the protective order.

Finally, the Court has also considered defendants' proposal that the unredacted Business Plan be revealed to plaintiff's counsel on an "Attorney's Eyes Only" basis. Defs.' Motion at 3 (citing U.S. ex rel. Purcell v. MWI Corp., 209 F.R.D. 21, 28 (D.D.C. 2002)). But unlike in Purcell, a qui tam suit in which the plaintiff-relator worked for a direct competitor of the defendant, there is no indication here that plaintiff is employed by one of defendants' competitors or that she has the desire or the means to benefit from a year-old business plan designed for a major corporation. Defendants' intimations to the contrary are once again speculative and do not satisfy its burden as the moving party. See Alexander v. Fed. Bureau of Investigation, 186

F.R.D. 71, 75 (D.D.C. 1998) (noting that the party seeking "a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one") (citation omitted).  In sum, the Court trusts that plaintiff will abide by the terms of the existing protective order, the very first paragraph of which states that confidential information "shall be used solely and exclusively for the defense and prosecution of this action."  Stip. Prot. Order ¶ 1.  The Court reinforces, however, that the terms of that order will be strictly enforced and that failure to comply with those terms may subject a violating party to serious sanctions.

Accordingly, it is this sixth day of November, 2006, hereby

**ORDERED** that defendants' motion for entry of a protective order is **DENIED**; and it is further

**ORDERED** that defendants shall produce to plaintiff an unredacted copy of the Business Plan, which document shall be subject to all of the protections afforded by the stipulated protective order agreed to by the parties and entered by the Court on October 11, 2006.

**SO ORDERED.**

                                              /s/     John D. Bates
                                                  JOHN D. BATES
                                         United States District Judge

Dated:   November 6, 2006