UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUDREY (SHEBBY)  D'ONOFRIO          :
                                                              :
                              Plaintiff          :
                                                              :
            v.                                        :          Case No.: 06-687 JDB
                                                              :          Judge John D. Bates
                                                              :
SFX SPORTS GROUP, INC., et. al.          :
                                                              :
                              Defendants     :
.............................................................:

**PLAINTIFF'S MEMORANDUM REGARDING DISCOVERY CONFERENCE
AND STATUS OF DISCOVERY**

Counsel for the parties met on January 5, 2007 at the offices of Baker & Hostetler to discuss the status of discovery and the plan to go forward with discovery.  The ;meeting did not result in an agreement regarding Defendants' further production of documents, information, or obtaining electronic discovery.

At that meeting Plaintiff's counsel once again noted to Defendants' counsel that the information and requested material, *inter alia*, had been outstanding since discovery was served on or about July 21, 2006.  It should be noted also  that previously, on October 19, 2006, Plaintiff's counsel had sent a letter to Ms. Barnes outlining the information necessary to go forward with electronic discovery material and production.[1]  (Exhibit 1)  As of the January 5th meeting no progress had been made.

Prior to the January 5th meeting, Plaintiff had issued a Rule 30(b)(6) Notice of

---

[1]The pertinent terms of the October 19th letter were noted in Plaintiff's Memorandum filed with the Court on November 8, 2006.  The Defendants' promises and representations noted in the Memorandum were never fulfilled.

1

Deposition for January 18, 2007, which covered the outstanding electronic discovery requests (as well as substantive areas).  This was issued at that time since Defendants continued to resist producing any significant electronically produced material or making the electronic data available on site, much less the other outstanding discovery.  (Exhibit 2) Defendants' counsel objected to the scope of the notice, insisting that the areas of inquiry be separated.  Accordingly, an amended  Rule 30(b)(6) Notice of Deposition  was sent on January 17, 2007, limiting the deposition to only electronic discovery information. (Exhibit 3) The deposition date was scheduled for February 5, 2007.

While continuing to resist producing information and documents/electronic data/ material, the Defendants continue to insist on deposing the Plaintiff.  Plaintiff's counsel has repeatedly indicated to Ms. Barnes that the Plaintiff must review her electronically stored e mails, data, etc., as well as other requested material, to properly prepare for her deposition.  Ms. Barnes, while delaying the production of the requested discovery as well as the deposition of the corporate designee, insists that the Plaintiff be deposed on January 30, 2007. [2]  The Plaintiff will file a motion for a protective order, if necessary, to assure adequate preparation for the deposition without the need to reconvene the deposition once the anticipated material has been produced.

This pattern of resistence has continued throughout this case, as noted in previous court filings as well as during the telephone conference with the Court on January 4, 2007. These delays have included the delay in the Rule 26 production of information and documents, delays throughout the summer of 2006 when meager information and

---

[2]Ms. D'Onofrio will be out of town from January 29th through February 4, 2007 on a previously scheduled trip with her husband and child..

documents were produced, and culminating with Defendants' failure to produce the "Business Plan" as ordered by the Court on November 6, 2006 (after ordering an in camera review), until December 26, 2006, a further delay of some 7 weeks. In addition, by failing to provide financial information regarding Ms. D'Onofrio's predecessor, Mr. Schacter, who would be a comparator, the ability of the Plaintiff's expert economist to assess economic damages has been severely hampered.

Given the fact that little headway was achieved at the meeting and because of the continuing delays in discovery, Plaintiff will request additional time, beyond that originally anticipated when the Court issued its last Scheduling Order on November 9, 2006. Because an additional 3 months has been consumed with no appreciable progress in obtaining the required information, the Plaintiff suggests that an additional period of 3 months be added to the schedule set forth in the November 9, 2006 Scheduling Order. More importantly, the Plaintiff believes that the Court must compel the Defendants to produce a designee to address the electronic data discovery issues, and to forthwith order the Defendants to produce the requested information and documents noted in Plaintiff's original Motion to Compel filed on or about September 15, 2006[3], which the Court denied without prejudice on September 20, 2006.

At the meeting the following matters were discussed.

1.    The material that was to supplement Defendant's discovery had been mailed on January 3, 2007 but had not been received by Plaintiff's counsel as of the time of the meeting. Ms. Barnes showed counsel the package of documents but declined to copy the material (about 75 pages) at the meeting so a detailed discussion of the

---

[3]The Plaintiff has also supplemented the deficiencies subsequent to the filing of the original motion. For ease of reference, the information is included once agin in this memorandum, with updates based upon subsequent developments.

documents could not be entertained. Counsel was allowed to briefly peruse the material during the course of the 1½ hour meeting, while other matters were discussed.

2.    Most importantly no progress was made on the electronic discovery issues. The Rule 30(b)(6) deposition, which was noted for January 18, 2007 was not agreeable to Ms. Barnes since the unnamed deponent (someone named "Gene" - no last name) was supposedly unavailable, or alternatively, could not be prepared by Ms. Barnes by January 18, 2007. Ms. Barnes suggested February 5, 2007, which is the current date scheduled for the deposition on the electronic material. A subsequent Rule 30(b)(6) deposition (see Exhibit B as to other areas of inquiry) will have to be held as to all of the other information and documentation not supplied.

3.    Subsequently, the material sent by Ms. Barnes was received after Plaintiff's counsel had left his office Friday afternoon for his brief overseas trip.

