UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> SFX SPORTS GROUP, INC., et. al. : <br> : <br> Defendants : <br> ....................................................: | Case No.: 06-687 JDB <br> Judge John D. Bates |

### RULE 30(B)(6) NOTICE OF DEPOSITION

TO: **SFX SPORTS GROUP, INC., et. al.**
C/O   Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304
Counsel for Defendants

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, at 10:30 a.m. on January 18, 2007, Plaintiff, through counsel, will take the deposition, *pursuant to Rule 30(b)(6)*, of Defendant, SFX SPORTS GROUP, INC., by and through a corporate representative(s) to be designated by Defendant, SFX SPORTS GROUP, INC.  The Defendant shall designate one or more employees, officers, directors, agents or other persons who will testify on its behalf and shall identify those matters upon which each such person shall testify.

The deponent(s) shall be examined upon those subjects, matters, issues, events

and transactions, as well as related documents[1], described in Plaintiff's Complaint as well as hereafter. The deponent or deponents shall also be examined upon:

**THE DEPONENT(S) SHALL BE GENERALLY EXAMINED UPON THOSE SUBJECTS, MATTERS, ISSUES, EVENTS AND TRANSACTIONS, DESCRIBED IN PLAINTIFF'S COMPLAINT AS WELL AS DEFENDANTS' ANSWERS, RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS, I.E. INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, WHICH ARE HEREBY INCORPORATED HEREIN BY REFERENCE AS THOUGH SET FORTH FULLY AND AT LENGTH HEREIN, AS WELL AS HEREINAFTER.**

1.  THE DEPONENT OR DEPONENTS SHALL INITIALLY ALSO BE EXAMINED SPECIFICALLY UPON ISSUES PERTAINING, *INTER ALIA,* TO THE FOLLOWING WITH RESPECT TO DEFENDANTS' INFORMATION TECHNOLOGY SYSTEMS:

- Number, types and locations of computers currently in use and no longer in use;
- Past and present operating system and application software, including dates of use;.
- Name and version of network operating system currently in use and no longer in use but relevant to the subject matters of this action;
- File-naming and location-saving conventions;
- Disk or tape labeling conventions;
- Backup and archival disk or tape inventories or schedules;
- Most likely location of electronic records relevant to the subject matters of this action;
- Backup rotation schedules and archiving procedures, including any backup programs in use at any relevant time:
- Electronic records management policies and procedures;
- Corporate policies regarding employee use of company computers and data;

---

[1] The word "document" in this Notice means anything within the scope of Federal Rule of Civil Procedure 34.

- identities of all current and former personnel who have or had access to network administration, backup, archiving, or other system operations during any relevant time period.

2. All communications/negotiations between/among the current owner(s) of Defendants, their officers, directors, representatives, owners and affiliates concerning the termination of the Plaintiff from SFX/Live Nation/Clear Channel, or concerning the reorganization of any the Defendants or their affiliates, in 2005 as it would pertain to the termination of the employment of the Plaintiff.

3. All facts or opinions bearing on the accuracy or inaccuracy of Defendant's denials, in its Answer to the Complaint, of the allegations of the following paragraphs of the Complaint**: ¶9-56,** and the identity of and content of all documents constituting or memorializing each such fact or opinion.

4. Defendants' alleged reasons for terminating Plaintiff, all facts or opinions bearing on the accuracy or inaccuracy each such alleged reason, and the identity of and content of all documents constituting or memorializing each such fact or opinion.

5. Defendants' investigation (if any) of its alleged reasons for terminating Plaintiff and the identity of and content of all documents constituting or memorializing such investigation.

6. The salary and benefits that Defendant[s] has provided to Plaintiff's predecessor in her position, Mr. Schaecter, or her successor in her position or job responsibilities.

7. Pursuant to Rule 30(b)(5), each person designated is requested to bring with him or her a copy of his or her current (or last available) job description, resume, and business card.

8. Defendants' policy, if any, concerning the continued employment of pregnant

women.

9.  The nature of Howard Schaecter's employment with SFX Sports Group, including, but not limited to:

   a.  the exact job title of Mr. Schaecter's position(s),

   b.  a reasonably detailed description of his duties and responsibilities,

   c.  the dates of his tenure in each position,

   d.  all persons supervised in each position,

   e.  the supervisors reported to in each position and for what time period,

   f.  all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.

