UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> : <br> SFX SPORTS GROUP, INC., et. al. : <br> : <br> Defendants : <br>............................................................: | Case No.: 06-687 JDB <br> Judge John D. Bates |

## AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION

TO:  **SFX SPORTS GROUP, INC., et. al.**
C/O   Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304
Counsel for Defendants

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, at 10:30 a.m. on February 5, 2007, Plaintiff, through counsel, will take the deposition, *pursuant to Rule 30(b)(6)*, of Defendant, SFX SPORTS GROUP, INC., by and through a corporate representative(s) to be designated by Defendant, SFX SPORTS GROUP, INC.  The Defendant shall designate one or more employees, officers, directors, agents or other persons who will testify on its behalf and shall identify those matters upon which each such person shall testify.  This new date and amended notice is tendered at the request of Defendants' counsel.

At this initial Rule 30(b)(6) deposition, the deponent(s) shall be examined upon matters pertaining to electronic discovery as it applies to subjects, matters, issues, events

and transactions, as well as related documents[1], described in Plaintiff's Complaint as well as discovery material filed in this matter.

A.   The deponent or deponents shall initially also be examined specifically upon the general issues pertaining, *inter alia,* to the following with respect to defendants' information technology systems:

- Number, types and locations of computers currently in use and no longer in use;
- Past and present operating system and application software, including dates of use;.
- Name and version of network operating system currently in use and no longer in use but relevant to the subject matters of this action;
- File-naming and location-saving conventions;
- Disk or tape labeling conventions;
- Backup and archival disk or tape inventories or schedules;
- Most likely location of electronic records relevant to the subject matters of this action;
- Backup rotation schedules and archiving procedures, including any backup programs in use at any relevant time:
- Electronic records management policies and procedures;
- Corporate policies regarding employee use of company computers and data;
- identities of all current and former personnel who have or had access to network administration, backup, archiving, or other system operations during any relevant time period.

B.   The deponent or deponents shall also be questioned regarding all efforts to obtain or retrieve an electronically stored material or data with respect to discovery propounded by the Plaintiff in this matter.

C.   The deponent or deponents shall also be questioned regarding all documents or electronically generated material which has been previously produced in this matter.

D.    The deponent or deponents shall also be questioned regarding notice to the defendants' representative, Kimberly Wray, October 6, 2006 regarding retention of

---

[1] The word "document" in this Notice means anything within the scope of Federal Rule of Civil Procedure 34.

documents and electronically generated or stored material.

E.     The following particular areas of questioning also will be posed regarding information technology:

    1.     Identity of all e-mail systems that have been and that are in use, including, but not limited to the following:
- (a) List of all e-mail software and versions presently and previously used by Defendants and the dates of use;
- (b) Identity of all hardware which has been used or is currently in use as a server for the e-mail system including its name;
- (c) Identity of the specific type of hardware that was used as terminals into the e-mail system (including home PC's, laptops, and desktop workstations) and its current location;
- (d) How many users there have been on each e-mail system (delineate between past and current users);
- (e) Whether the e-mail is encrypted in any way and list passwords for all users;
- (f) Identity of all users known to have generated e-mails related to the subject matter of this lawsuit; and
- (g) Identity of all e-mails known to Defendants (including creation date, recipient(s) and sender) that relate to, reference, or are relevant to the subject matter of this lawsuit.

    2.     Identity and description of each computer which has been, or is currently in use by Defendants and their employees (including desktop computers, personal digital assistants [PDAs], portable, laptop and notebook computers), including, but not limited to, the following:
- (a) Computer type, brand and model number;
- (b) Identity of all computers that have been re-formatted, had the operating system reinstalled or have been overwritten and identify the date of each event;
- (c) Current location of each computer identified in your response to this interrogatory;
- (d) State the brand and version of all software, including operating system, private and custom-developed applications, commercial applications and shareware for each computer identified;
- (e) Identify the communications and connectivity for each computer, including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem and/or direct connection; and
- (f) Identify all computers that have been used to store, receive, or generate data related to the subject matter of this lawsuit.

