UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-00687 (JDB) |
| ) | Next Event: Proposed Discovery Schedule |
| SFX SPORTS GROUP, INC., et al. ) | 1/19/07 |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

PROPOSED DISCOVERY SCHEDULE

Come now Defendants SFX Sports Group, Inc., Live Nation, Inc., and Clear Channel Communications, Inc. (collectively, "Defendants") and hereby file a Proposed Discovery Schedule, pursuant to the Court's Order of January 4, 2007.

I.   DISCOVERY CONFERENCE

The parties participated in a discovery conference on January 5, 2007, at 1:30p.m. at the offices of Baker & Hostetler LLP.

II.  WRITTEN DISCOVERY

   A.   Defendants' Objections and Responses to Plaintiff's Request for Production of Documents.

Defendants' have supplemented its production of documents to Plaintiff's Requests for Production of Documents twice and will supplement the same on Monday, January 22, 2007. Defendants', in compliance with the Federal Rules of Civil Procedure, will continue to supplement plaintiff's requests as additional information is discovered. With respect to electronic communications that defendants have not been able to obtain, defendants agree to allow a forensic expert retained by plaintiff examine the computer equipment used by plaintiff

during her employment within the appropriate parameters. During the Conference, plaintiff's counsel agreed to produce expert specifications by January 18, so that defendants may determine whether they have any objection to the discovery. Plaintiff's counsel has not produced this information.

Additionally, defendants agreed to produce a corporate representative to respond to plaintiff's discovery requests regarding electronic communications. On January 18, plaintiff served electronically a 30(b)(6) Notice of Deposition for February 5, 2007 regarding this issue. See January 18, 2007 e-mail from Johnine Barnes, Esq. to David Schreiber, Esq., attached hereto as Appendix 1

    B.    Plaintiff's Responses to Defendants' Request for Production of Documents

During the Conference, plaintiff's counsel noted that plaintiff would supplement her discovery responses regarding the authentication and completeness of her medical records. Plaintiff has not supplemented her responses.

III.    DEPOSITIONS

    A.    Plaintiff's Deposition

After seeking a date of plaintiff's availability for deposition since July 2006, Defendants' noticed plaintiff's deposition for September 25, 2006. Defendants' agreed to postpone the deposition at plaintiff's request. On January 4, 2007, Defendants' served a second notice for plaintiff's deposition for January 30. At the Discovery Conference plaintiff's counsel objected to plaintiff's deposition but did not give a reason. On January 19, plaintiff's counsel communicated that plaintiff will be out of town on January 30. Plaintiff's counsel further stated that "until [defendants'] produce what has been requested for some 7 months, we will not

acquiesce in a deposition." <u>See</u> January 19, 2007 e-mail from David Schreiber, Esq. attached hereto as Appendix 2.

Defendants' are not willing to withdraw its notice of deposition given the length of time that has proceeded since it first requested plaintiff's deposition and plaintiff's unwillingness to submit for deposition. Defendants ask the Court to address this issue.

    B.    <u>Defendants' Depositions</u>

Defendants are working to produce a representative in regard to plaintiff's Rule 30(b)(6) Notice Deposition regarding electronic communications. As explained to plaintiff's counsel previously, many of the persons alleged in plaintiff's complaint as being actors in the alleged discriminatory practices, in particular Howard Schacter whom plaintiff alleged promised and denied her a promotion, are no longer within defendants employ. Plaintiff has not subpoenaed any other witness in the case.

III.    <u>AMENDED DISCOVERY PLAN</u>

Plaintiff's counsel wants to extend the deadline for the completion of all discovery. Defendants' counsel does not want to extend the discovery deadline and want to proceed forward with discovery beginning with plaintiff's deposition that has been noticed for January 30.

    BAKER & HOSTETLER LLP

    By:_____/s/_____
        Johnine P. Barnes (D.C. Bar No. 464810)
        Lee T. Ellis, Jr. (D.C. Bar No. 3683)
        1050 Connecticut Avenue, N.W.
        Suite 1100
        Washington, D.C. 20036
        (202) 861-1500

    Attorneys for Defendants SFX Sports Group, Inc.,
    Live Nation, Inc. and Clear Channel Communications, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on 19th day of January 2007 a copy of the foregoing Defendants Proposed Discovery Schedule was served by regular mail on David E. Schreiber, Esq., David E. Schreiber, P.C., 4550 Montgomery Avenue, Suite 760N, Bethesda, MD 20814.

_____/s/_____
Johnine P. Barnes