# David E. Schreiber

**From:** Barnes, Johnine [jbarnes@bakerlaw.com]
**Sent:** Tuesday, February 27, 2007 4:50 PM
**To:** David E. Schreiber
**Subject:** RE: D'Onofrio v SFX et al

David,

For what do you want to call Judge Bates tomorrow? Thank you.

JPB

> -----Original Message-----
> **From:** David E. Schreiber [mailto:des913@covad.net]
> **Sent:** Tuesday, February 27, 2007 4:38 PM
> **To:** Barnes, Johnine
> **Cc:** 'David E. Schreiber'
> **Subject:** RE: D'Onofrio v SFX et al
>
> Johnine,
> I just received your fax "offering" to give us the PST file tomorrow afternoon. Assuming it could be picked up tomorrow and delivered to Mr. Bond at Kroll (without knowing his availability) we would have at best Thursday and Friday to search the 63,000 plus pages to determine what "relevant" material was contained therein. We would then have the weekend to review the "relevant" pages to be available for your new date of March 5, 2007 for Ms. D'Onofrio's deposition. In other words, you are offering 2 business days plus the weekend to prepare for a review of material that you and your clients have, no doubt, had available for at the very least weeks if not months.
> No thank you. As per your prior requests, we will be available for the scheduled deposition at your office on Thursday at 10 a.m.
> In the meantime, I still wish to address this situation with Judge Bates. At this late hour, it appears that tomorrow morning with be the best time to call him.
> Thank you.
>
>
>
> David E. Schreiber, Esq.
> David E. Schreiber, P.C.
> 4550 Montgomery Ave., Suite 760N
> Bethesda, MD 20814
> o) 301 951 1530
> f) 301 951 1599

CONFIDENTIALITY NOTICE

This e-mail transmission is intended only for the personal and confidential use of the recipient(s) designated above. It may also constitute an attorney-client communication or represent attorney work product and may therefore be legally privileged. If you are not the intended recipient of this communication (or an agent responsible for delivering it to the intended recipient), you are hereby notified that any review, disclosure or use of the information contained herein is Strictly

Prohibited. If you have received this communication in error, please notify us by telephone, at 301-951-1530, or by return e-mail, immediately. Thank you.

-----Original Message-----
**From:** David E. Schreiber [mailto:des913@covad.net]
**Sent:** Monday, February 26, 2007 4:51 PM
**To:** 'Barnes, Johnine'
**Cc:** 'David E. Schreiber'
**Subject:** RE: D'Onofrio v SFX et al

Johnine,

In our conversation at 3:30 p.m. you asked that I commemorate my position. It is as follows:

The 63,000 plus pages of e mails produced on February 21st was formatted in adobe PDF, as photographic images, which, contrary to your assertion, is not searchable.
The original format was PST, which unfortunately you elected to convert into PDF. That was unnecessary. As I indicated last week we want the original PST format which is easily searchable.

Your offer to produce the material in an OCR format is also unacceptable. Mr. Bond of Kroll indicates that it will require a number of hours to process that material to make it marginally searchable, but certainly not as easily searchable as the PST format nor will it give us the same amount of information as the PST file format which we requested last week.

The PDF format also does not allow us to easily associate a document with the e mail, if it was an attachment, nor will it easily give us the meta data information we will need to determine authenticity, etc. of the material.

I am advised that the PST file is one file which can easily be used to obtain the information requested, assuming that all of the e mail requested has been produced.

You may recall that we have requested e mails of other employees who have discussed the topics noted in particular requests, as well as other documents.

For instance, our Document Request to SFX, in part, requested the following, which may or may not be included in the material you delivered [your letter of February 13th indicated only that the defendants "have been able to retrieve plaintiff's electronic documents from her employment with SFX...on a server system that was established by [CCC] ... in connection with a separate and related legal matter", as follows:

53.    All documents that exist in either physical or electronic form that in anyway relate to the decision to terminate the employment of Audrey (Shebby) D'Onofrio in September 2005, including but not limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication.

54.    All documents that in anyway discuss the subject of Ms. (Shebby) D'Onofrio's job title or compensation. This information should include all forms of correspondence, including but not limited to, internal memoranda and emails and should specifically include, but also not be limited to, emails sent on this subject between and among Ms. (Shebby) D'Onofrio and Michael Principe, Peter Hughes, Robert Urbach, William "Bud" Martin, Barbara Bissett, Jeff Lewis, Dan Rosier, Ken Meyerson, and all other employees of SFX Sports Group.

