**EXHIBIT B**
**ANSWERS TO INTERROGATORIES:**

1.   **SFX #9** requests information about **Howard Schacter** and his position while at SFX. Specifically, the Plaintiff requested information about Mr. Schacter's **compensation and benefits**. To date, no information either in the written form of the answers or in document form has been provided to the Plaintiff, other than some of his w 2's. However, since his employment contract has not been produced, and Mr. Schacter's compensation package included bonus's and stock options, the information is not complete.

2.   **SFX #12** requests information about persons who are now employed in Plaintiff's position or who have **assumed her responsibilities**. The Defendant has simply replied that "no one employed with SFX" has assumed Plaintiff's duties or position. Ms. Wray indicated in her deposition that the public relations function was outsourced. One of the emails produced by Defendants, from Kenneth Myerson dated September 27, 2005, the day after Ms. D'Onofrio's termination, indicated to the recipients, after reviewing the fact of the Plaintiff's abrupt termination, that he would promote someone within the Tennis Event Division to "help out with PR". It is apparent, given Ms. Wray's testimony at her deposition, that the answer is either misleading, disingenuous or false.

3.   **SFX #16** refers to **persons having knowledge**. Defendant refers Plaintiff to **Defendant's Initial Disclosure**, which refers to **three people** with knowledge. However, the answer contains no information as to the knowledge of the individuals, as well as the other requirements of the sub parts, or whether those are the only persons currently with knowledge. The supplemental answer only indicates that the reader should see other answers. The answer is patently insufficient.

4.   **SFX #20** requests information about **persons promoted to the position of Vice President at SFX**. Defendant objected, and did not answer the question at all. The Plaintiff agreed to limit the question to SFX only, which was not a large company. The Defendant still did not answer. The Defendant should answer the question with regard to individuals from 2000 through the present who have been promoted to Vice President within the company.

5.   **SFX #21** refers to **prospective clients** and the SFX agent responsible for overseeing the new business. SFX refused to answer. SFX#21 requested information regarding prospective clientele and new business, which was a responsibility of the Plaintiff. Defendants refused to provide any information nor did they provide appropriate documentation. (SFX#55 and SFX#60). It continues to be Plaintiff's position that the Defendant was still offering the services that Plaintiff performed to new and prospective clients irrespective of the fact that when she was terminated on September 26, 2005 she was told her services were no longer going to be offered to clients of SFX.

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\EXHIBIT B.wpd