UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
AUDREY (SHEBBY) D'ONOFRIO,                )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  ) Civil Action No. 1:06-cv-00687 (JDB)
                                          ) Next Event: Discovery Closes
SFX SPORTS GROUP, INC., et al.            )
                                          )
                                          )
            Defendants.                   )
_____)

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY, AND FOR SANCTIONS

Comes now defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel

Communications, Inc. (collectively, "defendants") and hereby file their Opposition to Plaintiff's

Second Motion to Compel Discovery, and For Sanctions.

BAKER & HOSTETLER LLP

By: /s/ Johnine P. Barnes_____
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036
(202) 861-1500

Attorneys for Defendants SFX Sports
Group, Inc., Live Nation, Inc. and Clear
Channel Communications, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2007, a copy of the foregoing Defendants' Opposition to

Plaintiff's Second Motion to Compel Discovery, and For Sanctions was electronically filed.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


*/s/* Johnine P. Barnes
Johnine P. Barnes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
AUDREY (SHEBBY) D'ONOFRIO,                 )
                                                            )
                    Plaintiff,                         )
                                                            )
          v.                                             ) Civil Action No. 1:06-cv-00687 (JDB)
                                                            ) Next Event:
SFX SPORTS GROUP, INC., et al.               )
                                                            )
                                                            )
                    Defendants.                      )
_____)

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiff's Second Motion to Compel Discovery, and For Sanctions (the "Motion")
should be denied because plaintiff failed to comply with the Rules of Procedure governing the
filing of such said Motion.  Plaintiff's counsel did not confer or attempt to confer with
defendants' counsel before filing this Motion.

Furthermore, Defendants have complied with all applicable Rules of Civil Procedure and
Evidence in answering and responding to plaintiff's discovery requests in this case.  The Motion
misrepresents the status of discovery in the case.  Plaintiff fails to identify documents and
information already produced by defendants in the case.  Additionally, the allegations in the
Motion are in contravention of the parties' prior good-faith agreements and communications to
cooperate on discovery matters.

Defendants have supplemented and reserve the right to further supplement all answers
and responses to plaintiff's requests, as required by Rule 26(e) of the Federal Rules of Civil
Procedure.  Further, discovery is still open in the case, and does not close until July 19, 2007.

-3-

I.    THE MOTION MUST BE DENIED BECAUSE PLAINTIFF FAILS TO COMPLY
      WITH THE APPLICABLE LOCAL AND FEDERAL RULES OF CIVIL
      PROCEDURE.

During the evening of Thursday, May 17, 2007, the day before a scheduled status

conference before the Court, plaintiff filed the Motion to Compel Discovery, and for Sanctions

without complying with the applicable Rules of this Court.  Thus, the Motion should be denied.[1]

Plaintiff's counsel did not confer with defendants' counsel in any manner prior to filing

the Motion.  Local Rule 7(m) provides:

> Before filing any nondispositive motion in a civil action, counsel shall *discuss the
> anticipated motion with opposing counsel*, either in person or by telephone, in a
> good-faith effort to determine whether there is any opposition to the relief sought
> and, if there is opposition, to narrow the areas of disagreement.

Rules of the United States District Court for the District of Columbia, Rule 7(m).

Further, plaintiff's counsel, prior to filing the Motion, did not discuss or notify

defendants' counsel of many of the alleged discovery issues raised in the Motion.  (Status

Hearing before the Honorable John D. Bates Tr. 8:3-7, May 18, 2007 (dated March 18, 2007 in

the transcript), attached hereto as Exhibit 1).

Rule 7(m) also requires plaintiff to include in the Motion a statement that the discussions

occurred and whether the Motion is opposed.  Rules of the United States District Court for the

District of Columbia, Rule 7(m).  Plaintiff's counsel does not certify to such in the Motion.

Indeed, this Court has denied motions to compel discovery where the plaintiff has failed

to confer with the defendant before filing the motion as required by Local Rule 7(m).  United

States of America ex rel. Tennessee Valley Marble Holding Co. v. Grunley Constr., 433 F. Supp.

2d 104, 111-112 (D.D.C. 2006) (plaintiff's motion for discovery sanctions "was denied as

---

[1] The May 18 conference was scheduled by the Court approximately 2 months before its occurrence.  (Status
Hearing before the Honorable John D. Bates Tr. 14:25 - 15:1-14, March 21, 2007, attached hereto as Exhibit 2).

premature for failure to confer" with the defendant "because it is a nondispositive motion under Local Rule 7(m)"); see also Steinbuch v. Cutler, 2006 U.S. Dist. LEXIS 19025, *3-4 (D.D.C. April 14, 2006) (the plaintiff's nondispositive motions were stricken from the record after the court found that the plaintiff violated Local Rule 7(m) by failing to consult opposing counsel before filing the motions).

