UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-00687 (JDB) |
| ) | Next Event: Discovery Closes |
| SFX SPORTS GROUP, INC., *et al.* ) | July 19, 2007 |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

DEFENDANT KIMBERLY WRAY'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Comes now defendant Kimberly Wray (hereinafter "Ms. Wray") pursuant to Rule 12(b)(2), Fed. R. Civ. P. and moves the Court for dismissal of the Complaint in its entirety against her for lack of personal jurisdiction and as grounds therefor refers to the Memorandum of Points And Authorities, Affidavit of Ms. Wray, Depositions of Ms. Wray and Alaka Williams and Defendant SFX Sports Group Inc.'s Objections and Answers to Plaintiff's Interrogatories attached hereto and made a part hereof.

WHEREFORE, defendant Wray prays that the Complaint be dismissed with costs and attorneys' fees against Plaintiff.

> Respectfully submitted,
>
> BAKER & HOSTETLER LLP
>
> /s/ Johnine P. Barnes
> Johnine P. Barnes (D.C. Bar No. 464810)
> Lee T. Ellis, Jr. (D.C. Bar No. 3683)
> 1050 Connecticut Avenue, N.W., Suite 1100
> Washington, D.C. 20036
> (202) 861-1500
>
> Attorneys for Defendants Kimberly Wray,
> SFX Sports Group, Inc., Live Nation, Inc.
> Clear Channel Communications, Inc. and Kimberly Wray

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, a copy of the foregoing Defendant Kimberly Wray's Motion to Dismiss for Lack of Personal Jurisdiction was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> /s/ Johnine P. Barnes
> Johnine P. Barnes (D.C. Bar No. 464810)
> Lee T. Ellis, Jr. (D.C. Bar No. 3683)
> 1050 Connecticut Avenue, N.W., Suite 1100
> Washington, D.C. 20036
> (202) 861-1500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SFX SPORTS GROUP, INC., *et al*. )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 1:06-cv-00687 (JDB)<br>Next Event: Discovery Closes<br>July 19, 2007 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AGAINST
DEFENDANT KIMBERLY WRAY FOR LACK OF PERSONAL JURISDICTION

INTRODUCTORY STATEMENT

Defendant Kimberly Wray (hereinafter "Ms. Wray") seeks dismissal of the Amended Complaint filed herein in its entirety against her pursuant to Rule 12(b)(2), Fed. R. Civ. P., for lack of personal jurisdiction.  Plaintiff Audrey (Shebby) D'Onofrio (hereinafter "Plaintiff") has failed to carry her burden of establishing personal jurisdiction over Ms. Wray in this Court.  Analysis of the District of Columbia's long-arm statute demonstrates there is no basis for personal jurisdiction.

STATEMENT OF JURISDICTION FACTS

Plaintiff is a former employee of SFX Sports Group, Inc. ("SFX").  She was employed on February 21, 2002 as Senior Director of Client Communications.  Plaintiff's employment with SFX was separated on or about September 27, 2005, as a result of a restructuring with SFX.

On March 17, 2006, Plaintiff filed suit against SFX, Live Nation, Inc., Clear Channel Communications, Inc. and John Does 1-5. She asserted claims for retaliation, a claim under the Equal Pay Act, claims under the District of Columbia Human Rights Act ("DCHRA") for discrimination based on pregnancy, gender and disability, and a claim under the District of Columbia Family Medical Leave Act ("DCFMLA"). Plaintiff amended her Complaint on April 4, 2007 to add Ms. Wray and Daniel Rosier as individual defendants in the case. ("Amended Complaint").

