UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 1:06-cv-00687 (JDB) |
|  | ) Next Event:  Discovery Closes |
| SFX SPORTS GROUP, INC., *et al*. | ) July 19, 2007 |
|  | ) |
|  | ) |
| Defendants. | ) |

_____)

DEFENDANT DANIEL ROSIER'S
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>

Comes now defendant Daniel Rosier (hereinafter "Mr. Rosier") pursuant to Fed. R. Civ.

P. 12(b)(2) and moves the Court for dismissal of the Complaint in its entirety against him for

lack of personal jurisdiction and as grounds therefore refers to the Memorandum of Points And

Authorities and Affidavit of Mr. Rosier attached hereto and made a part hereof.

WHEREFORE, defendant Mr. Rosier prays that the Complaint be dismissed with costs

and attorneys' fees against plaintiff.

Respectfully submitted,

BAKER & HOSTETLER LLP

/s/ Johnine P. Barnes_____
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C.  20036
 (202) 861-1500

Attorneys for Defendants Daniel Rosier,
SFX Sports Group, Inc., Live Nation, Inc.
Clear Channel Communications, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11, 2007, a copy of the foregoing Defendant Daniel Rosier's

Motion to Dismiss for Lack of Personal Jurisdiction was electronically filed.  Notice of this filing

will be sent to all parties by operation of the Court's electronic filing system.  Parties may access

this filing through the Court's system.

/s/ Johnine P. Barnes_____
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C.  20036
 (202) 861-1500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
AUDREY (SHEBBY) D'ONOFRIO,              )
                                        )
              Plaintiff,                )
                                        )
       v.                               )  Civil Action No. 1:06-cv-00687 (JDB)
                                        )  Next Event:  Discovery Closes
SFX SPORTS GROUP, INC., *et al.*        )  July 19, 2007
                                        )
                                        )
              Defendants.               )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AGAINST
DEFENDANT DANIEL ROSIER FOR LACK OF PERSONAL JURISDICTION

INTRODUCTORY STATEMENT

Defendant Daniel Rosier (hereinafter "Mr. Rosier") seeks dismissal of the Amended
Complaint filed herein in its entirety against him pursuant to Fed. R. Civ. P. 12(b)(2) for lack of
personal jurisdiction.  Plaintiff Audrey (Shebby) D'Onofrio (hereinafter "plaintiff") has failed to
carry her burden of establishing personal jurisdiction over Mr. Rosier in this Court.  Analysis of
the District of Columbia's long-arm statute demonstrates there is no basis for personal
jurisdiction.

STATEMENT OF JURISDICTIONAL FACTS

Plaintiff is a former employee of SFX Sports Group, Inc. ("SFX").  She was employed on
February 21, 2002, as Senior Director of Client Communications.  Plaintiff's employment with
SFX was separated on or about September 27, 2005, as a result of a restructuring with SFX.

On March 17, 2006, plaintiff filed suit against SFX, Live Nation, Inc., Clear Channel Communications, Inc. and John Does 1-5. She asserted claims for retaliation, a claim under the Equal Pay Act, claims under the District of Columbia Human Rights Act ("DCHRA") for discrimination based on pregnancy, gender and disability, and a claim under the District of Columbia Family Medical Leave Act ("DCFMLA"). Plaintiff amended her Complaint on April 4, 2007, to add Mr. Rosier and Kimberly Wray as individual defendants in the case. ("Amended Complaint").

In the Amended Complaint, plaintiff alleges that "Defendant [] DAN ROSIER, former Chief Financial Officer for Defendant, SFX Sports Group, Inc. … [is] noted by Defendants in their "limited" discovery responses as responsible and/or involved in the discriminatory actions, etc., noted herein." Amended Complaint ¶ 4. Plaintiff further alleges that Mr. Rosier directed Ms. Wray, Director of Human Resources for Clear Channel Communications, Inc., "to indicate to Ms. D'Onofrio that she was part of a planned reduction in force which eliminated her position" with SFX. Id. at ¶ 20.

