# David E. Schreiber, P.C.

*Attorney at Law*

4550 Montgomery Avenue, Suite 760 N. Bethesda, Maryland 20814-3304

Area Code 301 951-1530   Facsimile 301-951-1599

April 2, 2007

**BY MESSENGER**

Johnine P. Barnes, Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

                                             Re:   D'Onofrio v. SFX Sports Group, Inc., et. al
                                                                  Case No. 06-687JDB

Dear Johnine:

      This letter is written pursuant to F.R.C.P. 37 in an attempt to resolve the discovery impasse. Given Judge Bates' comments at the hearing of March 21, 2007, the following information must be supplemented and provided as soon as possible. If the material is produced quickly then I can limit our Rule 30(b)(6) notice of deposition; if not, then the deposition will be protracted, something I am certain we all wish to avoid.

      I would note, at this point, that I sent you an email on March 28, requesting the availability of Mr. Mason, initially, as well as a corporate designee for the Rule 30(b)(6) deposition, as well as Ms. Wray and Mr. Rosier. I have not had any response from you and am therefore noting today the deposition of Mr. Mason for April 13, 2007 at my office. I expect that you will produce him voluntarily. If not, please advise me immediately.

      It also appears that the selected emails produced recently only cover a portion of Ms. D'Onofrio's personal archive and do not address the information and documents requested of the other individuals involved in the allegations contained in our Amended Complaint. All electronic discovery material should be produced, not just selective items.

      With respect to the termination material, i.e. the reorganization, we have repeatedly asked for all versions of the Business Plan. The Defendants have produced only a March 2005 version which is only "intended as the initial blueprint and guide". It indicates that it will evolve and be re-evaluated with input from management, etc., "regularly". We have not received the electronic version of this document, much less any other earlier or subsequent versions.

Johnine P. Barnes, Esq.
April 2, 2007
Page 2

In your latest Supplemental Response to Plaintiff's First Request for Production of Documents, you state, in a boilerplate fashion, that we are to "see electronic documents" produced March 1, 2007. However, your letter indicates that the DVD contained "plaintiff's electronic communications during her employment". This situation affects the responses noted in that filing 1, 2, 11-14, 21, 26, 32, 54, 55, 58, 59, and 60. Obviously, the material was not necessarily responsive to these requests. Given the number of pages, we will request the Court, if you do not agree, to have Defendants indicate what documents are specifically responsive to each request. This will apply to the material previously produced as well as any material produced prospectively.

I will now address, *inter alia*, the outstanding issues as I see them. (I would note that we reserve the right to amplify these issues if a motion is to be filed.)

### *DEFENDANTS' ANSWERS TO INTERROGATORIES*

- **SFX #9** requested information about **Howard Schacter** and his position while at SFX. Specifically, the Plaintiff requested information about Mr. Schacter's **compensation and benefits**. To date, no information either in the written form of the answers or in document form has been provided to the Plaintiff, except for one page of his personnel file indicated his initial salary of $180,000.00 per year, and W2's indicating base salary for the years 2001-2003. You have not produced his employment contract, which is referenced in the personnel file nor have you produced a job description other than a press release from 1999 when he was joining SFX. We also requested information regarding all forms of compensation, including but not limited to salary, bonus, restricted stock options, vehicle allowance, relocation pay, severance, etc. which have not been produced.
- **SFX #12** requests information about persons who are now employed in Plaintiff's position or who have **assumed her responsibilities**. Your clients have simply replied that "no one employed with SFX" has assumed Plaintiff's duties or position. Defendants must provide information since September 2005 through the present of anyone or any entity performing the duties of the Plaintiff, whether employed by Defendant, SFX, or otherwise.
- **SFX #16** refers to **persons having knowledge**. Defendant referred the Plaintiff to **Defendant's Initial Disclosure**, which refers to **three people** with knowledge. However, other documents have listed many more individuals. In our conferences you have mentioned others with knowledge not listed in the Initial Disclosure; furthermore, there is no mention as to what specific knowledge any of these people may have, be they facts and/or opinions, nor have there been any documents produced to reflect any of the above. This question needs to be answered completely, specifically including all sub-parts.
- **SFX #19** refers to **Jim Gluckson**'s employment with SFX Sports Group. There have been a few documents produced responding to this question which describe

