UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-cv-00687 (JDB) |
| | ) Next Event: Discovery Closes |
| SFX SPORTS GROUP, INC., et al. | ) July 19, 2007 |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' OPPOSITION TO MOTION OF PLAINTIFF TO ENLARGE DISCOVERY

Comes now defendants SFX Sports Group, Inc., Live Nation, Inc., Clear Channel Communications, Inc., Daniel Rosier and Kimberly Wray (collectively, "defendants") and hereby file their Opposition to Motion of Plaintiff to Enlarge Discovery.

BAKER & HOSTETLER LLP

By:    /s/
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036
(202) 861-1500

Attorneys for Defendants SFX Sports
Group, Inc., Live Nation, Inc., Clear
Channel Communications, Inc., Daniel
Rosier and Kimberly Wray

-2-

## CERTIFICATE OF SERVICE

    I hereby certify that on June 22, 2007, a copy of the foregoing Defendants' Opposition to Motion of Plaintiff to Enlarge Discovery was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                  /s/
                                              Johnine P. Barnes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-cv-00687 (JDB) |
| | ) Next Event: Discovery Closes |
| SFX SPORTS GROUP, INC., et al. | ) July 19, 2007 |
| | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF POINTS AND AUTHORITIES

Defendants oppose Motion of Plaintiff to Enlarge Discovery (plaintiff's "Motion") on the ground that plaintiff has failed to show good cause why the Court's Scheduling Order should be modified in the case. The Court's March 21, 2007, Scheduling Order (the "Scheduling Order") closes discovery on July 19, 2007. Plaintiff argues that the Scheduling Order should be modified for personal conflicts and until the Court has made a decision on Plaintiff's Second Motion to Compel Discovery, and For Sanctions. (Plaintiff's Motion ¶¶ 2, 4).

Plaintiff's stated bases to enlarge discovery do not satisfy the "good cause" requirement of Rule 16.4 of the Rules of the United States District Court for the District of Columbia and Rule 16(b) of the Federal Rules of Civil Procedure. During the March 21, 2007, status conference, the Court informed the parties that there would be no more extensions for discovery in the case. The discovery in the case has progressed and, with diligence, could and should be completed by the parties absent a modification of the Scheduling Order. Plaintiff's counsel's planned vacation is not good cause to support an extension of the Scheduling Order. An extension of the discovery deadline will cause further scheduling conflicts and delay the scheduling of a trial of the case. Accordingly, plaintiff's Motion requesting the Court to enlarge

-3-

discovery should be denied.

ARGUMENT

Pursuant to both the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia, the Court can grant a motion requesting an amendment to a scheduling order upon the movant's demonstration of "good cause" for the amendment.  See Fed. R. Civ. P. 16(b); see also LCvR 16.4.  Fed. R. Civ. P. 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge…."  Fed. R. Civ. P. 16(b); see also LCvR 16.4 ("The court may modify the scheduling order at any time upon a showing of good cause").

The Court is to consider the diligence of the party seeking an amendment of the scheduling order in determining whether the moving party satisfies the "good cause" standard of Fed. R. Civ. P. 16(b).  St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc., 2007 U.S. Dist. LEXIS 39606, *18 (D.D.C. June 1, 2007) (citing Johnson et al. v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, she was unable to meet the deadline set forth in the scheduling order.  Fed. R. Civ. P. 16(b) advisory committee's note (1983 amendment).  If the party seeking the extension "was not diligent, the inquiry should end" and the motion requesting the extension should not be granted.  St. Paul Mercury Ins. Co., 2007 U.S. Dist. LEXIS at *18 (citing Johnson, 975 F.2d at 609).  Good cause may be found where the need for more time was unforeseeable, not the fault of the moving party and refusing to grant the extension would create a substantial risk of unfairness to the moving party.  St. Paul Mercury Ins. Co., 2007 U.S. Dist. LEXIS at *18 (citing 3 Moore's Federal Practice § 16.14[b] (2003).

Plaintiff's Motion does not demonstrate the requisite good cause as required by Fed. R.

-4-

Civ. P 16(b), and therefore, plaintiff's Motion should be denied.

