**EXHIBIT F**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUDREY (SHEBBY) D'ONOFRIO

      Plaintiff

v.

      Case No.: 06-687 JDB/jmf

SFX SPORTS GROUP, INC., et. al.

      Defendants

## PLAINTIFF'S FOURTH AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION TO SFX SPORTS GROUP, INC.

TO: **SFX SPORTS GROUP, INC.**
C/O Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304
Counsel for Defendants

    PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, at 10:00 a.m. on July 13, 2007, Plaintiff, through counsel, will take the deposition, pursuant to Rule 30(b)(6), of Defendant, **SFX SPORTS GROUP, INC.,** by and through a corporate representative(s) to be designated by Defendant, **SFX SPORTS GROUP, INC.** The Defendant shall designate one or more employees, officers, directors, agents or other persons who will testify on its behalf and shall identify those matters upon which each such person shall testify. Said deposition shall be taken before a Notary Public or other officer authorized to administer oaths in the State of Maryland and the District of Columbia.

    This deposition is being taken for purposes of discovery, for use at trial, and/or for any other purposes as permitted by applicable rule, and will continue from day to day until completed. *THE DEPOSITION WILL BE VIDEOTAPED.*

    The deponent(s) shall be examined upon those subjects, matters, issues, events and transactions, described in Plaintiff's Amended Complaint as well as hereafter.

    The deponent(s) shall be generally examined upon those subjects, matters, issues, events and transactions, described in Plaintiff's Amended Complaint as well as each

Defendants' answers, each Defendants' various responses to Plaintiff's discovery requests, i.e. interrogatories and request for production of documents[1], as well as documents produced, which are hereby incorporated herein by reference as though set forth fully and at length herein, as well as hereinafter. In addition, the deponent(s) shall be examined upon the following selective topics:

1. The deponent or deponents shall also be examined specifically about Defendants' efforts to retrieve documents, including e mails, spread sheets, memoranda, etc., from any information technology system, as well as any paper documents, as requested by the Plaintiff in her Request for Production of Documents directed to Defendants. The identity and efforts of all individuals who were involved in the retrieval of this material, or attempts to retrieve, will also be the subject of this inquiry.

2. All communications/negotiations between/among the owner(s) of Defendants, their officers, directors, representatives, owners, employees and affiliates (current or former) concerning the termination of the Plaintiff from SFX/Live Nation/Clear Channel, or concerning the reorganization of any the Defendants or their affiliates, in 2005 or thereafter as it would pertain to the termination of the employment of the Plaintiff.

3. The retention policies promulgated by this Defendant, or respective corporate legal counsel, with respect to electronic and/or paper documents and information, from 2000 until the present.

4. Defendant's alleged reasons for terminating Plaintiff, and the identity of and content of all documents constituting or memorializing each such reason or reasons.

5. The identity of each individual who was employed by SFX Sports Group from 2000 through the present that was promoted to the title of Vice President. In identifying each such person, aside from address and telephone numbers of each person, the deponent will be questioned about:
   a. the length of service each person had with SFX Sports Group prior to being promoted to the title of Vice President, and
   b. the succession of titles and the length of time with each title.

6. Pursuant to Rule 30(b)(5), each person designated is requested to bring with him or her a copy of his or her current (or last available) job description, resume, and business card.

7. Defendant's policies, if any, concerning the continued employment of pregnant women, including, but not necessarily limited to, matters such as the following:
   a. How much paid personal leave the employee may take;
   b. How much unpaid personal leave the employee may take;
   c. How much vacation time the employee may take;
   d. How much sick leave the employee may take;

---

[1] **Note**: The word "document" in this Notice means any document within the scope of Federal Rule of Civil Procedure 34 and as defined in Plaintiff's Request for Production of Documents served on Defendants.

2

      e.    How much paid disability leave the employee may take;
      f.    How much unpaid disability leave the employee may take;
      g.    How much total leave the employee may take and still return to her same job;
      h.    How much total leave the employee may take and still return to the company;
      I.    Accrual or loss of seniority while on leave;
      j.    Susceptibility to layoff while on leave;
      k.    Whether pregnancy is ever grounds for discharge;
      l.    Whether pregnancy will ever result in reassignment to another job;
      m.    Whether an employee who takes an extended leave, while not guaranteed a job, is subject to rehire.

