**EXHIBIT A**

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


AUDREY (SHEBBY) D'ONOFRIO,    .
                              .
         Plaintiffs,          .
                              .   CA No. 06-0687 (JDB)
     v.                       .
                              .   Washington, D.C.
SFX SPORTS GROUP, et al.,     .   Wednesday, March 21, 2007
                              .   9:23 a.m.
         Defendants.          .
                              .
. . . . . . . . . . . . . . . .


                  TRANSCRIPT OF STATUS HEARING
              BEFORE THE HONORABLE JOHN D. BATES
                 UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:        DAVID E. SCHREIBER, ESQ.
                          4550 Montgomery Avenue
                          Suite 760N
                          Bethesda, Maryland 20814
                          301-951-1530

For the Defendants:       JOHNINE P. BARNES, ESQ.
                          ADRIENNE M. KING, ESQ.
                          Baker & Hostetler, LLP
                          1050 Connecticut Avenue, NW
                          Suite 1100
                          Washington, D.C. 20036-5304
                          202-861-1633

Court Reporter:           BRYAN A. WAYNE, RPR, CRR
                          Official Court Reporter
                          U.S. Courthouse, Room 6812
                          333 Constitution Avenue, NW
                          Washington, D.C. 20001
                          202-354-3186



Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.
```

1  extent that it's responsive to the discovery request -- and
2  their answers to interrogatories within 30 days. You've got the
3  opportunity to supplement, and you need to do so within 30 days.
4  That's point one.
5      Then, you will have everything that they say that they have
6  that is responsive to the discovery requests. You may believe
7  that there is more that they have not produced and you may need
8  to do a little bit of work in these depositions in order to
9  determine that. You may be filing a motion to compel. But we
10 need to have a schedule to allow that all to take place, so I'm
11 going set the close of discovery at 90 days from now.
12     Mr. Schreiber --
13         MR. SCHREIBER: May I ask the Court, because I know my
14 June is taken up with a vacation that I have planned for about
15 two years, which is going to be a couple weeks in June, so I
16 know that in 90 days I won't be here. And so can I suggest to
17 the Court 120 days just so that I'm not -- because the first two
18 weeks of June I'm going to be out of the country, and this was
19 planned a year or so ago.
20     So if you could make it 120 days, then I know that I'm at
21 least in the country and available to do whatever is necessary
22 to brief the Court, if that's going to be the case, or at least
23 appear at a status conference.
24         THE COURT: Ms. Barnes?
25         MS. BARNES: We object, Your Honor. Even to the

extent that plaintiff has issues with respect to production of the discovery, 30 days has gone by since the deposition of the IT person, and plaintiff has not done anything.

THE COURT: Well, that's too bad, Ms. Barnes. I view this as a problem that has been created by the defense. So I note your objection, but I am not sympathetic to it at all.

I don't like the 120-day figure, though. That's an awfully long time. So if I put that in place, there are not going to be any extensions of it. Everybody's going to work in this time frame and is going to get the discovery in this case done. If there are motions to compel, file; and if are there are motions for sanctions, file them, and I will look seriously at them.

And, to the extent that there's any discovery that I conclude has not been completed now that I've given you 30 days on the defense side to supplement, if I order further production, if I find that things have not been produced, you will -- you and your client will be sanctioned. Believe me. You will be.

With respect to the existing things that have happened, you can file a motion. I'm not going to prejudge that. I think that there's a lot of information here that I will be receiving, I assume, if such a motion is filed from both sides, and I'm not going to prejudge it.

But for the future, I want everybody to be warned, no more discovery -- I'll use the term "shenanigans." It is not meant

1  to infer that counsel have done anything improper or even that
2  clients have done anything improper, but we're going to get
3  through this now without further major bumps in the road.
4      And if I have to devote a lot of attention to it, I will.
5  And when I have to devote a lot of attention to discovery, it's
6  on my schedule, not your schedule, and you will not be
7  convincing me here on out that you have problems because of some
8  other obligations. If something has to be done, it will get
9  done, believe me. I'm up to here -- that is, up to my neck --
10 with the discovery problems in this case. So no more.
11     So, we now have discovery schedule 30 days for the
12 defendants to supplement any outstanding document production and
13 answers to interrogatory, and then the close of discovery is 120
14 days from now.
15     And in the meantime, Mr. Schreiber, if you think when you
16 get any supplementation that occurs that you don't have
17 everything, you're going to have to get a motion to compel in.
18 I'm now allowing you to file motions to compel. No more of
19 these telephone calls. I don't want telephone calls from you
20 anymore.
21     But I'm warning you that the losing party on motions to
22 compel, discovery squabbles, may well face having to pay the
23 cost of the other side. It's going to cost you to take
24 frivolous positions here on out in discovery in this case.
25     Mr. Schreiber.