**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO,<br><br>Plaintiff,<br><br>v.<br><br>SFX SPORTS GROUP, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06-cv-00687 (JDB)<br>) Next Event: Discovery Status Conference<br>) 5/18/07<br>)<br>)<br>)<br>) |

### DEFENDANT SFX SPORTS GROUP, INC.'S FIFTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Comes now defendant SFX Sports Group, Inc. ('defendant" or "SFX") and supplements it responses to Plaintiff's First Request for Production of Documents as follows:

1. All documents, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements, declarations, conversations or other communications by the Plaintiff or the Defendant regarding the Plaintiff's employment relationship with the Defendant.

RESPONSE: Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

2. Any notes, memoranda, or records of any kind pertaining to the Plaintiffs job performance during the relevant time period.

RESPONSE: Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

11. All documents, including any memos, pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the Defendant or any agents or employees of the Defendant had with the Plaintiff.

RESPONSE: Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

12. All documents pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the Defendant or any agent or employee of the Defendant had regarding the Plaintiff.

RESPONSE: Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

13. All documents reflecting all communications made to any of the Defendant's employees and/or in response to inquiries pertaining to the Plaintiffs employment relationship, work performance or other employment-related circumstances.

RESPONSE: Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

14. All other documents relating to the Defendant's communication to and about the Plaintiff that pertain to this legal action and that are not described above.

RESPONSE: Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

EMPLOYMENT RECORDS:

53. All documents that exist in either physical or electronic form that in anyway relate to the decision to terminate the employment of Audrey (Shebby) D'Onofrio in September 2005, including but not limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication.

RESPONSE: Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

54. All documents that in anyway discuss the subject of Ms. (Shebby) D'Onofrio's job title or compensation. This information should include all forms of correspondence, including but not limited to, internal memoranda and emails and should specifically include, but also not be limited to, emails sent on this subject between and among Ms. (Shebby) D'Onofrio and Michael Principe, Peter Hughes, Robert Urbach, William "Bud" Martin, Barbara Bissett, Jeff Lewis, Dan Rosier, Ken Meyerson, and all other employees of SFX Sports Group.

RESPONSE: Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

56. All documents that exist in either physical or electronic form that in anyway relate to the corporate restructuring process that occurred at SFX Sports Group in which the employment of Audrey (Shebby) D'Onofrio was terminated in 2001. Documents to be produced should include, but not be limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication.

RESPONSE. Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

58. All documents that exist in either physical or electronic form that in anyway relate to the corporate restructuring process that occurred at SFX Sports Group in which the employment of Audrey (Shebby) D'Onofrio was terminated in September of 2005. Documents to be produced should include, but not be limited to, internal memoranda, emails, meeting notes or minutes, presentations, telephone records and all other forms of correspondence or communication. [same as 52]

RESPONSE: Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

59. All emails sent by or to the Plaintiff by all employees of SFX Sports Group and Clear Channel.

RESPONSE: Subject to and without waiving SFX's previous objections and limitations agreed to by the parties, see supplemental electronic documents marked 4/20/07 produced for copying and inspection pursuant to a Stipulated Protective Order agreed upon by the parties.

BAKER & HOSTETLER LLP

By: _____
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
(202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc.,
Live Nation, Inc. and Clear Channel Communications, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2007 a copy of the foregoing Defendant SFX Sports Group, Inc.'s Fourth Supplemental Responses To Plaintiff's First Request For Production Of Documents was served by U.S. Mail, postage prepaid, on David E. Schreiber, Esq., David E. Schreiber, P.C., 4550 Montgomery Avenue, Suite 760N, Bethesda, MD 20814.

_____
Johnine P. Barnes