**EXHIBIT G**

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
AUDREY (SHEBBY) D'ONOFRIO,      .
                                .
        Plaintiffs,             .
                                .   CA No. 06-0687 (JDB)
    v.                          .
                                .   Washington, D.C.
SFX SPORTS GROUP, et al.,       .   Friday, March 18, 2007
                                .   9:17 a.m.
        Defendants.             .
                                .
. . . . . . . . . . . . . . . . .
```

↳ DATE SHN BE
5-18-07

TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:         DAVID E. SCHREIBER, ESQ.
                           4550 Montgomery Avenue
                           Suite 760N
                           Bethesda, Maryland 20814
                           301-951-1530

For the Defendants:        JOHNINE P. BARNES, ESQ.
                           ADRIENNE M. KING, ESQ.
                           Baker & Hostetler, LLP
                           1050 Connecticut Avenue, NW
                           Suite 1100
                           Washington, D.C. 20036-5304
                           202-861-1633

Court Reporter:            BRYAN A. WAYNE, RPR, CRR
                           Official Court Reporter
                           U.S. Courthouse, Room 6812
                           333 Constitution Avenue, NW
                           Washington, D.C. 20001
                           202-354-3186

Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

1  we've actually agreed that we will consider producing.
2      So from the defendant's standpoint, discovery is moving
3  forward. For the record, I would like the Court to know that,
4  although I have not had a chance to really read the motion to
5  compel, (1) I was not even aware that he was going to file one,
6  and/or (2) contacted about many of the issues that he's raising
7  there.
8      THE COURT: I think those are fair points for you to
9  make in your response to the motion. I read the rule 7(m)
10 certification, and it is expansive but a little elliptical, and
11 I just wasn't sure what the situation was. But that's something
12 I think you should raise in your response.
13     MS. BARNES: Okay. Thank you, Your Honor.
14     I'm sorry, the one thing that I do want to go on record
15 for, and I know you're referring it to a magistrate judge, but
16 we're going on Tuesday for the deposition of Dan Rosier.
17     I have asked plaintiff's counsel for a rule 30(b)(6)
18 designation so that in the event that a lot of the issues that
19 will be covered in the rule 30(b)(6) can be covered while we're
20 deposing Dan Rosier out there in California so we don't have to
21 do a back-and-forth or duplicative effort.
22     THE COURT: That seems sensible.
23     MS. BARNES: I have not received it. I just want to
24 make note before for the Court I have not received it. The
25 deposition is scheduled on Tuesday. I'm going to be gone on

1  Sunday. So I just want the record to reflect that we are trying
2  to move the discovery, and to the extent that there's a delay
3  based upon a 30(b)(6), I want the record to reflect that we have
4  not received one.
5          THE COURT: That is so noted, and I would suggest that
6  counsel might take the opportunity immediately after this
7  proceeding to have some continuing discussions.
8      One thing I need to ask, and that is, have new parties been
9  brought into the case by virtue of the amended complaint?
10         MR. SCHREIBER: We have two parties: one, Kimberly
11 Wray, that I was requested to personally serve in Texas, which
12 we had a process server do. Mr. Rosier, again counsel does not
13 wish to accept service, so when we're in California and at his
14 deposition, he will have to be form formally served if that is
15 their wish. That is their pleasure, so I'm forced to do that.
16         THE COURT: Now, they're going to have counsel --
17 right now they don't have counsel, I assume.
18         MR. SCHREIBER: I'm assuming we're going to have the
19 same counsel.
20         THE COURT: If it's the same counsel and there are no
21 new issues, then that might be no problem, but sometimes bringing
22 new parties in this late in a proceeding can delay things; and I
23 hope that it doesn't, but I'll keep my ears and eyes open.
24         MR. SCHREIBER: I don't think there's anything new
25 with both of these people. They were referred to in discovery,