UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUDREY (SHEBBY)  D'ONOFRIO          :
                                                       :
            Plaintiff                                 :
                                                       :
      v.                                               :          Case No.: 06-687 JDB/JMF
                                                       :
                                                       :
SFX SPORTS GROUP, INC., et. al.      :
                                                       :
            Defendants   :
.................................................:

**PLAINTIFF'S REPLY MEMORANDUM  TO DEFENDANTS' OPPOSITION TO
MOTION OF PLAINTIFF TO ENLARGE DISCOVERY**

Comes now the Plaintiff, by and through counsel, David E. Schreiber, Esq., and

replies to Defendants' Opposition to Motion of Plaintiff to Enlarge Discovery.   As grounds

therefor the Plaintiff states as follows:

1.      Defendants suggest that the Plaintiff does not satisfy the "good cause" requirements

        of the local Civil Rules."  At the hearing of March 21, 2007 the was advised, and

        accepted the fact, that a motion to compel and for sanctions was probable.

        Accordingly, while the Court hoped that the Defendants would produce what was

        requested, nevertheless, the Court realized that if motions were necessary then

        obviously discovery could not be completed as envisioned ("no more shenanigans").

2.      Given what has occurred, as set out both in the Motion to Enlarge Discovery as well

        as in Plaintiff's Second Motion to Compel Discovery, and for Sanctions it is apparent

        that Defendants have failed to provide appropriate discovery responses.  The

        additional time is necessary to cure these deficiencies.

3.      The Plaintiff has exercised "due diligence" by her having proceeded with the

depositions of Mr. Shannon, Mr. Mason, Ms. Williams, Ms. Wray, Mr. Rosier and Ms. Kennedy, as well as the further proposed Rule 30(b)(6) depositions of the respective corporate defendants.  A significant amount of the time and energy invested in these prior depositions was to ascertain what discovery had not been produced, why it wasn't produced, where this material might be located, and whether the material and information was accessible.  This effort was undertaken since the Defendants failed to produce relevant information and documents, failed to advise the Plaintiff and the Court why they did not produce the material, why relevant electronic data as well as the Plaintiff's computer and e mails were destroyed, etc.  It should be noted that at no time has any corporate Defendant filed an affidavit or declaration explaining under oath these deficiencies.

4.    Just this morning (July 6, 2007) Defendants' counsel delivered to Plaintiff's counsel a file containing, *intr alia*, personnel records of James Gluckson, Howard Schacter[1], as well as various versions of Mr. Schacter's employment agreements with both SFX Sports Group, Inc. and SFX Marketing, Inc., apparently a parent or affiliate company of Defendants.  The Defendants have represented for over a year that these materials could not be found.  No explanation is given by the Defendants' counsel for this mysterious and sudden appearance of these documents nor how this material was located.  Interestingly, during the course of a number of the depositions taken in this case, witnesses have referred to the fact that this material

---

[1]The production of Mr. Schacter's financial information will now allow the Plaintiff to have an expert calculate her back pay and front pay, especially in light of the fact that Defendant has finally produced information regarding Mr. Schacter's stock options, an issue pertaining to Plaintiff's damages claim.

existed and could easily be located with a minimum of effort. It should apparent that without Plaintiff's "digging" for this information, it would never have surfaced.

5.   Other material (e.g. electronic data and e-mails) still needs to be located and provided to the Plaintiff; thus the need for the Motion to Enlarge Discovery as well as in Plaintiff's Second Motion to Compel Discovery, and for Sanctions.

6.   In tracking the Defendants' Opposition a few comments are necessary regarding the scheduling of future depositions as well as discovery in general. Defendants state that "Plaintiff did not serve her initial Rule 30(B)(6) notices until May 18, 2007". That statement is incorrect. The first Notices were served on December 29, 2006 to Defendants' counsel. After repeated complaints regarding the scope of the Notice, the Notice was divided and the first Rule 30(B)(6) deposition was taken of Joseph Shannon, regarding the electronic discovery issues in the case. That deposition revealed that Ms. D'Onofrio's computer was "scrapped" and that much of her e-mail for the local server was missing. Thereafter, the Plaintiff has attempted to take Rule 30(B)(6) depositions but the Defendants have resisted, with complaints that they would not honor just one notice for the three defendants (even though the Defendants have been, and to a large extent still are, legally and logistically interrelated entities, and have designated individuals from co-defendants to answer interrogatories or to speak on behalf of the various defendants).

7.   With respect to personal comments directed at Plaintiff's counsel, no response should be necessary and none will be offered.

8.    Given the fact that at this juncture the discovery deadline of July 19, 2007 is

unrealistic, and that the Plaintiff has attempted for over one year to obtain

appropriate discovery, the Plaintiff continues to request the enlargement of time for

discovery as well as the intervention of this Court in the discovery process, as noted

in Plaintiff's Second Motion to Compel Discovery, and for Sanctions.


                                    Respectfully submitted,

                                    DAVID E. SCHREIBER, P.C.



                                    By:_____/s/_____
                                    David E. Schreiber, Esq.
                                    4550 Montgomery Avenue, Suite 760N
                                    Bethesda, Maryland 20814
                                    (301) 951-1530
                                    Bar No. 152082
                                    Counsel for Plaintiff



                        **CERTIFICATE OF SERVICE**

        I hereby certify that a copy of the foregoing Plaintiff's Reply Memorandum to
Defendants' Opposition to Motion of Plaintiff to Enlarge Time for Discovery, was filed
electronically, on July 6, 2007 and served thereby to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304


                                    _____/S/_____
                                    David E. Schreiber, Esq.

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\ENLARGE TIME\Reply to Opp to Motion to Enlarge Discovery.wpd

C:\MyFiles\CLIENTS\Shebby\Pleadings\Discovery\MOTIONS\ENLARGE TIME\Reply to Opp to Motion to Enlarge Discovery.wpd