UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:06-cv-00687 (JDB) |
| | ) Next Event: Discovery Closes |
| SFX SPORTS GROUP, INC., et al. | ) July 19, 2007 |
| Defendants. | ) |

DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY

Comes now defendants SFX Sports Group, Inc., Live Nation, Inc., Clear Channel Communications, Inc., Daniel Rosier and Kimberly Wray (collectively, "defendants") pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure and moves the Court for leave to file a surreply to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Second Motion to Compel Discovery, and For Sanctions and as grounds therefor refers to the Memorandum of Points And Authorities attached hereto and made a part hereof.

BAKER & HOSTETLER LLP

By: /s/
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
(202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc., Live Nation, Inc., Clear Channel Communications, Inc., Daniel Rosier and Kimberly Wray

CERTIFICATE PURSUANT TO LCvR 7.0(m)

On July 2, 2007, defendants' counsel sent a letter to plaintiff's counsel regarding the issues addressed in this motion. On July 3, 2007, defendants' counsel telephoned plaintiff's counsel regarding the issues addressed in this motion. On July 5, 2006, counsel discussed the issues addressed in this motion, however, consent to this motion could not be obtained.

/s/
Johnine P. Barnes

CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2007, a copy of the foregoing Defendants' Motion for Leave to File a Surreply was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/
Johnine P. Barnes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:06-cv-00687 (JDB) |
| | ) Next Event: Discovery Closes |
| SFX SPORTS GROUP, INC., et al. | ) July 19, 2007 |
| Defendants. | ) |

MEMORANDUM OF POINTS AND AUTHORITIES

By this motion, defendants move for leave to file a surreply to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Second Motion to Compel Discovery, and for Sanctions (plaintiff's "Reply"). In the Reply, plaintiff introduced and seeks to incorporate in the instant motion a declaration of a forensic expert, Douglas Bond, regarding defendants' electronic production in discovery.

Through Mr. Bond's declaration, plaintiff has placed at issue the question of whether the electronic discovery produced by defendants in the case was produced in a format conducive to standard forensic tools or efficient searching. See Declaration of Douglas Bond. This is directly contrary to plaintiff's statement in the instant motion. There, plaintiff stated that defendants' counsel made a "'searchable' data base available" only after plaintiff made complaints regarding such. See Plaintiff's Second Motion to Compel Discovery, and For Sanctions, ¶ 7.

Now, plaintiff makes this new and contradictory argument in her Reply. Defendants have not had an opportunity to respond to plaintiff's argument based upon Mr. Bond's analysis and conclusion. Accordingly, Defendants' Motion for Leave to File a Surreply should be granted.

ARGUMENT

"A surreply may be filed…by leave of the Court, and…to address new matters raised in a reply, to which a party would otherwise be unable to respond." United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, 238 F. Supp. 2d 270, 276-277 (D.D.C. 2002). "The matter must be truly new[,]" not a mere allegation that a matter was mischaracterized. Id. (citing Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). A surreply is appropriate where the new matter asserted is factual. Alexander v. FBI, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave to file a surreply to respond to a new declaration).

In Alexander, the non-moving party filed a motion for leave to file a surreply because the reply included a declaration that was not included in the original motion. The non-movants sought the opportunity to refute the statements made in the declaration. The court stated that if it denied the motion for leave, the non-movants would be unable to contest matters introduced to the court for the first time in the declaration. Therefore, the court held that good cause was shown to warrant the granting of the motion. Id. at 74.

Likewise, here, defendants seek the opportunity to respond to the statements, allegations and argument made in Mr. Bond's declaration regarding defendants' electronic discovery production. The argument made by Mr. Bond in his declaration regarding whether defendants' electronic production is searchable only was introduced in plaintiff's Reply and is contrary to plaintiff's statements in the original motion. Further, although referenced in plaintiff's original motion, Mr. Bond's declaration was not attached, nor did plaintiff articulate Mr. Bond's analysis in the motion.[1] Thus, absent the opportunity to file a surreply, defendants will not have the

[1] Plaintiff failed to confer with defendants regarding Mr. Bond's analysis of defendants' electronic discovery production, as asserted in Mr. Bond's declaration, prior to filing the instant motion. Again, as stated in Defendants' Opposition to Plaintiff's Second Motion to Compel Discovery, and For Sanctions, plaintiff's failure to confer with defendants is in contravention of the Federal Rule of Civil Procedure 37(a)(2)(B) and Rule 7(m) of the United States (continue)

chance to address the issues raised in Mr. Bond's declaration.

Additionally, plaintiff's arguments in favor of compelling discovery from and sanctioning defendants are, in part, based on Mr. Bond's conclusions. Therefore, a determination of whether defendants should be compelled to produce discovery and be sanctioned should not be made until defendants have the opportunity to respond to Mr. Bond's analysis and conclusions. Because of the technical nature of the issues addressed in Mr. Bond's declaration, Defendants will likewise have to respond with a forensic expert. Thus, defendants seek to file a surreply to respond to the matters raised by plaintiff in Mr. Bond's declaration.

Furthermore, the filing of a surreply will not unreasonably delay the case, create any undue burden, or prejudice the parties. In fact, the filing of a surreply will provide for a "just" determination" because all parties will have an opportunity to address whether the electronic discovery produced by defendants in the case is in a format conducive to standard forensic tools of efficient searching and/or whether such format is appropriate or required. See Fed. R. Civ. P. 1.

For the foregoing reasons, Defendants' Motion for Leave to File a Surreply should be granted.

Dated: July ___ , 2007

(continued)
District Court for the District of Columbia Rules. Plaintiff is required to discuss the anticipated motion with defendants' counsel prior to filing a nondispositive motion and to make a good-faith effort to confer with defendants' counsel and attempt to secure desired items without court action prior to filing a motion to compel discovery. See Rules of the United States District Court for the District of Columbia, Rule 7(m); Fed. R. Civ. P. 37(a)(2)(B).

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/ ______________________________

Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
(202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc., Live Nation, Inc., Clear Channel Communications, Inc., Daniel Rosier and Kimberly Wray