UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| AUDREY (SHEBBY) D'ONOFRIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-00687 (JDB) |
| ) | Next Event:  Discovery Closes |
| SFX SPORTS GROUP, INC., *et al*. ) | July 19, 2007 |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

DEFENDANTS ROSIER'S AND WRAY'S REPLY TO
PLAINTIFF'S COMBINED OPPOSITION TO DEFENDANT DANIEL ROSIER'S
AND DEFENDANT KIMBERLY WRAY'S MOTIONS TO DISMISS
<u>FOR LACK OF PERSONAL JURISDICTION</u>

Comes now defendants Daniel Rosier (hereinafter "Mr. Rosier") and Kimberly Wray
(hereinafter "Ms. Wray") (collectively, the "individual defendants") and hereby file their Reply
to Plaintiff's Combined Opposition to Defendant Daniel Rosier's and Defendant Kimberly
Wray's Motions to Dismiss for Lack of Personal Jurisdiction.

Respectfully submitted,

BAKER & HOSTETLER LLP


/s/ Johnine P. Barnes_____
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C.  20036
 (202) 861-1500

Attorneys for Defendants Daniel Rosier
and Kimberly Wray


CERTIFICATE OF SERVICE

     I hereby certify that on July 18, 2007, a copy of the foregoing Defendants Rosier's and

Wray's Reply to Plaintiff's Combined Opposition to Defendant Daniel Rosier's and Defendant

Kimberly Wray's Motions to Dismiss for Lack of Personal Jurisdiction.  Notice of this filing will

be sent to all parties by operation of the Court's electronic filing system.  Parties may access this

filing through the Court's system.


/s/ Johnine P. Barnes_____
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C.  20036
 (202) 861-1500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
AUDREY (SHEBBY) D'ONOFRIO,                )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )  Civil Action No. 1:06-cv-00687 (JDB)
                                          )  Next Event:  Discovery Closes
SFX SPORTS GROUP, INC., *et al.*          )  July 19, 2007
                                          )
                                          )
          Defendants.                     )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
ROSIER'S AND WRAY'S REPLY TO PLAINTIFF'S COMBINED OPPOSITION TO
DEFENDANT DANIEL ROSIER'S AND DEFENDANT KIMBERLY WRAY'S MOTIONS
TO DISMISS FOR LACK OF PERSONAL JURISDICTION

INTRODUCTORY STATEMENT

Plaintiff Audrey (Shebby) D'Onofrio (hereinafter "plaintiff") fails to carry her burden of establishing personal jurisdiction over the individual defendants in this Court.  As stated in the individual defendants' motions, in order to establish jurisdiction over the non-resident named individual defendants, the Court must engage in a two-part analysis: 1) the District of Columbia long-arm statute must authorize the exercise of personal jurisdiction over the individual defendants and 2) the exercise of jurisdiction cannot violate the Due Process Clause.  Kopff v. Battaglia, 425 F. Supp. 2d 76, 81 (D.D.C. 2006).

Plaintiff's contention in her Combined Opposition to Defendant Daniel Rosier's and Defendant Kimberly Wray's Motions to Dismiss for Lack of Personal Jurisdiction (plaintiff's "Opposition") that this Court has jurisdiction over the individual defendants pursuant to section 13-423(a)(1) of the District of Columbia long-arm statute is without merit.  See Plaintiff's

Opposition, p. 4. The law in the District of Columbia is clear that section 13-423(a)(1) of the District of Columbia long-arm statute does not establish personal jurisdiction over <u>non-resident individual defendants</u> whose alleged liability in a case is based solely upon alleged acts done in the individuals' corporate capacity.

Additionally, plaintiff's contention that this Court may exercise specific personal jurisdiction predicated on a defendant's intentional action expressly aimed at the forum jurisdiction is without merit. Plaintiff's Opposition, p. 5. The case law upon which plaintiff relies in making this argument is misplaced and inapplicable to the instant case. Thus, plaintiff's Complaint against Mr. Rosier and Ms. Wray must be dismissed for lack of personal jurisdiction.

