UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-cv-00687 (JDB) |
| | ) Next Event: Defendants Surreply |
| SFX SPORTS GROUP, INC., et al. | ) July 20, 2007 |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

DEFENDANTS' SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY, AND FOR SANCTIONS

Comes now defendants and hereby file their Surreply to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Second Motion to Compel Discovery, and For Sanctions.

In Plaintiff's Reply to Defendants' Opposition to Plaintiff's Second Motion to Compel Discovery, and for Sanctions, plaintiff contends that defendants have failed to meet their obligations under Fed. R. Civ. P. 34 because defendants produced "some 63,000 pages of e-mail in an unsearchable, and therefore, unusable format." Plaintiff's Reply, p. 5-6, 7. Plaintiff supports her contention with the declaration of Douglas Bond. Mr. Bond's declaration placed at issue the question of whether the electronic discovery produced by defendants in the case was produced in a format conducive to standard forensic tools or efficient searching. See Declaration of Douglas Bond ("Bond Decl.").

Contrary to plaintiff's contention, defendants have satisfied their obligations under Fed. R. Civ. P. 34. First, defendants are not required to produce electronic discovery in a format conducive to standard forensic tools or efficient searching, but rather are required to produce electronic discovery as it is kept in the ordinary course of defendants' business. In addition,

defendants produced electronic discovery in PST file format, a reasonably usable format. Finally, after plaintiff received electronic discovery scanned into a PDF format, plaintiff requested and defendants agreed to reproduce the discovery in a PST file format. As such, defendants have complied with their production obligations under Fed. R. Civ. P. 34. Plaintiff's Second Motion to Compel Discovery, and for Sanctions as it relates to such compliance should be denied.

ARGUMENT

I.     DEFENDANTS COMPLIED WITH FEDERAL RULE OF CIVIL PROCEDURE 34.

    A.     Electronic Discovery Was Produced As It Is Kept In The Usual Course Of Business.

When a party is requested to produce documents for inspection pursuant to Fed. R. Civ. P. 34, "unless the parties otherwise agree, or the court otherwise orders: [the] party shall produce them as they are kept in the usual course of business or shall organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(i). Here, defendants have satisfied Fed. R. Civ. P. 34(b)(i).

In accordance with a good faith agreement between the parties to move forward the discovery process, defendants produced thousands of pages of plaintiff's email created during her employment with SFX Sports Group, Inc. Pursuant to this agreement, plaintiff did not specify the form in which the email should be produced. See Defendants Opposition, p. 18-19. As demonstrated below, the emails were produced as they are kept in the usual course of defendants' business. Defendants have satisfied their obligations under Fed. R. Civ. P. 34. See Fed. R. Civ. P. 34(b)(i); see also Doe v. District of Columbia, 231 F.R.D. 27, 36 (D.D.C. 2005) (citations omitted) ("As long as plaintiff produced the documents 'as they are kept in the usual course of business,'" plaintiff was in compliance with Fed. R. Civ. P. 34).

Pursuant to a matter involving the Department of Justice, which is unrelated to this matter, emails of 11,000 employees were archived in the Legato system, defendants' archiving system. See Affidavit of John Cavender ("Cavender Afft."), ¶ 2-3, attached hereto as Exhibit 1. Plaintiff was one of the 11,000 employees whose email was archived in this system. See Cavender Afft., ¶¶ 3, 7.

In the usual course of defendants' business, emails archived in the Legato system are stored as single instance items within Legato mail volumes. Each message has a unique ID number, which is indexed within the Legato database along with other key data. With this data, searches can be performed within the Legato system. Cavender Afft., ¶ 4. The searches performed to locate plaintiff's email are described in Mr. Cavender's affidavit. See Cavender Afft., ¶ 4-7.

One of the DVDs containing plaintiff's email was produced to plaintiff in a .dat file format. See Cavender Afft., ¶ 8. Plaintiff's emails in a .dat file format are single instance items. Again, emails are archived in the Legato system as single instance items. Defendants produced these emails as they are kept in the usual course of defendants' business.

Defendants were expressly authorized to produce the email for inspection as they were kept in the usual course of business, and did so. See Fed. R. Civ. P. 34(b)(i). Accordingly, defendants' production of plaintiff's emails in a .dat file format satisfies the requirements set forth in Fed. R. Civ. P. 34. See supra Doe v. District of Columbia, 231 F.R.D. at 36.

    B.    Electronic Discovery Produced By Defendants Was Produced In A Reasonably Usable Format.

"[I]f a request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable." Fed. R. Civ. P. 34(b)(ii).

Here, defendants have complied with Fed. R. Civ. P. 34(b)(ii).

Again, plaintiff did not specify the form in which plaintiff's email should be produced. As demonstrated above, the DVD containing plaintiff's email in a .dat file format was produced in a form in which it is ordinarily maintained. In addition, defendants produced three other DVDs that contained emails in a reasonably usable format.

Mr. Bond states that plaintiff's email was not produced "in the standard PST (Outlook Personal Folder File) e-mail format." Bond Decl., ¶ 10. Contrary to Mr. Bond's assertion, defendants produced to plaintiff three DVDs containing plaintiff's email in a PST file format. See Cavender Afft., ¶ 8. PST files are in a form conducive to efficient searching, and thus, a reasonably usable format. See Cavender Afft., ¶ 10. Mr. Bond confirms this fact. See Bond Decl., ¶10. PST files are directly accessible in Microsoft Outlook or an analogous application, and therefore, Microsoft Outlook must import the PST files from the DVDs before the PST files can be searched. Once the PST files have been imported, the PST files become accessible for reading and searching.

As such, contrary to Mr. Bond's assertions, defendants produced the plaintiff's email in a reasonably usable format. Thus, defendants have satisfied their obligations under Fed. R. Civ. P. 34.

      C.      <u>Electronic Discovery Was Produced As Agreed Upon By The Parties.</u>

Mr. Bond states that the first DVD defendants produced to plaintiff contained emails that had been scanned into a PDF file. Bond Decl., ¶ 2. This assertion is incomplete. Defendants originally produced the first DVD containing plaintiff's email in a PDF form. However, pursuant to plaintiff's subsequent objection to this form, defendants agreed to reproduce the documents in a PST file format. See Letter to David Schreiber from Johnine Barnes, dated February 27, 2007, attached hereto as Exhibit 2. Again, a PST file format is a reasonably usable

format, and thus, is satisfactory under the Fed. R. Civ. P. 34(b)(ii) standard.  Therefore, defendant's production of emails in a PDF form is a moot point as defendants have complied with Fed. R. Civ. P. 34.  See <u>Tequila Centinela, S.A. De C.V. v. Bacardi & Co. Ltd.</u>, 2007 U.S. Dist. LEXIS 46589, *5 (D.D.C. 2007) (plaintiff's request for a list of documents which corresponded to its document requests was denied as moot because subsequent to the filing of plaintiff's motion to compel, defendant complied with Rule 34(b)).

II.     <u>CONCLUSION.</u>

For the foregoing reasons, and for the reasons stated in defendants' Opposition, plaintiff's Second Motion to Compel Discovery, and For Sanctions as it relates to defendants' compliance with Fed. R. Civ. P. 34(b) should be denied.

BAKER & HOSTETLER LLP


_/s/_____
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036
(202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc., Live Nation, Inc., Clear Channel Communications, Inc., Daniel Rosier and Kimberly Wray

## CERTIFICATE OF SERVICE

    I hereby certify that on July 20, 2007, a copy of the foregoing Defendants' Surreply to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Second Motion to Compel Discovery, and For Sanctions was electronically filed.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                  /s/
                                          Johnine P. Barnes