UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : | |
| Plaintiff : | |
| v. : | Case No.: 06-687 JDB/JMF |
| SFX SPORTS GROUP, INC., et. al. : | |
| Defendants : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S SURRPELY TO DEFENDANT ROSIER AND WRAY'S REPLY TO
PLAINTIFF'S COMBINED OPPOSITION TO
DEFENDANT DANIEL ROSIER'S AND DEFENDANT KIMBERLY WRAY'S
<u>MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

Plaintiff, Audrey D'Onofrio ("D'Onofrio"), through undersigned counsel, David E. Schreiber, Esq., respectfully submits this brief Surreply to address new arguments first raised by Defendant Daniel Rosier ("Rosier") and Defendant Kimberly Wray ("Wray") (together, the "Individual Defendants"[1]) in their Reply to D'Onofrio's opposition to the Individual Defendants' motions to dismiss for lack of personal jurisdiction. As shown in the Opposition and below, this Court has specific personal jurisdiction over the Individual Defendants because of their discriminatory and/or retaliatory acts committed in their capacities as D'Onofrio's employers within the meaning of the D.C. Human Rights Act

---

[1] D'Onofrio refers to Rosier and Wray herein as the "Individual Defendants", as distinguished from the "Corporate Defendants", namely SFX Sports Group, Inc., Live Nation, Inc., and Clear Channel Communications, Inc.

1

("DCHRA").[2]

## ARGUMENT

First, the Individual Defendants overstate the holding of *Flocco v. State Farm Mut. Auto. Ins. Co.*, 752 A.2d 147 (D.C. 2000). The Individual Defendants argue that, under *Flocco*, they are completely shielded from personal liability for their discriminatory and/or retaliatory acts committed within the scope of their employment. Reply at 3-4 (citing *Flocco*; *Quinto v. Legal Times of Washington, Inc.*, 506 F. Supp. 554, 558 (D.D.C. 1981); and *Wiggins v. Equifax Inc.*, 853 F. Supp. 500, 503 (D.D.C. 1994)). In *Flocco*, the D.C. Court of Appeals agreed with *Quinto* and *Wiggins* that "ordinarily" there cannot be personal jurisdiction over individual employees acting solely in their corporate capacities. *See Flocco*, 752 A.2d at 162-62. The court, however, "explicitly decline[d] to adopt such an absolute 'fiduciary shield' doctrine" as is advocated by the Individual Defendants in the present case:

> Given the judge's italicization of the word "ordinarily" and his earlier invocation of a "due process" analysis, we do not read the *Wiggins* opinion as articulating a *per se* rule that an employee's acts in his official capacity may *never* give rise to personal jurisdiction over him. Indeed, we explicitly decline to adopt such an absolute "fiduciary shield" doctrine, which would be difficult to reconcile with Supreme Court precedent and with persuasive case authority from other courts. *See Keeton*, *supra*, 465 U.S. at 781 n. 13, 104 S.Ct. 1473; *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (defendants' "status as employees does not somehow insulate them from jurisdiction"); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 903 (2d Cir.1981); *cf. Chase v. Pan-Pacific Broadcasting, Inc.*, 617 F.Supp. 1414, 1422-23 (D.D.C.1985) (corporate officer subject to personal jurisdiction where, *inter alia*, he twice came to District of Columbia for discussions and allegedly made dispositive decisions there).

---

[2] The same exercise of personal jurisdiction over Individual Defendants applies to the D.C. Family Medical Leave Act claim (D.C. Code §32-507(a)).

*Id.* at 163 n.20 (emphasis in original).

In this case, Rosier and Wray cannot be treated as mere employees acting solely in their corporate capacities. Rather, the Individual Defendants were D'Onofrio's employers within the meaning of the DCHRA, as recently confirmed by the D.C. Court of Appeals in *Purcell v. Thomas*, No. 03-CV-1038 (D.C. July 26, 2007) (slip opinion attached), *available at* http://www.dcappeals.gov/dccourts/appeals/pdf/03-CV-1038.PDF.

