UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-cv-00687 |
| | ) (JDB/JMF) |
| | ) Next Event:  Evidentiary Hearing |
| SFX SPORTS GROUP, INC., *et al*. | ) April 4, 2008 |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MOTION TO REQUIRE MEDIATION

Comes now defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel Communications, Inc. (collectively, "Defendants") pursuant to Rule 12(b) and Local Civil Rule 84.4(a)(2), Rules of the United States District Court for the District of Columbia and moves the court to require the parties in this case to submit to mediation and as grounds therefor refers to the Memorandum of Points And Authorities attached hereto and made a part hereof.

WHEREFORE, defendants pray that the Court order mediation of the claims asserted in this lawsuit.

BAKER & HOSTETLER LLP

By: */s/ Johnine P. Barnes*
    Johnine P. Barnes (D.C. Bar No. 464810)
    Lee T. Ellis, Jr. (D.C. Bar No. 3683)
    1050 Connecticut Avenue, N.W.
    Suite 1100
    Washington, D.C.  20036
    (202) 861-1500

    Attorneys for Defendants SFX Sports Group, Inc.,
    Live Nation, Inc. and Clear Channel Communications, Inc.

## RULE 7.0(m) CERTIFICATION

I hereby certify that I contacted opposing counsel to seek his consent to this Motion and that counsel has not provided a response as to whether or not plaintiff consents to the relief sought herein.

/s/ *Johnine P. Barnes*_____
Johnine P. Barnes

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2008 Defendants' Motion to Require Mediation was served by electronic mail on David E. Schreiber, Esq., David E. Schreiber, P.C., 4550 Montgomery Avenue, Suite 760N, Bethesda, MD 20814.

/s/ *Johnine P. Barnes*_____
Johnine P. Barnes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-cv-00687 |
| | ) (JDB/JMF) |
| | ) Next Event: Evidentiary Hearing |
| SFX SPORTS GROUP, INC., *et al.* | ) April 4, 2008 |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants request that the Court require the parties to participate in mediation of this case so that the parties can focus on the merits of the case and address whether the case can be resolved short of trial. As stated by this Court, "this case [has] moved from a case about the merits of the claims to a case that is basically about the discovery." See Transcript of Status Hearing Before the Honorable John D. Bates, United States District Judge, p. 4 (May 18, 2007). Defendants believe that the mediation of the merits of the case by a neutral party may put the focus of this case back on the merits of the case.

On or about March 17, 2006, Plaintiff Audrey D'Onofrio filed a single-plaintiff employment discrimination lawsuit against SFX Sports Group, Inc. ("SFX Sports Group"), Live Nation, Inc. ("Live Nation"), and Clear Channel Communications, Inc. ("Clear Channel") and John Does 1-5. Plaintiff later amended her complaint to allege claims against individual defendants Kimberly Wray and Daniel Rosier. Both individual defendants were dismissed from the case.

This case has been ongoing for over two years. There have been a number of discovery disputes between the parties. On April 4, 2008, an evidentiary hearing is scheduled before Magistrate Judge Facciola to address the remaining discovery disputes between the parties.

However, in the midst of the discovery battles in the case, there has been little to no focus on the merits of the case. In fact, plaintiff's counsel has declined to conduct the Rule 30(b)(6) deposition of Defendants, concluding the discovery in the case, until after the evidentiary hearing. See Exhibit 1, e-mail correspondence between Johnine P. Barnes, Esq. and David E. Schreiber, Esq. dated February 11, 2008. The Rule 30(b)(6) deposition has no relevance to the evidentiary hearing. The deposition of defendants' corporate representative is to address the substance of the lawsuit, e.g. defendants' defenses and response to plaintiff's alleged claims of discrimination.

Indeed, plaintiff has already taken the depositions of defendants' representative regarding any alleged discovery issues. On February 21, 2007, plaintiff conducted the deposition of Joseph Shannon, Chief Technology Officer, Clear Channel Communications regarding plaintiff's electronic communications during her employment with SFX Sports Group and defendants' production of the information in the case. Additionally, on April 23, plaintiff conducted the deposition of Eugene Mason regarding the same issues and the scrapping of plaintiff's computer. All of these issues will be addressed at the evidentiary hearing. Neither Messrs. Shannon nor Mason have any knowledge regarding the substance of plaintiff's alleged employment discrimination claims, nor would either be designated as a corporate representative to address the same on behalf of defendants.

This case is ripe for mediation due to the near completion of discovery. The parties agreed in the Joint Initial Report of this case that "it is possible that [the] case could be settled, or

at least discussed in the posture of settlement, after discovery is conducted in the case." See

Joint Report, Filed May 18, 2006.  Mediation will better assist the parties in evaluating the merits

of the case for any possibility of settlement.

Presently, there have been little to no settlement discussions by the parties.  To this end, it

would be helpful to have a neutral party provide an objective evaluation of the merits of the case

to assist with any settlement discussions.

Indeed, this Court created its Mediation Program "to give litigants an opportunity to

discuss settlement of their claims with the help of a trained, neutral third party." LCvR 84(a).

While plaintiff's counsel has not objected to suggested mediation of the case by defendants, he

has not moved forward to proceeding with mediation.  See Exhibit 2, e-mail correspondence

between Johnine P. Barnes, Esq. and David E. Schreiber, Esq. dated March 21, 2008.  Court-

ordered mediation may assist the parties in focusing on the merits of the case to determine

whether the case can be resolved short of trial.

WHEREFORE, defendants request that the Court require the parties to participate in the

mediation of this case.

Respectfully submitted,

BAKER & HOSTETLER LLP


By: /s/ Johnine P. Barnes
    Johnine P. Barnes (D.C. Bar No. 464810)
    Lee T. Ellis, Jr. (D.C. Bar No. 3683)
    1050 Connecticut Avenue, N.W.
    Suite 1100
    Washington, D.C.  20036
    (202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc.,
Live Nation, Inc. and Clear Channel Communications, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2008 Defendants' Motion to Require Mediation was served by electronic mail on David E. Schreiber, Esq., David E. Schreiber, P.C., 4550 Montgomery Avenue, Suite 760N, Bethesda, MD 20814.

*/s/ Johnine P. Barnes*
Johnine P. Barnes

-6-