# EXHIBIT 6

## David E. Schreiber, P.C.

*Attorney at Law*

4550 Montgomery Avenue, Suite 760N, Bethesda, Maryland 20814-3304
Area Code 301 951-1530   Facsimile 301 951-1593
E-mail address "des913@comcast.net"

October 6, 2005

**BY FACSIMILE**

Ms. Kimberly Wray
Director of Human Resources Services
Clear Channel Communications, Inc.
200 E. Basse Rd.
San Antonio, Texas 78209

                          Re:    Shebby (D'Onofrio) v Clear Channel
                                     Communications, Inc. & SFX Sports
                                     Group

Dear Ms. Wray:

      Please be advised that I represent Ms. Audrey (D'Onofrio) Shebby with respect to the wrongful termination of her employment by SFX/Clear Channel on or about September 26, 2005. It is my understanding that her termination may be in violation, *inter alia*, of any or all of the following: the D.C. Human Rights Act, Title VII of the Civil Rights Act, the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Worker Adjustment and Retraining Notification Act, *et seq.*, The Americans with Disability Act, and The Family Medical Leave Act. We further believe that the termination, due to your company's claim that there was a reorganization and/or dissolution at your company, was a pretext given her medical status and, furthermore, was a manifestation of disparate treatment based upon her gender. In addition, it is apparent that Ms. (D'Onofrio) Shebby was not paid a salary (nor given a titled position) commensurate with her duties or equal to which her male predecessor was paid or titled when in her position.

      We also understand that your company maintains electronically stored information which is important and irreplaceable as a source of discovery and/or evidence in the above referenced matter. We will, no doubt, formally request during litigation in this matter information from your computer systems, removable electronic media and other locations. These requests will include, but would not be limited to, e-mail and other electronic communications, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and network access information.

Ms. Kimberly Wray
October 6, 2005
Page 2

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, your company and its subsidiaries and related entities must take every reasonable step to preserve this information until the final resolution of this matter. This includes, but is not limited to, an obligation to discontinue all data destruction and backup tape recycling policies. If this is unclear in any respect, please contact me immediately.

Lastly, I would invite you, your representative or your counsel, to contact me within 7 business days of the receipt of this letter so that we might discuss this matter before any detailed information is committed to the public record or any further actions such as litigation might be entertained.

Please be further advised that this letter is written without prejudice to my client's legal rights and interests. Thank you.

Very truly yours,

DAVID E. SCHREIBER, P.C.

By: _____
David E. Schreiber, Esq.

DES/jf
cc:   Ms. Audrey (D'Onofrio) Shebby

C:\MyFiles\CLIENTS\Shebby\October 6 DEMAND LETTER.wpd