UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Case No.: 06-687 JDB/JMF |
| : | |
| SFX SPORTS GROUP, INC., et. al. : | |
| : | |
| Defendants : | |

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS'
MOTION TO REQUIRE MEDIATION**

The Plaintiff, by and through counsel, David E. Schreiber, Esq., replies to Defendants' Motion to Require Mediation as follows:

1. It has been the Plaintiff's desire for some two (2) years to resolve this matter amicably. It is only when faced with issues of spoliation that the Defendants appear to now be interested in a resolution by way of mediation. Because of the somewhat tortured history of this matter, the Plaintiff questions the good faith of the Defendants in demanding mediation at this time.

2. It is feared that the protracted history of this case, through the filing of the original Motion to Require Mediation, suggests that the Defendants will not seriously entertain settlement of this claim, as opposed to merely once again attempting to delay the resolution of this case. Rather than recite further the basis for this concern, the Plaintiff attaches a Status Report filed with this Court on March 14th,

1

2007[1], which traces the history of this litigation through that date, which underlies her concerns. [Exhibit 1] The more recent history of this matter can also be gleaned from Magistrate Judge Facciola's Memorandum Opinion of January 23, 2008.

3. Nevertheless, in spite of the fact that the Defendants have refused to indicate any interest previously in settling this matter, contrary to the Plaintiff's expression of interest, the Plaintiff will enter into mediation through the auspices of this Court's Mediation Program.

4. In terms of Plaintiff's evaluation of this case, it should be noted that the Defendants, pursuant to Plaintiff's having filed a 2nd Motion to Compel, have produced some further documents concerning the compensation of Howard Schacter, Plaintiff's principal comparator, in particular Mr. Schacter's employment contract, as well as some salary and bonus information. However, Defendants have produced no information regarding valuable stock and/or stock options given to Mr. Schacter, pursuant to his employment contract, which will have a substantial impact on the Plaintiff's assessment of her damages in this case. If mediation is to be fruitful, all compensation for Mr. Schacter must be produced for the Plaintiff, as well as her economist, so that an assessment of the loss can be calculated accurately, prior to mediation taking place.

---

[1] Exhibits to the Status Report, correspondence between counsel, are not attached. They may be viewed with the original filing, if the Court so wishes.   It should be noted also that the Status Report, at page 6, mistakenly states that the intial notice letter to Defendants was dated October 6, 2007, rather than its actual date of October 6, 2005.

Respectfully submitted,

DAVID E. SCHREIBER, P.C.


By:_____/s/_____
David E. Schreiber, Esq.
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Bar No. 152082
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Plaintiff's Reply Memorandum to Defendants' Motion to Require Mediation was filed electronically, on April 16, 2008 and served thereby to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304


_____/S/_____
David E. Schreiber, Esq.

C:\MyFiles\CLIENTS\Shebby\Pleadings\Mediation\Reply April 15 08.wpd