UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO,  )  <br> ) <br> Plaintiff,  ) <br>  ) <br> v.  ) Civil Action No. 1:06-cv-00687 (JDB) <br>  ) Next Event:  No pending events <br> SFX SPORTS GROUP, INC, et al.  ) <br>  ) <br>  ) <br> Defendants.  ) <br> _____) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS' MOTION TO REQUIRE MEDIATION

Comes now defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel Communications, Inc. (collectively, "Defendants") and hereby file their Response to Plaintiff's Reply Memorandum to Defendants' Motion to Require Mediation.

In her reply memorandum, Plaintiff asserts that "Defendants have produced no information regarding valuable stock and/or stock options given to Mr. Schacter," which must be produced prior to mediation.  Plaintiff's Reply Memorandum to Defendants' Motion to Require Mediation (plaintiff's "Reply Memorandum"), p. 2.  Plaintiff's assertion incorrectly implies that Defendants have not complied with the rules governing discovery and incorrectly assumes that Plaintiff is entitled to such information.

Defendants voluntarily produced the personnel file and salary information for Howard Schacter, pursuant to the Confidentiality Agreement in this case.  Plaintiff's Document Request No. 19 seeks "[t]he personnel files of each employee who is or was in a similar job description, had similar or comparable duties, or received compensation comparable to that of the Plaintiff."  Plaintiff's First Request for Production of Documents.  Throughout the discovery in this case,

Defendants' position has been and remains that Mr. Schacter was not similarly situated to Plaintiff during their respective employment with SFX Sports Group, Inc. See Defendants' Opposition to Plaintiff's Second Motion to Compel Discovery, and for Sanctions, p. 13. Notwithstanding, Defendants produced Mr. Schacter's personnel file, which included his employment contract and information regarding his salary. Id.

Plaintiff has not requested information regarding Mr. Schacter's stock options and is not entitled to this information, if any exists. Just as Mr. Schacter's personnel information is not responsive to Plaintiff's Document Request No. 19, neither is information regarding his stock options. Moreover, the Court disposed of any disputes that Plaintiff had with Defendants' objections and response to Plaintiff's Document Request No. 19 in its Order, dated January 23, 2008.

In addressing Plaintiff's complaint that Defendants did not produce information regarding employees who were similarly situated to Plaintiff in her Second Motion to Compel, and for Sanctions, the Court held that Defendants' production of Mr. Schacter's personnel file was a sufficient response to Plaintiff's discovery request. D'Onofrio v. SFX Sports Group, Inc., 247 F.R.D. 43, 50 (D.D.C. 2008). As such, Plaintiff is not entitled to information regarding Mr. Schacter's stock options. Finally, Plaintiff has not made a request for information regarding Mr. Schacter's stock option either in discovery or informally prior to the filing of her Reply Memorandum.

Notwithstanding, in order to prevent delay and to further assist in a possible resolution of this case on its merits prior to trial, Defendants agree to produce information regarding Mr. Schacter's stock options to Plaintiff, if such information exists.

WHEREFORE, Defendants request that the Court grant the instant motion and require the parties to participate in the mediation of this case.

Dated: April 22, 2008

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/ Johnine P. Barnes
    Johnine P. Barnes (D.C. Bar No. 464810)
    Lee T. Ellis, Jr. (D.C. Bar No. 3683)
    1050 Connecticut Avenue, N.W.
    Suite 1100
    Washington, D.C. 20036
    (202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel Communications, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2008, a copy of the foregoing Defendants' Response to Plaintiff's Reply Memorandum to Defendants' Motion to Require Mediation was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Johnine P. Barnes
Johnine P. Barnes (D.C. Bar No. 464810)
Lee T. Ellis, Jr. (D.C. Bar No. 3683)
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
(202) 861-1500