UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUDREY (SHEBBY) D'ONOFRIO           :
                                    :
           Plaintiff                :
                                    :
    v.                              :     Case No.: 06-687 JDB/JMF
                                    :
                                    :
SFX SPORTS GROUP, INC., et. al.     :
                                    :
           Defendants               :
.......................................:

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANTS' MOTION FOR LEAVE TO FILE A POST-HEARING BRIEF**

Plaintiff opposes Defendants' motion for leave of Court to submit a post-hearing brief in connection with the April 4, 2008 evidentiary hearing ["the hearing"]. Defendants' motion raises no new points of law and, as the law in this area is well settled and understood by the Court, is unnecessary to aid the Court in the resolution of this issue. Defendants' motion instead attempts reargue facts presented at the hearing and introduce additional "evidence" after the record has been closed (including alleged remedial measures after the hearing).

**I.      INTRODUCTION:**

In asking the court to exercise its inherent authority to regulate its docket, the Defendants rely upon *Jones v. Washington Metropolitan Area Transit Authority*, 946 F.Supp. 1011, (D.D.C. 1996). In *Jones*, the Court exercised its inherent powers to permit a post-hearing brief to be filed by the defendant, Washington Metropolitan Area Transit Authority, "[i]n light of the complexity of the substantive legal issues and the time pressures

of both the jury trial and the bench trial." Id. at 1015-16. Unlike in *Jones*, the substantive legal issues before the Court are well settled and do not require additional briefing. Further, in *Jones*, the Court considered the time pressures of addressing the legal issues during a jury trial and bench trial, while here the Defendant had sufficient time to address these issues in advance of the one day evidentiary hearing. Subsequent to the Court's Memorandum Opinion and order dated January 23, 2008, the Court set an initial hearing date of February 13, 2008. Due to the parties' scheduling problems the Court reset the date to April 4, 2008. Accordingly, the Defendants had over two (2) months to prepare for the hearing. As the Defendants' counsel indicated, Defendants were ready to proceed on that date.

## II.   ARGUMENT:

Defendants' post-hearing brief attempts to 1) present evidence of alleged remedial measures taken after the hearing, 2) supplement the record with facts previously available but not raised and 3) reargue facts presented at the hearing. Thus Defendants' post-hearing brief is inappropriate, prejudicial and unnecessary.

Defendants' post-hearing brief seeks to introduce new evidence, including Defendants' subsequent attempts to remedy its flagrant spoliation of the electronic evidence at issue during the hearing. The brief references Defendants' belated production of the *.pst* files containing Plaintiff's e-mail (received on or about April 16, 2008) as well as their post-hearing belated "agreement" to allow Mr. Bond to examine Defendants' local file servers and Legato system under certain "protocols" to be dictated by them; it would thus appear that the Defendants are attempting to introduce evidence of their untimely

2

cooperation in an effort to convince the court to overlook their previous non-compliance.[1]

Secondly, Defendants' brief seeks to introduce evidence, previously available but not introduced at the hearing. As Exhibit 1, the Defendants attached a portion of the deposition of Alaka Williams. Ms. Williams did not testify at the hearing, nor did the Defendants attempt to introduce this portion of Ms. William's deposition at or prior to the hearing.[2] Similarly the Defendants attached portions of Joseph Shannon's and Eugene Mason's depositions. Mr. Shannon did not testify at the hearing, nor did the Defendants attempt to introduce this portion of Mr. Shannon's deposition at or prior to the hearing, with the exception of page 31. Mr. Mason testified at the hearing, yet the Defendants have still submitted portions of his deposition, not previously introduced, in an attempt to obfuscate (if not impeach) his testimony at the hearing.[3]

Lastly, Defendants' post-hearing brief ultimately attempts to reargue much of the same information already presented at the hearing including, but not limited to: the destruction of the Plaintiff's computer (Defendant's Post Hearing Brief, pp. 4; 7), Defendants' (and their employees') knowledge of Plaintiff's pending claim (Defendants' Post Hearing Brief, pp. 4-5; 8), Defendants' policies regarding storing documents on a personal computer (Defendants' Post Hearing Brief, pp. 3-4; 9), Defendants' production of documents (Defendants' Post Hearing Brief, pp. 5-7; 9-10), retention policies regarding

---

[1] Defendants' Post-Hearing Brief Regarding Spoliation, p. 10: Fn 5.

[2] The basis for the introduction of deposition testimony of a parties' employee, who could have testified, is questionable without any foundation provided by the Defendants.

