## SEVERANCE AGREEMENT AND GENERAL RELEASE

This Agreement is made and entered into by Audrey D'Onofrio, (hereinafter referred to as "Employee") and SFX Entertainment d/b/a Clear Channel Entertainment in full and final settlement of any and all claims Employee may have or hereafter claim to have against SFX Entertainment d/b/a Clear Channel Entertainment and all of its past, present and future parents, subsidiaries and affiliates and their employees, officers, directors, agents, insurers and legal counsel (hereinafter referred to as "Employer").

1. Consideration for Agreement from Employer.

   1.1 In return for this Agreement and in full and final settlement, compromise, and release of all of Employee's claims (as described in Section 2 below), Employer agrees to pay as severance to Employee the sum of TEN THOUSAND EIGHTY-SIX Dollars and SEVENTY-ONE Cents ($10,086.71), less applicable federal and state withholding and all other ordinary payroll deductions. The severance amount will be paid out under normal payroll procedures of the Employer. Employee hereby acknowledges the receipt and sufficiency of this payment from Employer.

   1.2 Employee's termination date is September 26, 2005 ("Termination Date").

   1.3 If this Agreement is not signed and accepted by October 6, 2005 and the *signed original* delivered to Ms. Kimberly Wray, Director HR Services, Clear Channel Communications, Inc. 200 E. Basse Rd., San Antonio, Texas 78209, it shall be deemed revoked by Employer.

1

2.  Employee's Release of Claims.

2.1  Employee hereby irrevocably and unconditionally releases and forever discharges Employer from any and all claims, demands, causes of action, and liabilities of any nature, both past and present, known and unknown, resulting from any act or omission of any kind occurring on or before the date of execution of this Release of Claims which arise under contract or common law, or any federal, state or local law, regulation or ordinance. Employee understands and agrees that this Release of Claims includes, but is not limited to, the following: all claims, demands, causes of action and liabilities for past or future loss of pay or benefits, expenses, damages for pain and suffering, punitive damages, compensatory damages, attorney's fees, interest, court costs, physical or mental injury, damage to reputation, and any other injury, loss, damage or expense or equitable remedy of any kind whatsoever.

2.2  Employee additionally hereby irrevocably and unconditionally releases and forever discharges Employer from any and all claims, demands, causes of action and liabilities arising out of or in any way connected with, directly or indirectly, Employee's employment with Employer or any incident thereof, including, without limitation, Employee's treatment by Employer or any other person, and the terms and conditions of Employee's employment.

2.3  Employee does not waive rights or claims that arise following the execution of this Agreement.

3.  Other Understandings, Agreements, and Representations.

3.1  Employee agrees that this Agreement binds Employee and also binds Employee's spouse, children, heirs, executors, administrators, assigns, agents, partners, successors in interest, and all other persons and entities in privity with Employee.

2

3.2     Employee promises and represents not to disclose, disseminate, or publicize, or cause or permit to be disclosed, disseminated, or publicized, any of the terms of this Agreement, except (1) to the extent necessary to report income to appropriate taxing authorities; (2) in response to an order or subpoena of a court of competent jurisdiction; or (3) in response to any subpoena issued by a state or federal governmental agency.

3.3     Employee promises and represents not to make or cause to be made any derogatory, negative or disparaging statements, either written or verbal, about Employer.

3.4     Employee agrees that, if any single section or clause of this Agreement should be found invalid or unenforceable, it shall be severed and the remaining sections and clauses enforced in accordance with the intent of this Agreement.

3.5     This Agreement contains the entire understanding between Employee and Employer and supersedes all prior agreements and understandings relating to the subject matter of this Agreement, provided, however, that any prior understandings related to covenants not to compete, if any, shall remain in full force and effect. This Agreement shall not be modified, amended, or terminated unless such modification, amendment, or termination is executed in writing by Employee and an authorized representative of Employer.

3.6     During the course of employment, Employee was given access to the confidential and proprietary information of Employer. This confidential information includes, but is not limited to, sales lists, customer lists, pricing information, future business events and opportunities and other information Employer treats as confidential. Employee agrees not to disclose or use Employer's confidential or proprietary information. Employee understands that Employer may seek from a court of competent jurisdiction an injunction to prohibit such disclosure.

SFX0084

3.7     The Employee agrees to cooperate with the Employer as reasonably requested by the Employer by responding to questions, attending depositions, administrative proceedings and court hearings, executing documents, and cooperating with the Employer and its accountants and legal counsel with respect to business issues, and/or claims and litigation of which he has personal or corporate knowledge. The Employer shall reimburse the Employee for any documented out-of-pocket expenses, including but not limited to reasonable and necessary legal fees, reasonably incurred by the Employee in complying with this Section, and shall pay the Employee a per diem amount, calculated based on the Employee's annual base salary in effect immediately prior to the Termination Date, for any reasonable amount of time spent by Employee in order to comply with this Section.

3.8     On or before the Termination Date, Employee shall return to the Employer all property belonging to the Employer that the Employee possesses or has possessed but has provided to a third party, including but not limited to, all equipment or other materials and all originals and copies of Company documents, files, memoranda, notes, computer-readable information (maintained on disk or in any other form) and video or tape recordings of any kind other than personal materials relating solely to the Employee. Employee warrants and represents that Employee has not retained, distributed or caused to be distributed, and shall not retain, distribute or cause to be distributed, any original or duplicates of any such Employer property specified in this Section.

3.9     Any disputes that relate in any way to the provisions of this Agreement shall be arbitrated by a single arbitrator pursuant to the American Arbitration Association National Rules for the Resolution of Employment Disputes. All American Arbitration Association expenses will be paid by Employer.

SFX0085

3.10  Employee represents and certifies that Employee (1) has received a copy of this Agreement for review and study and has had ample time to review it before signing; (2) has read this Agreement carefully; (3) has been given a fair opportunity to discuss and negotiate the terms of this Agreement; (4) understands its provisions; (5) understands that Employee has the right to consult with an attorney; (6) has determined that it is in Employee's best interest to enter into this Agreement; (7) has not been influenced to sign this Agreement by any statement or representation by Employer not contained in this Agreement; and (8) enters into this Agreement knowingly and voluntarily.

ACCEPTED AND AGREED:

AUDREY D'ONOFRIO

_____    Date: _____

SFX ENTERTAINMENT
D/B/A CLEAR CHANNEL ENTERTAINMENT

By: _____    Date: _____
Name:
Title:

APPROVED BY LEGAL: VANESSA VILLANUEVA

SFX0086