UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | ) Civil Action No. 1:06-cv-00687 (JDB/JMF) </br> ) Next Event:  No Pending Event |
| SFX SPORTS GROUP, INC, *et al.*, | ) </br> ) </br> ) |
| Defendants. | ) </br> ) |

DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION OF
DEFENDANTS' MOTION FOR LEAVE TO FILE A POST-HEARING BRIEF

Come now Defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel Communications, Inc.  (collectively, "Defendants") and hereby file their Reply to Plaintiff's Memorandum in Opposition of Defendants' Motion for Leave to File a Post-Hearing Brief.  Plaintiff's Opposition is without merit.  Defendants do not seek to introduce new evidence, or to reargue facts presented at the hearing in its Post-Hearing Brief Regarding Spoliation ("Post-Hearing Brief").  Defendants' brief is in response to allegations raised by Plaintiff at the hearing, to which Defendants did not have notice prior to the hearing, despite a request for the same.  Additionally, Defendants' brief will aid the Court in its resolution of issues raised by the parties, as it informs the Court of Defendants' agreement to processes suggested by the Court to resolve the same issues.

In Plaintiff's Memorandum of Points and Authorities in Opposition of Defendants' Motion for Leave to File a Post-Hearing Brief ("Plaintiff's Memorandum"), Plaintiff argues that the Court should deny Defendants' Motion for Leave to File a Post-Hearing Brief because they

attempt to "introduce additional 'evidence' after the record has been closed." Plaintiff's Memorandum, at p. 1.

Plaintiff compares the current situation to Shapiro, Lifschitz & Schram, P.C. v. Hazard, 90 F.Supp. 2d 15 (D.D.C. 2000), where defendants attempted to supplement the post-evidentiary hearing record by submitting an entirely new affidavit of a fact witness. Id. at 17. Although the court premised its decision on different grounds, it stated that it would not have allowed the affidavit into the record because "it is an unfair attempt to present new evidence without cross-examination." Id. at 18, n. 3. Defendants do not seek to introduce any "new" evidence of which Plaintiff is unaware. Unlike Shapiro, Defendants have not presented any affidavits in their Post-Hearing Brief. Conversely, Defendants have alerted the Court to deposition testimony presented from the course of discovery in the case that rebuts arguments first made by Plaintiff at the hearing. Defendants did not have prior notice of this evidence and, therefore, did not have an opportunity to fully respond. Also in their response, Defendants are not presenting any new evidence but completing the record with evidence previously presented in the case.

The entire premise for which Plaintiff relies on Shapiro, that it is "unfair …to present new evidence without cross-examination," is inapplicable in this instance. The deposition testimony presented is testimony from Plaintiff's counsel's cross-examination of Defendants' witnesses.

Defendants attempted to eliminate the necessity to present evidence in the case subsequent to the hearing. Prior to the hearing, Defendants' counsel requested Plaintiff's counsel to forward a list of witnesses and exhibits that Plaintiff intended to introduce at the hearing. Though Plaintiff's counsel agreed to do so, Plaintiff never provided the information.

See attached Exhibit 1. This omission hindered Defendants' ability to present responsive evidence at the hearing.

Indeed, the purpose of the hearing was for the Court to hear evidence regarding Plaintiff's arguments of the appropriateness and completeness of Defendants' production of electronic communications and documentation in this case. Likewise, as Plaintiff's expert previously had not presented any information for the basis of his opinion that all documents had not been produced, the hearing was Defendants' first opportunity to hear such arguments as well. Additionally, the same holds true with regard to Plaintiff's allegation that Defendants' have not produced all electronic information. As such, Plaintiff's assertion that Defendants had two months to prepare for the hearing is without merit.

Subsequent to the hearing, Defendants had the opportunity to review the evidence presented by Plaintiff and, now, seek the opportunity to respond further to the complex issues regarding the production of electronic communications and documentation. Again, the facts presented in the Post-Hearing Brief are not new evidence. The brief discusses evidence previously presented in the case by witnesses who were not present at the hearing. In addition, the evidence presented is Plaintiff's cross-examination of the witnesses. See Jones v. Washington Metropolitan Area Transit Authority, 946 F. Supp. 1011, 1016 (D.D.C. 1996).

Additionally, Defendants' agreement to the remedial measures suggested by the Court is relevant to the Court's resolution of issues presented at the hearing. The Court suggested that, pursuant to appropriate protocol, Defendants allow Plaintiff's expert to examine the search conducted by Defendants in producing Plaintiff's electronic communications, as such would resolve any dispute that Plaintiff had regarding Defendants' production. See Transcript of Evidentiary Hearing, P.M. Session, Friday, April 4, 2008 ("Afternoon Hearing."), p. 90:13-16

(attached hereto as Exhibit 2). Likewise, Defendants' production of the .pst files, as suggested by the Court, "eliminate[s Plaintiff's forensic expert's] problem" with Defendants' production and resolves some of the issues presented at the hearing. Id. at p. 63:17-19. This information is relevant as it may make some of the issues raised by Plaintiff moot.

WHEREFORE, Defendants request that the Court grant Defendants' Motion for Leave to File a Post-Hearing Brief and designate Defendants' Post-Hearing Brief Regarding Spoliation as part of the docket.

Dated: May 5, 2008

>Respectfully submitted,
>
>BAKER & HOSTETLER LLP
>
>By: */s/ Johnine P. Barnes*_____
>   Johnine P. Barnes (464810)
>   Lee T. Ellis, Jr. ( 3683)
>   1050 Connecticut Avenue, N.W.
>   Suite 1100
>   Washington, D.C.  20036
>   (202) 861-1500
>   (202) 861-1783 (fax)
>
>Attorneys for Defendants SFX Sports Group, Inc.,
>Live Nation, Inc. and Clear Channel Communications, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, a copy of the foregoing Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Leave to File a Post-Hearing Brief was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Johnine P. Barnes*_____
>Johnine P. Barnes

4