UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-cv-00687 |
| | ) (JDB/JMF) |
| | ) Next Event: No pending events |
| SFX SPORTS GROUP, INC., *et al.* | ) |
| | ) |
| Defendants. | ) |

MOTION FOR LEAVE TO SUPPLEMENT DEFENDANTS'
POST-HEARING BRIEF REGARDING SPOLIATION

Come now defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel Communications, Inc. (collectively, "Defendants") and hereby move the Court for leave to supplement their pending Motion for Leave to File a Post-Hearing Brief in connection with the evidentiary hearing held by the Court on April 4, 2008, and as grounds therefor refer to the Memorandum of Points and Authorities attached hereto and made a part hereof.

WHEREFORE, Defendants pray that the Court grant the Order permitting Defendants to supplement their post-hearing brief in this case.

BAKER & HOSTETLER LLP

By: */s/ Johnine P. Barnes*
    Johnine P. Barnes (D.C. Bar No. 464810)
    Lee T. Ellis, Jr. (D.C. Bar No. 3683)
    1050 Connecticut Avenue, N.W.
    Suite 1100
    Washington, D.C. 20036
    (202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc.,
Live Nation, Inc. and Clear Channel Communications, Inc.

## RULE 7.0(m) CERTIFICATION

I hereby certify that counsel from Baker & Hostetler LLP attempted to contact Plaintiff's counsel by telephone and correspondence to request consent for this motion and, to date, Plaintiff's counsel has not provided a response as to whether consent has been granted.

                                    */s/ Johnine P. Barnes*
                                    Johnine P. Barnes

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2008, Defendants' Motion for Leave to Supplement Defendants' Post-Hearing Brief Regarding Spoliation was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                    */s/ Johnine P. Barnes*
                                  Johnine P. Barnes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-00687 |
| ) | (JDB/JMF) |
| ) | Next Event: No pending events |
| SFX SPORTS GROUP, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
LEAVE TO SUPPLEMENT DEFENDANTS' POST-HEARING BRIEF REGARDING
<u>SPOLIATION</u>

1. Pursuant to the Court's inherent authority to regulate its docket as stated in <u>Jones v. Washington Metropolitan Area Transit Authority</u>, 946 F.Supp. 1011, 1015-16 (D.D.C. 1996), Defendants move for leave to supplement their post-hearing brief.

2. On April 16, 2008, Defendants filed their Motion for Leave to File a Post-Hearing Brief regarding the evidentiary hearing held by the Court on April 4, 2008. Defendants' Post-Hearing Brief Regarding Spoliation was attached thereto as Appendix A (the "Post-Hearing Brief). Defendants moved to file the Post-Hearing Brief so as to assist the Court on the complex issues regarding Defendants' production of electronic communications and documents created by Plaintiff or pertaining to this case, and to update the Court on the parties' movement to possibly resolve these issues.

3. During the evidentiary hearing, the Court suggested that the parties work together to come to an agreement that would allow Plaintiff's forensic expert, Douglas Bond, to conduct

an examination of Clear Channel Communications, Inc.'s ("Clear Channel") Legato server and SFX Sports Group, Inc.'s ("SFX Sports Group") local server in Washington, D.C. (collectively, "Defendants' servers"). See Transcript of Evidentiary Hearing, Friday, April 4, 2008 ("Morning Session"), pp. 90:13 – 95:10. The purpose of this supplement is to inform the Court of the parties' efforts to implement the Court's suggestion since the hearing and also subsequent to the filing of Defendants' Motion for Leave to file a Post-Hearing Brief. To date, the parties, while in agreement to allow an examination, have not established the protocol for the same. In the interest of aiding the Court in deciding such protocol, if it is deemed necessary, Defendants request to supplement the Post-Hearing Brief with their proposed protocol for the examination. Defendants' proposed protocol is attached hereto as Appendix A.[1]

    4.       Since the evidentiary hearing, Defendants have made the following efforts to assist in the procession of the examination:

    (a)       On April 4, Defendants' counsel left Plaintiff's counsel a voice-mail and a follow-up email regarding Defendants' agreement to allow Mr. Bond to conduct an onsite examination of Defendants' servers. See Exhibit 1. Thereafter, Defendants' counsel notified the Court of their agreement.

    (b)       On April 8, during a teleconference between counsel, Plaintiff's counsel acknowledged receipt of Defendants' agreement to allow Mr. Bond to conduct an onsite examination.

    (c)       On April 9, Defendants' counsel sent a letter to Plaintiff's counsel memorializing the acknowledgment on April 8, 2008. See Exhibit 2.

---

[1] Defendants' proposed protocol is largely based upon Mr. Bond's usual protocol as described during the evidentiary hearing. See Transcript of Evidentiary Hearing ("Morning Session"), pp. 91:12-92:12, 94:11-22.

