# EXHIBIT 1

**From:** Barnes, Johnine
**Sent:** Friday, April 04, 2008 5:43 PM
**To:** 'David E. Schreiber'
**Cc:** King, Adrienne; Chockley, Frederick W.
**Subject:** D"Onofrio v. SFX Sports Group, Inc.

**Importance:** High

David,

As a follow-up to my voice-mail this afternoon, defendants are agreeable to have Douglas Bond conduct an onsite search of the Legato system and the servers for SFX Sports Group, Inc. in Washington, D.C., pursuant to the appropriate protocols as suggested by Judge Facciola today.  Please return my call on Monday so that we can discuss the protocol and notify Judge Facciola of the agreement.  Thank you.

*Johnine P. Barnes, Esq.*
Baker & Hostetler LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC  20036
jbarnes@bakerlaw.com
(202) 861-1633
(202) 861-1783 fax

# EXHIBIT 2

# Baker Hostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Johnine P. Barnes
direct dial: 202.861.1633
jbarnes@bakerlaw.com

April 9, 2008

**By Facsimile**
**Original by First Class Mail**

David E. Schreiber, Esq.
David E. Schreiber, P.C.
4550 Montgomery Avenue, Suite 760N
Bethesda, MD  20814-3304

Re:    _D'Onofrio v. SFX Sports Group, Inc., et al._

Dear David:

This letter memorializes our conversation of April 8, 2008 during which you acknowledged receipt of Defendants' agreement to have Douglas Bond conduct an onsite search of the Legato system and the servers for SFX Sports Group, Inc. in Washington, D.C., pursuant to the appropriate protocols as suggested by Judge Facciola at the hearing in the captioned matter on April 4.  A copy of my initial electronic mail to you regarding this is attached for your ready-reference.  It is my understanding that you will be in touch with me later this week regarding plaintiff's suggested protocols for the search, following which a conference call will be arranged between Mr. Bond and John Cavender to discuss the same.

Additionally, as requested during the call, please clarify if you are declining to proceed forward with Defendants 30(b)(6) deposition.  As indicated previously, Defendants would like to complete discovery on the substantive issues of plaintiff's claims, which have no relevance to the outstanding evidentiary issues.  Defendants have provided dates on which the deposition may be held and would like to schedule the same.  Please advise me of your position regarding this issue by April 16.  Thank you.

Sincerely,

Johnine P. Barnes

Enclosure

cc:  Lee T. Ellis, Jr., Esq.

_Cincinnati     Cleveland     Columbus     Costa Mesa     Denver     Houston     Los Angeles     New York     Orlando     Washington, DC_

# EXHIBIT 3

# Baker Hostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

April 15, 2008

Johnine P. Barnes
direct dial: 202.861.1633
jbarnes@bakerlaw.com

**By Facsimile (w/o encl.)**
**Original by Federal Express**

David E. Schreiber, Esq.
David E. Schreiber, P.C.
4550 Montgomery Avenue, Suite 760N
Bethesda, MD  20814-3304

Re:    *D'Onofrio v. SFX Sports Group, Inc., et al.*

Dear David:

Per our agreement with the Court, enclosed are copies of the .pst files of Plaintiff's e-mail from the Legato system and the local file server.  Also, to date Plaintiff has not submitted any proposed protocols for the agreed to search by Douglas Bond of Kroll On Track of the Legato system and the servers for SFX Sports Group, Inc. in Washington, D.C.  You will recall that it was indicated Plaintiff would do so by April 11, 2008.  In this regard, enclosed are Defendants' proposed protocols for the search.  Please note that Defendants have agreed to pay for the reasonable costs to conduct the search up to $10,000, as contained in the proposed protocols.  I believe that it will be appropriate and helpful for Mr. Bond and John Cavender to discuss what, if any, objections Plaintiff has to the proposed protocols.  Please advise me as to when Mr. Bond is available for conference call.  Thank you.

Sincerely,

Johnine P. Barnes

Enclosure

cc:  Lee T. Ellis, Jr., Esq. (w/encl.)

