UNITED  DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUDREY (SHEBBY)  D'ONOFRIO          :
                                                              :
                                Plaintiff          :
                                                              :
                    v.                                  :          Case No.: 06-687 JDB/JMF
                                                              :
                                                              :
SFX SPORTS GROUP, INC., et. al.      :
                                                              :
                                Defendants  :
...............................................:

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT DEFENDANTS' POST-HEARING BRIEF REGARDING SPOLIATION**

          Plaintiff opposes Defendants' Motion for Leave to Supplement Defendants' Post-hearing Brief regarding Spoliation.  In setting out the communications between the parties the Defendants omitted Plaintiff's latest letter of June 2, 2008, [ Exhibit 1] sent prior to the filing of the Motion, which sets forth Plaintiff's position regarding the Defendants' proposed "protocols". Defendants' latest motion once again "raises no new points of law and, as the law in this area is well settled and understood by the Court, is unnecessary to aid the Court in the resolution of this issue."   While the Court considers its decision regarding the April 4, 2008 hearing, the Defendants' continue to attempt to reargue facts and evidence presented at the hearing, what was actually said at the hearing  and to introduce additional "evidence" after the record has been closed (including alleged remedial measures after the hearing), which in fact do not alter the resolution of the spoliation issue.

1

## I.  ARGUMENT:

As Plaintiff stated in her last Opposition of April 28, 2008 *Jones v. Washington Metropolitan Area Transit Authority*, 946 F.Supp. 1011, (D.D.C. 1996) does not permit the Defendants to change the record of what was presented to the Court at the time of the hearing.  Moreover, the Defendants' proposed "protocols" will not assist the Court or the Plaintiff in obtaining the necessary and relevant evidence that Plaintiff has been waiting some two (2) years to obtain.  Plaintiff shall also rely upon her argument as noted previously as it may pertain to this latest motion from the Defendants.

It may be recalled that during the brief lunch break on April 4, 2008 discussions were held, at the suggestion of the Court, by the parties', their counsel and their experts. The Court inquired after lunch as to the status of the discussions.  The Defendants' position, *inter alia*, was that an independent expert should be chosen, that the costs should be divided, and that "***our position is that we've produced everything that we have and everything is there.***"  [Exhibit 2, Afternoon Hearing, p 4.] The Court then stated "Thank you.  You obviously can't resolve it.  Let's proceed."  In fact, Defendants' counsel has repeatedly stated to the Court and Plaintiff's counsel that Defendants have produced everything available.[1]

As noted subsequently from the hearing as well as the Defendants' latest motion, that statement was incorrect.  For example, the Plaintiff's June 2, 2008 letter explains that

---

[1]The Court may possibly recall that Mr. Mason, the local "IT" SFX employee who "scrapped" Plaintiff's computer, testified that he had not been contacted to look for Ms. D'Onofrio's documents (in particular, PR documents) until some 2 to 3 weeks prior to April 4, 2008 hearing. [Exhibit 2, pp. 90-94] He was asked to copy Plaintiff's folder, which he did, onto a CD.  Previously, Defendants claimed there were no such documents available.

Mr. Bond was able to extract far more information/data/documents from the recently produced disk sent to the Plaintiff as a result of the hearing [the so-call deleted material for the local SFX server] than the Defendants claim they have produced.  Given the various and varied representations by the Defendants and their counsel for some two (2) years, (including those contained in the recent motion), the latest proposals/protocols are viewed candidly by the Plaintiff, at best, with substantial skepticism.

The Plaintiff's June 2, 2008 letter, not noted by the Defendants, sets out why the Defendants' proposed protocols are of concern.  The salient points as laid out in the letter were and are, as follows:

1.    Plaintiff did not agree to limit the time for searches;

2.    Plaintiff did not agree to the need to unnecessarily limit access by credentialing our Expert, however, Plaintiff will not have an account created for our Expert;

3.    Plaintiff did not agree to limit the location where the search[s] will be undertaken;

4.    Plaintiff requires that all system commands, including but not limited to the gathering, labeling and distribution of reports and data extracts should be done under the observation of our Expert and produced to our Expert on site;

5.    Plaintiff agreed that the rerunning the 2007 search is fine but we will run new searches based upon our own parameters, search fields and terms to be designated by our Expert and us, at all relevant sites and on all relevant data bases;

6.    Plaintiff did not agree to limit the imaging of the local server or any related computer hard drive;

7.    Plaintiff will not limit "restores" of e mails or any other documents; and

8.    Plaintiff will not limit the cost associated with our Expert's investigation or counsel

fees and costs incurred as a result of our motions filed in this matter.

Additionally, one of the more important aspects of the search is that it must encompass both the Legato system, as well as the local server[s], with search parameters that will capture all communications, documents and data that reference Ms. D'Onofrio, not just communications to /from Ms. D'Onofrio. (This was apparently the limited manner in which Defendants did their searches previously.) This fact was stated at the very beginning of the June 2, 2008 letter : " As I said in my last letter of April 17th "Mr. Bond/Kroll will conduct an "on site" search of both the D.C. server[s], or any related relevant hard drive, as well as any Legato server or system, wherever located, if necessary."

Still outstanding, as also commemorated in the June 2, 2008 letter, are the following:

> Furthermore, as noted in my prior letter you still have not addressed the "whereabouts of all of the paper material, videos and diskettes left in Ms. D'Onofrio's office but not produced, as far as we can tell, which may have significant bearing on our claims as well as further related investigations of discoverable material", as well as "the stock and/or options issued to Mr. Schacter" (other than 1 sheet of paper noting possible stock options, but not values etc. associated with the exercise of the options)[2].

As noted previously, the Court, in addressing the spoliation issue, will evidently address the parameters of the additional discovery to be afforded to the Plaintiff, as noted in the Court's July 16, 2007 Minute Order. Apparently, the Court's written opinion/guidance will help the Defendants focus on the extent of their spoliation as well as the necessary remedies both as to the destroyed evidence as well as to that which still may be retrievable.

_____

[2]See Exhibit 3, Barnes letter of May 6, 2008 with attachment - Bates Stamped SFX 581.

## II.   CONCLUSION:

For the reasons herein stated, the Plaintiff respectfully requests that the Court deny

Defendants' Motion for Leave to File a Post-hearing Brief.  Alternatively, if the Court is

inclined to accept the post-hearing brief and exhibits, the Plaintiff requests leave from this

Court to respond to the Defendants' post-hearing brief and exhibits.

Respectfully submitted,

DAVID E. SCHREIBER, P.C.

By:_____/s/_____

David E. Schreiber, Esq.
4550 Montgomery Avenue, Suite 760N
Bethesda, Maryland 20814
(301) 951-1530
Bar No. 152082
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Memorandum of Points and
Authorities in Opposition to Defendants' Motion for Leave to Supplement Defendants' Post-
hearing Brief Regarding Spoliation was filed and served electronically, on June 16, 2008
to:

Johnine P. Barnes, Esq.
Lee T. Ellis, Jr. Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

_____/s/_____
David E. Schreiber, Esq.