UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:06-cv-00687 |
| | ) (JDB/JMF) |
| SFX SPORTS GROUP, INC, *et al.* | ) |
| Defendants. | ) |

DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE
AN EXPERT OUTSIDE OF THE TIME SET FOR DISCOVERY

Come now defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel Communications, Inc. (collectively, "Defendants") and hereby move for leave to designate an expert outside of the time set for discovery, and as grounds therefor refer to the Memorandum of Points and Authorities attached hereto and made a part hereof.

WHEREFORE, Defendants pray that the Court grant Defendants' Motion for Leave to Designate an Expert Outside of the Time Set for Discovery in this case.

BAKER & HOSTETLER LLP

By: */s/ Johnine P. Barnes*
 Johnine P. Barnes (D.C. Bar No. 464810)
 Lee T. Ellis, Jr. (D.C. Bar No. 3683)
 1050 Connecticut Avenue, N.W.
 Suite 1100
 Washington, D.C. 20036
 (202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc.,
Live Nation, Inc. and Clear Channel Communications, Inc.

## RULE 7.0(m) CERTIFICATION

I hereby certify that I contacted opposing counsel to seek his consent to this Motion and that counsel has not indicated whether Plaintiff consents to the relief sought herein.

*/s/ Johnine P. Barnes*
Johnine P. Barnes

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008, Defendants' Motion for Leave to Designate an Expert Outside the Time Set for Discovery was served by electronic mail on David E. Schreiber, Esq., David E. Schreiber, P.C., 4550 Montgomery Avenue, Suite 760N, Bethesda, MD 20814.

*/s/ Johnine P. Barnes*
Johnine P. Barnes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-00687 |
| ) | (JDB/JMF) |
| ) | Next Event:  No pending events |
| SFX SPORTS GROUP, INC., *et al.* ) | |
| ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR LEAVE TO DESIGNATE
AN EXPERT OUTSIDE OF THE TIME SET FOR DISCOVERY

Defendants move for leave to designate a forensic expert to respond to issues raised by Plaintiff in this case regarding electronic documents produced, discovery requests made for electronic communications and Defendants' responses thereto.  Plaintiff designated a forensic expert on July 18, 2007, the day before the close of discovery to address the production of electronic documents and communications in the case.  However, despite numerous allegations that Defendants have failed to produce all available and appropriate electronic documents and communications, to date, Plaintiff's expert has not rendered an opinion on this issue.  Instead, Plaintiff's expert has indicated that he will need to search Defendants' database to ascertain this opinion.  Defendants request leave to designate an expert to respond to this opinion, if and when such is given, and to opine about the integrity of the search.

BACKGROUND

On July 18, 2007, Plaintiff designated Douglas Bond of Kroll Ontrack as a forensic expert.  In her designation, Plaintiff indicated that Mr. Bond would give an opinion regarding "production

or non-production of electronic discovery by the Defendants." Plaintiff's Designation of Experts at 2. Again, Plaintiff's expert, however, has not issued an opinion that Defendants allegedly failed to produce certain electronic communications.

In Plaintiff's Second Motion to Compel Discovery, and for Sanctions, Plaintiff further alleged that her "consultant, Kroll," conducted "an exhaustive review" of the Department of Justice archived material produced by Defendants and the review "revealed that the pertinent e-mails and documents were not among the material produced." Plaintiff's Second Motion to Compel Discovery, and for Sanctions at 6. This allegation was accompanied by a footnote that stated, "See Declaration of Douglas Bond, Kroll Ontrack, Exhibit C, to be filed shortly." Id. at footnote 2. Mr. Bond's declaration, however, did not state the basis for such an opinion. To this end, the Court ordered an evidentiary hearing for the presentation of evidence regarding, among other things, "the basis for [Mr. Bond's] conclusion that e-mail and other documents have not been produced." D'Onofrio v. SFX Sports Group, Inc., 247 F.R.D. 43, 49 (D.D.C. 2008).

During the evidentiary hearing, Mr. Bond did not opine that Defendants did not produce all available electronic communications regarding Plaintiff and those sent to and from Plaintiff. He only stated that there is no way to assess the same based upon the information provided. He indicated that he would be able to verify this information after conducting a search of Defendants' systems. See Transcript of Evidentiary Hearing, Friday, April 4, 2008 ("Morning Session"), pp. 26:17-27:20.

Accordingly, the Court impressed upon the parties that Plaintiff's expert, Mr. Bond, be allowed to conduct an on-site search of Clear Channel Communications' Legato system and the local file servers for SFX Sports Group in Washington, D.C. Defendants have agreed to such an arrangement and sent proposed protocols for the search to Plaintiff's counsel. Defendants also

2

have indicated that they would pay the reasonable costs, up to $10,000, for Mr. Bond to conduct the search. Plaintiff has objected to the proposed protocol. To date, Defendants have not suggested or requested any proposed protocol.

