# Baker Hostetler

Baker & Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Johnine P. Barnes
direct dial: 202.861.1633
jbarnes@bakerlaw.com

April 15, 2008

**By Facsimile (w/o encl.)**
**Original by Federal Express**

David E. Schreiber, Esq.
David E. Schreiber, P.C.
4550 Montgomery Avenue, Suite 760N
Bethesda, MD  20814-3304

Re:   <u>D'Onofrio v. SFX Sports Group, Inc., et al.</u>

Dear David:

Per our agreement with the Court, enclosed are copies of the .pst files of Plaintiff's e-mail from the Legato system and the local file server. Also, to date Plaintiff has not submitted any proposed protocols for the agreed to search by Douglas Bond of Kroll On Track of the Legato system and the servers for SFX Sports Group, Inc. in Washington, D.C. You will recall that it was indicated Plaintiff would do so by April 11, 2008. In this regard, enclosed are Defendants' proposed protocols for the search. Please note that Defendants have agreed to pay for the reasonable costs to conduct the search up to $10,000, as contained in the proposed protocols. I believe that it will be appropriate and helpful for Mr. Bond and John Cavender to discuss what, if any, objections Plaintiff has to the proposed protocols. Please advise me as to when Mr. Bond is available for conference call. Thank you.

Sincerely,

*/s/ Johnine P. Barnes*

Johnine P. Barnes

Enclosure

cc:  Lee T. Ellis, Jr., Esq. (w/encl.)

David E. Schreiber, Esq.
April 15, 2008
Page 2

    bcc:    Richard A. Munisteri, Esq. (w/encl.)
            Donna Schneider, Esq. (w/encl.)
            Frederick W. Chockley III, Esq. (w/encl.)



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-00687 |
| ) | (JDB/JMF) |
| ) | Next Event: No pending event |
| SFX SPORTS GROUP, INC., *et al.* ) | |
| ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' PROPOSED PROTOCOL FOR FORENSIC EXPERTS

Comes now defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel Communications, Inc. (collectively, "Defendants") and hereby submit the following proposed protocol for Plaintiff's Expert's, Douglas Bond, search of Clear Channel Communications' ("Clear Channel") Legato system housing employees of SFX Sports Group, Inc. ("SFX Sports Group") and the local file servers for SFX Sports Group in Washington, D.C.:

1. This on-site visit or search will be performed on agreed to dates and the designated expert will be allowed onsite for no longer than twelve hours each day.

2. At all times, a Clear Channel employee, representative or counsel will be present while Legato is accessed, and credentials to access any Clear Channel systems will not be given out to anyone. The review can be done in a remote location outside of San Antonio if necessary.

3. Clear Channel's designated Information Technology representative ("IT Representative") will perform any/all system commands, with the designated expert observing. The IT Representative will gather and label any reports or data extracts. The IT Representative then will distribute copies of the reports or extracts to Defendants' counsel for review. If feasible, this distribution will be done under observation as well.

4. Prior to any search of the Legato system, the IT Representative will run the Legato client application and show the different fields that can be populated in order to perform a search, potentially running sample (non-related) searches of different types to show the functionality of Legato. Some sample searches that could be done are:

**DRAFT**

- ☐ By mailbox
- ☐ By sender
- ☐ By recipient
- ☐ By date
- ☐ By keyword or email address key string

The IT Representative will inform the designated expert how the email address key strings to be used in Defendants' previous production were discovered, as well as the supporting documentation from EMC showing proper use of the email address key strings.

5. After this initial review of system functionality, the process followed for the previous data production in this matter will be discussed, and the search strings used for the relevant custodians will be provided to the designated expert.

6. A search using the same previously used email address key strings in the search conducted in February 2007 search will then be performed again. Once the search is finished the total number of messages will be noted and compared to what was previously produced. A list of messages from the search also will be generated for review.

7. Should the designated expert have any requests for further searches, or for the execution of different system commands, the effects of those requests on Clear Channel's production system(s) will be evaluated by the IT Representative for their impact on the systems. Clear Channel IT may object to commands that could jeopardize the functioning of the system, or otherwise impact normal business operations.

8. Any new searches performed that do not include any of the previous email address key strings this may reveal new email. In this instance, any reports or data extracts from the searches will be handled according to the protocol stated in paragraph 2 herein.

9. There is no agreement to "image" Legato.

10. Summary lists of data responsive to the previous search strings will be generated, but restores of emails will not. In the case of new searches, summary reports and email restores may be performed at the discretion of Clear Channel, weighing the requirements of it normal business operations with the timing to generate the reports and to restore e-mail. Should searches or restores run for long periods of time, the results may be distributed to the designated expert after the on-site visit or search has concluded.

11. Defendants' agree to pay the reasonable costs for the designated expert to perform the agreed upon review and searches as described herein up to $10,000.

DRAFT

Respectfully submitted

BAKER & HOSTETLER LLP


By:_____
    Johnine P. Barnes (D.C. Bar No. 464810)
    Lee T. Ellis, Jr. (D.C. Bar No. 3683)
    1050 Connecticut Avenue, N.W.
    Suite 1100
    Washington, D.C. 20036
    (202) 861-1500

Attorneys for Defendants SFX Sports Group, Inc.,
Live Nation, Inc. and Clear Channel Communications, Inc.

**DRAFT**

```
***************************************************************
*                                                     P. 01    *
*                  TRANSACTION REPORT                          *
*                                          APR-15-2008 TUE 06:19 PM *
*    FOR:  BAKER HOSTETLER        2028611783                   *
*--------------------------------------------------------------*
*    SEND                                                      *
*  DATE   START    RECEIVER      TX TIME  PAGES TYPE  NOTE  M# DP *
*  APR-15 06:18 PM #7673019511599   58"    2   FAX TX  OK      610 *
*                                                              *
*                          TOTAL :        58S  PAGES:  2       *
***************************************************************
```

FAXED APR 15 2008

# Baker Hostetler

Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Johnine P. Barnes
direct dial: 202.861.1633
jbarnes@bakerlaw.com

## Fax Cover Sheet

Date:   April 15, 2008            Pages (including cover sheet):  2

| Name | Company | Fax # | Phone # |
|---|---|---|---|
| David E. Schreiber, Esq. | | 301-951-1599 | (301) 951-1530 |

From:   Johnine P. Barnes           Law #:            4503
        202-861-1633                Client/Matter #:  28653-00017

Re:     *D'Onofrio v. SFX Sports Group, Inc., et al.*

Message:
Please see attached letter to you dated April 15, 2008.

If this transmission is not complete, please call Nadine McLachlan at 202-861-1659.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Cincinnati  Cleveland  Columbus  Costa Mesa  Denver  Houston  Los Angeles  New York  Orlando  Washington, DC