# David E. Schreiber, P.C.

*Attorney at Law*
*4550 Montgomery Avenue, Suite 760N, Bethesda, Maryland 20814-3304*
*Area Code 301 951-1530    Facsimile 301 951-1599*
*E mail address "des913@covad.net"*

April 17, 2008

**BY FACSIMILE**

Johnine P. Barnes, Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

> Re:    D'Onofrio v. SFX Sports Group, Inc., et.
> al
> Case No. 06-687JDB/JMF

Dear Johnine:

Your letter of April 9, 2008 requires a response.  First, it does not begin to "memorialize" our conversation of April 8, 2008.  In fact, it is an example of why I terminated our conversation with the statement that I was not comfortable having these telephone conversations with you only to see a different version appear later in one of your letters.

Mr. Bond/Kroll will conduct an "on site" search of both the D.C. server[s] as well as any Legato server or system, wherever located, if necessary.  This will no doubt be ordered by Judge Facciola.  In addition, I addressed the potential  full cost of investigation which, under the circumstances revealed in our April 4th hearing, should be borne by the Defendants.  Additionally, I also addressed the fact, as discussed at our lunch break on April 4, 2008,  that the Defendants should cover the costs associated with the spoliation issues addressed in my 2nd Motion to Compel, going back over a year.  Your clients have indicated no interest in accepting any responsibility for what has occurred; this, too, will be addressed with the Court.

As far as protocols for the searches, that will be addressed with Mr. Bond, in light of what we believe will be Judge Facciola's opinion as to the spoliation in this case.   I would suggest at this point that we will be looking for any communications that discuss Ms. D'Onofrio's employment, as commemorated in our original document requests, her communications with others at SFX, Clear Channel or Live Nation or related entities, all relevant and material documents that have been requested as well as those which have

Johnine P. Barnes, Esq.
Baker & Hostetler, LLP
April 17, 2008
Page 2

yet to be produced which should be available based upon the testimony adduced on April 4th.

In that regard, I would once again inquire as to the whereabouts of all of the paper material, videos and diskettes left in Ms. D'Onofrio's office but not produced, as far as we can tell, which may have significant bearing on our claims as well as further related investigations of discoverable material.

As also noted in our Reply to your mediation motion, we are still waiting for production of the stock and/or options issued to Mr. Schacter.

With respect to the Rule 30(b)(6) deposition of Defendants, as I have indicated previously, we will await Judge Facciola's ruling on spoliation, an order by the Court enlarging discovery, and the production of material to be ordered by Judge Facciola, *inter alia,* requiring entry into the various computer systems to determine what still exist and what has been deleted and/or destroyed by Defendants.

Lastly, with respect to mediation, it would be helpful for you, Mr. Ellis and your clients to indicate where you stand financially with respect to your perspective on valuation of this case. Given your initial mediation motion, which we will not address at this time, claims of good faith would be buttressed by a realistic financial proposal to try to resolve this case amicably.

Please be further advised that this letter is written without prejudice to my client's legal rights and interests. Thank you.

Very truly yours,

DAVID E. SCHREIBER, P.C.

By:_____
David E. Schreiber, Esq.

DES/sw
cc:   Ms. Audrey D'Onofrio
      Lee T. Ellis, Jr. Esq.
C:\MyFiles\CLIENTS\Shebby\Letters\Barnes 22 April 16 08.wpd