# David E. Schreiber, P.C.

*Attorney at Law*

*4550 Montgomery Avenue, Suite 760N, Bethesda, Maryland 20814-3304*

*Area Code 301 951-1530   Facsimile 301 951-1599*

*E mail address "des913@covad.net"*

**June 2, 2008**

## FACSIMILE TRANSMISSION COVER LETTER

Please deliver the following page(s) to:

NAME:    **JOHNNINE P. BARNES, ESQ.**
         **BAKER & HOSTETLER, LLP**

Facsimile Telephone No. **202 861 1783**

Client/Subject:  **D'ONOFRIO v SFX SPORTS GROUP, INC., ET. AL,**
                 **CASE NO. 06-687JDB**

Total number of pages, including this cover sheet   **3**

IF YOU DO NOT RECEIVE ALL PAGES OR IF THERE ARE ANY PROBLEMS WITH THE RECEPTION OF THIS FACSIMILE, PLEASE CALL (301) 951-1530.

COMMENTS:

THIS FACSIMILE CONTAINS CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED AND WHICH IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) NAMED HEREIN.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR COPYING OF THIS FACSIMILE MAY BE STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY US BY TELEPHONE AT THE TELEPHONE NUMBER ABOVE.

C:\MyFiles\CLIENTS\Shebby\Letters\Barnes fax.wpd

# David E. Schreiber, P.C.

### Attorney at Law
#### 4550 Montgomery Avenue, Suite 760N, Bethesda, Maryland 20814-3304
#### Area Code 301 951-1530   Facsimile 301 951-1599
#### E mail address "des913@covad.net"

June 2, 2008

**BY FACSIMILE**

Johnine P. Barnes, Esq.
Baker & Hostetler, LLP
Washington Square, Suite 1100
1050 Connecticut Ave., N.W.
Washington, D.C. 20026-5304

Re:   D'Onofrio v. SFX Sports Group, Inc., et.
al
Case No. 06-687JDB/JMF

Dear Johnine:

As I said in my last letter of April 17th "Mr. Bond/Kroll will conduct an "on site" search of both the D.C. server[s], or any related relevant hard drive, as well as any Legato server or system, wherever located, if necessary.

I have had Kroll review the material that was sent by you as a representation of what Mr. Cavender has retrieved from a server. We also had Kroll compare that material with what you indicated Huron had retrieved. I am advised that we have found 425 more e mails than what your expert indicated it had found, as well over 20 more attachments. This is why we rely upon our expert as opposed to Defendants' "experts". Additionally, in that regard we do not consent to Defendants' belatedly designating an expert at this time, some 1 1/4 years after the appointed date.

We have reviewed your proposed protocols for the searches; your "pleading" is objectionable. First, we have never agreed to any timetable. Since discovery is closed we will await Judge Facciola's decision regarding discovery spoliation and further entitlement to other discovery remedies and sanctions. More importantly, we will not limit the search to "Legato" or emails. We will perform a search on any relevant data base, and will look to retrieve any relevant document, be it e mails, memoranda, public relations material, etc.

Johnine P. Barnes, Esq.
June 2, 2008
Page 2

As far as your proposed pleading, *inter alia*: 1) we do not agree to limit the time for searches; 2) we do not agree to the need to unnecessarily limit access by credentialing our Expert, however, Plaintiff will not have an account created for our Expert; 3) we do not agree to limit the location where the search[s] will be undertaken; 4) we require that all system commands, including but not limited to the gathering, labeling and distribution of reports and data extracts should be done under the observation of our Expert and produced to our Expert on site; 5) we agree that the rerunning the 2007 search is fine but we will run new searches based upon our own parameters, search fields and terms to be designated by our Expert and us, at all relevant sites and on all relevant data bases; 6) we do not agree to limit the imaging of the local server or any related computer hard drive; 7) we will not limit "restores" of e mails or any other documents; and 8) we will not limit the cost associated with our Expert's investigation or counsels fees and costs incurred as a result of our motions filed in this matter.

Furthermore, as noted in my prior letter you still have not addressed the "whereabouts of all of the paper material, videos and diskettes left in Ms. D'Onofrio's office but not produced, as far as we can tell, which may have significant bearing on our claims as well as further related investigations of discoverable material", as well as "the stock and/or options issued to Mr. Schacter" (other than 1 sheet of paper noting possible stock options, but not values etc. associated with the exercise of the options).

Please be further advised that this letter is written without prejudice to my client's legal rights and interests. Thank you.

Very truly yours,

DAVID E. SCHREIBER, P.C.

By:
David E. Schreiber, Esq.

DES/kj
cc:    Ms. Audrey D'Onofrio

C:\MyFiles\CLIENTS\Shebby\Letters\Barnes 23.wpd