UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY (SHEBBY) D'ONOFRIO,<br><br>Plaintiff,<br><br>v.<br><br>SFX SPORTS GROUP, INC, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06-cv-00687<br>) (JDB/JMF)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DESIGNATE AN EXPERT OUTSIDE OF THE TIME SET FOR DISCOVERY

Comes now defendants SFX Sports Group, Inc., Live Nation, Inc. and Clear Channel Communications, Inc. (collectively, "Defendants") and hereby file their Reply to Plaintiff's Opposition to Defendants' Motion for Leave to Designate an Expert Outside of the Time Set for Discovery.

In Plaintiff's opposition to the instant Motion, she incorrectly applies the applicable standards and, thus, has not shown that Defendants are not entitled to leave to designate an expert outside of the time set for discovery. Additionally, Plaintiff's opposition to Defendants' requested relief is causing a delay in the resolution of this matter since Defendants' actions will not result in any prejudice to the Plaintiff, can only assist in any process agreed upon by the parties to review the electronic production in the case and will facilitate the resolution of the outstanding discovery issues in this case.

As stated in the instant Motion, under Rule 6(b) of the Federal Rules of Civil Procedure, a court may authorize an action "after the expiration of the specified period" permitted to perform that action "upon motion…where the failure to act was the result of excusable neglect."

Fed. R. Civ. P. 6(b). The factors that courts consider in determining whether the moving party's actions constitute excusable neglect are: (1) "the danger of prejudice" to the opposing party, (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Yesudian v. Howard Univ., 270 F.3d 969, 971 (D.C. Cir. 2001). Contrary to Plaintiff's position in her Opposition Memorandum, all of the above-cited factors weigh in favor of granting leave for Defendants to designate an expert outside of the time set for discovery.

As outlined below, Defendants have satisfied the applicable standard as it relates to their designation of an expert outside the time set for discovery and, therefore, the Court should grant Defendants' Motion.

    1.    There is no danger of prejudice to Plaintiff.

In this case, there is no danger of prejudice to Plaintiff by allowing Defendants to designate a forensic expert to assist in the resolution of the outstanding discovery issues in the case. In her Opposition Memorandum, Plaintiff does not set forth any reasons that support her position that she will suffer prejudice should the Court grant Defendants' requested relief. Plaintiff argues that she is prejudiced because there have been "delays caused by Defendants' spoliation of evidence, together with the so-called 'protocols' of the Defendants." Plaintiff's Memorandum in Opposition to Defendants' Motion for Leave to Designate an Expert Outside of the Time Set for Discovery (Plaintiff's Opposition Memorandum"), p. 6. First, Plaintiff sets forth a legal conclusion regarding spoliation that has not been established.[1] Additionally,

---

[1] Contrary to Plaintiff's arguments that Mr. Bond has issued an opinion on the issue of spoliation or whether Defendants have produced all electronic material in Defendants' possession, Mr. Bond has not articulated such an opinion or basis to provide such an opinion. Mr. Bond has not had the opportunity to "actually investigate the Defendants' backup systems still in existence" as Plaintiff correctly states in her Opposition Memorandum and Mr.

Plaintiff mistakenly argues alleged past delays in the case, which are wholly separate from the issue of whether Defendants may designate a forensic expert that is now before the Court. Any such alleged delays are of no relevance to whether Plaintiff is prejudiced by Defendants' designation of an expert.

As stated previously, the reason for Defendants' delayed designation is, in part, a result of the timing of the parties' agreement to allow Plaintiff's expert to search Defendant Clear Channel Communications, Inc.'s ("Clear Channel") Legato server and Defendant SFX Sports Group, Inc.'s ("SFX") local server in the District of Columbia ("Defendants' servers"). To date, however, despite Defendants' best efforts, the date of and protocols for such a search have not been agreed upon by the parties. Therefore, granting Defendants leave to designate an expert now will not cause any further delay in the search of the aforementioned servers.

