**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**AUDREY (SHEBBY) D'ONOFRIO,**

    **Plaintiff,**

    **v.**                                                    Civil Action No. 06-687 (JDB/JMF)

**SFX SPORTS GROUP, INC.** *et. al.***,**

    **Defendants.**

### MEMORANDUM ORDER

The minute order of November 24, 2008 provides, in pertinent part, that:

> the parties are ordered to proceed with a search of the Legato and local SFX servers that have been identified by the defendants as repositories of potentially relevant information. The defendants have agreed to pay for the first $10,000 of costs associated with these searches, and as the plaintiff's estimate is currently below that figure, the defendants shall pay for the searches of the Legato and SFX servers.

Plaintiff seeks to have this Order "clarified" to require the defendants to permit the search of any repository of potentially discoverable material, including additional servers, at defendants' expense. See Plaintiff's Motion to Amend/Correct (Clarify) of Minute Order [# 89]. Defendants oppose, asserting that the Order of November 24, 2008 means what it says: the search is limited to the Legato and local SFX servers. See Defendants' Opposition to Plaintiff's Motion to Amend/Correct (Clarify) of Minute Order [#90]. Plaintiff argues that defendants have not identified all repositories of potentially relevant electronically stored information, but I am satisfied that defendants have at least identified the two servers of which they are aware.

Plaintiff seizes upon language in an earlier Memorandum Opinion in which I spoke of permitting the search of "any repository of electronically stored information." See D'Onofrio v.

SFX Sports Group, Inc., no. 06-cv-687, — F.R.D. —, 2008 WL 4737202, at *3 (D.D.C. Oct. 29, 2008).  While I certainly used that phrase, I did not intend thereby to resolve without further consideration what I consider the fundamental questions of whether I should permit any additional search and at whose expense once the results of the search I have permitted are analyzed.  Resolving those questions requires additional factual development and briefing.

Accordingly we shall proceed as follows.  I do not know how long it will take for plaintiff to analyze what has been produced by the searches that have been done pursuant to my order.  Therefore, plaintiff's counsel is, hereby,

**ORDERED** to review the results of the two searches that have been conducted thus far.  If plaintiff intends to argue based on those results that there are additional repositories of discoverable electronically stored information and that those repositories must be searched by a forensic expert to retrieve said information, plaintiff must consult with defendants' counsel and propose a schedule for the parties to make supplemental submissions on that issue to the Court.  Those submissions must explain why any additional search should be permitted given what has been discovered.  I emphasize the words "given what has been discovered"; I expect plaintiff to make a detailed factual showing of why any additional search is necessary and why it is likely that additional searches may produce what the completed searches have not. Finally, it is,

**ORDERED** that plaintiff shall submit an estimate of the reasonable costs of performing each of the proposed searches.  Defendants shall cooperate with plaintiff in preparing this estimate by arranging for an appropriately qualified individual to provide information about the repository of electronically stored information to plaintiff's expert in response to plaintiff's expert's request so that plaintiff can make a reasonable estimate of the costs of any additional

searches. Failure to provide such information to plaintiff's expert will constitute a violation of this Order.

**SO ORDERED**.

/S/
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: January 13, 2009