4.    Tab G of the package was the Schacter information, the comparator for the wage claim. Most importantly, the material contained only 1 page out of 31 pages regarding his pay. In fact only his 1999 base salary was noted, not his salary in 2001 when he ceased doing public relations, which was then taken over by Ms. D'Onofrio, or through 2003 when he apparently left the company. The material produced did not reveal his additional benefits such as bonus's, stock options, etc. that would have been available to him but not made available to Ms. D'Onofrio in the same fashion. (Most of the material was directed to his moving expenses from D.C. to N.Y.C. which is not terribly germane to the issues in this case.)

5.    Tab H was an organization chart from 2002. However, the period in question in this case is subsequent to that date, i.e. 2004-2006.

6.    Tab I contained client information listing 485 clients, some generic promotional material and summaries of contracts of various clients. What was requested and agreed to was information regarding certain of Ms. D'Onofrio's clientele for whom she did pubic relations work. (See exhibit 4, letter to Ms. Barnes dated November 8, 2006 which commemorated the understanding of the parties regarding discovery material.) Contrary to the prior discussions and correspondence, Ms. Barnes indicated in the material produced that there are standard forms for the pitches/contracts - but no specific pitches. Defendants' position was that if Plaintiff wished to review specific pitches, she would have to talk to the specific agents, some of whom do not work for SFX any longer. Ms. Barnes also indicated that the Defendants would not produce the name of the specific agents who worked at SFX.

7.    Ms. Barnes indicated that Defendants would not answer interrogatory #12 concerning whether or not someone took over Plaintiff's job or job responsibilities after her termination. Ms. Barnes continued to refuse to supply any information.

8.    Defendants did not produce information regarding Mr. Gluckson, Ms. D'Onofrio subordinate at times, although requested and promised. Ms. Barnes did not supply any further information but indicated that she would "check on it".

9.    With respect to Interrogatory #20 - regarding individuals promoted to Vice President since 2000 at SFX (comparators), Defendants have not provided any information.

10.    With respect to Request #18 - i.e. detailed information regarding other terminated individuals, Defendants merely supplied a list of people terminated but no

information regarding title, salary, reasons terminated, etc.

11.     With respect to the Rule 30(b)(6) deposition, Ms. Barnes indicated that she will produce someone who will be able to respond to requested items in the notice but she would not tell reveal who. She says that they have "done what they were supposed to do informally" but will not tell us what that is. She is not going to tell us what her clients have done, and she will not "speak" for her clients.

12.     Ms. Barnes indicated that someone had reviewed the Plaintiff's hard drive. When asked when, Ms. Barnes was non committal. She was reminded that a Spoliation letter was sent to the Defendants on October 6, 2005 and that the Defendants have had more than ample time to review the requested material. Ms. Barnes then indicated that there is nothing on the hard drive of Plaintiff's computer or on her back up files. Ms. Barnes would not tell Plaintiff's counsel the procedures that were taken to review the information that was to be made available. Ms. Barnes insisted that those are questions to be answered in a deposition.

13.     With respect to Requests #32 - 34, having to do with the breakdown of employees of SFX, etc. which were limited by the Plaintiff in the letter of November 8, 2006, as requested at the last discovery conference by Ms. Barnes, nothing was produced. Ms. Barnes says she gave Plaintiff a list in the initial discovery of those terminated which listed the pertinent information. However, the request was not for terminated employees, but for all employees. Having previously agreed to produce the limited request, Ms. Barnes is now objecting to what was promised.

14.     Defendants objected to Request #41 (Defendants' corporate financial information) which is relevant to punitive damages.

15.     Request #48 was limited to public relations and marketing job descriptions. Ms. Barnes indicated that material contained in G - Mr. Schacter's "file" would identify that information. Nothing in the material reflected any additional information. In fact, item SFX0271, "new employee" information referred to his salary "per employment agreement". However, the file did not contain his employment agreement, which might have address the nature of his job or at least a job description relevant to a comparison with the Plaintiff's job description.

16.     Ms. Barnes continued to suggest that she needed to obtain "pitches" from specific agents, whom she refused to identify, i.e material on "notepads or napkins".

17.     Ms. Barnes represented that there was nothing to supplement for Request #54, documents discussing Ms. D'Onofrio's title or compensation. Ms. Barnes indicated that Defendants have produced that which she, as counsel, deems relevant It was suggest by the Plaintiff that relevance may be in the eye of the beholder and that Defendants' counsel is not the final arbiter of that criteria.

18.     Request #58 encompassed the restructuring business plan. Plaintiff requested all drafts of the plan as well as all related correspondence, memoranda, e mails, meeting notes or minutes, presentations, telephone records and other forms of communication that pertain to it. Thus far, only a "final " version as well as a few e mails were produced. The Plaintiff believes that the business plan must have gone through numerous versions and would have involved many corporate individuals, etc. This particular document will be the subject of the forensic evaluation by Kroll.

19.     Request #59 pertained to Plaintiff's e mails (sent or received). Defendants claim

there are none.  The Plaintiff will attest that she used e mails regularly, especially with respect to the issues in this case.  The Defendants' claim that  there is nothing on the Plaintiff's hard drive and nothing on her backup is patently incredible.

In light of the numerous discovery issues still outstanding it is imperative that the Defendants be required to produce all of the material requested, and if they refuse to search appropriately for the material requested, and testify to their efforts under oath in a deposition, that Plaintiff be granted to authority to have Plaintiff's expert do a complete forensic search of the electronic data system maintained by the Defendants.  All of this should occur prior to requiring the Plaintiff to be deposed.

Respectfully submitted,

DAVID E. SCHREIBER, P.C.

By:_____/s/_____
David E. Schreiber, Esq., #152082
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Counsel for Plaintiff