10.  Identity and nature of involvement of all persons involved in the decision to not promote Audrey (Shebby) D'Onofrio to the title of Vice President at any time during the entire span of her tenure of employment with SFX Sports Group. In responding, please provide:

   a.  the name, address, phone number and title of each individual involved,

   b.  the exact role each individual played in the decision to deny the title of Vice President,

   c.  the person or persons who made the actual decision not to promote Ms. (Shebby) D'Onofrio to the title of Vice President, and

   d.  the underlying justification for denying the promotion.

11.  Identity of each individual who was hired or promoted to the position for which the Plaintiff was employed, or who assumed Plaintiff's job responsibilities, subsequent to the

Plaintiff's termination:

    a. Name, address, sex, age, race, religion and national origin;

    b. The individual's prior employment with the defendant;

    c. The date hired or promoted;

    d. The position to which hired or promoted;

    e. The individual's qualifications.

12. The Defendants business justification for the forced termination of the Plaintiff as to all facts on which said decision was based.

13. Identity and involvement of all persons involved in the decision to restore the employment of Audrey (Shebby) D'Onofrio in 2002. In responding, please provide:

  a. the name, address, phone number and title of each individual involved,

  b. the exact role each individual played in the process,

  c. the person or persons who made the actual decision to restore employment, and the underlying justification for reinstating Audrey (Shebby) D'Onofrio as an employee.

14. The alleged restructuring of SFX ("due to changes in the company, there was no longer a need for a public relations function, such that her position was to be eliminated effective that day" Complaint, ¶20), or related entities, that formed the basis for the termination of the Plaintiff.

15. Persons Having Knowledge: Identity of (a) each non-expert witness you intend to call to testify and/or (b) persons with knowledge of discoverable matters. With respect to such person, state the following information:

  a. The subject matter(s) upon which each person is expected to testify.

    b.   The substance of the facts and/or opinions as to which each person is expected to testify.

    c.   A summary of grounds for each such opinion.

    d.   The identity of all data reflecting your answer to (B) above.

16.    The nature of Audrey (Shebby) D'Onofrio's employment with SFX Sports Group, including but not limited to:

    a.   the exact job title of Ms. (Shebby) D'Onofrio's position(s),

    b.   a reasonably detailed description of her duties and responsibilities, the dates of her tenure in each position,

    c.   all persons supervised in each position,

    d.   the supervisors reported to in each position and for what time period,

    e.   all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.

17.    The nature of Jim Gluckson's employment with SFX Sports Group, including but not limited to:

    a.   the exact job title of Mr. Gluckson's position(s),

    b.   a reasonably detailed description of his duties and responsibilities,

    c.   the dates of his tenure in each position,

    d.   all persons supervised in each position,

    e.   the supervisors reported to in each position and for what time period,

    f.   all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay

      and severance.

18.    Identity of each individual who was employed by SFX Sports Group from 2000 through the present that was promoted to the title of Vice President. In identifying each such person, please state:

    a.    the length of service each person had with SFX Sports Group prior to being promoted to the title of Vice President, and

    b.    the succession of titles and the length of time with each title.

19.    All contracts and pitches, as limited by Plaintiff in her communication to Defendants' counsel on November 8, 2006, as follows:

"The following is a sample of the athletes directly represented by Ms. D'Onofrio. She not only oversaw individual public relations but also pitches for entire group i.e. golf, tennis etc. Without conceding our possible need for other material, at this time we would request both the contracts and pitches for the following people:

**TENNIS**

Andre Agassi
Mike and Bob Bryan [double team]
Mardy Fish
Andy Roddick
Justine Henin-Hardenne
Paradorn Schichaphan

**GOLF**

John Daly

**FOOTBALL**

Roy Williams
Eric Crouch
Jerry Rice

Bryant Mckinnie
Duece McAllister

**OLYMPICS**

Gail Devers
Tyler Hamilton

**BROADCASTING**

Linda Cohn-ESPN

**BASEBALL**

Reuben Rivera
Mariano Rivera
Jim Thome


Respectfully submitted,

DAVID E. SCHREIBER, P.C.


By:_____/s/_____
David E. Schreiber, Esq.
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Bar No. 152082
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Plaintiff's Rule 30(b)(6) Notice of deposition to SFX Sports Group, Inc. was sent by e mail and first class mail, postage prepaid, on December 29, 2006 to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

                                          _____
                                          David E. Schreiber, Esq.