    3.     As to each computer network, identity of the following:

    (a)    Brand and version number of the network operating system currently or previously in use (include dates of all upgrades);
    (b)    Quantity and configuration of all network servers and workstations;
    (c)    Identity of the person(s) (past and present including dates) responsible for the ongoing operations, maintenance, expansion, archiving and upkeep of the network; and
    (d)    Brand name and version number of all applications and other software residing on each network in use, including, but not limited to, electronic mail and applications.

4. Description of all inter-connectivity between the computer system at SFX's and Live Nations's office**s** in Washington, D.C. and the computer system used by Clear Channel or related entities, including a description of the following:
    (a)    all ways in which electronic data was shared between locations and companies;
    (b)    the method of transmission;
    (c)    the type(s) of data transferred;
    (d)    and the names of all individuals possessing the capability for such transfer, including list and names of authorized outside users of Defendants' electronic mail system; and
    (e)    Identify the individual responsible for supervising inter-connectivity.

5. As to data backups performed on all computer systems currently or previously in use, identity of the following:
    (a)    All procedures and devices used to backup the software and the data including, but not limited to, name(s) of backup software used, type of tape backup drives, including name and version number, type of media (i.e. DLT, 4mm, 8mm, AIT). State the capacity (bytes) and total amount of information (gigabytes) stored on each tape;
    (b)    Describe the tape or backup rotation and explain how backed-up data is maintained and state whether the backups are full or incremental (attach a copy of all rotation schedules);
    (c)    State whether backup storage media is kept off-site or on-site. Include the location of such backup and a description of the process for archiving and retrieving on-site media;
    (d)    The individual(s) who conducts the backup and the individual who supervises this process; and
    (e)    Provide a list of all backup sets, regardless of the magnetic media on which they reside, showing current location, custodian, date of backup, a description of backup content and a full inventory of all archives.

6. Identity of all extra-routine backups applicable for any servers identified in response to these interrogatories, such as quarterly archival backup, yearly backup, etc. and identify the current location of any such backups.

       7.      For any server, workstation, laptop, or home PC that has been "wiped clean," or reformatted such that you claim that the information on the hard drive is permanently destroyed. Include the following:
- (a) The date on which each drive was wiped; and
- (b) The method or program used (e.g., WipeDisk, WipeFile, BurnIt, Data Eraser, etc.).

      8.      Identity of any and all versions of document/data retention policies used by you. Identify documents or classes of documents that were subject to scheduled destruction (include a copy of any disaster recovery plan). Also state:
- (a) The date, if any, of the suspension of this policy in *toto* or any aspect of said policy in response to this litigation;
- (b) A description by topic, creation date, user or bytes of any and all data that has been deleted or in any way destroyed after the commencement of this lawsuit. State whether the deletion or destruction of any data pursuant to said data retention policy occurred through automation or by user action; and
- (c) State whether any company wide instruction regarding the suspension of said data retention/destruction policy occurred after or related to the commencement of this lawsuit and if so, identify the individual responsible for enforcing said suspension.

      9.      Identity of any users who had backup systems in their PCs.

     10.     Identity of the person(s) responsible for maintaining any schedule of redeployment of equipment and describe the system of process for redeployment.

     11.     Description of the system of redeployment of equipment.

     12.     Identity of any data which has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to document retention policy or otherwise, since the commencement of this lawsuit. Specifically identify those documents that relate to or reference the subject matter of the above-referenced lawsuit.

     13.     Identity of any user who has downloaded any files in excess of ten (10) megabytes on any computer identified above since the commencement of this litigation.

     14.     Identity and description of all backup tapes in your possession including:
- (a) Types and number of tapes in your possession (such as DLT, An, Mammoth, 4mm, 8mm);
- (b) Capacity (bytes) and total amount of information (gigabytes) stored on each tape;
- (c) Identify all tapes which have been re-initialized or overwritten and state the date of said occurrence.

     An additional Rule 30(b)(6) deposition, covering areas previously noted in the original Rule 30(b)(6) deposition notice, will be sent separately.

Respectfully submitted,

DAVID E. SCHREIBER, P.C.


By:_____/s/_____
David E. Schreiber, Esq.
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Bar No. 152082
Counsel for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Rule 30(b)(6) Notice of deposition to SFX Sports Group, Inc. was sent by e mail and first class mail, postage prepaid, on January 17, 2007 to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

_____/s/_____
David E. Schreiber, Esq.