55.    All documentation used by SFX Sports Group in the process of attempting to obtain or "pitch" new clients from 2000 to the present.

56.    All documents that exist in either physical or electronic form that in anyway relate to the corporate restructuring process that occurred at SFX Sports Group in which the employment of

Audrey (Shebby) D'Onofrio was terminated in 2001. Documents to be produced should include, but not be limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication.

57. All documents that exist in either physical or electronic form that in anyway relate to the decision not to promote Audrey (Shebby) D'Onofrio to the title of Vice President, including but not limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication.

58. All documents that exist in either physical or electronic form that in anyway relate to the corporate restructuring process that occurred at SFX Sports Group in which the employment of Audrey (Shebby) D'Onofrio was terminated in September of 2005. Documents to be produced should include, but not be limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication. [same as 52]

59. All emails sent by or to the Plaintiff by all employees of SFX Sports Group and Clear Channel.

(Of course other requests to the defendants would require much more in the way of both paper and electronic data. I will leave a recitation of the items to be addressed for a later date.)

Your last document production also does not indicate what requests are covered by the DVD which contained " all of plaintiff's electronic communications during her employment with SFX..."

We also are still very concerned about the "scrapping" of Ms. D'Onofrio's computer, as per Mr. Shannon's testimony, relaying statements attributed to Mr. Mason of SFX that he scrapped it in the spring or summer of 2006.

Additionally, while you objected at Mr. Shannon's deposition to my inquiring about the Justice Department's inquiry/investigation of CCC, which resulted in the archiving of 11,000 employees e mails, including Ms. D'Onofrio's, I went on line and found a wealth of news items discussing the apparent investigation[s]. Since you had Ms. Schneider of CCC's legal department with you at Mr. Shannon's deposition, and the legal department no doubt was involved in representing CCC in the D o J investigation, it would appear that this information as well as the volume of e mails and other documents archived was known to the defendants since the date of the filing of this lawsuit, if not at the time of my letter to Ms. Wray on October 6, 2005, notifying SFX/CCC of the impending lawsuit.

This too will need to be addressed with Judge Bates.

Lastly, you wish to go forward with Ms. D'Onofrio's deposition at your office on Thursday. While I have told you my thoughts on the subject many times, we will appear at 10 a.m. at your office on March 1, 2007.

Please be further advised that this communication is made without prejudice to my client's legal rights and interests.

Thank you.

David E. Schreiber, Esq.
David E. Schreiber, P.C.
4550 Montgomery Ave., Suite 760N
Bethesda, MD 20814
o) 301 951 1530
f) 301 951 1599

CONFIDENTIALITY NOTICE

This e-mail transmission is intended only for the personal and confidential use of the recipient(s) designated above. It may also constitute an attorney-client communication or represent attorney work product and may therefore be legally privileged. If you are not the intended recipient of this communication (or an agent responsible for delivering it to the intended recipient), you are hereby notified that any review, disclosure or use of the information contained herein is Strictly Prohibited. If you have received this communication in error, please notify us by telephone, at 301-951-1530, or by return e-mail, immediately. Thank you.

-----Original Message-----
**From:** Barnes, Johnine [mailto:jbarnes@bakerlaw.com]
**Sent:** Monday, February 26, 2007 2:52 PM
**To:** David E. Schreiber
**Subject:** RE: D'Onofrio v SFX et al

David,

Can you please clarify your need for the documents in another format before I incur further costs in the production of the electronic communications in the captioned matter? Pursuant to your February 21, 2007 e-mail to me, I propose to produce the PDF files (already produced) with OCR text so that you may search the documents as you have stated that such is not possible now. I will call you shortly to discuss the same. Thank you.

JPB

-----Original Message-----
**From:** David E. Schreiber [mailto:des913@covad.net]
**Sent:** Monday, February 26, 2007 11:41 AM
**To:** Barnes, Johnine
**Cc:** 'David E. Schreiber'
**Subject:** RE: D'Onofrio v SFX et al

Johnine,
I am waiting to hear from you regarding the e mails as well as other issues.
I may be out briefly for lunch. However, it would still appear that we need to talk to Judge Bates.
Thank you.