Likewise, plaintiff's Motion must be denied because it also fails to comply with Federal Rule of Civil Procedure 37(a)(2)(B).  Rule 37(a)(2)(B) mandates that before a motion to compel can be filed, the moving party must make a good-faith effort to confer with the opposing party and attempt to secure the desired items without court action. Fed. R. Civ. P. 37(a)(2)(B). Pursuant to the federal rule, a party seeking an order to compel discovery must certify that such a good-faith effort was in fact made.  Id.

Again, prior to filing the Motion, plaintiff's counsel neither made any effort to discuss the anticipated Motion with opposing counsel to narrow the areas of any disagreement, nor does plaintiff's counsel certify to such.  Rules of the United States District Court for the District of Columbia, Rule 7(m); Fed. R. Civ. P. 37(a)(2)(B).  Thus, the Motion should be denied.

II.    PLAINTIFF'S MOTION TO COMPEL DISCOVERY SHOULD BE DENIED
       BECAUSE PLAINTIFF'S CLAIMS ARE WITHOUT MERIT.

In her motion, plaintiff moves the Court to compel discovery for numerous reasons. Specifically, plaintiff alleges that: (1) documents were not produced in their native format with accompanying metadata; (2) defendants have denied plaintiff's request to allow an onsite inspection of defendants' archived materials by plaintiff's expert; (3) defendants have failed to produce plaintiff's employment contract; (4) defendants failed to produce a privilege log; (5) emails are missing from defendants' disclosures; (6) defendants' responses to plaintiff's discovery requests are deficient; (7) defendants' representative who signed defendants' answers

to interrogatories did not provide the sources of the information supplied in the answers; and (9) defendants produced 63,000 emails without categorizing responsive emails to correspond to the particular discovery requests.  (Plaintiff's Motion, ¶¶ 5, 6, 11, 12, 13).

Plaintiff's claims are groundless: (1) defendants are not required to produce documents in their native form with accompanying metadata; (2) defendants are not required to permit plaintiff to enter and inspect their premises; (3) plaintiff misrepresents and misinterprets deposition testimony in the Motion; (4) defendants are not required to produce a privilege log; (5) information requested by plaintiff does not exist; (6) plaintiff seeks to compel information that is not responsive to her discovery requests; (7) information requested by plaintiff is overly broad and/or not relevant to the case; (8) requests made by plaintiff are premature; (9) plaintiff's claims are bare allegations insufficient to produce any response from defendants; (10) information requested by plaintiff has already been produced; (11) defendants are seasonably supplementing their disclosures; and (12) plaintiff has unilaterally decided not to adhere to the parties' prior agreements to cooperate on discovery.

Additionally, plaintiff is not entitled to the relief she seeks.  Defendants have complied with the applicable rules and mutual agreements reached between counsel to cooperate on discovery matters in answering and responding to plaintiff's discovery requests.  Therefore, there is no discovery to compel.  As such, plaintiff is not entitled to an order compelling discovery in this case and the Motion must be denied.

A.    Plaintiff Is Neither Entitled To The Discovery Nor The Relief Sought.

Plaintiff is not entitled to the relief sought in her Motion.  Plaintiff seeks to compel discovery that has already been produced, is not relevant to the case, is contrary to agreements and communications between the parties to cooperate on discovery matters, and does not exist. Thus, the Motion must be denied.

1.    <u>Plaintiff is not entitled to receive electronic data in an original format.</u>

Plaintiff alleges that she is entitled to receive defendants' Business Plan in its original electronic format.  (Plaintiff's Motion, ¶ 6).  However, the Federal Rules of Civil Procedure do not require defendants to produce documents in their original format.  And thus, plaintiff's Motion to compel such must be denied.

Federal Rule of Civil Procedure 34 provides:

> Any party may serve on any other party a request (1) to produce and permit the party making the request…to inspect, copy, test, or sample any designated documents or electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained -- translated, if necessary, by the respondent into reasonably usable form.

Fed. R. Civ. P. 34(a).

Rule 34(a) requires that information must be submitted in a reasonably usable form.  It does not obligate the responding party to provide the information in the format in which it is stored, however, the requesting party can request the information be produced in its original format.  Fed. R. Civ. P. 34(b);  <u>See</u> <u>also</u> <u>Pace v. Int'l Mill Serv., Inc.</u>, 2007 U.S. Dist. LEXIS 34104, *4, *6, *7 (N.D. Ind. May 7, 2007) (a mere request for documents does not create a corresponding obligation to produce the documents "in any specific format, electronic or otherwise," provided the documents were reasonably usable; the producing party's response in providing documents in a format other than its original format violates Federal Rule of Civil Procedure 34 only if there is a specific request made by the requesting party).