In the Amended Complaint, Plaintiff alleges that "KIMBERLY WRAY, head of Human Resources, of Clear Channel Communications, Inc. [is] noted by Defendants in their "limited" discovery responses as responsible and/or involved in the discriminatory actions, etc., noted herein." Amended Complaint, ¶ 4.[1] Plaintiff further alleges that Ms. Wray, along with Alaka Williams - "the Human Resources Manager at Clear Channel who was assigned to SFX Sports Group, Inc." – informed her by telephone that her position was eliminated. Id. at ¶¶ 18 and 20. (See fn. 1)

Ms. Wray is the Head of Human Resources for Clear Channel Communications, Inc. ("CCU"). Kimberly Wray Affidavit ("Wray Afft.") ¶ 1 (Attached hereto as Exhibit 1). CCU is

---

[1] These allegations are false and without merit. See infra. Defendants have not listed Ms. Wray in any discovery document or otherwise in the case "as responsible and/or involved in the discriminatory actions" alleged in the case. Specifically, Defendant SFX notes in its Answers and Objections to Plaintiff's First Set of Interrogatories that "Kimberly Wray, Head of Human Resources, Clear Channel Communications, Inc. identified the persons in the groups, divisions and positions for elimination." Defendant SFX Sports Group, Inc.'s Objections and Answers to Plaintiff's First Set of Interrogatories, Interrogatory No. 2 attached hereto as Exhibit 2. Indeed, the testimony in the case indicates that Ms. Wray did not make any decision with respect to the separation of Plaintiff's employment, nor did she participate in informing plaintiff of the separation of her employment. See Deposition of Alaka Williams, April 26, 2007 ("Williams Depo."), pp. 254:14-20; 269:19 (attached hereto as Exhibit 3); Deposition of Kimberly Wray, May 9, 2007 ("Wray Depo."), pp. 86:16-21; 93:18-22 (attached hereto as Exhibit 4); Deposition of Daniel Rosier, May 22, 2007 (testimony will be supplement when received).

corporation incorporated under the laws of the State of Texas. Ms. Wray's business office with CCU is located in San Antonio, Texas. Id. at ¶ 2.

Ms. Wray does not have any business contacts with the District of Columbia. She resides in Texas. Id. at ¶ 2. She does not regularly do business in the District of Columbia, nor has she engaged in any other persistent course of conduct or derived substantial revenue from goods used or consumed or services rendered in the District of Columbia. Id. at ¶ 3. Indeed, Ms. Wray only visited the District of Columbia on 2 occasions on personal travel during the period relevant to Plaintiff's lawsuit. Id. at ¶ 4.

## ARGUMENT

I.  THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AGAINST MS. WRAY BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER HER

In the District of Columbia, the long-arm statute governs the exercise of jurisdiction over non-resident defendants. Under the long-arm statute, the burden of proof falls squarely with the plaintiff to establish that personal jurisdiction exists by demonstrating a factual basis for the exercise of jurisdiction over each defendant. Murphy v. Pricewaterhousecoopers LLP, 357 F. Supp. 2d 230, 242 (D.D.C. 2004); Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D.D.C. 1998). In satisfying this burden, a plaintiff may not rest upon the bare allegations of the Complaint or conclusory statements alone, but must make at least a prima facie showing if she is to avoid dismissal for want of jurisdiction. GTE New Media Servs., Inc. v. Ameritech Corp., 21 F. Supp. 2d 27, 36 (D.D.C. 1998); Accord, Novak-Canzeri v. Saud, 864 F. Supp. 203, 205 (D.D.C. 1994). The plaintiff cannot aggregate factual allegations governing multiple defendants to establish personal jurisdiction over any individual defendant. Kopff v. Battaglia, 425 F. Supp. 2d 76 (D.D.C. 2006) (citing Rush v. Savchuk, 444 U.S. 320, 331-332 (1980)).

The Complaint in this case does not even refer to the District of Columbia long-arm statute. To establish personal jurisdiction, Plaintiff alleges merely that:

> This Court has jurisdiction of this action pursuant to 11 D.C. Code § 921, the District of Columbia Human Rights Act, Title 2, Chapter 14 and the D.C. Family Medical leave Act, 32 D.C. Code § 510.

Amended Complaint ¶ 7. These provisions are in apposite, as none of them refer to service of process upon or personal jurisdiction over non-resident defendants in the District of Columbia.[2] Thus, Plainitff's complaint as to Ms. Wray must be dismissed.