Mr. Rosier is the Executive Vice President, Office of Strategic Management at Live Nation, Inc. ("Live Nation"). Daniel Rosier Affidavit ("Rosier Afft.") ¶ 1, attached hereto as Exhibit 1. Live Nation is a corporation incorporated under the laws of the State of Delaware. Mr. Rosier's business office with Live Nation is located in Beverly Hills, California. Id. at ¶ 2. During the time periods of plaintiff's claims, Mr. Rosier was the Chief Financial Officer of SFX in San Antonio, Texas.

Mr. Rosier does not have any business contacts with the District of Columbia. His business office is located in the State of California. Id. at ¶ 2. His personal residence is in the State of Texas. Id. He does not regularly do business in the District of Columbia, either in his

personal capacity or as an officer of Live Nation.  He has not engaged in any other persistent course of conduct or derived substantial revenue from goods used or consumed or services rendered in the District of Columbia.  Id. at ¶ 3.  Indeed, Mr. Rosier only visited the District of Columbia on twelve occasions during the past ten years.  Id. at ¶ 5.

ARGUMENT

I.     THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AGAINST MR. ROSIER BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER HIM.

In the District of Columbia, the long-arm statute governs the exercise of jurisdiction over non-resident defendants.  Under the long-arm statute, the burden of proof falls squarely with the plaintiff to establish that personal jurisdiction exists by demonstrating a factual basis for the exercise of jurisdiction over each defendant.  Murphy v. Pricewaterhousecoopers LLP, 357 F. Supp. 2d 230, 242 (D.D.C. 2004); Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D.D.C. 1998).  In satisfying this burden, a plaintiff may not rest upon the bare allegations of the Complaint or conclusory statements alone, but must make at least a prima facie showing if she is to avoid dismissal for want of jurisdiction.  GTE New Media Servs., Inc. v. Ameritech Corp., 21 F. Supp. 2d 27, 36 (D.D.C. 1998); Accord, Novak-Canzeri v. Saud, 864 F. Supp. 203, 205 (D.D.C. 1994). The plaintiff cannot aggregate factual allegations governing multiple defendants to establish personal jurisdiction over any individual defendant.  Kopff v. Battaglia, 425 F. Supp. 76 (D.D.C. 2006) (citing Rush v. Savchuk, 444 U.S. 320, 331-332 (1980)).

The Complaint in this case does not even refer to the District of Columbia long-arm statute.  To establish personal jurisdiction, plaintiff alleges merely that: "This Court has jurisdiction of this action pursuant to 11 D.C. Code § 921, the District of Columbia Human Rights Act, Title 2, Chapter 14 and the D.C. Family Medical leave Act, 32 D.C. Code § 510." Amended Complaint ¶ 7.  These provisions are inapposite, as none of them refer to service of

process upon or personal jurisdiction over non-resident defendants in the District of Columbia.[1]

Thus, plaintiff's Complaint as to Mr. Rosier must be dismissed.

II.     PLAINTIFF FAILS TO ESTABLISH A BASIS FOR THE COURT TO EXERCISE PERSONAL JURISDICTION OVER MR. ROSIER.

        Assuming arguendo that plaintiff seeks to establish specific jurisdiction over Mr. Rosier, she fails to plead facts sufficient to show that Mr. Rosier's acts fall within the purview of the District of Columbia long-arm statute and to establish that Mr. Rosier has the requisite minimum contacts to satisfy the constitutional requirement of due process.[2]  In order to establish specific jurisdiction over Mr. Rosier, a non-resident defendant, plaintiff must show that 1) the District of Columbia long-arm statute authorizes the exercise of personal jurisdiction over Mr. Rosier and 2) that the exercise of jurisdiction does not violate the Due Process Clause.  Kopff, 425 F. Supp. 2d at 81 (citing United States v. Ferrara, 54 F. 3d 825, 828 (D.C. Cir. 1995)).  The Amended Complaint focuses on Mr. Rosier's potential liability without alleging facts sufficient to support a judgment of liability in the District of Columbia, and therefore, plaintiff has failed to satisfy her burden.  Accordingly, plaintiff's Complaint against Mr. Rosier must be dismissed for lack of personal jurisdiction.