Johnine P. Barnes, Esq.
April 2, 2007
Page 3

- a review by Ms. D'Onofrio of Mr. Gluckson, as well as his W2 for 2001. We also requested information related to all forms of Mr. Gluckson's compensation, including but not limited to salary, bonus, restricted stock options, vehicle allowance, relocation pay, severance, etc. This additional information should be produced.
- **SFX #20** requested information about **persons promoted to the position of Vice President at SFX**. The Defendants objected and did not answer the question at all. The Plaintiff limited the question to SFX only. However, we have received no information. Please provide each individual who was employed by SFX Sports Group from 2000 through the present who was promoted to the title of Vice President. In identifying each such person, please state:
  a. the length of service each person had with SFX Sports Group prior to being promoted to the title of Vice President, and
  b. the succession of titles and the length of time with each title.
- **SFX #21** refers to **prospective clients** and the SFX agent responsible for overseeing the new business. It is Plaintiff's position that the Defendant[s] are still offering the services that Plaintiff performed to new and prospective clients irrespective of the fact that she was terminated allegedly because her services were no longer going to be offered to clients of SFX. Defendants objected on the basis that the question is over the limit allowed by the Federal Rules of Civil Procedure, and on the basis of relevance. However, by Order dated May 24, 2006, the Plaintiff and Defendant agreed to a limit of 25 questions per Defendant. Further, as briefly stated above, the question is relevant to the present claim.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR DOCUMENTS**

- **SFX #1** relates to documents regarding **communication by and to the Plaintiff regarding her employment relationship with the Defendant**. Plaintiff believes that all of her e-mail has yet to be produced, in spite of the some 63,000 pages of material recently received.
- **SFX #7** relates to **employees that are or were similarly situated** to the Plaintiff. Specifically, the Plaintiff is requesting production of all documentation related to Howard Schacter, the Plaintiff's predecessor [which is retained in the HR files, as noted by Mr. Shannon in his deposition].
- **SFX #15** relates to the **personnel file of the person who replaced Plaintiff**. The answer to interrogatory #12 states that no one at SFX replaced Plaintiff. The nature of the answer begs the question, whether or not someone from some other entity, or from other Defendant organizations replaced Plaintiff. Responsive documents, maintained by HR, etc., should be produced.
- **SFX #16** relates to the **Plaintiff's payroll records**. Defendants have maintained that there are no responsive documents related to this matter. Again, given Mr. Shannon's testimony, the Defendant must produce all documents related to Plaintiff's payroll records, earnings records, fringe benefit and overtime records.

Johnine P. Barnes, Esq.
April 2, 2007
Page 4

- **SFX #17** requests information about the **Plaintiff's employment contract** with the Defendant. In the response, there is no acknowledgment about whether or not a contract existed. Further, the response says, "**see documents**." The supplement states to see "Tab A." There is no contract in Tab A.
- **SFX #18** requests information about **other employees of SFX treated similarly** to Plaintiff. The request had no response, only an objection. No documents have been produced.
- **SFX #19** requests information about **employees who are or were in similar job description, had similar duties, or received similar compensation to that of the Plaintiff**. The request had no response, only an objection. No documents have been produced.
- **SFX #20** requests all documents related to **Plaintiff's personnel** file and employment with Defendant not requested elsewhere. Among other matters regarding a failure to produce relevant documents, the Plaintiff knows of several email and memoranda correspondence she had with Defendants' personnel requesting a promotion and corresponding compensation. No such documents were produced.
- **SFX #22** requests documentation of any **other allegations of discrimination by the Defendant**. Defendant did not respond nor did Defendant produce any documents related to this request. As Defendants' counsel you indicated that you would only consider producing documents from May 2002 to October 2005. These were requested. To date, neither a response nor any documents have been produced.
- **SFX #24** relates to the **nature of the Defendant's operations**. The document(s) produced only allude to proposed operations and organization. There are no documents directed to the nature of Defendant's operation and organization. The Defendants should produce documents and responses related to the their operations, physical locations, and corporate organizational structure.
- **SFX #25** relates to **any organizational charts** or any other similar charts, lists, or tables that show the identities of persons responsible for personnel, recruitment, hiring, training, etc. To date, Defendant has produced one item, from 2002, SFX 323. Defendants must produce all responsive documents related to this request.
- **SFX #27** relates to **any complaints of discrimination or harassment** committed by the Defendants, their employees, or agents. Defendants objected on the grounds that the information is irrelevant and inadmissible. We believe the information is discoverable and should be produced.
- **SFX #32** requests a **breakdown of Defendant organization**, with regard to employees, based on the characteristics: name, date of hire, rate of pay, date of birth, sex, national origin or religion. Defendant objected. In your most recent 4th Supplemental Response to Plaintiff's First Request for Production of Documents, you state that we are to "see electronic documents" produced March 1, 2007. However, your letter indicates that the DVD contained "plaintiff's electronic communications during her employment". Obviously, the material was not