I.   THE COURT WARNED THE PARTIES THAT THERE WOULD BE NO MORE EXTENSIONS FOR DISCOVERY.

Plaintiff's Motion should be denied because the Court stated at the March 21, 2007, status conference, that it would not extend the close of discovery past "120 days from now." See Status Hearing before the Honorable John D. Bates Tr. 10:7-10; 11:13-14, March 21, 2007, attached hereto as Exhibit A. Indeed court's have denied motions requesting an extension of a scheduling order where the parties were previously warned that further extensions of discovery would not be granted. See Senkow v. Herrington, 1989 WL 46747, *1 (D.D.C. April 25, 1989) (denying a motion to enlarge discovery where the court allowed 120 days to complete discovery and notified the parties that it was "not inclined to grant further continuance of discovery").

Likewise, here, plaintiff filed the instant Motion despite the Court's order and admonition. As such, plaintiff's Motion should be denied.

II.  DISCOVERY HAS PROGRESSED IN THE CASE AND THERE IS NO GOOD CAUSE TO EXTEND DISCOVERY PURSUANT TO FED. R. CIV. P. 16(B).

Discovery has progressed in the case, thus, negating the need to extend the deadline for discovery. On April 20 and May 4, 2007, defendants supplemented their responses to Plaintiff's First Request for Production of Documents. See Defendant SFX Sports Group, Inc.'s Fifth Supplemental Responses to Plaintiff's First Request for Production of Documents, attached hereto as Exhibit B; see also letter from Johnine Barnes to David Schreiber, dated May 4, 2007, attached hereto as Exhibit C. On May 30, 2007, plaintiff supplemented her discovery responses.

Additionally, the following depositions have been taken in the case: Gene Mason (April 23, 2007); Alaka Williams (April 26, 2007); Kimberly Wray (May 9, 2007); Daniel Rosier (May 22, 2007); and Julie Kennedy (May 31, 2007).

To date, the only outstanding discovery requested by plaintiff are Rule 30(b)(6)

depositions. Plaintiff reissued her Rule 30(b)(6) notices of deposition on June 15, 2007.[1] See Plaintiff's Fourth Amended Rule 30(b)(6) Notice of Deposition to SFX Sports Group, Inc., Plaintiff's Fifth Amended Rule 30(b)(6) Notice of Deposition to Clear Channel Communications, Inc. and Plaintiff's Sixth Amended Rule 30(b)(6) Notice of Deposition to Live Nation, Inc. (collectively, the "Notices"), attached hereto as Exhibit F. The Notices contain the exact same issues for all three corporate defendants. Because Clear Channel Communications, Inc. ("Clear Channel") does not possess any information with regard to the merits of plaintiff's claim as requested in the Notices, it is anticipated that there only will be one deposition of a corporate representative to respond on behalf of both defendants Live Nation, Inc. ("Live Nation") and SFX Sports Group, Inc. ("SFX").

Plaintiff did not serve her initial Rule 30(b)(6) notices until May 18, 2007. There is no reason for plaintiff to have delayed the issuance and reissuance of the notices. See Olgvay v. Soc'y for Envtl. Graphic Design, Inc. et al., 169 F.R.D. 219, 220 (D.D.C. 1996) ("Mere failure on the part of counsel to proceed promptly and appropriately with the normal processes of discovery should not be considered good cause"). As such, plaintiff's failure to promptly issue the Rule 30(b)(6) notices is not good cause to grant an amendment of the Scheduling Order to extend the discovery period to take the Rule 30(b)(6) depositions.

Further, there is no good cause for plaintiff's delay in discovering many of the areas of questioning for the designated Rule 30(b)(6) corporate representatives. Plaintiff filed her Complaint on March 17, 2006. Yet, she did not notice appropriately and sufficiently a Rule

---

[1] Defendants asked plaintiff to reissue the Third Amended Rule 30(b)(6) Notice of Deposition served upon defendants on May 18, 2007. The notice was deficient in that it noticed a Rule 30(b)(6) deposition of "SFX Sports Group Inc. et al.," as opposed to designating the areas of questioning for each individual corporate defendant named in the case. See Plaintiff's Third Amended Rule 30(b)(6) Notice of Deposition, attached hereto as Exhibit D; see also letter from Johnine Barnes to David Schreiber, dated June 7, 2007, attached hereto as Exhibit E.