8. Howard Schacter's employment with SFX Sports Group, Inc., including, but not limited to:
      a.    the exact job title of Mr. Schacter's position(s),
      b.    a reasonably detailed description of his duties and responsibilities,
      c.    the dates of his tenure in each position,
      d.    all persons supervised in each position,
      e.    the supervisors reported to in each position and for what time period,
      f.    all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.
      g.    Mr. Schacter's employment contract with the Defendant[s].

9. The identification (see Definition and Instruction E, J, Interrogatories) of all persons who have knowledge of any request by Ms. D'Onofrio to increase her compensation and to change her title, or were involved in any decision to not promote Audrey (Shebby) D'Onofrio to the title of Vice President, or to increase or not increase her compensation, at any time during the entire span of her tenure of employment with SFX Sports Group, Inc. including but not limited to:
      a.    the name, address, phone number and title of each individual involved,
      b.    the exact role each individual played in the decision to deny the title of Vice President,
      c.    the person or persons who made the actual decision not to promote Ms. (Shebby) D'Onofrio to the title of Vice President, and
      d.    the underlying justification for denying the promotion.

10. The identity of any entity or individual hired for or promoted to the position for which the Plaintiff was employed, or assumed any of Plaintiff's job responsibilities, subsequent to the Plaintiff's termination in September, 2005.

11. Audrey (Shebby) D'Onofrio's employment with SFX Sports Group, Inc. including but not limited to:
      a.    the exact job title of Ms. (Shebby) D'Onofrio's position(s),
      b.    a reasonably detailed description of her duties and responsibilities, the dates of her tenure in each position,
      c.    all persons supervised in each position,
      d.    the supervisors reported to in each position and for what time period,
      e.    all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay

and severance.
12. Jim Gluckson's employment with SFX Sports Group, Inc. including but not limited to:
   a. the exact job title of Mr. Gluckson's position(s),
   b. a reasonably detailed description of his duties and responsibilities,
   c. the dates of his tenure in each position,
   d. all persons supervised in each position,
   e. the supervisors reported to in each position and for what time period,
   f. all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.
13. The decision to restore the employment of Audrey (Shebby) D'Onofrio in 2002, including the identity of each individual involved, the role each individual played in the process, and the identity of the person or persons who made the actual decision to restore employment.
14. The purported restructuring of SFX Sports Group, Inc. ("due to changes in the company, there was no longer a need for a public relations function, such that her position was to be eliminated effective that day" Complaint, ¶20), or related entities, that formed the alleged basis for the termination of the Plaintiff. This inquiry will also include the formulation of any business plan which it has been alleged was the basis for the termination of the Plaintiff.
15. The identity of each prospective client that SFX Sports Group, Inc. has attempted to represent since 2000, including individuals that became clients, as well as the SFX Sports Group, Inc. agent that was responsible for overseeing the effort to secure the new business. This inquiry will also focus on any and all services, including but not limited to media relations or public relations, that SFX or any related entity would provide to any prospective client.
16. All contracts and pitches, as limited by Plaintiff in her communication to Defendants' counsel on November 8, 2006, as follows:

"The following is a sample of the athletes directly represented by Ms. D'Onofrio. She not only oversaw individual public relations but also pitches for entire group i.e. golf, tennis etc. Without conceding our possible need for other material, at this time we would request both the contracts and pitches for the following people:

**TENNIS**
Andre Agassi, Mike and Bob Bryan [double team], Mardy Fish, Andy Roddick, Justine Henin-Hardenne, Paradorn Schichaphan

**FOOTBALL**
Roy Williams, Eric Crouch, Jerry Rice, Bryant Mckinnie, Duece McAllister

**OLYMPICS**
Gail Devers, Tyler Hamilton

**BROADCASTING**

4

Linda Cohn-ESPN

**BASEBALL**

Reuben Rivera, Mariano Rivera, Jim Thome

**CLEAR CHANNEL ENTERTAINMENT:**

        Respectfully submitted,

        DAVID E. SCHREIBER, P.C.

        By:_____/s/_____
        David E. Schreiber, Esq.
        4550 Montgomery Avenue, Suite 760N
        Bethesda, Maryland 20814
        (301) 951-1530
        Bar No. 152082
        Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF'S FOURTH AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION TO SFX SPORTS GROUP, INC.** was sent by first class mail and e mail on June 15, 2007 to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

        _____/s/_____
        David E. Schreiber, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUDREY (SHEBBY) D'ONOFRIO

Plaintiff

v.

Case No.: 06-687 JDB
Judge John D. Bates

SFX SPORTS GROUP, INC., et. al.