<u>STATEMENT OF JURISDICTIONAL FACTS</u>

The relevant jurisdictional facts are set forth in Defendant Daniel Rosier's Motion to Dismiss for Lack of Personal Jurisdiction, the Affidavit of Mr. Rosier, Defendant Kimberly Wray's Motion to Dismiss for Lack of Personal Jurisdiction and the Affidavit of Ms. Wray. In sum, the jurisdictional facts as alleged by plaintiff are that Mr. Rosier and Ms. Wray, in their respective corporate capacities, acted unlawfully in their participation in the separation of plaintiff's employment with SFX Sports Group, Inc. ("SFX). Plaintiff does not allege that either Mr. Rosier or Ms. Wray transacted any business in or with the District of Columbia in their respective individual capacities, nor is there any evidence indicating such.

<u>ARGUMENT</u>

I.    PLAINTIFF FAILS TO ESTABLISH THAT SECTION § 13-423(a)(1) PROVIDES A
      BASIS FOR THE COURT TO EXERCISE JURISDICTION OVER THE INDIVIDUAL
      DEFENDANTS.

        Plaintiff fails to establish personal jurisdiction over the individual defendants.    The law

in the District of Columbia is clear that a lawsuit in this Court cannot be maintained against non-

resident individual defendants under the "transacting any business" provision of the District of

Columbia long-arm statute when "there are no allegations that [the] non-resident defendant's

contacts with a jurisdiction were for the purpose of transacting business as <u>an</u> <u>individual</u>, but

rather were only to perpetuate a corporation's business… ." <u>Flocco v. State Farm Mutual</u>

<u>Automobile Ins. Co. et al.</u>, 752 A.2d 147, 162, 163 (D.C. 2000) (emphasis added) (holding that

defendants' acts carried out within the scope of their employment did not create sufficient

contacts to establish personal jurisdiction, and therefore, defendants were clearly not 'doing

business' within the District of Columbia); <u>see</u> also <u>Quinto v. Legal Times of Washington, Inc.</u>,

506 F. Supp. 554, 558 (D.D.C. 1981); <u>Wiggins v. Equifax Inc.</u>, 853 F. Supp. 500, 503 (D.D.C.

1994).

        Personal jurisdiction over the employees or officers of a corporation in their
        individual capacities must be based on their personal contacts with the forum and
        <u>not their acts and contacts carried out solely in a corporate capacity</u>.  Thus, the
        corporation ordinarily insulates the individual employee from the court's personal
        jurisdiction.

<u>Flocco</u>, 752 A.2d at 163 (emphasis added).

        Plaintiff contends that the Court may exercise personal jurisdiction over the individual

defendants pursuant to D.C. Code § 13-423(a)(1) of the District of Columbia long-arm statute.[1]

---

[1] Plaintiff broadly states in her Second Amended Complaint that "[j]urisdiction over the individual defendants, Wray
and Rosier, is also predicated upon D.C. Code § 13-423(a)(1), the so-called D.C. Long Arm Statute."  Plaintiff's
Second Amended Complaint, ¶ 8.  Plaintiff does not allege any facts in support of this statement.  Plaintiff's motion
to amend the Complaint has not been granted by the Court.

D.C. Code § 13-423(a)(1) of the District of Columbia long-arm statute provides in pertinent part: "A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or through an agent, as to a claim for relief arising from the person's…transacting any business in the District of Columbia… ." D.C. Code § 13-423(a)(1).

Here, plaintiff's allegations of the individual defendants' contacts with the District of Columbia only include actions related to their employment.  In the Complaint, plaintiff states that "Defendants, DAN ROSIER, former Chief Financial Officer for Defendant, SFX Sports Group, Inc. and KIMBERLY WRAY, head of Human Resources, of Clear Channel Communications, Inc. are…responsible and/or involved in the discriminatory actions, etc., noted herein."  Plaintiff's Amended Complaint, ¶ 4.  Plaintiff further states that "Ms. Wray was directed by Dan Rosier…to indicate to [plaintiff] that she was part of a planned reduction in force which eliminated her position."  Id. at 20.

All of these acts were acts performed in the scope of the individual defendants' employment and each individual's corporate capacity.  Plaintiff does not contend otherwise.