In *Purcell*, the D.C. Court of Appeals held that the employee's supervisor was individually liable for his discriminatory acts against the employee. *Purcell*, slip op. at 26. The court soundly rejected the supervisor's argument that he was not the plaintiff's employer within the meaning of the DCHRA, but rather "plaintiff's employer was . . . a corporation that has a distinct legal personality and thereby shields the individual officers and shareholders like defendant Purcell from liability for its wrongful acts." *Purcell*, slip op. at 24. The court noted with approval cases from the United States District Court for the District of Columbia finding that supervisors are subject to individual liability as employers under the DCHRA:

> In *Mitchell v. National R.R. Passenger Corp.*, 407 F. Supp. 2d 213 (D.D.C. 2005), plaintiff sued not only the National Railroad Passenger Corporation, but also two employees, the former Director of the Workforce Development unit in the Human Resources Department of the corporation who had supervised the plaintiff during her employment, and the Vice President of the corporation's Human Resources Department. The court determined that both individuals were "proper defendants in plaintiff's DCHRA claim," because: "The text and purpose of the DCHRA and *Wallace*, do not suggest it would be appropriate to follow Title VII here and preclude a claim against individual management and supervisory employees involved in committing the allegedly discriminatory conduct." *Id.* at 241. Earlier, in *MacIntosh v. Building Owners & Managers Ass'n*, 355 F. Supp. 2d 223 (D.D.C. 2005), the court concluded that the DCHRA "provides for individual liability" and refused to dismiss the complaint against two individual employees of a non-profit corporation, the Executive Director and the Vice President of Advocacy and

Research.  *Id.* at 225, 228.

*Purcell*, slip op. at 26-27; *see also Mitchell*, 407 F. Supp. 2d at 219, 241 (supervisory employees who participated in discriminatory acts may be held individually liable under DCHRA).  Because the Individual Defendants were D'Onofrio's employers, they may be held individually liable for their intentional acts directed toward her employment, and this court may exercise specific personal jurisdiction over them.

Finally, the Individual Defendants argue that the United States Supreme Court's decisions in *Calder v. Jones*, 465 U.S. 783 (1984) and *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) are limited to libel cases.  Reply at 5-6.  Nothing in either opinion suggests that their holdings were so limited.  Rather, *Calder* and *Keeton* stand for the proposition that specific personal jurisdiction lies where the defendant's intentional act is aimed and the injury upon which the claim is based occurs.  In *Calder* and *Keeton*, the libel "occurred" where the defamatory articles were published.  *See Calder*, 465 U.S. at 789-90; *Keeton*, 465 U.S. at 774-75.  In the instant case, the Individual Defendants' discriminatory and/or retaliatory acts "occurred" where D'Onofrio was employed.  *See Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004) (citing with approval *Mareno v. Rowe*, 910 F.2d 1043 (2d Cir. 1990), holding that termination occurred at plaintiff's place of employment); *see also Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 505-06 (9th Cir.2001) (discriminatory employment act occurred where plaintiff worked, not where decision was made); *Cox v. National Football League*, 1997 WL 619839 at *3 (N.D. Ill. Sept. 29, 1997) (same: "To hold otherwise would encourage employers to make their decisions to terminate and discipline in far away offices in order to protect

themselves from litigation."); *McDonald v. American Fed'n of Musicians*, 308 F.Supp. 664, 665-66 (N.D. Ill.1970) (same: "The plaintiffs live and work in this district and were required to repay the fees here. The fact that the decision that required them to do so was made elsewhere does not necessitate the conclusion that no alleged act of discrimination occurred in this district. It taxes common sense to suggest otherwise.").

As to the remainder of the Individual Defendants' arguments, D'Onofrio relies on her Opposition brief.

## CONCLUSION

For the foregoing reasons, Defendant Daniel Rosier's and Defendant Kimberly Wray's Motions to Dismiss for Lack of Personal Jurisdiction should be denied.

Respectfully submitted,

DAVID E. SCHREIBER, P.C.

By:_____/s/_____
David E. Schreiber, Esq., #152082
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
des913@covad.net
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Memorandum of Points and Authorities in Support of Plaintiff's Surreply to Defendant Rosier and Wray's Reply to Plaintiff's Combined Opposition to Defendant Daniel Rosier's and Defendant Kimberly Wray's Motions to Dismiss for Lack of Personal Jurisdiction was filed and served electronically, on July 28, 2007 to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

                                                  _____/s/_____
                                                  David E. Schreiber, Esq.