[3] . Defendant's Post-Hearing Brief p. 5; see Afternoon Hearing, pp. 90:11-91:21; 101:18-102:10; but see Mason Deposition, p. 33:15-34:7.

3

Plaintiff's email (Defendants' Post Hearing Brief, pp. 6; 9), and the workings of the Legato system (Defendants' Post Hearing Brief, pp. 6; 9).

This Court (Judge Stanley Harris) previously discussed a similar post-hearing submissions in *Shapiro, Lifschitz & Schram, P.C. v. Hazard,* wherein the Court stated it would find reason to strike a post-hearing affidavit by a hearing witness as an unfair attempt to present new evidence without cross-examination. *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 90 F.Supp.2d 15 at Fn.3 (D.D.C. 2000) (striking the post-hearing affidavit on other grounds). The court went on to say that if the affidavit contained the same information as presented at the hearing then there is no need for the affidavit, as the information is not newly discovered or previously unavailable. Id. (citing *Chrysler Corp. v. Uptown Motorcars-Hartford*, 1999 WL 196558, *1 (6th Cir.1999) (unpublished decision)).

Here, the Defendants seek in part to introduce evidence that was available prior to the hearing to supplement the record. This evidence is primarily in the form of deposition testimony taken in February and April of 2007 before the full extent Defendant's spoliation of evidence was known. The Plaintiff has not been given the opportunity to conduct a cross-examination of the deponents for the purposes of this hearing (except for Mr. Mason whose testimony at the hearing contradicts the evidence proffered in the Defendants' brief); as such, the Plaintiff would be unduly prejudiced by this unfair supplementation of the record.

To the extent that the Defendants are not attempting to supplement the record, they are merely rearguing facts and issues already raised during the hearing which the Court addressed with counsel at the hearing. This information is neither newly discovered nor

previously unavailable; as such, its submission to the Court in this brief is duplicative, highly prejudicial and unnecessary under F.R.E. 403.

Finally, of even greater concern is Defendants' attempt to mislead the Court with unsupportable claims. By way of example, the Defendants' argue that the Plaintiff notified the wrong entity and/or person on October 6, 2005 with respect to her claims, preservation of evidence and the notice of an impending lawsuit. Attached as Exhibit 1 is a copy fo the proposed severance agreement given to Ms. D'Onofrio upon her termination.[4] Paragraph 1.3 indicates that the agreement was to be delivered to *Ms. Kimberly Wray, Director HR Services, Clear Channel Communications, Inc.,* in San Antonio, Texas, by October 6, 2005, the same date that Plaintiff's letter to Ms. Wray was dated and delivered TO Ms. Wray. Additionally, on the last page of the proposed agreement, at the very bottom, is the line stating *"APPROVED BY LEGAL: VANESSA VILLANUEVA",* the same person with whom Plaintiff's counsel communicated on October 11th and 14th, 2005, as evidence by the copy of the e mail from Plaintiff's counsel to/from Ms. Villanueva, submitted to the Court on April 4, 2008, as one of Plaintiff's exhibits. As such, Defendants' argument that notice was given to the wrong person or entities is categorically incorrect and should never have been raised by Defendants. Additionally, it has been represented repeatedly over some two (2) years by the Defendants that they have produced all requested documents; Mr. Mason, the SFX "IT" person, testified during the April 4th hearing, and stated that he had never been notified of any litigation hold, was not previously aware (as of his deposition a year before) of any retention policy, and not been asked to retrieve documents by Defendants or their

---

[4]SFX Bate stamps, 82-86.

counsel (which he knew sometime in 2006 were present on the server, as opposed to e mails), until some two (2) to three (3) weeks prior to the hearing.[5]  This admission alone undercuts Defendants' claims of good faith.  If required to respond in detail the Plaintiff will be able to cite a number of similar instances of questionable advocacy.

### III. CONCLUSION:

For the reasons herein stated, the Plaintiff respectfully requests that the Court deny Defendants' Motion for Leave to File a Post-hearing Brief.  Alternatively, if the Court is inclined to accept the post-hearing brief and exhibits, the Plaintiff requests leave from this Court to respond to the Defendants' post-hearing brief and exhibits.

Respectfully submitted,

DAVID E. SCHREIBER, P.C.

By:_____/s/_____

David E. Schreiber, Esq.
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Bar No. 152082
Counsel for Plaintiff

---

[5] See Exhibit 2.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Plaintiff's Opposition to Defendants' Motion for Leave to File a Post-Hearing Brief was filed and served electronically, on April 28, 2008 to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

                                    _____/s/_____
                                        David E. Schreiber, Esq.