(d)     On April 15, pursuant to the Court's instruction during the evidentiary hearing, Defendants forwarded to Plaintiff copies of Plaintiff's PST files as retrieved from Defendants' servers. See Transcript of Evidentiary Hearing, Friday, April 4, 2008 ("Afternoon Session"), pp. 115:7 - 116:16; see also Exhibit 3. In addition, the April 15 letter included a copy of Defendants' proposed protocol for Mr. Bond's examination. See Exhibit 3.

Defendants' proposed protocol does not include the imaging of the Legato System, but does allow such of the local server.[2] See Appendix A, paragraph 9. The Legato system archives email for approximately 11,000 custodians who were and are current employees of Defendant Clear Channel and its subsidiaries, which included former employees of SFX Sports Group where Plaintiff was employed at all times relevant to this case. See Transcript of Evidentiary Hearing ("Afternoon Session"), pp. 31:3-6, 33:6-9. An image of this system would result in a large mass of irrelevant information. Additionally, it is unduly burdensome to image the information of over 11,000 persons to obtain information relating to Plaintiff and this case. As explained by Defendant Clear Channel's Security Principal, John Cavender, Plaintiff's email mailbox no longer exists and isolation and retrieval of her email is a "complex" process. Id. at 31:20-25, 32:13-24.

In order to retrieve Plaintiff's email from the Legato system, a "key word" or "key string" search must be extracted from the Legato system and then entered into the system. Id. at pp. 31:14 - 32:24. Once the "hits" are produced, the results must be exported into a PST format file in order to read and search the retrieved email. Id. at pp. 39:11-14, 40:1-6.

---

[2] Defendant Clear Channel's coincidental effort to preserve all email of its employees beginning over a year before the separation of Plaintiff's employment means that virtually all of Plaintiff's email dating from August 2004 onward and all of Plaintiff's earlier email as maintained in her email mailbox at the time the preservation began is available for review. A review of this electronic information necessarily requires the parties' neutral efforts, however, to date, Plaintiff has not been cooperative with Defendants' efforts to proceed with the review. Specifically, Plaintiff has not proposed a protocol for the search other than objecting to Defendants' proposed
(continue)

3

   (e) Defendants' proposed protocol also include an agreement by Defendants to pay the reasonable costs of Mr. Bond's examination up to $ 10,000.

   (f) On April 17, in response to the April 9 letter, Plaintiff's counsel sent a letter to Defendants' counsel stating that Mr. Bond' examination will be ordered by the Court and the protocol will be decided after the Court rules on the evidentiary hearing.  See Exhibit 4.

   (g) On April 28, Defendants' counsel sent Plaintiff's counsel a follow-up letter to the April 9 and April 15 correspondence reiterating Defendants' agreement to allow Mr. Bond's examination along with their proposed protocol for the examination, and requesting and suggesting dates of availability for the same.  Plaintiff did not respond.

   (h) On May 1, Defendants' counsel sent Plaintiff's counsel a follow-up email to request a teleconference to discuss the April 28 letter.  See Exhibit 5.  On May 2, during a teleconference between counsel, Plaintiff's counsel indicated that Plaintiff did not approve of Defendants' proposed protocol for Mr. Bond's examination.  At that time, Defendants' counsel requested that Plaintiff's counsel consult with Mr. Bond and advise Defendants of language that would be acceptable to Plaintiff.  Plaintiff's counsel stated that he would consult with Mr. Bond about the protocol and the dates to conduct the examination and follow-up with Defendants' counsel.  Id.  Plaintiff has neither advised Defendants of a protocol acceptable to Plaintiff, nor provided possible dates for the examination.

   (i) On May 12, Defendants' counsel sent a follow-up email to Plaintiff's counsel requesting a response to Defendants' proposed protocol and dates for Mr. Bond's examination as the May 19, 2008, status conference with the Court was approaching.  Id.  Plaintiff did not respond.  To date, Plaintiff has not suggested any proposed protocol.

---

(continued)
protocol.

5. There is no prejudice or delay interposed with Defendants' filing of this motion as the Court has yet to rule on the evidentiary issues in the case or Defendants' Motion for Leave to File a Post-Hearing Brief.

WHEREFORE, Defendants respectfully request that the Court grant this motion and accept this motion as Defendants' supplement to their post-hearing brief. A proposed order is attached hereto as Exhibit 6.

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Johnine P. Barnes*_____
    Johnine P. Barnes (D.C. Bar No. 464810)
    Lee T. Ellis, Jr. (D.C. Bar No. 3683)
    1050 Connecticut Avenue, N.W.
    Suite 1100
    Washington, D.C. 20036
    (202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel Communications, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2008, a true copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                */s/ Johnine P. Barnes*_____
                Johnine P. Barnes