Cincinnati    Cleveland    Columbus    Costa Mesa    Denver    Houston    Los Angeles    New York    Orlando    Washington, DC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:06-cv-00687 ) (JDB/JMF) ) Next Event:  No pending event |
| SFX SPORTS GROUP, INC., *et al.* | ) |
| Defendants. | ) |

## DEFENDANTS' PROPOSED PROTOCOL FOR FORENSIC EXPERTS

Comes now defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel

Communications, Inc. (collectively, "Defendants")  and hereby submit the following proposed

protocol for Plaintiff's Expert's, Douglas Bond, search of Clear Channel Communications'

("Clear Channel") Legato system housing employees of SFX Sports Group, Inc. ("SFX Sports

Group") and the local file servers for SFX Sports Group in Washington, D.C.:

1.      This on-site visit or search will be performed on agreed to dates and the designated expert
will be allowed onsite for no longer than twelve hours each day.

2.      At all times, a Clear Channel employee, representative or counsel will be present while
Legato is accessed, and credentials to access any Clear Channel systems will not be given out to
anyone. The review can be done in a remote location outside of San Antonio if necessary.

3.      Clear Channel's designated Information Technology representative ("IT Representative")
will perform any/all system commands, with the designated expert observing.  The IT
Representative will gather and label any reports or data extracts.  The IT Representative then will
distribute copies of the reports or extracts to Defendants' counsel for review.  If feasible, this
distribution will be done under observation as well.

4.      Prior to any search of the Legato system, the IT Representative will run the Legato client
application and show the different fields that can be populated in order to perform a search,
potentially running sample (non-related) searches of different types to show the functionality of
Legato.  Some sample searches that could be done are:

**DRAFT**

- ☐ By mailbox
- ☐ By sender
- ☐ By recipient
- ☐ By date
- ☐ By keyword or email address key string

The IT Representative will inform the designated expert how the email address key strings to be used in Defendants' previous production were discovered, as well as the supporting documentation from EMC showing proper use of the email address key strings.

5.    After this initial review of system functionality, the process followed for the previous data production in this matter will be discussed, and the search strings used for the relevant custodians will be provided to the designated expert.

6.    A search using the same previously used email address key strings in the search conducted in February 2007 search will then be performed again. Once the search is finished the total number of messages will be noted and compared to what was previously produced. A list of messages from the search also will be generated for review.

7.    Should the designated expert have any requests for further searches, or for the execution of different system commands, the effects of those requests on Clear Channel's production system(s) will be evaluated by the IT Representative for their impact on the systems. Clear Channel IT may object to commands that could jeopardize the functioning of the system, or otherwise impact normal business operations.

8.    Any new searches performed that do not include any of the previous email address key strings this may reveal new email. In this instance, any reports or data extracts from the searches will be handled according to the protocol stated in paragraph 2 herein.

9.    There is no agreement to "image" Legato.

10.    Summary lists of data responsive to the previous search strings will be generated, but restores of emails will not. In the case of new searches, summary reports and email restores may be performed at the discretion of Clear Channel, weighing the requirements of it normal business operations with the timing to generate the reports and to restore e-mail. Should searches or restores run for long periods of time, the results may be distributed to the designated expert after the on-site visit or search has concluded.

11.    Defendants' agree to pay the reasonable costs for the designated expert to perform the agreed upon review and searches as described herein up to $10,000.

DRAFT

Respectfully submitted

BAKER & HOSTETLER LLP


By:_____

    Johnine P. Barnes (D.C. Bar No. 464810)
    Lee T. Ellis, Jr. (D.C. Bar No. 3683)
    1050 Connecticut Avenue, N.W.
    Suite 1100
    Washington, D.C.  20036
    (202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc.,
Live Nation, Inc. and Clear Channel Communications, Inc.

DRAFT



**EXHIBIT 4**

*David E. Schreiber, P.C.*

*Attorney at Law*

*4550 Montgomery Avenue, Suite 760N, Bethesda, Maryland 20814-3304*

*Area Code 301 951-1530    Facsimile 301 951-1599*

*E mail address "des913@covad.net"*

April 17, 2008

**BY FACSIMILE**

Johnine P. Barnes, Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

Re:    D'Onofrio v. SFX Sports Group, Inc., et.
al
Case No. 06-687JDB/JMF

Dear Johnine:

Your letter of April 9, 2008 requires a response. First, it does not begin to "memorialize" our conversation of April 8, 2008. In fact, it is an example of why I terminated our conversation with the statement that I was not comfortable having these telephone conversations with you only to see a different version appear later in one of your letters.