Defendants now move for leave to designate an expert to respond to any opinions rendered by Mr. Bond, if such are given. Additionally, Defendants would like the expert to be able to testify as to the accuracy of Mr. Bond's explanation and description of the search and the corresponding results. Therefore, Defendants request an extension of time until July 25, 2008 to designate Stephen C. Wolfe of Huron Consulting Group as an expert. A copy of Defendants' designation along with Mr. Wolfe's curriculum vitae is attached hereto as Exhibit 1. If the Court grants Defendants' request, Mr. Wolfe would monitor the search conducted by Mr. Bond and be prepared to testify as to any opinions given regarding such.

ARGUMENT

The Court has discretion to grant Defendants' Motion for Leave to Designate an Expert Outside of the Time Set for Discovery. Cunningham v. Washington Gas Light Co., 1988 WL 90400, *2 (D.D.C. 1988)(granting leave for designation of an expert after the close of discovery and within two weeks of trial); see also Abell v. Wang, 697 A.2d 796, 805 (D.C. 1997)(reversing and remanding grant of summary judgment and instructing trial court to hold a hearing and reconsider motion to file expert witness list out of time); Tisdale v. Howard Univ., 697 A.2d 53 (D.C. 1997)(same).

Under Rule 6(b) of the Federal Rules of Civil Procedure, "when an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The factors that courts consider in determining whether the moving party's actions

3

constituted "excusable neglect" are: (1) "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." <u>Yesudian ex rel. U.S. v. Howard Univ.</u>, 270 F.3d 969, 971 (D.C. Cir. 2001)(citing <u>Pioneer Investment Servs. Co. v. Brunswick Assocs. Limited Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).  All of the above-cited factors favor granting leave for Defendants to designate an expert outside of the time set for discovery in this case.

In this case, there is no danger of prejudice to Plaintiff in allowing the Defendants to designate an expert.  Plaintiff has been on notice since the evidentiary hearing on April 4, 2007, that Defendants want their own expert present during any search conducted by Mr. Bond.  In addition, allowing Defendants to designate an expert should not result in delay.  The date for trial has not been set.  Furthermore, one of the expert's main roles would be to be present while Plaintiff's expert, Mr. Bond, conducts the on-site search.  As the date for the search has yet to be determined, Defendants' designation of an expert to attend the search would not result in any delay.  Accordingly, Defendants' designation of an expert witness will not impact the judicial proceedings if the Court grants their motion.

Additionally, Defendants have a legitimate reason for their delay in designating an expert.  When discovery closed on July 19, 2007, the Court had not ruled on Plaintiff's Second Motion for Sanctions and to Compel Discovery, which was filed on May 17, 2007.  In its order, dated January 23, 2008, regarding the motion, the Court ordered an evidentiary hearing, which was held on April 4, 2008.  At that hearing, the Court suggested that Mr. Bond conduct a search of Clear Channel Communications' Legato system and the local file servers for SFX Sports Group to determine if Defendants have produced all available and required electronic

communications and documents regarding Plaintiff and those sent to and/or from Plaintiff. Thus, Defendants' need to designate an expert did not arise until it was agreed that Mr. Bond would conduct this search and render an opinion therefrom. The events necessitating Defendants to designate an expert did not occur until after the deadline for such had passed.

Finally, Defendants have acted in good faith. They did not designate an expert earlier because an expert was not needed. After the Court suggested Mr. Bond conduct an on-site search, Defendants communicated with Plaintiff's counsel regarding the search and proposed protocols for the search. See Letter to David Schreiber from Johnine Barnes, dated April 15, 2008, attached hereto as Exhibit 2. Plaintiff has objected to the proposed protocol, but has not suggested any alternative. In order to promptly proceed with Mr. Bond's search and respond and resolve any resulting issues, Defendants are now filing a motion for leave to designate an expert so that the expert can work with Mr. Bond in setting the protocol for the search and conducting the same.

CONCLUSION

In determining whether to grant a post-deadline extension, the Court "should consider all the relevant factors that resulted in the party's failure, with a view toward an equitable outcome." Simpson v. Socialist People's Libyan Arab Jamahiriya, 2001 WL 1701673, *3 (D.D.C. 2001)(granting enlargement of time to file a response to a complaint). Defendants have established good cause for the delay, as well as satisfied the four factors courts ordinarily consider in determining whether excusable neglect has been established. Defendants, therefore, respectfully request that the Court grant their Motion for Leave to Designate an Expert Outside of the Time Set for Discovery.

5

Respectfully submitted,

BAKER & HOSTETLER LLP


By: */s/ Johnine P. Barnes*_____
    Johnine P. Barnes (D.C. Bar No. 464810)
    Lee T. Ellis, Jr. (D.C. Bar No. 3683)
    1050 Connecticut Avenue, N.W.
    Suite 1100
    Washington, D.C.  20036
    (202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc.,
Live Nation, Inc. and Clear Channel Communications, Inc.


CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008, Defendants' Memorandum of Points and Authorities in Support of Motion for Leave to Designate an Expert Outside of the Time Set for Discovery was served by electronic mail on David E. Schreiber, Esq., David E. Schreiber, P.C., 4550 Montgomery Avenue, Suite 760N, Bethesda, MD 20814.


    */s/ Johnine P. Barnes* _____
    Johnine P. Barnes