In addition, Plaintiff does not assert that she is prejudiced because, for example, allowing Defendants to designate an expert will either force her to pay more legal fees or that such designation will invoke a binding decision that will somehow challenge her ability to prosecute her claims. Plaintiff simply provides no support for her argument that she will be prejudiced should the Court grant Defendants' requested relief. Absent such prejudice, Defendants should be allowed to designate an expert in this case.

> 2. Defendants' delay in designating an expert is due, in part, to the failure of Plaintiff's expert to render an opinion as to any alleged deficiencies in Defendants' production of electronic material in the case.

On May 17, 2007, Plaintiff filed her Second Motion to Compel Discovery, and For Sanctions (Plaintiff's "Second Motion to Compel"). In that motion, Plaintiff sought an order from this Court that would permit her to conduct an onsite search of Defendant Clear Channel's

---

Bond testified to during the April 4, 2008 evidentiary hearing. Plaintiff's Opposition Memorandum, p. 3; see also Transcript of Evidentiary Hearing, Friday, April 4, 2008 ("Morning Session"), pp. 26:17-27:20.

Legato server.  <u>Plaintiff's Second Motion to Compel</u>, p. 6.  Neither Plaintiff nor her expert have indicated why or how Defendants' electronic discovery production was deficient necessitating such a search.  Defendants have maintained that absent such an indication, Plaintiff is not entitled to enter upon Defendants' premises to conduct such a search.  <u>Defendants' Motion in Opposition to Plaintiff's Second Motion to Compel, and for Sanctions</u>, p. 5-6, 9-10.  The Court, in an effort to gather information to issue a ruling on the matter, ordered an evidentiary hearing to address the matter.  <u>D'Onofrio v. SFX Sports Group, Inc., et al.</u>, 247 F.R.D. 43, 49 (D.D.C. 2008).  The evidentiary hearing occurred on April 4, 2008.  At the hearing, Plaintiff's expert, Douglas Bond, did not provide an opinion regarding the sufficiency of Defendants' production, but rather stated that if he was "permitted by the Court to do further forensic investigation," then he "could say whether or not there was information related to this case on that server from doing an analysis."  <u>See</u> Transcript of Evidentiary Hearing, Friday, April 4, 2008 ("Morning Session"), pp. 26:17-27:20.

In an effort to encourage a resolution of the issues relating to Defendants' electronic discovery production, at the evidentiary hearing, the Court suggested that Mr. Bond, conduct a search of Defendants' servers to assist in his determination of whether Defendants have produced all available and relevant electronic communications and documents.  Defendants then agreed to permit Mr. Bond to conduct such a search.

To date, Mr. Bond has not conducted a search of Defendants' servers and, therefore, does not have a basis to issue an opinion regarding the sufficiency of Defendants' electronic discovery production.  Further, Plaintiff still continues to reject Defendants' proposed protocol for Mr. Bond's search and, despite the passage of four months, has not offered any alternative protocol or any other solution in an attempt to move forward with Mr. Bond's search.  Since there is no

opinion to which Defendants' expert would respond, there is no prejudice to Plaintiff and no delay of these proceedings. Accordingly, Defendants' Motion should be granted.

>   3. <u>The length of the delay is not significant and is of no consequence because the parties have yet to agree on the date and protocols for Mr. Bond' search of Defendants' servers, nor will it cause a material effect on the proceedings of this matter.</u>

In her Opposition Memorandum, Plaintiff asserts that the length of the delay in Defendants' designation of an expert was over one year. <u>Plaintiff's Opposition Memorandum</u>, p. 6. As demonstrated above, Defendants have not had a reason to designate an expert as Plaintiff's expert has yet to conduct a search of Defendants' servers to form a basis for an opinion as to the sufficiency of Defendants' production. As stated in the instant Motion, the role of the Defendants' expert is to be present during Mr. Bond's search, respond to any opinions, including testimony, rendered by Mr. Bond regarding the search and the corresponding results. Therefore, again, there was no need to engage an expert to perform such tasks until the decision was made to permit Mr. Bond to conduct a search of Defendants' servers.