David E. Schreiber, Esq.
David E. Schreiber, P.C.
4550 Montgomery Ave., Suite 760N
Bethesda, MD 20814
o) 301 951 1530
f) 301 951 1599

CONFIDENTIALITY NOTICE

3/14/2007

This e-mail transmission is intended only for the personal and confidential use of the recipient(s) designated above. It may also constitute an attorney-client communication or represent attorney work product and may therefore be legally privileged. If you are not the intended recipient of this communication (or an agent responsible for delivering it to the intended recipient), you are hereby notified that any review, disclosure or use of the information contained herein is Strictly Prohibited. If you have received this communication in error, please notify us by telephone, at 301-951-1530, or by return e-mail, immediately. Thank you.

-----Original Message-----
**From:** Barnes, Johnine [mailto:jbarnes@bakerlaw.com]
**Sent:** Friday, February 23, 2007 4:10 PM
**To:** des913@covad.net
**Subject:** RE: D'Onofrio v SFX et al


David,

I left you a message. Again, I do not believe that a call with Judge Bates is warranted. The documents produced include emails from other persons. Thus, again I ask that you review the documents. A call to Judge Bates prior to such is premature. Additionally, I do not believe that a call to Judge Bates re the issue of Ms. D'Onofrio's computer is also premature until you have reviewed the documents. As Mr. Shannon testified that both the server and pst information were recovered regarding Ms. D'Onofrio's electronic information. Accordingly, I again ask that you review the documents produced.

With regard to plaintif's deposition, defendants' are agreable to having the deposition on March 1. We can commence the deposition at 10 am. Please confirm the same with me. Thank you.

JPB
--------------------------



----- Original Message -----
From: David E. Schreiber <des913@covad.net>
To: Barnes, Johnine
Cc: 'David E. Schreiber' <des913@covad.net>
Sent: Fri Feb 23 11:54:01 2007
Subject: RE: D'Onofrio v SFX et al

Johnine,

I have tried your office and cell phone, without success.

I told Judge Bates' law clerk that we would check in with him about the conference call.

While I appreciate your obtaining the PST version of the emails produced this week, we must address the information that has not been produced, such as the e mail/communications regarding the other employees who were involved in the issues raised in the complaint as well as other documents that still are outstanding. Also, we must address the "scraping" of Ms. D'Onofrio's computer by Mr. Mason.

Lastly, I am also wish to address scheduling Ms. D'Onofrio's deposition as you

have requested.

I will call Judge Bates' chambers to let them know that I am waiting for your call.

Thank you.

David E. Schreiber, Esq.

David E. Schreiber, P.C.

4550 Montgomery Ave., Suite 760N

Bethesda, MD 20814

o) 301 951 1530

f) 301 951 1599

CONFIDENTIALITY NOTICE

This e-mail transmission is intended only for the personal and confidential use of the recipient(s) designated above. It may also constitute an attorney-client communication or represent attorney work product and may therefore be legally privileged. If you are not the intended recipient of this communication (or an agent responsible for delivering it to the intended recipient), you are hereby notified that any review, disclosure or use of the information contained herein is Strictly Prohibited. If you have received this communication in error, please notify us by telephone, at 301-951-1530, or by return e-mail, immediately. Thank you.

-----Original Message-----
From: Barnes, Johnine [mailto:jbarnes@bakerlaw.com]
Sent: Thursday, February 22, 2007 8:28 PM
To: des913@covad.net
Subject: RE: D'Onofrio v SFX et al

David,

I have received your e-mails. I did not say that we will not get you a copy of the pst file. Thus, I do not believe that a call to Judge Bates is necessary. My only concern is the cost of production, eg hash marking the documents to preserve authenticity. I have not had an opportunity to discuss this with my client as you only made the request yesterday, subsequent to our production, and you did not specify in what form you wanted the electronic production prior to production. The documents are currently in a form that is searchable and reviewable. It is probably easier to review and organize the documents in the adobe format than in the native format.

I am going to confer with my client tomorrow, as I indicated to you previously that today was a travel day for me. I will call you tomorrow late morning/early afternoon. Thank you.

JPB
--------------------------