Here, plaintiff did not request that the Business Plan or any other documents requested be produced in a specific format.  Further, plaintiff's Motion does not claim or demonstrate that she made such a request prior to the production of the Business Plan.  <u>Id</u>. at *7 (finding that because the requesting party had not shown that he made a request that called for any specific format,

production of the documents in a PDF format, not the original format, "satisfied the request in a reasonably usable manner"). Accordingly, plaintiff's demand for defendants to produce the Business Plan in its original format should be denied.

2.     Plaintiff is not entitled to receive defendants' Business Plan with the accompanying metadata because metadata in this case is not relevant.

Plaintiff alleges that she is entitled to receive defendants' Business Plan with the accompanying metadata. (Plaintiff's Motion, ¶ 6). Again, plaintiff seeks relief to which she is not entitled and the Motion to Compel such must be denied.

The Court, in citing The Sedona Principles for Electronic Document Production, has agreed that "a party should not be required to produce metadata absent a clear agreement or court order." Kentucky Speedway, LLC v. Nat'l Assoc. of Stock Car Auto Racing, Inc., et al., 2006 U.S. Dist. LEXIS 92028, *22 (D.D.C. December 18, 2006) (citing to Principle 12, The Sedona Principles). There has been neither an agreement by the parties, nor an order by the Court regarding the production of metadata in the discovery in this case. Accordingly, plaintiff is not entitled to such.

In a case directly on point, Kentucky Speedway, LLC, this Court denied a plaintiff's request for metadata because: (1) the parties clearly had no agreement that the electronic files would be produced in any particular format; (2) plaintiff did not notify defendant that it sought metadata until 7 months after defendant had produced documents; and (3) plaintiff did not demonstrate the relevance of the metadata. Id. at *23 - 24; see also Pace, 2007 U.S. Dist. LEXIS at *5-6 (citations omitted) ("absent a special request for metadata (or any reasonable basis to conclude the metadata was relevant to the claims and defenses in the litigation), and a prior order of the court based on a showing of need," the producing party is not required to produce metadata). Likewise, here, the parties did not have an agreement that the electronic files

-8-

would be produced in any particular format and defendants did not become aware that plaintiff sought metadata until the instant Motion was filed (almost 5 months following defendants' production of the Business Plan).

Further, plaintiff has not made any attempt to demonstrate the relevance of the metadata. Rule 401 of the Rules of Evidence provides that information is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the [information]." Fed. R. Evid. 401. This case involves claims of alleged discrimination on the basis of sex and pregnancy, alleged violations of the Equal Pay Act and the District of Columbia Family and Medical Leave Act. Information regarding metadata of discovery has no determination on whether plaintiff's claims are more or less probable. Plaintiff's Motion does not address these issues, but rather makes a conclusory statement that the Business Plan was produced without accompanying metadata. (Plaintiff's Motion, ¶ 6). Therefore, plaintiff's demand for metadata should be denied.

      3.     Plaintiff is not entitled to an onsite inspection of defendants' stored <u>information because it not relevant.</u>

Plaintiff claims that she is entitled to an onsite inspection to examine "archived material [of] some 11,000 people, including employees of SFX" (sic) and that defendants have rebuffed her request to search such archived material. (Plaintiff's Motion, ¶ 7). First, plaintiff does not state and has not stated the relevance of the archived material. Second, defendants have not "rebuffed" such request, but have asked that plaintiff state the relevance of such. <u>See</u> email from Johnine Barnes to David Schreiber, dated May 2, 2007, attached hereto as Exhibit 3. Accordingly, there is no basis for the Court to order defendants to allow plaintiff's expert to conduct an onsite inspection of the material absent the requisite showing.

Federal Rule of Civil Procedure 34(a)(2) provides, in pertinent part:

> Any party may serve on any other party a request…to permit entry upon designated land…in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

Fed. R. Civ. P. 34(a)(2).  A party is entitled to the requested entry and/or inspection if such request will lead to the discovery of information relevant to the claim or defense of a party, as defined by Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 34(a)(2); see also McKesson Corp., et al. v. Islamic Republic of Iran, et al., 185 F.R.D. 70, 76 (D.D.C. 1999); Fed. R. Evid. 401.

Here, there has been no showing of the relevance of the information regarding the 11,000 employees, most of whom did not work with plaintiff and have no connection to the case. Again, this information has no consequence as to whether plaintiff's claim that her employment was separated on the basis of her sex, disability or pregnancy is more or less probable.  Fed. R. Evid. 401.  The same is true with regard to plaintiff's equal pay claim.  The archived material to which plaintiff refers was created in a matter that is not related or relevant to plaintiff's claims. (Joe Shannon Dep. 29:20-31:13, February 21, 2007, attached hereto as Exhibit 4).  As such, plaintiff's demand to enter defendants' premises to inspect the archived material absent a showing of relevance should be denied.