II. PLAINTIFF FAILS TO ESTABLISH A BASIS FOR THE COURT TO EXERCISE PERSONAL JURISDICTION OVER MS. WRAY

Assuming arguendo that Plaintiff seeks to establish specific jurisdiction over Ms. Wray, she fails to plead facts sufficient to show that Ms. Wray did any acts that falls within the purview of the District of Columbia long-arm statute and to establish that Ms. Wray has the requisite minimum contacts under the statute.[3] In order to establish specific jurisdictions over a non-resident defendant, plaintiff must show that 1) the District of Columbia long-arm statute authorizes the exercise of personal jurisdiction Ms. Wray and 2) that the exercise of jurisdiction does not violate the Due Process Clause. Kopff, 425 F. Supp. 2d at 81 (citing United States v. Ferrara, 54 F. 3d 825, 828 (D.C. Cir. 1995)).

---

[2] D.C. Code § 11-921(a) provides general subject matter jurisdiction of any civil action brought in the District of Columbia. D.C. Code § 11-921(a)(6). D.C. Code § 2-1402.16 is the provision in the District of Columbia Human Rights Act ("DCHRA") providing for a cause of action by any person claiming to have been aggrieved by an unlawful discriminatory practice "in any court of competent jurisdiction." D.C. Code 32-510 provides for actions under the D.C. FMLA.

[3] Plaintiff has not asserted in any way in the Complaint that Ms. Wray has a continuous and systematic connects within the District of Columbia sufficient enough to establish general jurisdiction. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415 – 416 (1984).

     A.    <u>Ms. Wray Has Not Caused Any Tortious Injury in the District of Columbia</u>

The District of Columbia long-arm statute provides in pertinent part:

>(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - - -
>
>>(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent coure of conduct or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a)(1)(4)(2007).

Plaintiff has failed to establish that Ms. Wray has caused any tortious injury in the District of Columbia by acts outside of the District.[4] As such, Plaintiff's complaint against Ms. Wray must be dismissed for lack of personal jurisdiction.

This Court has held that in considering challenges to personal jurisdiction, "the Court need not treat all of Plaintiff's allegations as true and may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." <u>Kopff</u>, 425 F. Supp. 2d at 76 (<u>citing</u> <u>United States v. Philip Morris, Inc</u>., 116 F. Supp. 2d 116, 120 n. 4 (D.D.C. 2000)). Indeed, here, the weight of the evidence shows that Plaintiff has failed to allege accurate and true facts to establish personal jurisdiction over Ms. Wray.

Plaintiff is false in alleging in conclusory fashion that Ms. Wray is "noted by Defendants in their "limited" discovery responses as responsible and/or involved in the alleged discriminatory actions" in the case. Amended Complaint. ¶ 4. Defendants have not listed Ms.

---

[4] Plaintiff has not alleged that Ms. Wray has transacted any business or contracted to supply services in the District of Columbia or that she caused tortious injury in the District of Columbia by an act or omission in the District. Indeed, Ms. Wray has stated in her affidavit that she has not engaged in any such activities. <u>See</u> Wray Afft. Further, plaintiff has not alleged, nor is there any evidence that Ms. Wray contracted to insure or act as surety in any manner in the District of Columbia. Finally, Ms. Wray does not have a marital or parental relationship in the District of Columbia. <u>See</u> D.C. Code § 13-423(a)(1) – (7).

Wray in any discovery document or otherwise in the case "as responsible and/or involved in the discriminatory actions" alleged in the case. Specifically, Defendant SFX notes in its Answers and Objections to Plaintiff's First Set of Interrogatories that "Kimberly Wray, Head of Human Resources, Clear Channel Communications, Inc. ONLY identified the persons in the groups, divisions and positions for elimination." Defendant SFX Sports Group, Inc.'s Objections and Answers to Plaintiff's First Set of Interrogatories, Interrogatory No. 2. (emphasis added) (Ex. 2).

Mr. Rosier, not Ms. Wray, made the decision of what groups, divisions and positions were eliminated, including Plaintiff's position. Id. Indeed, the testimony in the case indicates that Ms. Wray did not make the decision to separate plaintiff's employment. See Wray Depo. pp. 86:16-21. (Ex. 4).