        A.     Plaintiff Fails To Show That The District Of Columbia Long-Arm Statute Authorizes The Exercise Of Personal Jurisdiction Over Mr. Rosier.

        The District of Columbia long-arm statute does not authorize the exercise of personal jurisdiction over Mr. Rosier.  As such, the plaintiff's Complaint against Mr. Rosier must be

---

[1] D.C. Code § 11-921(a) provides general subject matter jurisdiction of any civil action brought in the District of Columbia.  D.C. Code § 11-921(a)(6).  D.C. Code § 2-1402.16 is the provision in the District of Columbia Human Rights Act ("DCHRA") providing for a cause of action by any person claiming to have been aggrieved by an unlawful discriminatory practice "in any court of competent jurisdiction."  D.C. Code 32-510 provides for actions under the D.C. FMLA.

[2] Plaintiff has not asserted in any way in the Complaint that Mr. Rosier has continuous and systematic contacts within the District of Columbia sufficient enough to establish general jurisdiction.  See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415 – 416 (1984).

dismissed for lack of personal jurisdiction.

Here, plaintiff alleges that Mr. Rosier directed Ms. Wray "to indicate to Ms. D'Onofrio that she was part of a planned reduction in force which eliminated her position."[3]  Amended Complaint ¶ 20.  Assuming that this is the conduct that plaintiff alleges caused plaintiff's alleged harm, such alleged conduct occurred solely outside the District of Columbia, and therefore, the only potentially applicable long-arm provision is section 13-423(a)(4).

Section 13-423(a)(4) provides in pertinent part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - - -

    (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a)(4)(2007).

The Courts have restricted the boundaries of personal jurisdiction under section 13-423(a)(4), as compared to the limits permitted by federal due process.  Kopff, 425 F. Supp. 2d at 82 (citing Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987)).  Specifically, the Courts have imposed a "plus factor" by requiring that the alleged tortfeasor engage in activity "separate from and in addition to the in-state injury."  Id. at 83.  Accordingly, Plaintiff must show a connection between her alleged separation from employment and Mr. Rosier's contacts with the District of Columbia separate from the alleged act in order to maintain jurisdiction for this lawsuit.  See GTE News Media Servs., 199 F. 3d at 1347.

---

[3] These allegations are false.  Mr. Rosier did not direct Ms. Wray to inform plaintiff of the separation of her employment.  Ms. Wray did not participate in informing plaintiff of the separation of her employment.  See Defendant Kimberly Wray's Motion to Dismiss for Lack of Personal Jurisdiction.

Here, assuming arguendo that plaintiff's allegations with regard to Mr. Rosier are true, plaintiff has failed to demonstrate a requisite plus factor as provided in section 13-423(a)(4) of the District of Columbia long-arm statute.  Plaintiff does not allege in her Complaint that Mr. Rosier "regularly does or solicits business, engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."  Indeed, Mr. Rosier has stated in his affidavit that he has not engaged in any such activities.[4]  See Rosier Afft. ¶ 3.  As such, the weight of the evidence shows that plaintiff has failed to allege facts that bring Mr. Rosier within the scope of the long-arm statute.  Accordingly, plaintiff's Complaint against Mr. Rosier must be dismissed for lack of personal jurisdiction.

B.     Plaintiff Has Failed To Plead Facts That Satisfy The Constitutional Requirement Of Due Process.

Plaintiff has failed to allege facts sufficient to establish minimum contacts by Mr. Rosier in the District of Columbia.  Accordingly, plaintiff's allegations do not satisfy the constitutional requirement of due process, and therefore, plaintiff's Complaint against Mr. Rosier must be dismissed.