Johnine P. Barnes, Esq.
April 2, 2007
Page 5

- responsive to this request.
- **SFX #34** asks for a **breakdown of the Defendant's employment market pool**. Defendant has not produced any documents in response to this request to date. Plaintiff will move to compel Defendant to produce such documents.
- **SFX #41** requests **Defendant's financial information**. To date, Defendant refuses to produce such documents. Plaintiff will move to compel Defendant to produce requested documents.
- **SFX #48** requests **job descriptions or job qualifications for Defendant's organization**. Defendant's counsel requested us to **limit the Request to PR and Marketing job descriptions**, which was done. Nothing was produced. Plaintiff will move to compel Defendant to produce requested documents.
- **SFX #54** asks for **any correspondence that discusses Plaintiff's job title or compensation**. This was an ongoing discussion and controversy between Plaintiff and Defendant. Plaintiff asserts that the material in the 4th Response [Tab M], does not reflect the documents that exist. In the Supplemental Response to Plaintiff's First Request for Production of Documents, you also state that we are to "see electronic documents" produced March 1, 2007. However, your letter indicates that the DVD contained "plaintiff's electronic communications during her employment". Mr. Shannon's testimony revealed that some 11,000 employees' e-mails were archived which we believe included those noted in the request. Obviously, the material was not responsive to this request. This request should be supplemented or the Plaintiff will move to compel Defendant to produce all forms of correspondence and documents related to this request.
- **SFX #55** requests all documents used by Defendant in **process of attempting to obtain new clients**. In your latest Supplemental Response to Plaintiff's First Request for Production of Documents, you state that we are to "see electronic documents" produced March 1, 2007. However, your letter indicates that the DVD contained "plaintiff's electronic communications during her employment". Obviously, the material was not responsive to this request. Plaintiff will move to compel Defendant to produce any documentation related to securing and forming a contract with new clients.
- **SFX #57** requests all documentation related to the **decision to not promote the Plaintiff**. Defendants' counsel stated in a discovery conference that Defendant would produce such documents if required. Plaintiff will move to compel Defendant to produce requested documents.
- **SFX #58** requests all documents related to the **restructuring of Defendant**; the alleged reason for terminating Plaintiff. Plaintiff asserts that the material in the 4th Response [Tab M], does not reflect the documents that exist. In your latest Supplemental Response to Plaintiff's First Request for Production of Documents, you state that we are to "see electronic documents" produced March 1, 2007. However, your letter indicates that the DVD contained "plaintiff's electronic communications during her employment". Obviously, the material was not

Johnine P. Barnes, Esq.
April 2, 2007
Page 6

responsive to this request. Plaintiff will move to compel Defendant to produce requested documents as they are material to the present issue in this case.

- **SFX #60** asks for **contracts between Defendant and clients** in order to show that the services provided by the Plaintiff are still being utilized by Defendants despite its insistence otherwise. To date, no such documents have been produced except for a template. In your latest Supplemental Response to Plaintiff's First Request for Production of Documents, you state that we are to "see electronic documents" produced March 1, 2007. However, your letter indicates that the DVD contained "plaintiff's electronic communications during her employment". Obviously, the material was not responsive to this request. Plaintiff will move to compel Defendant to produce requested documents as they are material to the present issue in this case.

In essence, Plaintiff has requested answers to interrogatories and documentation pertaining to all, *inter alia*, electronic material, all public relations material, press kits, information noted in our letter of November 8th regarding the listed sports figures, and all of Mr. Schacter's compensation material, including his employment contract.

The failure to advise me as well as Judge Bates of the misstatements regarding the electronic discovery for over a year as well as the loss of Ms. D'Onofrio's computer will be addressed separately in an appropriate motion.

Please be further advised that this letter is written without prejudice to my client's legal rights and interests. Thank you.

Very truly yours,

DAVID E. SCHREIBER, P.C.

By: _____
David E. Schreiber, Esq.

Enclosure
DES/jm
cc: Ms. Audrey D'Onofrio

\\David\myfiles\CLIENTS\Shebby\Letters\Barnes 16a.wpd