30(b)(6) deposition addressing the merits of her claims until June 15, 2007. See supra Olgvay, 169 F.R.D. at 220.

Moreover, many of the areas of questioning for defendants SFX and Live Nation could have been covered in plaintiff's deposition of Daniel Rosier, Executive Vice President, Office of Strategic Management for Live Nation. Mr. Rosier, as averred by defendants, was the decision-maker with respect to the separation of plaintiff's employment with defendant SFX which is at issue in the case. However, plaintiff delayed in serving the initial notice of deposition until May 18, 2007, the Friday afternoon prior to Mr. Rosier's deposition on Tuesday, May 22, 2007. See Exhibit D. Plaintiff's delay in serving the notice did not provide sufficient time for preparation to respond to the areas of questioning specified in the notice. See Status Hearing before the Honorable John D. Bates Tr. 8:14 – 9:4, May 18, 2007 (dated March 18, 2007 in the transcript), attached hereto as Exhibit G.

Additionally, the discovery requested in Plaintiff's Motion to Compel Discovery, and For Sanctions is limited and does not necessitate an extension of the discovery period in the case. See Plaintiff's Motion to Compel Discovery, and For Sanctions; see also Defendants' Opposition to Plaintiff's Motion to Compel Discovery, and For Sanctions. To the extent the Court orders the discovery of certain information and property pursuant to the motion, such discovery are discrete requests and/or occurrences and do not necessitate the enlargement of the discovery period. Thus, plaintiff fails to satisfy the "good cause" standard as required by Fed. R. Civ. P. 16(b). See supra Olgvay, 169 F.R.D. at 220. Thus, plaintiff's Motion should be denied.

III.  PLAINTIFF'S VACATION IS NOT GOOD CAUSE TO SUPPORT ENLARGEMENT OF DISCOVERY.

Plaintiff's counsel's stated vacation that has been scheduled for two years, is not good cause to enlarge discovery. (Plaintiff's Motion ¶ 4). As plaintiff's counsel's vacation was

planned well in advance of the close of discovery, arrangements should have been made to complete any needed discovery prior to its close. See St. Paul Mercury Ins. Co., 2007 U.S. Dist. LEXIS at *20-21 (citations omitted) (To exhibit diligence under the good cause standard of Fed. R. Civ. P. 16, the moving party may be required to show that noncompliance with a Fed. R. Civ. P. 16 deadline will transpire as a result of matters "which could not have been reasonably foreseen or anticipated"). The parties had 120 days from the set of the close of discovery to prevent plaintiff's anticipated vacation from interfering with the close of discovery. See Status Hearing before the Honorable John D. Bates Tr. 9:13-23; 11:13-14, March 21, 2007, attached hereto as Exhibit A.

Further, plaintiff's counsel has two weeks after his return from vacation to conclude any necessary discovery. Defendants are committed to working with plaintiff to complete the Rule 30(b)(6) depositions by July 19, 2007, and will consent, upon the Court's grant, to allow the taking of the noticed depositions outside of the discovery period. Accordingly, plaintiff has failed to show good cause to amend the Scheduling Order to extend discovery.

IV.   ENLARGEMENT OF DISCOVERY WILL CAUSE FURTHER SCHEDULING DELAYS AND CONFLICTS.

Enlargement of discovery in this case will cause further scheduling delays and conflicts. Again, any alleged deficiencies in defendants' responses to plaintiff's discovery requests can be resolved in discrete instances and do not require the enlargement of the discovery period.

Conversely, an enlargement of the discovery period will further delay the scheduling of the trial and the disposition of the case. Defendants' counsel is not available July 19 to August 6, 2007, due to personal and business travel. Counsel's travel was intentionally scheduled to occur after the close of discovery in this case, as counsel did not anticipate any further extensions of discovery based upon the Court's admonition at the March 21, 2007, status hearing. Therefore,

plaintiff's Motion should be denied.

V.   CONCLUSION.

For the foregoing reasons, Motion of Plaintiff to Enlarge Discovery should be denied, and defendants should be awarded attorneys' fees and costs associated with the filing of their opposition to the instant Motion.

Dated:   June 22, 2007

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
(202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc., Live Nation, Inc., Clear Channel Communications, Inc., Daniel Rosier and Kimberly Wray

-10-