Defendants

**PLAINTIFF'S FIFTH AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION TO CLEAR CHANNEL COMMUNICATIONS INC., (AKA CLEAR CHANNEL ENTERTAINMENT AND CEE SPINCO, INC.)**

TO: **CLEAR CHANNEL COMMUNICATIONS INC., (AKA CLEAR CHANNEL ENTERTAINMENT AND CEE SPINCO, INC.)**
C/O   Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304
Counsel for Defendants

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, at 10:00 a.m. on July 16, 2007, Plaintiff, through counsel, will take the deposition, pursuant to Rule 30(b)(6), of Defendant, **CLEAR CHANNEL COMMUNICATIONS INC., (AKA CLEAR CHANNEL ENTERTAINMENT AND CEE SPINCO, INC.),** by and through a corporate representative(s) to be designated by Defendant, **CLEAR CHANNEL COMMUNICATIONS INC., (AKA CLEAR CHANNEL ENTERTAINMENT AND CEE SPINCO, INC.).** The Defendant shall designate one or more employees, officers, directors, agents or other persons who will testify on its behalf and shall identify those matters upon which each such person shall testify. Said deposition shall be taken before a Notary Public or other officer authorized to administer oaths in the State of Maryland and the District of Columbia.
This deposition is being taken for purposes of discovery, for use at trial, and/or for any other purposes as permitted by applicable rule, and will continue from day to day until completed. *THE DEPOSITION WILL BE VIDEOTAPED.*

1

The deponent(s) shall be examined upon those subjects, matters, issues, events and transactions, described in Plaintiff's Amended Complaint as well as hereafter.

The deponent(s) shall be generally examined upon those subjects, matters, issues, events and transactions, described in Plaintiff's Amended Complaint as well as each Defendants' answers, each Defendants' various responses to Plaintiff's discovery requests, i.e. interrogatories and request for production of documents[1], as well as documents produced, which are hereby incorporated herein by reference as though set forth fully and at length herein, as well as hereinafter. In addition, the deponent(s) shall be examined upon the following selective topics:

1. The deponent or deponents shall also be examined specifically about Defendants' efforts to retrieve documents, including e mails, spread sheets, memoranda, etc., from any information technology system, as well as any paper documents, as requested by the Plaintiff in her Request for Production of Documents directed to Defendants. The identity and efforts of all individuals who were involved in the retrieval of this material, or attempts to retrieve, will also be the subject of this inquiry.

2. All communications/negotiations between/among the owner(s) of Defendants, their officers, directors, representatives, owners, employees and affiliates (current or former) concerning the termination of the Plaintiff from SFX/Live Nation/Clear Channel, or concerning the reorganization of any the Defendants or their affiliates, in 2005 or thereafter as it would pertain to the termination of the employment of the Plaintiff.

3. The retention policies promulgated by this Defendant, or respective corporate legal counsel, with respect to electronic and/or paper documents and information, from 2000 until the present.

4. Defendant's alleged reasons for terminating Plaintiff, and the identity of and content of all documents constituting or memorializing each such reason or reasons.

5. The identity of each individual who was employed by SFX Sports Group from 2000 through the present that was promoted to the title of Vice President. In identifying each such person, aside from address and telephone numbers of each person, the deponent will be questioned about:
   a. the length of service each person had with SFX Sports Group prior to being promoted to the title of Vice President, and
   b. the succession of titles and the length of time with each title.

6. Pursuant to Rule 30(b)(5), each person designated is requested to bring with him or her a copy of his or her current (or last available) job description, resume, and business card.

7. Defendant's policies, if any, concerning the continued employment of pregnant women, including, but not necessarily limited to, matters such as the following:

---

[1] *Note*: The word "document" in this Notice means any document within the scope of Federal Rule of Civil Procedure 34 and as defined in Plaintiff's Request for Production of Documents served on Defendants.

2

      a. How much paid personal leave the employee may take;
      b. How much unpaid personal leave the employee may take;
      c. How much vacation time the employee may take;
      d. How much sick leave the employee may take;
      e. How much paid disability leave the employee may take;
      f. How much unpaid disability leave the employee may take;
      g. How much total leave the employee may take and still return to her same job;
      h. How much total leave the employee may take and still return to the company;
      i. Accrual or loss of seniority while on leave;
      j. Susceptibility to layoff while on leave;
      k. Whether pregnancy is ever grounds for discharge;
      l. Whether pregnancy will ever result in reassignment to another job;
      m. Whether an employee who takes an extended leave, while not guaranteed a job, is subject to rehire.