Accordingly, this Court lacks personal jurisdiction over the individual defendants in their personal capacities.  See Flocco, 752 A.2d at 162-163.  Further, the individual defendants do not have the requisite minimum contacts in their personal capacity in the District of Columbia, outside of their work for defendants Clear Channel Inc. ("Clear Channel"), Live Nation, Inc. ("Live Nation") and SFX, to establish personal jurisdiction.  See Affidavits of Kimberly Wray and Daniel Rosier.  Plaintiff does not allege otherwise.  Thus, plaintiff's Complaint as to Mr. Rosier and Ms. Wray must be dismissed.

II.    PLAINTIFF'S ARGUMENT THAT THIS COURT HAS SPECIFIC JURISDICTION
       OVER DEFENDANTS BECAUSE THEY PURPOSEFULLY DIRECTED THEIR
       CONDUCT TOWARD THE FORUM JURISDICTION IS WITHOUT MERIT.

Plaintiff's argument that this Court may exercise specific personal jurisdiction over the

individual defendants based upon the defendants' alleged intentional acts expressly aimed at the

forum jurisdiction is without merit.  Plaintiff's Opposition, p. 5.  Plaintiff relies on defamation

and libel case law in arguing that this Court has specific jurisdiction over the individual

defendants.  The case law is not applicable to the instant case and plaintiff's reliance on such is

misplaced.

In Calder v. Jones, the court found that jurisdiction for purposes of a libel action against

two Florida residents, a newspaper reporter and editor, was proper in a California court because

their intentional conduct was calculated to defame the California plaintiff in California.  465 U.S.

783, 790 (1984).  Indeed, the lower court's finding that, "[t]he general rule for defamation is that

everyone who takes a responsible part in the publication is liable for the defamation[]" expressly

limits the applicability of the law espoused in Calder.  Jones v. Calder, 138 Cal. App. 3d 128,

134 (Cal. App. 1982).   As such, the court held that the intentional actions of the reporter and the

editor were sufficient to support an assertion of jurisdiction over them in California.  Calder, 465

U.S. at 790.

In Keeton v. Hustler Magazine, Inc., et al., another libel action, the court found that "for

purposes of a libel action[,]" personal jurisdiction over a magazine publisher and distributor was

proper based upon the circulation of the magazine by a corporation in the forum state.  465 U.S.

770, 773-774 (1984).

These cases are inapposite to the employment case.  Here, plaintiff alleges that the

individual defendants' only alleged acts occurred outside of the District of Columbia.  Again,

Mr. Rosier's decision to separate plaintiff's employment occurred in Texas.  See Affidavit of

Daniel Rosier, ¶ 6.  The case law in the District of Columbia in employment matters is clear that such acts are not sufficient to establish jurisdiction over individual defendants.  See Kopff, 425 F. Supp. 2d at 82.

III.    CASE LAW RELIED UPON BY PLAINTIFF IS INAPPOSITE TO THIS CASE.

Plaintiff's reliance on case law determining proper venue is also inapposite to this case. In plaintiff's Opposition, she parenthetically cites to Cox v. National Football League et al., 1997 U.S. Dist. LEXIS 15307 (N.D. Ill 1997), McDonald v. American Federation of Musicians of the United States of America and Canada et al., 308 F. Supp. 664 (N.D. Ill 1970), and Passantino v. Johnson & Johnson Consumer Product, Inc., 212 F.3d 493 (9th Cir. 2000).  These cases do not address whether this Court may exercise proper personal jurisdiction over the non-resident individual defendants under the District of Columbia long-arm statute.

Plaintiff also misapplies the law cited in Murphy et al. v. Pricewaterhousecoopers, LLP, 357 F. Supp. 2d 230 (D.D.C. 2004), McGee v. International Life Ins. Co., 355 U.S. 220 (1957), Shoppers Food Warehouse v. Moreno, 746 A.2d 320 (D.C. 2000), Helicopteros Nacionales De Colombia, S.A. v. Hall et al., 466 U.S. 408 (1984), and Gorman v. Ameritrade Holding Corp. and Freetrade.com, Inc., 293 F.3d 506 (D.C. Cir. 2002).   These cases determined whether personal jurisdiction was proper as to corporate defendants, not individual defendants employed by corporate defendants who are sued for acts performed within the scope of their employment. The determination of whether personal jurisdiction is proper as to corporate entities is not analogous to whether the Court's exercise of personal jurisdiction over the individual defendants here is proper.  Again, the analyses provided in these cases are inapplicable to the instant case.