Mr. Bond/Kroll will conduct an "on site" search of both the D.C. server[s] as well as any Legato server or system, wherever located, if necessary. This will no doubt be ordered by Judge Facciola. In addition, I addressed the potential full cost of investigation which, under the circumstances revealed in our April 4th hearing, should be borne by the Defendants. Additionally, I also addressed the fact, as discussed at our lunch break on April 4, 2008, that the Defendants should cover the costs associated with the spoliation issues addressed in my 2nd Motion to Compel, going back over a year. Your clients have indicated no interest in accepting any responsibility for what has occurred; this, too, will be addressed with the Court.

As far as protocols for the searches, that will be addressed with Mr. Bond, in light of what we believe will be Judge Facciola's opinion as to the spoliation in this case. I would suggest at this point that we will be looking for any communications that discuss Ms. D'Onofrio's employment, as commemorated in our original document requests, her communications with others at SFX, Clear Channel or Live Nation or related entities, all relevant and material documents that have been requested as well as those which have

Johnine P. Barnes, Esq.
Baker & Hostetler, LLP
April 17, 2008
Page 2

yet to be produced which should be available based upon the testimony adduced on April 4th.

In that regard, I would once again inquire as to the whereabouts of all of the paper material, videos and diskettes left in Ms. D'Onofrio's office but not produced, as far as we can tell, which may have significant bearing on our claims as well as further related investigations of discoverable material.

As also noted in our Reply to your mediation motion, we are still waiting for production of the stock and/or options issued to Mr. Schacter.

With respect to the Rule 30(b)(6) deposition of Defendants, as I have indicated previously, we will await Judge Facciola's ruling on spoliation, an order by the Court enlarging discovery, and the production of material to be ordered by Judge Facciola, *inter alia,* requiring entry into the various computer systems to determine what still exist and what has been deleted and/or destroyed by Defendants.

Lastly, with respect to mediation, it would be helpful for you, Mr. Ellis and your clients to indicate where you stand financially with respect to your perspective on valuation of this case. Given your initial mediation motion, which we will not address at this time, claims of good faith would be buttressed by a realistic financial proposal to try to resolve this case amicably.

Please be further advised that this letter is written without prejudice to my client's legal rights and interests. Thank you.

Very truly yours,

DAVID E. SCHREIBER, P.C.

By:
David E. Schreiber, Esq.

DES/sw
cc:    Ms. Audrey D'Onofrio
        Lee T. Ellis, Jr. Esq.
C:\MyFiles\CLIENTS\Shebby\Letters\Barnes 22 April 16 08.wpd

*David E. Schreiber, P.C.*

*Attorney at Law*

*4550 Montgomery Avenue, Suite 760 N, Bethesda, Maryland 20814-3304*

*Area Code 301 951-1530    Facsimile 301 951-1599*

*E mail address "des913@covad.net"*

April 17, 2008

**FACSIMILE TRANSMISSION COVER LETTER**

Please deliver the following page(s) to:

NAME:    **JOHNINE P. BARNES, ESQ., LEE T. ELLIS, JR.,
BAKER & HOSTETLER, LLP**

Facsimile Telephone No. **202 861 1783**

Client/Subject: **D'ONOFRIO v SFX SPORTS GROUP, INC., ET. AL,
CASE NO. 06-687JDB**

Total number of pages, including this cover sheet   **3**

IF YOU DO NOT RECEIVE ALL PAGES OR IF THERE ARE ANY PROBLEMS WITH THE
RECEPTION OF THIS FACSIMILE, PLEASE CALL (301) 951-1530.

COMMENTS:

THIS FACSIMILE CONTAINS CONFIDENTIAL INFORMATION WHICH ALSO
MAY BE LEGALLY PRIVILEGED AND WHICH IS INTENDED ONLY FOR THE
USE OF THE ADDRESSEE(S) NAMED HEREIN. IF YOU ARE NOT THE
INTENDED RECIPIENT OF THIS FACSIMILE, OR THE EMPLOYEE OR
AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT,
YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR COPYING OF
THIS FACSIMILE MAY BE STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY US BY TELEPHONE
AT THE TELEPHONE NUMBER ABOVE.