Accordingly, if there was any delay in Defendants' designation of an expert, that delay was only four months, which is the time between the April 4, 2008, evidentiary hearing and July 25, 2008, the date that Defendants filed their Motion for Leave to Designate an Expert Outside of the Time Set for Discovery. This delay was of no consequence considering the parties have yet to agree on the date of and the protocol for Mr. Bond's search.[2]

While complaining that there have already been significant delays in this case, Plaintiff is causing more delay by refusing to cooperate in any discussion of an actual protocol for Mr.

---

[2] The parties have not agreed on a date or protocol for Mr. Bond's search because, as Defendants state in the instant Motion and as Plaintiff confirms in her Opposition Memorandum, Plaintiff has rejected Defendants' proposed protocol. Yet, Plaintiff has not suggested any alternative protocols. The exhibits Plaintiff attached to her Opposition Memorandum do not show otherwise. <u>Plaintiff's Opposition Memorandum</u>, p. 3-5, Exhibits 2-3.

Bond' search, which would further the resolution of this matter. Indeed, Plaintiff's filing of her Opposition Memorandum simply causes more delay.

Also, there is no impact of Defendants' designation of a forensic expert on the proceedings of this matter. No trial date has been set in this case. Again, while the parties have agreed to Mr. Bond's search of Defendants' servers, the parties have not agreed to a date of or protocols for the search. Furthermore, in her Opposition Memorandum, Plaintiff presents no evidence that there will be an impact on the proceedings of this case. Hunt v. Depuy Orthopaedics, Inc., 2005 U.S. Dist. LEXIS 38665, *6-8 (D.D.C. 2005) (The opposition was "wholly devoid of any factual allegations or details to demonstrate the prejudice or other burdens claimed and, therefore, defendant did not demonstrate that the motion should not be granted). Therefore, the length of the delay is insignificant, and there is no impact on these proceedings.

        4.     <u>Defendants' delay in designating an expert was not done in bad faith.</u>

Plaintiff suggests that Defendants' delay in designating an expert was done in bad faith because of "intentional, gross or simple negligent loss/destruction of evidence." Once again, the conclusory allegations, none of which have been proven or ruled upon by the Court, are of no relevance to the issue before the Court in the instant Motion. As stated above, the necessity for a forensic expert did not become evident until the April 4, 2008, evidentiary hearing. Assuming arguendo that Defendants could have retained an expert upon a possibility that such would be necessary, Defendants' actions do not constitute bad faith.

As demonstrated above, Defendants' delay in designating an expert was done for reasons outside of the reasonable control of Defendants, was done in good faith and does not invoke any danger of prejudice to Plaintiff. Conversely, in designating an expert outside of the time set for discovery, Defendants seek to obtain information to assist in the resolution of the outstanding discovery issues in the case. Furthermore, the delay was insignificant and of no consequence to

the proceedings.

Accordingly, the Defendants have satisfied the standard that courts consider to determine whether a party may make a late filing.  Therefore, this Court should grant the instant Motion and permit Defendants to designate an expert outside of the time set for discovery in this case.

WHEREFORE, in order to prevent delay and to further assist in a resolution of the outstanding discovery issues in this case, Defendants respectfully request that the Court grant the instant Motion and permit the Defendants to designate an expert in this case.

Dated: August 18, 2008

                                        Respectfully submitted,

                                        BAKER & HOSTETLER LLP

                                        By: /s/ Johnine P. Barnes
                                            Johnine P. Barnes (D.C. Bar No. 464810)
                                            Lee T. Ellis, Jr. (D.C. Bar No. 3683)
                                            1050 Connecticut Avenue, N.W.
                                            Suite 1100
                                            Washington, D.C.  20036
                                            (202) 861-1500

                                      Attorneys for Defendants SFX Sports Group, Inc.,
                                      Live Nation, Inc. and Clear Channel Communications, Inc.

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2008, a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Leave to Designate an Expert Outside of the Time Set for Discovery was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

       /s/ Johnine P. Barnes
       Johnine P. Barnes (D.C. Bar No. 464810)
       Lee T. Ellis, Jr. (D.C. Bar No. 3683)
       1050 Connecticut Avenue, N.W., Suite 1100
       Washington, D.C.  20036
       (202) 861-1500