    4.    <u>There is no employment contract for plaintiff to produce.</u>

Plaintiff alleges that she is entitled to her employment contract in her Motion.  Plaintiff claims that Kimberly Wray testified that she had an employment contract.  (Plaintiff's Motion, Exhibit A, ¶ 6).  This is false, and as such, plaintiff's Motion should be denied.

Ms. Wray testified that plaintiff was not under contract.  She also testified that employment contracts were kept in Houston, Texas.  (Kimberly Wray Dep. 147:8-9, May 9,

2007, attached hereto as Exhibit 5). She <u>did</u> <u>not</u> specify that plaintiff had an employment contract or that it was in Texas. (<u>Id</u>. at 148:16-19). In fact, plaintiff was an at-will employee. <u>See</u> letter to plaintiff from Howard Schacter, dated April 18, 2000 (SFX0054), attached hereto as Exhibit 6.

5.    <u>Defendants Are Not Required To Produce A Privilege Log.</u>

Plaintiff's claim that defendants are required to produce a privilege log because "in many of their responses they claim attorney client or work privileges[,]" is baseless. (Plaintiff's Motion, ¶ 5). Defendants have neither retained, nor asserted that they have retained any documents as privileged or based upon any other protection. Thus, defendants are not required by the applicable rule to create and produce a privilege log.

Federal Rule of Civil Procedure 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5)(A).

The rule requires a party to produce a privilege log when that party withholds information otherwise discoverable. Defendants are not withholding any information otherwise discoverable and have not indicated any claims of attorney client or work product privileges as the basis for objecting to any of plaintiff's discovery requests. Further, plaintiff's Motion does not identify any of defendants' responses objecting on the basis of privilege. There is no basis for this Court to issue an order compelling the production of a privilege log and plaintiff's Motion must be denied.

6.    Plaintiff seeks to compel information that does not exist, thus the Motion must be denied.

Additionally, information that plaintiff seeks to compel does not exist or has not been found and/or defendants have indicated they will supplement discovery if such discovery is found to exist.  Specifically, plaintiff seeks to compel: (1) plaintiff's payroll records; (2) personnel files of employees who had similar job duties; (3) other allegations of discrimination by defendants; (4) complaints of discrimination or harassment committed by defendants; (5) job description for plaintiff's job; (6) discovery regarding the decision not to promote plaintiff; (7) the alleged reason for terminating plaintiff; and (8) discovery regarding persons who have assumed plaintiff's position.  (Plaintiff's Motion, Exhibit A, ¶¶5, 8, 10, 12, 16, 19, 20; Exhibit B, ¶2).  The discovery requested does not exist and/or defendants have indicated they will supplement discovery if such discovery is found to exist.  Discovery is still open in the case.

Defendants have not objected to and have indicated that they will produce plaintiff's payroll records and drafts of the Business Plan if such is discovered.  There are no documents responsive to plaintiff's request for the personnel files of persons who had similar jobs, for information regarding allegations or complaints of discrimination or harassment by defendants, or persons who assumed plaintiff's position or an "alleged" decision not to promote plaintiff.

Defendant SFX asserts, and the evidence of the case supports, that no one assumed plaintiff's position upon the separation of her employment.  Any public relations function was contracted out.  (Wray Dep. 89:7-10, attached hereto as Exhibit 5).

Further, there was no other person who shared similar duties with plaintiff.  Even plaintiff has testified that persons she claims had a similar level of job responsibilities (with regard to her equal pay) did not have similar job duties.  (Audrey D'Onofrio Dep. 60:7-14, March 1, 2007, attached hereto as Exhibit 7).  Finally, defendants have produced an announcement of plaintiff's

-12-

employment with SFX which discusses her employment.  See SFX0053, attached hereto as Exhibit 8.

       7.    <u>Plaintiff cannot compel information that is not responsive to her requests.</u>

Plaintiff seeks to compel information regarding employees, namely Howard Schacter. (Plaintiff's Motion, Exhibit A, ¶ 3).  However, plaintiff has not made a request for this information.

In Document Request No. 7, plaintiff seeks "[a]ll documents which constitute, comment on, or reflect the facts and circumstances of any comparison made between the training, experience, abilities, job duties and/or job performance of the plaintiff and other similarly situated employees or applicants[.]"  Defendants maintain that there was no other person similarly situated to plaintiff.  Mr. Schacter, whose information plaintiff seeks to compel, was not "similarly situated to plaintiff."  First, Mr. Schacter was plaintiff's boss and hired her. Second, no other person held plaintiff's job.  As such, there is nothing to compel.