Again, Plaintiff falsely alleges in conclusory fashion that Ms. Wray participated by telephone in informing her that her position was separated. This also is not true and is in contravention of the weight of the evidence in the case. Both Misses Williams and Wray testified that Ms. Lynn Malohney, and not Ms. Wray, participated in the telephone conference with Ms. Williams notifying plaintiff of the separation of her employment. See Williams Depo. pp. 254:14-20; 269:19 (Ex. 3); Wray Depo. p. 93:18-22 (Ex. 4). Accordingly, as the weight of the evidence in the case does not support a showing that Ms. Wray engaged in any acts outside of the District of Columbia causing tortious injury in the District of Columbia, plaintiff's complaint against Ms. Wray must be dismissed for want of jurisdiction.

    B.    <u>Plaintiff Has Failed to Show Ms. Wray Has Minimum Contacts with the District of Columbia</u>

Assuming arguendo that Plaintiff's allegations with regard to Ms. Wray are true, she fails to assert the other requisite connections between Ms. Wray and the District of Columbia. The Amended Complaint does not allege facts sufficient to establish minimum contacts by Ms. Wray

in the District of Columbia. Accordingly, Plaintiff's complaint against Ms. Wray must be dismissed.

The Courts have restricted the boundaries of personal jurisdiction under section 13-423(a)(4), as compared to the limits permitted by federal due process. Kopff, 425 F. Supp. 2d at 82 (citing See Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987)). Specifically, the Courts have imposed a "plus factor" by requiring that the alleged tortfeasor engage in activity "separate from and in addition to the in-state injury." Id. at 83. Accordingly, Plaintiff must show a connection between her alleged separation from employment and Ms. Wray's contacts with the District of Columbia separate from the alleged act in order to maintain jurisdiction for this lawsuit. See GTE News Media Servs., 199 F. 3d at 1347.

Plaintiff fails to show that Ms. Wray has engaged in such activity in the District of Columbia that she should reasonably anticipate being brought into this Court. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287 (1980). Indeed, this Court has dismissed cases against individual defendants where the plaintiff fails to establish that the defendant has "contacts . . . with the District of Columbia –either personally or in his corporate capacity – let alone contacts sufficient to constitute purposeful availment of the privilege or condicution activities in the District of Columbia. Kopff, 425 F. Supp. 2d at 83.

Likewise here, plaintiff fails to establish any such contacts by Ms. Wray. She does not allege that Ms. Wray regularly does or solicits business in the District; that Ms. Wray engages in a persistent course of conduct directed toward the District; or that she derived substantial revenue from goods used or consumed or services rendered in the District.

Conversely, Ms. Wray resides and works in the State of Texas and she only has been in the District of Columbia on 2 occasions from in the last ten years. Wray Afft. ¶ 4.

Thus, Plaintiff's Amended Complaint against Ms. Wray must be dismissed.

III.     CONCLUSION

For the foregoing reasons, the Complaint filed herein should be dismissed in its entirety for lack of personal jurisdiction.

BAKER & HOSTETLER LLP


/s/ Johnine P. Barnes
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036
(202) 861-1500

Attorneys for Defendants Kimberly Wray, SFX Sports Group, Inc., Live Nation, Inc. Clear Channel Communications, Inc. and Kimberly Wray

CERTIFICATE OF SERVICE

     I hereby certify that on June 1, 2007, a copy of the foregoing Defendant Kimberly Wray's Motion to Dismiss was electronically filed.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                   /s/ Johnine P. Barnes
                                   Johnine P. Barnes (D.C. Bar No. 464810)
                                   Lee T. Ellis, Jr. (D.C. Bar No. 3683)
                                   1050 Connecticut Avenue, N.W.
                                   Suite 1100
                                   Washington, D.C.  20036
                                   (202) 861-1500

                                   Attorneys for Defendants Kimberly Wray,
                                   SFX Sports Group, Inc., Live Nation, Inc.
                                   Clear Channel Communications, Inc. and
                                   Kimberly Wray