The Due Process Clause requires that a plaintiff demonstrate a close connection between her alleged injury and the defendant's contacts with the forum so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."  GTE News Media Servs., 199 F.3d at 1347 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); See also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287 (1980) ("[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate

---

[4] This Court has held that in considering challenges to personal jurisdiction, "the Court need not treat all of plaintiff's allegations as true and may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts."  Kopff, 425 F. Supp. 2d at 76 (citing United States v. Philip Morris, Inc., 116 F. Supp. 2d 116, 120 n. 4 (D.D.C. 2000)).

being haled into court there").   Furthermore, the defendant must intentionally establish contacts in the forum state.  However, it is not necessary that the defendant physically enter the forum state as long as he "purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985) (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

Indeed, this Court has dismissed cases against individual defendants where the plaintiff fails to establish that the defendant has "contacts…with the District of Columbia – either personally or in his corporate capacity – let alone contacts sufficient to constitute purposeful availment of the privilege of conducting activities in the District of Columbia.  Kopff, 425 F. Supp. 2d at 83.

Likewise, here, Plaintiff fails to establish minimum contacts by Mr. Rosier.  In fact, Plaintiff's Complaint is devoid of allegations that Mr. Rosier had any contacts with the District of Columbia.  Plaintiff merely states that Mr. Rosier directed Ms. Wray to indicate to plaintiff "that she was part of a planned reduction in force that eliminated her position."  Amended Complaint ¶ 20.

As this Court found in Kopff, plaintiff's allegations do not satisfy the constitutional requirement of due process.  See 425 F. Supp. 2d at 87.  In Kopff, the Court found that the plaintiffs failed to set forth facts sufficient to support that the individual defendant purposefully availed himself of the privilege of conducting activities in the District of Columbia.  In fact, the individual defendant's only contact with the District of Columbia was through his employer.  Id. at 88.  As such, the Court found that the plaintiffs failed to establish in their complaint that the individual defendant's contacts with the District of Columbia met the minimum threshold for due process.  Id. at 87.

Furthermore, as stated above, Mr. Rosier does not regularly do or solicit business in the District, has not engaged in a persistent course of conduct directed toward the District, or has he derived substantial revenue from goods used or consumed or services rendered in the District. Indeed, Mr. Rosier does not regularly engage in any activities in the District of Columbia. Furthermore, plaintiff has neither alleged, nor is there any evidence that Mr. Rosier contracted to insure or act as surety in any manner in the District of Columbia or owns stock in any District of Columbia corporation.  Finally, Mr. Rosier neither has a marital or parental relationship in the District of Columbia, nor does he have an interest in, use, or possess real property in the District of Columbia.  Rosier Afft. ¶¶ 3 - 5.  <u>See</u> D.C. Code § 13-423(a)(1) – (7).

In addition, Mr. Rosier works in the State of California, previously worked in the State of Texas, and his personal residence is in Texas.  He only has been in the District of Columbia on twelve occasions in the last ten years.  Rosier Afft. ¶¶ 2, 5.

Plaintiff has failed to allege minimum contacts by Mr. Rosier.  Thus, plaintiff's Amended Complaint against Mr. Rosier must be dismissed.

III.    <u>CONCLUSION.</u>

For the foregoing reasons, the Complaint filed herein should be dismissed in its entirety for lack of personal jurisdiction.

BAKER & HOSTETLER LLP


/s/ Johnine P. Barnes
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036
(202) 861-1500

Attorneys for Defendants Daniel Rosier,
SFX Sports Group, Inc., Live Nation, Inc.
Clear Channel Communications, Inc.


CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2007, a copy of the foregoing Defendant Daniel Rosier's

Motion to Dismiss and Memorandum of  Points and Authorities were electronically filed.  Notice

of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ Johnine P. Barnes
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036
(202) 861-1500

Attorneys for Defendants Daniel Rosier,
SFX Sports Group, Inc., Live Nation, Inc.
Clear Channel Communications, Inc.