8. Howard Schacter's employment with SFX Sports Group, Inc., including, but not limited to:
      a. the exact job title of Mr. Schacter's position(s),
      b. a reasonably detailed description of his duties and responsibilities,
      c. the dates of his tenure in each position,
      d. all persons supervised in each position,
      e. the supervisors reported to in each position and for what time period,
      f. all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.
      g. Mr. Schacter's employment contract with the Defendant[s].

9. The identification (see Definition and Instruction E, J, Interrogatories) of all persons who have knowledge of any request by Ms. D'Onofrio to increase her compensation and to change her title, or were involved in any decision to not promote Audrey (Shebby) D'Onofrio to the title of Vice President, or to increase or not increase her compensation, at any time during the entire span of her tenure of employment with SFX Sports Group, Inc. including but not limited to:
      a. the name, address, phone number and title of each individual involved,
      b. the exact role each individual played in the decision to deny the title of Vice President,
      c. the person or persons who made the actual decision not to promote Ms. (Shebby) D'Onofrio to the title of Vice President, and
      d. the underlying justification for denying the promotion.

10. The identity of any entity or individual hired for or promoted to the position for which the Plaintiff was employed, or assumed any of Plaintiff's job responsibilities, subsequent to the Plaintiff's termination in September, 2005.

11. Audrey (Shebby) D'Onofrio's employment with SFX Sports Group, Inc. including but not limited to:
      a. the exact job title of Ms. (Shebby) D'Onofrio's position(s),
      b. a reasonably detailed description of her duties and responsibilities, the dates of her tenure in each position,

      c.    all persons supervised in each position,
      d.    the supervisors reported to in each position and for what time period,
      e.    all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.

12.    Jim Gluckson's employment with SFX Sports Group, Inc. including but not limited to:
      a.    the exact job title of Mr. Gluckson's position(s),
      b.    a reasonably detailed description of his duties and responsibilities,
      c.    the dates of his tenure in each position,
      d.    all persons supervised in each position,
      e.    the supervisors reported to in each position and for what time period,
      f.    all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.

13.    The decision to restore the employment of Audrey (Shebby) D'Onofrio in 2002, including the identity of each individual involved, the role each individual played in the process, and the identity of the person or persons who made the actual decision to restore employment.

14.    The purported restructuring of SFX Sports Group, Inc. ("due to changes in the company, there was no longer a need for a public relations function, such that her position was to be eliminated effective that day" Complaint, ¶20), or related entities, that formed the alleged basis for the termination of the Plaintiff. This inquiry will also include the formulation of any business plan which it has been alleged was the basis for the termination of the Plaintiff.

15.    The identity of each prospective client that SFX Sports Group, Inc. has attempted to represent since 2000, including individuals that became clients, as well as the SFX Sports Group, Inc. agent that was responsible for overseeing the effort to secure the new business. This inquiry will also focus on any and all services, including but not limited to media relations or public relations, that SFX or any related entity would provide to any prospective client.

16.    All contracts and pitches, as limited by Plaintiff in her communication to Defendants' counsel on November 8, 2006, as follows:

"The following is a sample of the athletes directly represented by Ms. D'Onofrio. She not only oversaw individual public relations but also pitches for entire group i.e. golf, tennis etc. Without conceding our possible need for other material, at this time we would request both the contracts and pitches for the following people:

**TENNIS**
Andre Agassi, Mike and Bob Bryan [double team], Mardy Fish, Andy Roddick, Justine Henin-Hardenne, Paradorn Schichaphan

**FOOTBALL**
Roy Williams, Eric Crouch, Jerry Rice, Bryant Mckinnie, Duece McAllister

**OLYMPICS**

4

Gail Devers, Tyler Hamilton

**BROADCASTING**
Linda Cohn-ESPN

**BASEBALL**
Reuben Rivera, Mariano Rivera, Jim Thome

**CLEAR CHANNEL ENTERTAINMENT:**

Respectfully submitted,

DAVID E. SCHREIBER, P.C.

By:_____/s/_____
David E. Schreiber, Esq.
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Bar No. 152082
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF'S FIFTH AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION TO CLEAR CHANNEL COMMUNICATIONS INC., (AKA CLEAR CHANNEL ENTERTAINMENT AND CEE SPINCO, INC.)** was sent by first class mail and e mail on June 15, 2007 to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

_____/s/_____
David E. Schreiber, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUDREY (SHEBBY) D'ONOFRIO

Plaintiff

v.

Case No.: 06-687 JDB
Judge John D. Bates

SFX SPORTS GROUP, INC., et. al.