Finally, plaintiff's reliance upon Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), FC Investment Group LC v. Lichtenstein, et al., 441 F. Supp. 2d 3 (D.D.C. 2006), and Mareno v.

Rowe, 910 F.2d 1043 (2d. Cir. 1990) is also misplaced as the facts in these cases are not analogous to the facts in the instant case.

In Burger King Corp., the United States Supreme Court found that personal jurisdiction was proper over the individual defendant in Florida where the individual defendant had established a substantial and continuing relationship with the foreign jurisdiction through the contract between the parties that noticed "that he might be subject to suit in Florida…." 471 U.S. at 487. Conversely, here, there is no contractual relationship between either Mr. Rosier and plaintiff or Ms. Wray and plaintiff. Further, the individual defendants were not noticed in any contract or other manner that they may be subject to suit in the District of Columbia.

Indeed, the individual defendants have done nothing here which would satisfy the Burger King standard that personal jurisdiction is properly asserted over a "defendant [who] purposefully establish[es] minimum contacts within the forum state [such that] the assertion of personal jurisdiction over [the] individual defendant[] would comport with fair play and substantial justice." See id. at 476. Therefore, the analysis provided in Burger King is not applicable to this case.

In FC Investment Group LC, plaintiff filed suit against one of the corporation's directors "seeking to pierce the corporate veil" and hold the director liable for a fraudulent investment scheme. 441 F. Supp. 2d at 8. The court found that jurisdiction was proper over the director because the director's contacts with the investor who resided in the forum state were self-initiated and the director personally benefited from the alleged fraudulent investment scheme. Id. at 10.

Here, plaintiff is not seeking to pierce the corporate veil of any of the corporate defendants. The individual defendants' actions were performed within the scope of their

-7-

employment. Plaintiff has not alleged and there is no evidence that the individual defendants personally benefited from the actions alleged in plaintiff's Complaint or acted within his or her own personal capacity. Therefore, the analysis provided in <u>FC Investment Group LC</u> is not analogous to the facts in this case.

Further, in <u>Mareno</u>, the court in analyzing section 302(a)(3) of New York's long-arm statute, held that the statute requires a plaintiff to demonstrate that an individual defendant "committed a tortious act without the state causing injury to person or property within the state" in order for the court to find personal jurisdiction over the individual defendant. 910 F.2d at 1046. This section of the New York long-arm statute is akin to D.C. Code § 13-423(a)(4), not D.C. Code § 13-423(a)(1). Again, D.C. Code § 13-423(a)(4) provides in pertinent part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - - -
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a)(4). Pursuant to D.C. Code § 13-423(a)(4), to establish personal jurisdiction over the individual defendants, plaintiff would have to show that both Ms. Wray and Mr. Rosier "regularly do[] or solicit[] business, engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a)(4). As demonstrated in the individual defendants' motions, plaintiff's Complaint does not satisfy the requirements of D.C. Code § 13-423(a)(4), nor does plaintiff allege otherwise. Thus, <u>Mareno</u> is inapplicable to this case.

IV.    <u>CONCLUSION.</u>

For the foregoing reasons, plaintiff has failed to show that the Court may exercise personal jurisdiction over Mr. Rosier and Ms. Wray. Therefore, the Complaint filed herein

should be dismissed in its entirety against Mr. Rosier and Ms. Wray for lack of personal

jurisdiction.

BAKER & HOSTETLER LLP

/s/ Johnine P. Barnes
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036
(202) 861-1500

Attorneys for Defendants Daniel Rosier and
Kimberly Wray

CERTIFICATE OF SERVICE

    I hereby certify that on July 18, 2007, a copy of the foregoing Memorandum of Points

and Authorities in Support of Defendants Rosier's and Wray's Reply to Plaintiff's Combined

Opposition to Defendant Daniel Rosier's and Defendant Kimberly Wray's Motions to Dismiss

for Lack of Personal Jurisdiction was electronically filed.  Notice of this filing will be sent to all

parties by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.

/s/ Johnine P. Barnes
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036
(202) 861-1500

Attorneys for Defendants Daniel Rosier
and Kimberly Wray