C:\MyFiles\CLIENTS\Shebby\Letters\Barnes fax.wpd

# EXHIBIT 5

**From:**    Chockley, Frederick W.
**Sent:**    Monday, May 12, 2008 6:13 PM
**To:**    'des913@covad.net'
**Cc:**    Barnes, Johnine
**Subject:** FW: D'Onofrio v. SFX Sports Group, Inc. et al.

Dear Mr. Schreiber:

    Ten days ago, we spoke by telephone regarding e-discovery issues in the captioned matter, and particularly, the forensic examination of Defendants' email records proposed in Johnine's April 28 letter. I followed up with the email below. You indicated you would respond to us last week. We have not heard from you since regarding the matters we discussed and are waiting for a response, including Mr. Bond's availability for the forensic examination for which we suggested possible dates.

    Mindful of the court's admonition that the parties try to cooperate on discovery issues, we have sought to provide Plaintiff's consultant, Mr. Bond, with the requested access to Defendants' email system. We have offered a proposed protocol and a proposed schedule for the examination but have had no response from Plaintiff for two weeks. With a status conference approaching, again, Defendants are working to resolve any outstanding discovery issues.

    We look forward to hearing from you on this matter.

    Thank you for your courtesy and cooperation.

     Very truly yours,

     Fritz


Frederick W. Chockley III
Baker & Hostetler LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
202-861-1680 telephone
202-861-1783 facsimile
fchockley@bakerlaw.com



        -----Original Message-----
        From: Chockley, Frederick W.
        Sent: Friday, May 02, 2008 11:00 AM
        To: 'David E. Schreiber'
        Cc: Barnes, Johnine
        Subject: RE: D"Onofrio v. SFX Sports Group, Inc.


        Dear Mr. Schreiber:

        Thank you for your call this morning. As I indicated, I am trying to assist Ms. Barnes, in her absence, with some of the e-discovery issues and in particular, wanted to follow up Ms. Barnes' letter to you dated April 28, 2008.

        *    You indicated that plaintiff does not approve of the proposed protocol for Mr. Bond's examination enclosed with the April 28 letter and, in particular, the extent of defendants' control over the process. I requested that you consult with Mr. Bond and advise us of language acceptable to plaintiff.
        *    You indicated that you needed to consult with Mr. Bond, too, about the dates defendants have proposed for him to conduct the examination. You thought next week would be too soon in light of the need to examine the CD enclosed several days ago with the letter but indicated you would get back to us.
        *    You indicated that the appointment of a mediator appeared to moot defendants' request for consent to a joint request for a mediator with employment law background.

* I [obscured] to defendant' designation of Hurne and trust you will respond to that request promptly.
* Finally, you raised a question about plaintiff's prior request for information related to Mr. Schacter and indicated you would forward your earlier email on that subject.

Case 1:06-cv-00891-OLL-AK    Document 78-2    Filed 06/03/2008    Page 17 of 22

Thank you for your courtesy and your cooperation. Please let me know if you have any questions or if we might further advance the resolution of these matters.

Very truly yours,

Fritz

      Frederick W. Chockley III
Baker & Hostetler LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
202-861-1680 telephone
202-861-1783 facsimile
fchockley@bakerlaw.com

-----Original Message-----
From: Chockley, Frederick W.
Sent: Friday, May 02, 2008 10:04 AM
To: 'David E. Schreiber'
Cc: Barnes, Johnine
Subject: RE: D"Onofrio v. SFX Sports Group, Inc.

Good morning. Called your office at the appointed hour and left a voicemail. Should I have tried a different number?

Please call me this morning at 202-861-1680.

Thank you.

Fritz

      Frederick W. Chockley III
Baker & Hostetler LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
202-861-1680 telephone
202-861-1783 facsimile
fchockley@bakerlaw.com

-----Original Message-----
From: David E. Schreiber [mailto:des913@covad.net]
Sent: Thursday, May 01, 2008 5:45 PM
To: Chockley, Frederick W.
Subject: RE: D"Onofrio v. SFX Sports Group, Inc.