Notwithstanding, defendants, in an effort to move the discovery process forward, agreed to produce the personnel file of Mr. Schacter.  (SFX0359 – 0361, confidential).  This information includes wage information for Mr. Schacter.  Defendants are continuing to compile this information and will supplement this agreed upon courtesy production.

       8.    <u>Plaintiff's requests are overly broad and not relevant to the case.</u>

Plaintiff seeks the Court to order the production of defendants' "applicant pool" and "employment market pool[.]"  (Plaintiff's Motion, Exhibit A, ¶¶ 13, 14).  This information is not relevant to the case and the requests are overly broad and unduly burdensome.  Information regarding persons who applied for positions with defendants, many of which would not be similar or comparable to plaintiff's position, have no relevance to whether plaintiff's alleged claims that she was terminated on the basis of her sex or pregnancy or that she was not paid

commensurate with males employed with Defendant SFX.  Fed. R. Evid. 401.  Further, plaintiff

has not stated the relevance of such information.   Notwithstanding, defendants produced EEO

statements identifying the make-up of their employees during the relevant period of plaintiff's

employment.  (SFX0364 – 0369, confidential).

Plaintiff further seeks to compel defendants' financial information.  Specifically, in

Document Request No. 41, plaintiff seeks "[a]ll documents relating to the balance sheet

reflecting the assets and liabilities and net worth of the defendant including 10-K statements and

Annual Reports[.]"  This information is neither relevant to this case, nor has plaintiff stated such.

Again, defendants' financial information does not have a consequence in determining if

plaintiff's claims that she was terminated allegedly on the basis of her pregnancy, sex or alleged

disability or that she was not paid equally with her male counterparts is more or less probable.

Fed. R. Evid. 401.  Accordingly, the information should not be compelled.

Further, plaintiff's claim for punitive damages does not establish the relevance of

defendants' financial condition to this case.  See also Caldwell v. District of Columbia, 201 F.

Supp. 2d 27, 41 (D.D.C. 2001) ("[t]he general rule under District of Columbia law is that a

plaintiff need not introduce evidence of a defendant's financial capacity to justify an award of

punitive damages").  Further, such information cannot be compelled without a prima facie

showing of a right to recover punitive damages.  Skinner v. Aetna Life Ins. Co., 1984 U.S. Dist.

LEXIS 19817, *3 (D.D.C. 1984) ("merely alleging a claim for punitive damages is insufficient,

without more," to compel production of financial data).  Here, no evidence has been collected in

the discovery of this case that has indicated a minimal showing of a prima facie case supporting

plaintiff's claim for punitive damages.  As such, absent such showing or any showing of

relevance, plaintiff's Motion to compel defendants' financial information must be denied.

9.      Plaintiff's request for discovery regarding trial witnesses and testimony is premature.

Plaintiff also seeks the Court to compel the name of each non-expert witness that defendants intend to call as a witness at trial and information regarding each witness' testimony. (Plaintiff's Motion, Exhibit B, ¶ 3). This request is contrary to the Federal Rules of Civil Procedure, and thus the Motion to compel this information should be denied.

Federal Rule of Civil Procedure 16(c)(7) requires the identification of witnesses during the pretrial conference. Fed. R. Civ. P. 16(c)(7). There is nothing that entitles plaintiff to defendants' counsel's work product of whom defendants may or may not call as a witness at trial prior to the preparation for the pre-trial. Notwithstanding, defendants have identified persons whom may have knowledge of the facts of the case. See SFX's answer to Plaintiff's Interrogatory No. 16, attached hereto as Exhibit 9. Defendants will supplement their answer to this request in accordance with the applicable rules.

B.      Plaintiff's Allegations That Emails Are Missing From Defendants' Disclosures Are Bare Allegations And Are Not Sufficient To Compel Any Response.

Plaintiff's Motion alleges in a conclusory fashion that emails are missing from defendants' disclosures. Such bare allegations do not comport with the federal rules and are not sufficient to produce any response from defendants. As such, plaintiff's Motion must be denied.

Federal Rule of Civil Procedure 7(b)(1) states that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with *particularity* the grounds therefor, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b)(1) (emphasis added). Plaintiff has not stated with particularity the alleged discovery she seeks to compel.

"Plaintiff maintains there were many email messages and memoranda discussing the nature of the plaintiff's employment relationship… ." (Plaintiff's Motion, Exhibit A, ¶ 2).

Plaintiff neither asserts to what "email messages and memoranda" she is referring, nor to whom the email messages were sent or from.  Plaintiff also states that upon receiving 63,000 pages of her emails,  "[i]t was determined the relevant emails denoted by the plaintiff were not contained in that document production."  (Id. at ¶ 1).  Plaintiff has not identified what emails are not contained.  Defendants are not aware of what "relevant emails" plaintiff is referring, and thus cannot produce such items.  Accordingly, plaintiff's Motion must be denied.