Defendants

**PLAINTIFF'S SIXTH AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION TO LIVE NATION, INC. (FORMERLY CEE SPINCO, INC., OR CLEAR CHANNEL COMMUNICATIONS, INC.)**

TO: **LIVE NATION, INC. (FORMERLY CEE SPINCO, INC., OR CLEAR CHANNEL COMMUNICATIONS, INC.)**
C/O   Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304
Counsel for Defendants

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, at 10:00 a.m. on July 17, 2007, Plaintiff, through counsel, will take the deposition, pursuant to Rule 30(b)(6), of Defendant, **LIVE NATION, INC. (FORMERLY CEE SPINCO, INC., OR   CLEAR CHANNEL COMMUNICATIONS, INC.)**, by and through a corporate representative(s) to be designated by Defendant, **LIVE NATION, INC. (FORMERLY CEE SPINCO, INC., OR   CLEAR CHANNEL COMMUNICATIONS, INC.)**. The Defendant shall designate one or more employees, officers, directors, agents or other persons who will testify on its behalf and shall identify those matters upon which each such person shall testify.  Said deposition shall be taken before a Notary Public or other officer authorized to administer oaths in the State of Maryland and the District of Columbia.
This deposition is being taken for purposes of discovery, for use at trial, and/or for any other purposes as permitted by applicable rule, and will continue from day to day until completed. *THE DEPOSITION WILL BE VIDEOTAPED.*
The deponent(s) shall be examined upon those subjects, matters, issues, events

1

and transactions, described in Plaintiff's Amended Complaint as well as hereafter.

The deponent(s) shall be generally examined upon those subjects, matters, issues, events and transactions, described in Plaintiff's Amended Complaint as well as each Defendants' answers, each Defendants' various responses to Plaintiff's discovery requests, i.e. interrogatories and request for production of documents[1], as well as documents produced, which are hereby incorporated herein by reference as though set forth fully and at length herein, as well as hereinafter. In addition, the deponent(s) shall be examined upon the following selective topics:

1. The deponent or deponents shall also be examined specifically about Defendants' efforts to retrieve documents, including e mails, spread sheets, memoranda, etc., from any information technology system, as well as any paper documents, as requested by the Plaintiff in her Request for Production of Documents directed to Defendants. The identity and efforts of all individuals who were involved in the retrieval of this material, or attempts to retrieve, will also be the subject of this inquiry.
2. All communications/negotiations between/among the owner(s) of Defendants, their officers, directors, representatives, owners, employees and affiliates (current or former) concerning the termination of the Plaintiff from SFX/Live Nation/Clear Channel, or concerning the reorganization of any the Defendants or their affiliates, in 2005 or thereafter as it would pertain to the termination of the employment of the Plaintiff.
3. The retention policies promulgated by this Defendant, or respective corporate legal counsel, with respect to electronic and/or paper documents and information, from 2000 until the present.
4. Defendant's alleged reasons for terminating Plaintiff, and the identity of and content of all documents constituting or memorializing each such reason or reasons.
5. The identity of each individual who was employed by SFX Sports Group from 2000 through the present that was promoted to the title of Vice President. In identifying each such person, aside from address and telephone numbers of each person, the deponent will be questioned about:
   a. the length of service each person had with SFX Sports Group prior to being promoted to the title of Vice President, and
   b. the succession of titles and the length of time with each title.
6. Pursuant to Rule 30(b)(5), each person designated is requested to bring with him or her a copy of his or her current (or last available) job description, resume, and business card.
7. Defendant's policies, if any, concerning the continued employment of pregnant women, including, but not necessarily limited to, matters such as the following:
   a. How much paid personal leave the employee may take;

---

[1] **Note**: The word "document" in this Notice means any document within the scope of Federal Rule of Civil Procedure 34 and as defined in Plaintiff's Request for Production of Documents served on Defendants.

2

    b. How much unpaid personal leave the employee may take;
    c. How much vacation time the employee may take;
    d. How much sick leave the employee may take;
    e. How much paid disability leave the employee may take;
    f. How much unpaid disability leave the employee may take;
    g. How much total leave the employee may take and still return to her same job;
    h. How much total leave the employee may take and still return to the company;
    i. Accrual or loss of seniority while on leave;
    j. Susceptibility to layoff while on leave;
    k. Whether pregnancy is ever grounds for discharge;
    l. Whether pregnancy will ever result in reassignment to another job;
    m. Whether an employee who takes an extended leave, while not guaranteed a job, is subject to rehire.