Ok.


David E. Schreiber, Esq.
David E. Schreiber, P.C.
4550 Montgomery Ave., Suite 760N
Bethesda, MD 20814
o) 301 951 1530
f) 301 951 1599

THIS COMMUNICATION IS SENT WITHOUT PREJUDICE TO MY CLIENT'S LEGAL RIGHTS AND INTERESTS.

CONFIDENTIALITY NOTICE
This e-mail transmission is intended only for the personal and confidential use of the recipient(s) designated above. It may also constitute an attorney-client communication or represent attorney work product and may therefore be legally privileged. If you are not the intended recipient of this communication (or an agent responsible for delivering it to the intended recipient), you are hereby notified that any review, disclosure or use of the information contained herein is Strictly Prohibited. If you have received this communication in error, please notify us by telephone, at 301-951-1530, or by return e-mail, immediately. Thank you.

---

From: Chockley, Frederick W. [mailto:FChockley@bakerlaw.com]
Sent: Thursday, May 01, 2008 5:38 PM
To: David E. Schreiber
Cc: Barnes, Johnine
Subject: RE: D"Onofrio v. SFX Sports Group, Inc.


Fine. How about 10 a.m.?


Thank you.


Fritz

-----Original Message-----
From: David E. Schreiber [mailto:des913@covad.net]
Sent: Thursday, May 01, 2008 5:34 PM
To: Chockley, Frederick W.
Cc: 'David E. Schreiber'
Subject: RE: D"Onofrio v. SFX Sports Group, Inc.

Fritz,

I just finished a day of depositions [9:30-5:15]

My brain is fried.

Let's talk sometime tomorrow.

Thanks.


David E. Schreiber, Esq.
David E. Schreiber, P.C.
4550 Montgomery Ave., Suite 760N
Bethesda, MD 20814
o) 301 951 1530
f) 301 951 1599

THIS COMMUNICATION IS SENT WITHOUT PREJUDICE TO MY CLIENT'S LEGAL RIGHTS AND INTERESTS.

CONFIDENTIALITY NOTICE
This e-mail transmission is intended only for the personal and confidential use of the recipient(s) designated above. It may also constitute an attorney-client communication or represent attorney work product and may therefore be legally privileged. If you are not the intended recipient of this communication (or an agent responsible for delivering it to the intended recipient), you are hereby notified that any review, disclosure or use of the information contained herein is Strictly Prohibited. If you have received this communication in error, please notify us by telephone, at 301-951-1530, or by return e-mail, immediately. Thank you.

From: Chockley, Frederick W. [mailto:FChockley@bakerlaw.com]
Sent: Thursday, May 01, 2008 5:03 PM
To: des913@covad.net
Cc: Barnes, Johnine
Subject: D"Onofrio v. SFX Sports Group, Inc.


Dear Mr. Schreiber:

Johnine Barnes is out of town and asked me to call you to follow up her letter of April 28, 2008 in the above-referenced case. I tried to reach you at your office a few minutes ago.

Please give me a call at the number below.

Very truly yours,

Fritz

Frederick W. Chockley III
Baker & Hostetler LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
202-861-1680 telephone
202-861-1783 facsimile
fchockley@bakerlaw.com


This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law.  If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.


This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law.  If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,

we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

_____

# EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-cv-00687 |
| | ) (JDB/JMF) |
| | ) Next Event:  No pending events |
| SFX SPORTS GROUP, INC., *et al.* | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER

Upon consideration of Defendants' Motion for Leave to Supplement Defendants' Post-

Hearing Brief Regarding Spoliation and for good cause shown, it is by the Court this _____ of

_____, 2008

ORDERED AND ADJUDGED that the same shall be, and hereby is GRANTED.


_____
Judge John D. Bates
United States District Judge


Johnine P. Barnes, Esq.
Lee T. Ellis, Jr., Esq.
Baker & Hostetler, LLP
Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036

David E. Schreiber, Esq.
David E. Schreiber, P.C.,
4550 Montgomery Avenue,
Suite 760N,
Bethesda, MD 20814