C.    Defendants Have Revealed The Sources Of The Information Supplied In Their Answers To Plaintiff's Interrogatories.

Plaintiff inappropriately argues to the Court that defendants have not revealed its sources in its discovery responses.  While this assertion is not appropriate for an order to compel,[2] plaintiff misrepresents testimony provided in the case identifying such.

Plaintiff alleges that "[i]n deposing Ms. Alaka Williams, who signed the answers to interrogatories for both SFX and Live Nation, it became apparent that she was not personally conversant with much of the information stated in the answers; rather, it appeared that the answers were prepared by counsel… ."  Plaintiff further states that Ms. Williams "did not know the source of much of the information contained in many of the answers such that details could be explored . . . [and] the plaintiff cannot test the veracity and accuracy of the information when the source of the information is not provided."  (Plaintiff's Motion, ¶ 11).

Plaintiff misrepresents Ms. Williams' deposition testimony in her Motion.  During Ms. Williams' deposition, the sources of the information supplied in defendants' answers to plaintiff's interrogatories were revealed.  The sources of the information, as identified during the

_____

[2] Federal Rule of Civil Procedure 33(b)(2) states that interrogatories "are to be signed by the person making them."  Fed. R. Civ. P. 33(b)(2).  The federal rule does not require the person providing the answers to interrogatories to include the sources from which the knowledge to answer the interrogatories was gained.

deposition, are as follows: (1) Julie Kennedy; (2) Dan Rosier; (3) Kimberly Wray; and (4) the

employment files of plaintiff, Howard Schacter and James Gluckson.  (Alaka Williams Dep. 78,

85-86, 81, 83, 95, 102-104, 107-108, April 26, 2007, attached hereto as Exhibit 10).

     Further, defendants have complied with the Federal Rules of Civil Procedure in

answering plaintiff's interrogatories.  Federal Rule of Civil Procedure 33(b)(2) states that

interrogatories "are to be signed by the person making them."  Fed. R. Civ. P. 33(b)(2).  Ms.

Williams testified that she provided the answers for the interrogatories based on personal

knowledge, information gained from communications with other employees and employment

files.  (Williams Dep. at 70:13-19; 78, 85-86, 81, 83, 95, 102-104, 107-108, attached hereto as

Exhibit 10).

     Further, Ms. Williams, Live Nation's Regional Director of Human Resources, is

authorized to respond to interrogatories on behalf of Live Nation and SFX.  Live Nation is SFX's

parent company and she was the human resources support for SFX.  (Id. at 69:4-20; 91:2-13).

As the human resources representative, Ms. Williams is the appropriate person to respond to

interrogatories regarding personnel documents.  (Id. at 69:19-22).  Plaintiff's allegations are

baseless and the Motion should be denied.

     D.     <u>Defendants Have Produced Discovery That Plaintiff Has Moved To Compel.</u>

     Plaintiff's Motion to Compel should be denied because the discovery plaintiff seeks to

compel already has been produced.  Plaintiff alleges that defendants have not produced: (1)

discovery regarding "employees at SFX treated similarly to plaintiff[;]" (2) documents related to

plaintiff's personnel file and employment; (3) an organizational chart; (4) documents used by

defendants in the process of attempting to obtain new clients; (5) information regarding Howard

Schacter's position; and (6) information regarding prospective clients.  (Plaintiff's Motion,

Exhibit A, ¶¶ 9, 11, 18, 21; Exhibit B, ¶¶ 1, 5).  These allegations are false.

Defendants have produced all documents in its possession responsive to these requests. Specifically, defendants have produced all documents related to plaintiff's personnel file and employment; an organizational chart (SFX0323, confidential); contracts between defendant SFX and its clients that it possesses and has control over (SFX0324 – 0328, confidential); documents used by defendant SFX in attempt to obtain new clients (SFX0291 – 0322, confidential); and information regarding prospective clients of defendant SFX (SFX0280 – 289, confidential).

Again, plaintiff seeks to compel information regarding Howard Schacter. Plaintiff has made no such request. Plaintiff requested information regarding "similarly situated employees." Again, this request is argumentative and defendants maintain that there were no other employees similarly situated to plaintiff. Indeed, plaintiff testified that persons she alleged in her Complaint that shared similar level job responsibilities with regard to equal pay did not have similar job duties. (D'Onofrio Dep. 60:7-14, attached hereto as Exhibit 7). Yet, defendants agreed to produce information regarding Mr. Schacter in a good-faith effort to move the case forward to trial on the merits of plaintiff's claims.

E.      Plaintiff Seeks The Court To Compel Discovery Formalities That Were Obviated As A Result Of Prior Agreements Between The Parties And Communications To Cooperate On Discovery Matters.