8. Howard Schacter's employment with SFX Sports Group, Inc., including, but not limited to:
    a. the exact job title of Mr. Schacter's position(s),
    b. a reasonably detailed description of his duties and responsibilities,
    c. the dates of his tenure in each position,
    d. all persons supervised in each position,
    e. the supervisors reported to in each position and for what time period,
    f. all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.
    g. Mr. Schacter's employment contract with the Defendant[s].

9. The identification (see Definition and Instruction E, J, Interrogatories) of all persons who have knowledge of any request by Ms. D'Onofrio to increase her compensation and to change her title, or were involved in any decision to not promote Audrey (Shebby) D'Onofrio to the title of Vice President, or to increase or not increase her compensation, at any time during the entire span of her tenure of employment with SFX Sports Group, Inc. including but not limited to:
    a. the name, address, phone number and title of each individual involved,
    b. the exact role each individual played in the decision to deny the title of Vice President,
    c. the person or persons who made the actual decision not to promote Ms. (Shebby) D'Onofrio to the title of Vice President, and
    d. the underlying justification for denying the promotion.

10. The identity of any entity or individual hired for or promoted to the position for which the Plaintiff was employed, or assumed any of Plaintiff's job responsibilities, subsequent to the Plaintiff's termination in September, 2005.

11. Audrey (Shebby) D'Onofrio's employment with SFX Sports Group, Inc. including but not limited to:
    a. the exact job title of Ms. (Shebby) D'Onofrio's position(s),
    b. a reasonably detailed description of her duties and responsibilities, the dates of her tenure in each position,
    c. all persons supervised in each position,

3

    d.    the supervisors reported to in each position and for what time period,
    e.    all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.

12. Jim Gluckson's employment with SFX Sports Group, Inc. including but not limited to:
    a. the exact job title of Mr. Gluckson's position(s),
    b. a reasonably detailed description of his duties and responsibilities,
    c. the dates of his tenure in each position,
    d. all persons supervised in each position,
    e. the supervisors reported to in each position and for what time period,
    f. all forms of compensation earned in each position, including but not limited to, salary, bonus, restricted stock, options, vehicle allowance, relocation pay and severance.

13. The decision to restore the employment of Audrey (Shebby) D'Onofrio in 2002, including the identity of each individual involved, the role each individual played in the process, and the identity of the person or persons who made the actual decision to restore employment.

14. The purported restructuring of SFX Sports Group, Inc. ("due to changes in the company, there was no longer a need for a public relations function, such that her position was to be eliminated effective that day" Complaint, ¶20), or related entities, that formed the alleged basis for the termination of the Plaintiff. This inquiry will also include the formulation of any business plan which it has been alleged was the basis for the termination of the Plaintiff.

15. The identity of each prospective client that SFX Sports Group, Inc. has attempted to represent since 2000, including individuals that became clients, as well as the SFX Sports Group, Inc. agent that was responsible for overseeing the effort to secure the new business. This inquiry will also focus on any and all services, including but not limited to media relations or public relations, that SFX or any related entity would provide to any prospective client.

16. All contracts and pitches, as limited by Plaintiff in her communication to Defendants' counsel on November 8, 2006, as follows:

"The following is a sample of the athletes directly represented by Ms. D'Onofrio. She not only oversaw individual public relations but also pitches for entire group i.e. golf, tennis etc. Without conceding our possible need for other material, at this time we would request both the contracts and pitches for the following people:

**TENNIS**
Andre Agassi, Mike and Bob Bryan [double team], Mardy Fish, Andy Roddick, Justine Henin-Hardenne, Paradorn Schichaphan

**FOOTBALL**
Roy Williams, Eric Crouch, Jerry Rice, Bryant Mckinnie, Duece McAllister

**OLYMPICS**
Gail Devers, Tyler Hamilton

4

**BROADCASTING**
Linda Cohn-ESPN

**BASEBALL**
Reuben Rivera, Mariano Rivera, Jim Thome

**CLEAR CHANNEL ENTERTAINMENT:**

Respectfully submitted,

DAVID E. SCHREIBER, P.C.


By:_____/s/_____
David E. Schreiber, Esq.
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Bar No. 152082
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF'S SIXTH AMENDED RULE 30(B)(6) NOTICE OF DEPOSITION TO LIVE NATION, INC. (FORMERLY CEE SPINCO, INC., OR CLEAR CHANNEL COMMUNICATIONS, INC.)** was sent by first class mail and e mail on June 15, 2007 to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

_____/s/_____
David E. Schreiber, Esq.