Plaintiff claims that defendants failed to organize and label 63,000 pages of her emails to correspond with any discovery requests. (Plaintiff's Motion, Exhibit A, ¶ 1). In making this argument, plaintiff fails to inform the Court of the agreement between the parties regarding the production of the email. As stated to this Court and as memorialized in correspondence regarding defendants' production, plaintiff requested all electronic mail sent and received by her during her employment with SFX. (Status Hearing before the Honorable John D. Bates Tr. 12:17 - 13:21, March 21, 2007, attached hereto as Exhibit 2). Plaintiff cannot now argue that information that she requested is not in a form that she wants and her motion to compel the same

must be denied.

Upon discovery of plaintiff's electronic mail, defendants' explained to plaintiff that the documents were voluminous and suggested that the parties agree upon search terms to limit the production of documents. See letter to David Schreiber from Johnine Barnes, dated February 13, 2007, attached hereto as Exhibit 11. Defendants' counsel again requested that plaintiff's counsel agree to search terms to narrow the production of the electronic mail to the relevant information in the case. See email to David Schreiber from Johnine Barnes, dated February 15, 2007, attached hereto as Exhibit 12. Plaintiff's counsel refused to agree to such terms. Id.

Due to the delay in the production of the electronic mail, defendants' counsel complied with plaintiff's counsel's request that all the mail be produced so that plaintiff could review the entirety of the same. See letter to David Schreiber from Johnine Barnes, dated February 20, 2007, attached hereto as Exhibit 13. This production included information that is not relevant to this case.[3]

Since defendants produced all the electronic mail only in accordance with what was thought to be a good faith agreement between the parties to move forward the discovery process, plaintiff should not now be allowed to move to compel defendants to produce the responses in any other manner. Accordingly, plaintiff's Motion must be denied.

III.    PLAINTIFF'S MOTION FOR SANCTIONS SHOULD BE DENIED.

Plaintiff does not state the basis for her request for sanctions in the Motion. Assuming arguendo, that she moves for sanctions against defendants for the "scrapping" her computer and defendants' alleged failure to respond to plaintiff's discovery requests, the Motion should be

---

[3] Plaintiff also misstates the nature of her retention of a forensic expert in this case. Plaintiff retained the services of Kroll prior to the production of her electronic mail. This is evidenced by references made by Plaintiff's counsel during the deposition of Joe Shannon on February 21, 2007, which is the same day that the electronic data was produced. (Joe Shannon Dep. 112, attached hereto as Exhibit 4). Second, Defendants have never received any correspondence from Kroll or Plaintiff's counsel regarding any deficiencies with the electronic data produced.

denied. The "scrapping" of plaintiff's computer has not materially prejudiced plaintiff. Further, as stated above, defendants have answered and responded to plaintiff's discovery requests as required by the applicable Rules, and continue to supplement their disclosures as provided under Federal Rule of Civil Procedure 26(e)(2).

    A.    <u>The "Scrapping" of Plaintiff's Computer has not Materially Prejudiced Plaintiff.</u>

Plaintiff cites to several cases that follow The Sedona Principles to support her claim that defendants should be sanctioned for destroying her computer.[4] Yet, plaintiff has neither shown that there was an intentional failure by defendants to preserve the information in this case, nor that the loss of the alleged material on the computer has materially prejudiced her as required by the Sedona Principles.[5]

There is no material prejudice to plaintiff by the loss of the computer. Plaintiff has been provided electronic mail and a substantial number of documents prepared by her. Any alleged emails maintained on plaintiff's computer were produced. (Joe Shannon Dep. 18:2 to 19:5, attached hereto as Exhibit 4). All emails sent and received by plaintiff were captured from defendants' server and have been produced.

Therefore, plaintiff has not been prejudiced by the destruction of plaintiff's computer and defendants should not be sanctioned for scrapping plaintiff's computer.

---

[4] Sanctions, including spoliation findings, should only be considered by the court if, upon a showing of a clear duty to preserve, the court finds that there was an intentional or reckless failure to preserve and produce relevant electronic data and that there is a reasonable probability that the loss of the evidence has materially prejudiced the adverse party. The Sedona Principles, Principle 14.

[5] The employee, Gene Mason, who scrapped the computer did so unaware of any potential claims. (Gene Mason Dep. 16:8-20; 25:19-26:7, April 23, 2007, attached hereto as Exhibit 14). Further, Plaintiff's preservation letter is insufficient. The letter does not demand Defendants to retain Plaintiff's computer. <u>See</u> letter from David Schreiber to Kimberly Wray, dated October 6, 2005, attached hereto as Exhibit 15; <u>see also</u> <u>Turner v. Resort Condos. Int'l., LLC.</u>, 2006 U.S. Dist. LEXIS 48561, *17-18, 21 (S.D. Ind. 2006) (court criticized an overly broad preservation letter "demanding that [defendant] for an indefinite time not modify or delete any electronic data in any mainframe, desktop, or laptop computers, or other storage media or devices, and not upgrade or replace any equipment or software…[and] that [defendant] immediately copy hard drives on personal computers and save any data created after the letter was received").

B.    Defendants Have Disclosed Information And Continue To Supplement
      Disclosures As Required Under Federal Rule 26(E)(2).

Sanctions against defendants are not warranted because defendants have complied with all applicable Rules in answering and responding to plaintiff's discovery requests.  Additionally, defendants have supplemented and will continue to supplement their answers and responses as required by Federal Rule of Civil Procedure 26(e)(2).

Federal Rule of Civil Procedure 37(c)(1) provides, in pertinent part:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Fed. R. Civ. P. 37(c)(1).

Defendants have worked diligently to provide responses to plaintiff's discovery requests. Notably, defendants have answered and responded to plaintiff's requests for production of documents on three separate formal occasions.  See SFX Sports Group, Inc., Objections and Responses to Plaintiff's First Request for Production of Documents and all supplements attached hereto as Exhibit 16.  Defendants have also served answers to plaintiff's interrogatories, with supplementation on two separate formal occasions.  See SFX Sports Group, Inc.'s Objections and Answers to Plaintiff's Interrogatories and all supplements attached hereto as Exhibit 9.

Because defendants continue to supplement their disclosures, defendants should not be sanctioned pursuant to Federal Rule of Civil Procedure 37(c)(1).

IV.    PLAINTIFF IS NOT ENTITLED TO ANY AWARD OF EXPENSES AND
       ATTORNEY'S FEES.

Plaintiff is not entitled to any award of expenses and attorney's fees.  Federal Rule of Civil Procedure 37(a)(4)(A) permits assessment of costs and fees against the party "whose

conduct necessitated the motion[,]" if granted.  Fed. R. Civ. P. 37(a)(4)(A).  Plaintiff's Motion is

defective in multiple respects and defendants' demonstrations of the defects are adequately

supported.  As such, plaintiff's Motion to Compel should be denied.

First, even if the Court were inclined to grant any of plaintiff's Motion, defendants should

not be held responsible for plaintiff's costs or expenses, as plaintiff did not comply with the

Rules in filing her Motion.

Federal Rule of Civil Procedure 37(a)(4)(A) provides in pertinent part:

> If the motion is granted…the court shall… require the party…whose conduct
> necessitated the motion…to pay to the moving party the reasonable expenses
> incurred in making the motion, including attorney's fees, unless the court finds
> that the motion was filed without the movant's first making a good faith effort to
> obtain the disclosure or discovery without court action, or… that other
> circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).  Here, plaintiff did not attempt to resolve her discovery grievances

without the Court's intervention.  See infra.  Thus, any award of expenses to plaintiff would be

unjust.

Second, the same rule also allows a court to refuse an award of sanctions whenever the

"opposing party's nondisclosure, response, or objection was substantially justified."  Fed. R. Civ.

P. 37(a)(4)(A).  Defendants' opposition to the motion is well-grounded and demonstrates that

any nondisclosure, responses, and objections by defendants are substantially justified.

For these reasons, the Court should not award any monetary sanctions to plaintiff.

V.    DEFENDANTS ARE ENTITLED TO AN AWARD OF EXPENSES AND
      ATTORNEY'S FEES.

Federal Rule of Civil Procedure 37(a)(B) provides for assessment of fees and costs

against the movant if the motion is denied.  Fed. R. Civ. P. 37(a)(4)(B).  As previously stated,

defendants have demonstrated that plaintiff's Motion is defective in multiple respects and,

should be denied.  As such, defendants should be awarded attorneys' fees and costs associated

with the filing of its opposition to the instant Motion.

VI.    <u>CONCLUSION.</u>

 For the foregoing reasons, Plaintiff's Second Motion to Compel Discovery, and For

Sanctions should be denied, and defendants should be awarded attorneys' fees and costs

associated with the filing of its opposition to the instant Motion.

Dated:   May 29, 2007

    Respectfully submitted,

    BAKER & HOSTETLER LLP

    By: <u>/s/ Johnine P. Barnes</u>
    Johnine P. Barnes (D.C. Bar No. 464810)
    Lee T. Ellis, Jr. (D.C. Bar No. 3683)
    1050 Connecticut Avenue, N.W.
    Suite 1100
    Washington, D.C.  20036
    (202) 861-1500

    Attorneys for Defendants SFX Sports
    Group, Inc., Live Nation, Inc. and Clear
    Channel Communications, Inc.